ROBERT P. VARIAN (STATE BAR NO. 107459)
rvarian@orrick.com
JAMES N. KRAMER (STATE BAR NO. 154709)
jkramer@orrick.com
JUSTIN M. LICHTERMAN (STATE BAR NO. 225734)
jlichterman@orrick.com
JOSHUA D. WATTS (STATE BAR NO. 240977)
jwatts@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA  94105-2669
Telephone:    +1-415-773-5700
Facsimile:    +1-415-773-5759

Attorneys for Defendant
NVIDIA CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN NAKASH, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NVIDIA CORPORATION,<br><br>Defendant. | Case No.  5:08-cv-04312-JW<br><br>**NVIDIA CORPORATION'S RESPONSE TO ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED**<br><br>**[SUBMITTED PURSUANT TO LOCAL RULE 3-12(e)]** |

Pursuant to United States Northern District Court of California Local Rule 3-12(e), defendant NVIDIA Corporation ("NVIDIA") submits this statement in response to plaintiff National Business Officers Association, Inc.'s ("NBOA") Administrative Motion to Consider Whether Cases Should Be Related, filed on November 18, 2008.

### NVIDIA Agrees That Most of the Identified Actions Are Related

NVIDIA agrees with plaintiff that the *Nakash*, *Feinstein*, *Inicom Networks*, *Cormier* and *National Business Officers Assoc.* actions are related to this case for purposes of Local Rule 3-12, and submits this statement pursuant to L.R. 3-12(e) for two purposes. First, NVIDIA advises the Court that there is now an additional related case pending in the San Jose Division of this District, and as explained below, these six cases, including this action, should be consolidated. Second, NVIDIA disagrees with the portion of plaintiffs motion to consider whether *Meisel v. Apple Computer, Inc.*, Case No. 08-04393, filed September 18, 2008, should be related to the other six actions.

### One Subsequent Cases Is Also Related

Each of the six cases is a putative consumer class action premised on alleged defects in graphics controller chips designed by NVIDIA and incorporated into notebook computers manufactured and sold by other parties. The cases all arise out of the same circumstances and alleged facts, and purport to assert claims for breaches of warranty and violations of consumer protection statutes on behalf of the same essential nationwide class(es) of consumers. The six related actions are:

| Case | Date Filed |
| --- | --- |
| *Nakash v. NVIDIA Corp.*, No. 08-04312-JW | September 12, 2008 |
| *Feinstein v. NVIDIA Corp.*, No. 08-04596-RS | September 12, 2008 (Santa Clara Superior Court) Removed October 2, 2008 |
| *Inicom Networks, Inc. v. NVIDIA Corp.*, No. 08-04332-JF | September 15, 2008 |
| *Cormier v. NVIDIA Corp.*, No. 08-5082-HRL | November 7, 2008 |
| *National Business Officers Ass'n, Inc. v. NVIDIA Corp.*, No. 08- | November 14, 2008 |

| | | |
|---|---|---|
| 5179-HRL | | |
| *West v. NVIDIA Corp.*, No. 08-05217-PVT | | November 18, 2008 |

### Consolidation Of The Six Cases Is Appropriate

As noted above, NVIDIA agrees with plaintiff that the *Nakash*, *Feinstein*, *Inicom*, *Cormier* and *National Business Officers Assoc.* actions are related for purposes of Local Rule 3-12. It is equally clear that the additional case, *West*, is related to the initial filings. They are putative consumer class actions that arise out of the same essential facts and circumstances, and involve substantially the same issues, parties and claims as the earlier-filed actions. Consolidation of the six cases, and any later-filed actions, will serve the interests of judicial economy and conservation of party resources, and promote an efficient determination of the action. *See* Fed. R. Civ. P. 42(a); L.R. 3-13(a).

On November 7, 2008, the parties in this action and *Feinstein* executed a Stipulation and Proposed Order providing that those actions be (i) consolidated, and (ii) transferred to the *Inicom* court to facilitate consolidation with that case. Thereafter, the parties in *Nakash*, *Feinstein*, *Inicom*, *Cormier*, *National Business Officers Assoc.*, and *West* discussed consolidation of those six actions, appear to agree that they should be consolidated, and are in the process of stipulating to consolidation. To ensure that result, NVIDIA intends to file a motion to consolidate the actions listed in the above table in the next few days.

### The *Meisel* Action Is Not Related

NVIDIA disagrees with plaintiff's assertion that *Meisel* is related to the other identified actions. First, the parties are not substantially the same -- or at all the same -- as <u>required</u> by Local Rule 3-12(a)(1). NVIDIA, who is a party to the six actions identified in the above table, is not named as a defendant in *Meisel*. Conversely, the only named defendant, Apple Computers, Inc. ("Apple"), is not a party to any of the other actions.

While that fact is dispositive, it is also clear that the class of consumers on whose behalf *Meisel* is brought is different from the classes on whose behalf the other six actions were brought. The *Meisel* case also involves different chips and, for the most part, different computers. Thus, the components alleged to be defective are different from those alleged to be defective in the

other six cases. Accordingly, and because the defendants at issue are completely different from the defendants in the other six actions, it is unlikely "that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." See Civ. L.R. 3-12(a)(2). In fact, given the differences of *Meisel* compared with the other actions, relating *Meisel* to those other actions would confuse the issues pertinent to each and serve to delay all actions.

Dated: November 21, 2008

ROBERT P. VARIAN
JAMES N. KRAMER
JUSTIN M. LICHTERMAN
JOSHUA D. WATTS
Orrick, Herrington & Sutcliffe LLP

*/s/ Joshua D. Watts*
JOSHUA D. WATTS
Attorneys for Defendant
NVIDIA CORPORATION

# PROOF OF SERVICE

I am more than eighteen years old and not a party to this action. My business address is Orrick, Herrington & Sutcliffe LLP, The Orrick Building, 405 Howard Street, San Francisco, California 94105-2669. On November 21, 2008, I served the following document:

- **NVIDIA CORPORATION'S RESPONSE TO ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED [SUBMITTED PURSUANT TO LOCAL RULE 3-12(e)]**

on the interested parties:

PAUL R. KIESEL
*Kiesel@kbla.com*;
*cgarcia@kbla.com*

[x]   **BY CF/ECF SYSTEM**

On the date indicated above, I electronically filed the documents in pdf format with the Clerk of the Court using the CM/ECF filing system. I am personally and readily familiar with the business practice of Orrick Herrington & Sutcliffe LLP for collection and processing of document(s) to be transmitted electronically. The CM/ECF transmission was reported as complete and without error.

and to other interested parties

| | |
|---|---|
| Paul O. Paradis<br>Gina M. Tufaro<br>Edward Y. Kroub<br>Michael A. Schwartz<br>**Hortwitz Horwitz & Paradis, LLP**<br>Attorney at Law<br>28 West 44th Street<br>16th Floor<br>New York , NY 10036 | Robert B. Weiser<br>**The Weiser Law Firm, P.C.**<br>121 N. Wayne Avenue<br>Suite 100<br>Wayne , PA 19087 |
| James V Bashian<br>**Law Offices of James V. Bashian, Esq**<br>271 Route 46 West<br>Suite F207<br>Fairfield , NJ 07004 | Brant C. Martin<br>**Wick Phillips, LLP**<br>2100 Ross Avenue, Suite 950<br>Dallas , TX 75201 |

OHS West:260553389.1

- 5 -

NVIDIA CORP.'S RESPONSE TO ADMINISTRATIVE
MOTION TO CONSIDER WHETHER CASES
SHOULD BE RELATED 5:08-cv-04312-JW

| | ☒ | **BY REGULAR U.S. MAIL** |
|---|---|---|

On the date indicated above, I placed the sealed envelope(s) for collection and mailing at this firm's office business address indicated above. I am readily familiar with this firm's practice for the collection and processing of correspondence for mailing with the United States Postal Service. Under that practice, the firm's correspondence would be deposited with the United States Postal Service on this same date with postage thereon fully prepaid in the ordinary course of business.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 21, 2008 at San Francisco, California.

                                                                    */s/ Veronica Adelman*
                                                                      Veronica Adelman