1    KIESEL BOUCHER LARSON LLP
PAUL R. KIESEL (SBN 119854)

2    8648 Wilshire Boulevard
Beverly Hills, California 90211-2910

3    Telephone: (310) 854.4444
Facsimile: (310) 854.0812

4    kiesel@kbla.com

5    HORWITZ, HORWITZ
& PARADIS, Attorneys At Law

6    PAUL O. PARADIS
28 West 44th Street – 16th Flr.

7    New York, NY 10036
Telephone: (212) 404-2200

8    Facsimile: (212) 404-2226
pparadis@hhplawny.com

9

10    Attorneys for Plaintiff Steven Nakash
Additional counsel appear on signature pages

11    **UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION**

12

13    STEVEN NAKASH, Individually and on
Behalf of All Others Similarly Situated,    :    Case No. 5:08-cv-04312-JW

14    :    CLASS ACTION
      Plaintiff,    :

15    :    **PLAINTIFFS': (i) JOINDER IN**
vs.    :    **DEFENDANT NVIDIA CORP.'S**

16    :    **MOTION TO CONSOLIDATE**
NVIDIA CORPORATION,    :    **RELATED ACTIONS AND REQUIRE**

17    :    **SUPERSEDING CONSOLIDATED**
      Defendants    :    **COMPLAINT; and (ii) NOTICE OF**

18    :    **MOTION AND MOTION FOR**
   :    **APPOINTMENT OF CO-LEAD**

19    :    **COUNSEL**
   :

20    DATE:    March 2, 2009
TIME:    9:00 a.m.

21    COURT:    8, 4th Floor
JUDGE:    Hon. James Ware

22

23

24

25

26

## <u>TABLE OF CONTENTS</u>

I.      PROCEDURAL HISTORY ................................................................. 2

II.     FACTUAL BACKGROUND ............................................................... 2

III.    ARGUMENT .................................................................................. **2**


A.      **The Court Should Find The Cases Against NVIDIA Are Related** ............................. 3

    1.   The NVIDIA Actions Concern Substantially The Same
        Parties, Property and Events ........................................................................ 3

    2.   The Parties Will Duplicate Labor and Expense if the NVIDIA
        Actions Proceed Before Different Judges ........................................................ 4

    3.   The Risk of Conflicting Results Favors Proceeding Before One Judge ............................ 4


B.      **The Court Should Consolidate the NVIDIA Actions** ................................................ 4

    1.   The Parties in the NVIDIA Actions Are Substantially the Same ........................................ 4

    2.   The NVIDIA Actions Involve Common Questions Of Fact ............................................ 5

    3.   The NVIDIA Actions Involve Common Questions Of Law ............................................ 6

    4.   NVIDIA and Plaintiffs Agree the Actions Should Be Consolidated ................................. 7

    5.   Consolidation Is Necessary to Promote Judicial Economy ................................................. 7


C.      **The Court Should Appoint Highly Qualified and Experienced Interim
Class Counsel To Represent Plaintiffs and the Putative Class** ............................................. 8

    1.   Co-Lead Counsel are Qualified ........................................................................ 10

    2.   The Firm That Opposes Plaintiffs' Proposed Leadership Structure Is In A Position Of
        Irreconcilable Conflict and Is Therefore Incapable of Adequately Representing The
        Consumer Class ............................................................................................11

II.     CONCLUSION ............................................................................ 14

**NOTICE OF MOTION AND MOTION**

TO:     ALL PARTIES AND THEIR ATTORNEYS OF RECORD

PLEASE TAKE NOTICE on March 2, 2009 at 9:00 a.m., or as soon thereafter as the matter may be heard, before the Honorable James Ware of the United States District Court for the Northern District of California, San Jose Division, located at 280 S. First St., San Jose, California, 95113, the undersigned plaintiffs will and hereby do: (i) join in Defendant NVIDIA Corporation's (NVIDIA" or the "Company") *Motion To Consolidate Related Actions and Require Superseding Consolidated Complaint*; and (ii) move the Court for an order appointing Horwitz, Horwitz & Paradis, Attorneys at Law and Doyle Lowther LLP as interim co-lead class counsel pursuant to Fed. R. Civ. P. 23(g).

This joinder and motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the declaration of Paul O. Paradis filed in support hereof, all pleadings and papers filed herein and in each case, such additional evidence and oral argument the Court may consider, and any other matters properly before the Court.

## ISSUES TO BE DECIDED
### (Civil Local Rule 7-4(a)(3))

1.  In the interests of judicial and litigant economy and efficiency, should the Court order six virtually identical class actions alleging the same underlying facts and circumstances "related" pursuant to Civil Local Rule 3-12(a), and thereafter consolidate the six cases under Federal Rule of Civil Procedure 42(a)?

2.  Should the Court's order encompass any later-filed actions, including two actions that are in the process of being transferred to this Court from district courts in New York and Texas?

3.  To ensure plaintiffs and the class are represented by experienced and highly qualified class action counsel, should the Court appoint the co-lead counsel proposed by the signatories hereto pursuant to Fed. R. Civ. P. 23(g)?

Dated:  December 11, 2008

KIESEL BOUCHER & LARSON LLP

_____

Paul Kiesel
Attorney for Plaintiff Steven Nakash

## MEMORANDUM OF POINTS AND AUTHORITIES

The undersigned Plaintiffs hereby join in Defendant NVIDIA's *Motion To Consolidate Related Actions and Require Superseding Consolidated Complaint* (NVIDIA's "Consolidation Motion") and further respectfully request the Court appoint Horwitz, Horwitz & Paradis, Attorneys at Law and Doyle Lowther LLP as interim co-lead counsel pursuant to Fed. R. Civ. P. 23(g) to ensure the actions proceed in an organized, efficient and orderly manner.

## I.   PROCEDURAL HISTORY

Between September 12 and November 18, 2008, NVIDIA was sued in eight consumer class actions. Six actions were filed in the Northern District of California.[1] One action was filed in the Eastern District of New York, another in the Western District of Texas.[2] The eight actions arise from substantially identical facts and circumstances and assert overlapping claims. All parties agree consolidation will promote judicial efficiency and avoid unnecessary costs and delay. Both out-of-state cases will shortly be transferred to this Court under 28 U.S.C. §1404(a) pursuant to stipulations, at which time the parties agree they should be consolidated with the actions pending here.

---

[1]   The six actions filed in the United States District for the Northern District of California include:

   1)   *Nakash v. NVIDIA Corp.*, No. 08-04312-JW;
   2)   *Feinstein v. NVIDIA Corp.*, No. 08-04596-RS;
   3)   *Inicom Networks, Inc. v. NVIDIA Corp. et al.*, No. 08-04332-JF;
   4)   *Cormier v. NVIDIA Corp.*, No. 08-05082-HRL;
   5)   *National Bus. Officers Ass', Inc. v. NVIDIA Corp. et al.*, No. 08-5179-HRL;
   6)   *West v. NVIDIA Corp.*, No. 08-05217-PVT.

*See* Exhibits A - F to the accompanying Declaration of Paul O. Paradis submitted herewith ("Paradis Decl. Ex. __").

[2]   The two actions filed in the United States District Court for the Eastern District of New York and Western District of Texas, respectively, are *Olivos v. NVIDIA Corp., et al.*, No. 08-03895-LDW-ETB (E.D.N.Y) (Paradis Decl. Ex. G); and *Sielicki v. NVIDIA Corp. and Dell, Inc.*, No. 08-0802-SS (W.D. Tex.) (Paradis Decl. Ex. H). These actions are being transferred to this Court pursuant to stipulations under 28 U.S.C. § 1404(a), at which time the parties agree they should be consolidated with the actions pending here. *Olivos* has informed the MDL panel he is withdrawing his MDL motion (Paradis Decl. Ex. I). NVIDIA requested plaintiffs to consolidate the actions so it would have only to respond to a single, superseding consolidated amended complaint.

The procedural history of the various cases that is set forth in NVIDIA's Consolidation Motion is adopted by the undersigned Plaintiffs for purposes of this *Joinder* and is therefore not repeated here.

In recognition of the fact that all eight cases arise from substantially identical facts and circumstances, assert overlapping claims and involve virtually identical questions of law, Plaintiffs in all eight of the actions have executed stipulations consenting to the consolidation requested by Defendant NVIDIA Corp. All of the Plaintiffs who are signatories hereto believe that an order relating and consolidating all eight of these actions will promote judicial efficiency and avoid unnecessary costs and delay, and that, neither the parties nor the judicial system should be taxed by multiple, duplicative trials concerning the same facts on behalf of the same class of plaintiffs. Accordingly, the signatories hereto all agree that these eight cases satisfy the requirements of Civil Local Rule 3-12(a) and also meet the prerequisites for consolidation under Federal Rule of Civil Procedure 42(a).

## II.   FACTUAL BACKGROUND

In July 2008, NVIDIA announced that notebook and desktop computer configurations containing certain NVIDIA graphics processing units ("GPUs") or media and communication processor products ("MCPs") were failing at higher than normal rates. Although NVIDIA claims it was unable to determine the cause, testing suggested various contributing factors including a weak material set of die/package combination, system thermal management designs, and customer use patterns.

Purchasers of the defective NVIDIA GPUs sued NVIDIA in various consumer class action lawsuits on behalf of a nationwide class, asserting breach of warranty claims, violations of consumer protection laws, and other related claims. *Nakash v. NVIDIA Corp.*, No. 08-04312-JW, filed on September 12, 2008 was the first of these actions.

The complaints in all eight of these cases allege that: (i) the NVIDIA graphics chips used as a component in certain notebook and desktop computers were defective and experienced unusually high failure rates; (ii) the affected computers experienced performance problems as a result of the alleged defects and (iii) a software program offered to rectify those problems is inadequate. These complaints also allege that NVIDIA breached express and implied warranties

and violated certain consumer protection laws, entitling a nationwide class of plaintiffs to damages, injunctive and declaratory relief.

## III.   ARGUMENT

*Nakash v. NVIDIA Corp.*, No. 08-04312-JW was the first-filed case in this Court, and was filed on September 12, 2008.

On December 9, 2008, NVIDIA Corp. filed its Consolidation Motion which requests that all eight of these actions, and any other subsequently-filed related actions, be consolidated with *Nakash v. NVIDIA Corp.*, No. 08-04312-JW and assigned to the Honorable James Ware.   In recognition of the fact that these eight cases satisfy the requirements of Civil Local Rule 3-12(a) and also meet the prerequisites for consolidation under Federal Rule of Civil Procedure 42(a), the undersigned Plaintiffs hereby join in NVIDIA's Consolidation Motion for the following reasons.

### A.   The Court Should Find The Cases Against NVIDIA are Related

Two or more actions are related if:

(1)   the actions concern substantially the same parties, property, transaction or events; and

(2)   it appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different judges.

N.D. Cal Civil L.R. 3-12(a). Here the eight actions concern substantially the same parties, property and events.  There will be an unduly burdensome duplication of labor and expense and conflicting results if the actions are conducted before different judges. The Court therefore should find the actions are "related".

### 1.   The NVIDIA Actions Concern Substantially The Same Parties, Property and Events

In each of the eight actions, NVIDIA is a defendant and the plaintiff sues on behalf of a class of persons who purchased computers equipped with specific NVIDIA GPUs.  Paradis Decl. at Ex. A ¶¶ 1, 7, 49; Ex. B ¶¶ 15, 36; Ex. C ¶¶ 1, 13, 16; Ex. D ¶¶ 1, 17, 32; Ex E. ¶¶ 17, 38; Ex F ¶¶ 1, 7, 48; Ex. G ¶¶ 1, 15, 19; Ex. H ¶¶ 1, 19, 22.  The actions thus "concern substantially the same parties [and] property." N.D. Cal L.R. 3- 12(a).  And because the eight NVIDIA actions

3

are based on the design, manufacture and sale of the defective NVIDIA GPUs, they all "concern substantially the same" events. Paradis Decl. at Ex A ¶¶ 2, 3, 21, 28; Ex. B ¶¶ 2, 3, 28; Ex. C ¶¶ 2, 3, 47; Ex. D ¶¶ 3, 25, 56; Ex E. ¶¶ 2, 3, 9, 21, 36; Ex F ¶¶ 2, 3, 21, 28; Ex. G ¶¶ 2, 3, 4, 26; Ex. H ¶¶ 2, 44.

### 2.      The Parties Will Duplicate Labor and Expense if the NVIDIA Actions Proceed Before Different Judges

Proceeding with the NVIDIA actions before different judges risks the unnecessary duplication of labor and expense. The parties will be subject to different case management orders, may repeat discovery efforts including answering discovery multiple times and producing the same witnesses for more than one deposition. Given the similar allegations in the eight NVIDIA cases, the parties may be forced to brief the same legal issues on motion to dismiss and motion for class certification at different times.

### 3.      The Risk of Conflicting Results Favors Proceeding Before One Judge

The likelihood of conflicting results is a real concern if the NVIDIA class actions proceed before different judges. The NVIDIA actions are complex class actions. Plaintiffs anticipate defendants will move to dismiss the operative complaint and oppose class certification.  In the absence of finding relatedness, different judges will hear these motions (and perhaps others), presenting a high likelihood of conflicting results.  The Court therefore should find the NVIDIA consumer cases are related.

### B.      The Court Should Consolidate the NVIDIA Actions

A district court may consolidate two or more cases that "[involve] common questions of law or fact." Fed. R. Civ. P. 42(a). The court has broad discretion in determining whether common questions exist. *See Investors Research Co. v. U.S. Dist. Court for the Cent. Dist. of Cal.,* 877 F.2d 777, 777 (9th Cir. 1989).  By consolidating the NVIDIA actions the Court may avoid unnecessary costs and delay resulting from separate proceedings on common law or fact issues. *See EEOC v. HBE Corp.*, 135 F.3d 543, 550 (8th Cir. 1998).

### 1.      The Parties in the NVIDIA Actions Are Substantially the Same

Each of the NVIDIA actions is brought on behalf of a class of persons who purchased computers equipped with certain defective NVIDIA GPUs and who have named NVIDIA as a defendant.  Paradis Decl. at Ex. A ¶¶ 1, 7, 49; Ex. B ¶¶ 15, 36; Ex. C ¶¶ 1, 13, 16; Ex. D ¶¶ 1, 17,

32; Ex E. ¶¶ 17, 38; Ex F ¶¶ 1, 7, 48; Ex. G ¶¶ 1, 15, 19; Ex. H ¶¶ 1, 19, 22.   Because NVIDIA's products and actions are the same in each action, consolidation is appropriate.

Although certain actions also name additional defendants, such as Hewlett-Packard in the *NBOA* case, consolidation still is proper.[3] *See generally Aronson v. McKesson HBOC Inc.*, 79 F. Supp. 2d 1146, 1150 (N.D.Cal. 1999); *In re MicroStrategy Inc. Sec. Litig.*, 110 F. Supp. 2d 427, 431- 432 (E.D.Va. 2000); *Werner v. Satterlee, Stephens, Burke & Burke*, 797 F. Supp. 1196, 1211 (S.D.N.Y. 1992).

## 2.      The NVIDIA Actions Involve Common Questions Of Fact

The eight class actions against NVIDIA are based on the same central factual allegations. First, all actions allege Nvidia designed, manufactured and sold defective GPUs. Paradis Decl. at Ex. A ¶¶ 2, 3, 21, 28; Ex. B ¶¶ 2, 3, 28; Ex. C ¶¶ 2, 3, 47; Ex. D ¶¶ 3, 25, 56; Ex E. ¶¶ 2, 3, 9, 21, 36; Ex F ¶¶ 2, 3, 21, 28; Ex. G ¶¶ 2, 3, 4, 26; Ex. H ¶¶ 2, 44.

Second, each action alleges NVIDIA GPUs, which are installed in certain laptops and computers, are defective. Paradis Decl. at Ex. A ¶¶ 21; Ex. B ¶¶ 28; Ex. C ¶¶ 2, 24; Ex. D ¶¶ 3, 25; Ex E. ¶¶ 2, 36; Ex F ¶¶ 21; Ex. G ¶¶ 2, 44; Ex. H ¶¶ 2, 7.

Third, all actions allege the defect manifests itself in similar ways, and thus as a result of the defect in the NVIDIA GPUs, Class members' computers have exhibited, among other things, video-related failures.  Paradis Decl. at Ex. A ¶¶ 3, 21, 22; Ex. B ¶¶ 3, 28; Ex. C ¶¶ 3, 28, 40, 45; Ex. D ¶¶ 3, 25; Ex E. ¶¶ 2, 24, 31; Ex F ¶¶ 3, 21, 22; Ex. G ¶¶ 2, 30. 40; Ex. H ¶¶ 2, 38, 42.

Fourth, Class members have repeatedly complained about the defect in the Nvidia GPUs; Paradis Decl. at Ex. A ¶¶ 22, 23; Ex. B ¶¶ 8, 30; Ex. C ¶¶ 4, 43; Ex. D ¶¶ 8; Ex E. ¶¶ 8, 34; Ex F ¶¶ 22, 23; Ex. G ¶¶ 5, 27; Ex. H ¶¶ 8, 30.

Finally, all plaintiffs allege that despite NVIDIA's knowledge of the defect in the NVIDIA GPUs, NVIDIA has failed to take appropriate steps to make Class members whole. Paradis Decl. at Ex. A ¶¶ 4, 24, 28-33; Ex. B ¶¶ 4, 8, 29, 34; Ex. C ¶¶ 6, 44, 47 -49; Ex. D ¶¶ 4, 8, 26, 30; Ex E. ¶¶ 3, 6, 22, 36-37; Ex F ¶¶ 4, 24, 28-33; Ex. G ¶¶ 3, 7, 44-45; Ex. H ¶¶ 30, 32, 44-45.

---

[3]      Dell is a named defendant in the *NBOA* action.  Paradis Decl. at Ex. E ¶ 18.  Hewlett-Packard is a named defendant in *Inicom*, *NBOA* and *Olivos*.  Paradis Decl. at Paradis Decl. at Ex. C ¶ 14; Ex. D ¶ 19; Ex. G ¶ 17.

Because the central allegations of "the factual actions are nearly identical," consolidation is appropriate. *See Miller v. Ventro Corp.*, 2001 U.S. Dist. LEXIS 26027 (N.D. Cal. Nov. 28, 2001).

### 3.    The NVIDIA Actions Involve Common Questions Of Law

The NVIDIA actions assert similar allegations and raise common questions of law, especially because the eight actions allege NVIDIA violated warranty and consumer protection laws:

- *Nakash* - Paradis Decl. at Ex. A ¶¶ 51-71 (alleging breach of the implied warranty of merchantability), ¶¶ 72-80 (alleging violations of New Jersey Consumer Protection Act), ¶¶ 81-97 (alleging unjust enrichment);

- *Feinstein* - Ex. B  ¶¶ 44-53 (alleging violations of California Legal Remedies Act), ¶¶ 54-62 (alleging violations of California Unfair Competition Law), ¶¶ 63-70 (alleging violations of California Business and Professions Code § 17500, et seq.), ¶¶ 71-75 (alleging unjust enrichment), ¶¶ 76-81 (alleging strict liability);

- *Inicom* - Ex. C ¶¶ 50-56 (alleging violations of California Unfair Competition Law), ¶¶ 57-65 (alleging breach of express and implied warranties), ¶¶ 66-74 (alleging violations of Magnuson Moss Act), ¶¶ 75-78 (alleging unjust enrichment), ¶¶ 79-83 (seeking declaratory relief);

- *Cormier* - Ex. D  ¶¶ 40-49 (alleging violations of California Legal Remedies Act), ¶¶ 50-58 (alleging violations of California Unfair Competition Law), ¶¶ 59-66 (alleging violations of California Business and Professions Code § 17500, et seq.), ¶¶ 67-71 (alleging unjust enrichment), ¶¶ 72-79 (alleging strict liability);

- *NBOA* - Ex. E ¶¶ 45-51 (alleging violations of California Unfair Competition Law), ¶¶ 52-60 (alleging breach of express and implied warranties), ¶¶ 61-69 (alleging violations of Magnuson Moss Act), ¶¶ 70-73 (alleging unjust enrichment), ¶¶ 74-78 (seeking declaratory relief);

- *West* - Ex. F ¶¶ 51-73 (alleging breach of implied warranty of merchantability), ¶¶ 74-91 (alleging unjust enrichment);

- *Olivos* - Ex. G , ¶¶ 46-60(alleging breach of express warranty), ¶¶ 61-76 (alleging breach of implied warranty), ¶¶ 77-84(alleging violations of N.Y. Gen Bus. Law § 349), ¶¶ 85-93(alleging violations of Magnuson Moss Act);

- *Sielicki* - Ex. H ¶¶ 46-54 (alleging violations of Magnuson Moss Act), ¶¶ 55-63 (alleging breach of express and implied warranties), ¶¶ 64-67(alleging unjust enrichment).

The overlapping legal claims in the NVIDIA actions warrant consolidation. *See Richardson v. TVIA, Inc.*, 2007 U.S. Dist. LEXIS 28406 (N.D. Cal. Apr. 16, 2007)(consolidating

PLAINTIFFS': (i) JOINDER IN NVIDIA CORP.'S MOTION TO CONSOLIDATE; and (ii) MOTION FOR APPOINTMENT OF CO-LEAD COUNSEL

cases that share common questions of law).

### 4.    NVIDIA and Plaintiffs Agree the Actions Should Be Consolidated

Because of the factual and legal similarity, both plaintiffs and NVIDIA have executed stipulations to consolidate their respective actions. *See* Paradis Decl. Exs. J-O.[4] The stipulating parties agree the actions raise similar factual and legal allegations, and further agree the actions should be consolidated.  *See id.* The stipulating parties also agree consolidation will "conserve judicial and private resources, promote efficiency and avoid the risk of inconsistent or conflicting rulings."  *See id.*

### 5.    Consolidation Is Necessary to Promote Judicial Economy

"[T]he savings of time and effort" by consolidating the NVIDIA actions outweighs any remote "inconvenience, delay, confusion, or prejudice" resulting from consolidation. *See Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d 1129, 1133 (C.D. Cal. 1999) (in considering Rule 42(a) consolidation, "a court must balance the savings of time and effort consolidation will produce against any inconvenience, delay, confusion, or prejudice that may result.").   Consolidation ensures all actions are placed on the same litigation and discovery track and avoids duplication in the briefing and discovery processes.  *Mohanty v. Bigband Networks, Inc.*, 2008 U.S. Dist. LEXIS 32764, at *9-10 (N.D. Cal. Feb. 13, 2008)("Consolidation facilitates discovery, conserves judicial resources, and reduces the confusion and delay that result  from prosecuting related class action cases separately.")

Consolidation reduces the risk of inconsistent rulings, both before and at the class certification stage.  *See Alliance Communs. Coop., Inc. v. Global Crossing Telecomms., Inc.*, 2007 U.S. Dist. LEXIS 48091, at *65-66 (D.S.D. July 2, 2007)("consolidation will prevent any risk of prejudice created by inconsistent rulings.")"[A]bsent consolidation, the Court would face the specter of conducting as many as eight trials involving nearly identical legal claims and

---

[4]      Nvidia and plaintiffs in the *Sielicki* and *Olivos* action have stipulated to the transfer of their *respective* actions to the Northern District of California – San Jose Division because the Nvidia actions currently pending there raise "factual and legal issues" similar to those raised in the *Seilicki* and *Olivos* action.  *See* Paradis Decl. at Exs. P and Q.

PLAINTIFFS': (i) JOINDER IN NVIDIA CORP.'S MOTION TO CONSOLIDATE; and (ii) MOTION FOR
APPOINTMENT OF CO-LEAD COUNSEL

substantially overlapping evidence." *Sylverne v. Data Search N.Y., Inc.*, 2008 U.S. Dist. LEXIS 88303 (N.D. Ill. May 28, 2008).

> **C.** **The Court Should Appoint Highly Qualified and Experienced Interim Class Counsel to Represent Plaintiffs and the Putative Class**

Pursuant to Fed. R. Civ. P. 23(g), in complex litigations such as these eight cases against NVIDIA, courts have the authority to appoint interim class counsel to represent Plaintiffs and the putative class. *In re Air Crash Disaster at Florida Everglades*, 549 F.2d 1006, 1014-15 (5th Cir. 1977); *In re Bendectin Litig.*, 857 F.2d 290, 297 (6th Cir. 1988). *Vincent v. Hughes Air West, Inc.*, 557 F.2d 759, 774 (9th Cir. 1977).

Appointment of the proposed interim co-lead counsel will streamline prosecution of these cases, eliminate unnecessary costs and delays, expedite the proceedings and result in the best resolution for the class, and is therefore appropriate for these nationwide consumer class actions. *See* Manual for Complex Litigation §§10.221, 10.22 (4th ed.).

In complex class actions, the Court should implement a leadership structure such as the one set forth herein to ensure the litigation proceeds in an orderly, expeditious, and cost-effective manner. Such orders are common in complex class actions and are specifically recommended by the Manual for Complex Litigation:

> Complex litigation often involves numerous parties with common or similar interests but separate counsel. Traditional procedures in which all papers and documents are served on all attorneys, and each attorney files motions, presents arguments, and examines witnesses, may waste time and money, confuse and misdirect the litigation, and burden the court unnecessarily. Instituting special procedures for coordination of counsel early in the litigation will help to avoid these problems.

> Depending on the number and complexity of different interests represented, both lead and liaison counsel may be appointed for one side…. The functions of lead counsel may be divided among several attorneys, but the number should not be so large as to defeat the purpose of making such appointments.

Manual for Complex Litigation (4th ed.), §§10.22, 10.221. The Advisory Committee's Notes to Rule 23(g) stress "the selection and activity of class counsel are often critically important to the successful handling of a class action." Fed. R. Civ. P. 23(g) (Advisory Committee notes).

As both Rule 23 and the Manual for Complex Litigation recognize, the Court should

8

establish an organized and effective leadership structure as soon as practicable in the complex litigation, preferably well before class certification, because it will best protect the interests of the putative class. Fed. R. Civ. P. 23(g)(2)(A); Manual for Complex Litig. §22.62 ("Early organization of counsel who have filed the various cases transferred or consolidated for pretrial purposes is a critical case-management task.").

Appointment of the two well-qualified law firms who are proposed as co-lead interim class counsel in this litigation will: (i) ensure the litigation is prosecuted fairly and efficiently, (ii) ensure the litigation does not become misdirected, (iii) allow all parties to formulate single, comprehensive litigation and discovery plans, and (iv) ensure timely responses to Court deadlines. By appointing the proposed interim class counsel, the Court will also empower interim co-lead class counsel to speak for, and enter into agreements on behalf of, all plaintiffs in all matters regarding pretrial procedures, discovery, and settlement negotiations – ensuring there is no duplication of effort and the wasting of valuable litigant resources. Co-lead counsel also will be responsible for communicating with the Court on behalf of the plaintiff Class.

Both the Horwitz and Doyle Lowther firms have been working closely together to promote the efficient and orderly prosecution of Plaintiffs' claims. They initiated and conducted extensive investigations which lead to the preparation and filing of highly particularized class action complaints against NVIDIA and certain other defendants. Both firms initiated and conducted numerous discussions concerning the benefits and necessity of a leadership structure to represent Plaintiffs in these actions. Both firms have met and conferred with defense counsel concerning a host of issues including consolidation and evidence preservation. As a result of these meet and confer sessions, the parties agreed to the consolidation NVIDIA requested. NVIDIA's counsel and the Horwitz and Doyle Lowther firms have also jointly developed the schedule that has been proposed to the Court in Section VI of NVIDIA's Consolidation Motion, and this schedule will be formally presented to the Court for its consideration in connection with the Joint Case Management Statement and Proposed Order that will be submitted to the Court in advance of the January 26, 2009 case management conference. Finally, the undersigned Plaintiffs and their counsel have already evidenced their ability to work together in an efficient, effective, and cooperative manner by agreeing upon the proposed co-lead structure and participating in the numerous telephonic meet and confer sessions that resulting in the

9

proposed schedule set forth in Section VI of NVIDIA's Consolidation Motion.

Agreement that the Horwitz and Doyle Lowther firms should be appointed as interim co-lead class counsel is nearly unanimous among all of the Plaintiffs in these eight actions. The Horwitz and Doyle Lowther firms have also demonstrated they are best able to represent the Class' interests because, unlike the sole firm that opposes the proposed co-lead counsel structure, the Horwitz and Doyle Lowther firms are not in a position of irreconcilable conflict because they only represent the interests of the consumer class members in actions against NVIDIA.

### 1.    Co-Lead Counsel are Qualified

Both the Horwitz and Doyle Lowther firms have demonstrated their commitment, willingness and ability to litigate this complex class action litigation by staffing the litigation team with well-qualified class action attorneys. The team of attorneys assembled by these two firms is comprised of partners and associates who collectively have more than sixty years of experience litigating complex consumer and securities fraud class actions, and who, in recognition of their outstanding abilities, have repeatedly been appointed lead and class counsel by federal and state courts across the United States, including some of the largest consumer and security frauds in the United States.[5]

---

[5]    The outstanding efforts of Paul O. Paradis of the Horwitz firm on behalf of the class in an action entitled, *Grasso v. Vitesse Semiconductor Corp. et al.*, Case No. 06-CV-2639 R were recently recognized by retired United States District Judge Dickran Tevrizian who commented, "Lead Counsel has consistently demonstrated the highest level of skill, competence and professionalism in handling this securities fraud litigation, and zealously represented the interests of Class members at all times." Similarly, current Doyle Lowther partners recently were praised for their superlative litigation effort in the Enron securities class action:

> Among their many diligent and skilled efforts in pursuing as large a recovery as possible for the proposed class, the Court notes that they drafted two massive consolidated class action complaints that thoroughly impressed this Court in the detail, breadth and depth, of their allegations, reflecting extraordinary investigatory effort, especially in light of the stay on formal discovery and the complexity of the scheme. They timely responded to numerous, complex motions to dismiss and motions for summary judgment from varied defendants with very different concerns and defenses and prevailed on most. Needless to say, the fact and expert discovery in this action was extensive, but was tightly controlled and was expertly and professionally handled by nearly all participating counsel.

Based on their actions to date, and in recognition of their reputations as highly skilled and extremely competent class action litigators, the vast majority of plaintiffs and their counsel involved in these eight actions desire the appointment of the Horwitz and Doyle Lowther firms as interim co-lead counsel for plaintiffs and the Class. In fact, only one of the plaintiffs and their respective counsel have voiced any opposition to the proposal that the Horwitz and Doyle Lowther law firms be appointed interim co-lead class counsel.

Proposed interim co-lead class counsel have extensive experience and are highly competent in prosecuting actions similar to the actions at issue here, and have a record of providing skilled and efficient case management and guidance as co-lead counsel in class action and consumer litigation throughout the country. *See* firm resumes, attached as Exhibits R - S to the Paradis Decl.

Finally, Defendant NVIDIA also recognizes the benefits that would result from the Court appointing a leadership structure among Plaintiffs and have therefore requested that the Court "implement procedures for efficient and coordinated prosecution of the case." *See* Consolidation Motion at 8.

### 2.    The Firm That Opposes Plaintiffs' Proposed Leadership Structure Is In A Position Of Irreconcilable Conflict and Is Therefore Incapable of Adequately Representing The Consumer Class

The only firm who has expressed opposition to the appointment of the Horwitz and Doyle Lowther firms as interim co-lead class counsel in the NVIDIA consumer litigation is Milberg LLP ("Milberg"), counsel to plaintiff Feinstein. Significantly, however, Milberg is irreconcilably conflicted and therefore cannot represent the NVIDIA consumer class. Further, Milberg's actions to date have rendered that firm inadequate to represent the consumer class proposed here. Milberg is irreconcilably conflicted and therefore incapable of acting in consumers' best interests.

---

*In re Enron Corp. Sees., Derivative & ERISA Litig.*, _ F. Supp. 2d -- 2008 WL 4178130, at *38 (S.D. Tex. Sept. 8, 2008). Judge Harmon also said, "Lead Counsel are to be commended for their zealousness, their diligence, their perseverance, their creativity, the enormous breadth and depth of their investigations and analysis, and their expertise in all areas of securities law on behalf of the proposed class." Id. at *40.

PLAINTIFFS': (i) JOINDER IN NVIDIA CORP.'S MOTION TO CONSOLIDATE; and (ii) MOTION FOR APPOINTMENT OF CO-LEAD COUNSEL

The source of the conflict for Milberg here arises from the fact Milberg simultaneously represents <u>both</u> plaintiff *Feinstein* in the consumer class action against NVIDIA <u>and</u> plaintiff The New Jersey Carpenters Pension and Annuity Fund and purchasers of NVIDIA Corp. securities in another class action entitled *In re NVIDIA Corporation Securities Litigation*, No. C-08-04260-JW, (the "NVIDIA Securities Litigation"), which is also currently pending before this Court.[6] At issue in the NVIDIA Securities Litigation is the non-disclosure/fraud of the same defect in the GPUs that is at issue in the consumer actions.

On November 10, 2008, Milberg LLP filed a Motion For Appointment of Lead Plaintiff and Approval Of Lead Counsel Selection pursuant to which Milberg LLP seeks appointment as Lead Counsel on behalf of a class of "all persons and entities who purchased or otherwise acquired NVIDIA securities between November 8, 2007 and July 2, 2008, inclusive." *See* Paradis Decl. at Ex. T.  The Court is scheduled to conduct a hearing on the competing Lead Plaintiff motions in the NVIDIA Securities Litigation on December 22, 2008.

Milberg is conflicted and cannot represent the NVIDIA consumer class.  As Milberg is well aware, the PSLRA imposes an automatic discovery stay during the pendency of a motion to dismiss in a securities class action such as the NVIDIA Securities Litigation, which is subject to the PSLRA.  Unlike the NVIDIA Securities Litigation, however, there is no statutory stay prohibiting consumer plaintiffs and their counsel from obtaining discovery in the consumer class actions.  Thus Milberg is subject to unique discovery and tactical defenses, including the argument that Milberg may seek to circumvent the statutory discovery stay imposed by the PSLRA in the NVIDIA Securities Litigation by obtain discovery in the consumer litigation and then utilizing it to draft a consolidated complaint in the NVIDIA Securities Litigation.

---

[6]    Shalov Stone Bonner & Rocco LLP ("Shalov Stone"), which represents plaintiff Cormier in the consumer class action against NVIDIA also simultaneously represents Plaintiffs Douglas Depies, Jerrold Engber, Geoffrey James, Chester Chow and Kumaraswamy Krisknamurthy as in the Nvidia Securities Litigation.  On November 10, 2008, Shalov Stone also filed a motion seeking appointment as lead counsel in the NVIDIA Securities Litigation.  *See* Paradis Decl. at Ex. U.  In apparent recognition of the conflict that results from Shalov Stone having done so, however, Shalov Stone has not taken any position concerning the proposal that the Horwitz and Doyle Lowther firms be appointed as interim co-lead class counsel on behalf of the proposed consumer class.  On December 11, 2008, Shalov Stone informed the parties that it concurred with Defendant's Consolidation Motion.

PLAINTIFFS': (i) JOINDER IN NVIDIA CORP.'S MOTION TO CONSOLIDATE; and (ii) MOTION FOR APPOINTMENT OF CO-LEAD COUNSEL

The actions undertaken by Milberg here create both the appearance of conflict – and an actual conflict – both of which render Milberg incapable of adequately representing the consumer class.  In *Krim v. pc Order.com*, 210 F.R.D. 581, 589 (W.D. Tx. 2002), the Court ruled Milberg was inadequate class counsel because Milberg was "involved in multiple lawsuits against pcOrder.com in which they seek to represent different classes of pcOrder.com shareholders."  *Krim* also disagreed with Milberg's argument there were no conflicts that resulted from Milberg representing the shareholders in these various cases.  In so doing, the *Krim* court held, "the case law deems the appearance of conflict problematic," and then went on to find that actual and apparent conflict existed.  *Id.* at 590.  The *Krim* court stated in relevant part:

> **With multiple lawsuits, more than a fair chance exists that the shareholders represented in the various suits may be different but overlapping groups of people, and their interests may not always coincide**. It could be in the New York class' best interest to settle, but not in this class' interest.
>
> *     *     *
>
> Additionally, **the interests of the counsel may conflict with the members of one or more of the classes. The inability of counsel to discuss settlements offers in the other cases and the potential influence one case may have on a decision to settle the other are only part of the problem. Counsel are also limited in the information they can or will have the incentive to divulge because of their representation of different parties**.

*Id.*  (Emphasis added).

Similarly, in *In re: Sonus Networks, Inc. Secs. Litig.*, 229 F.R.D. 339, 342 (D. Mass. 2005) the court held multiple lawsuits on behalf of different plaintiff classes

> raised issues of whether class counsel had impermissible conflicts of interest because they also represented other plaintiffs in another class action against Sonus and whether those possible conflicts of interest had been disclosed to Roberts and Scibelli so they could make a fully informed decision on whether Milberg and Bernstein were the most appropriate counsel for themselves and the putative class they were seeking to represent.

Notably, after the Court's ruling in *Sonus,* the plaintiff ultimately moved for an order withdrawing Milberg as lead counsel.  Finally, in *In re Compact Disc Minimum Advertised Price Antitrust Litig.*, 2001 U.S. Dist LEXIS 25818, *11 (D. Me. 2001), **the court disqualified the Milberg firm as class counsel after finding   that Milberg's actions "carry the distinct**

13

**potential of reducing Milberg Weiss's effectiveness in representing the putative consumer plaintiff class vigorously here**." (Emphasis added).

By simultaneously seeking to represent the interests of plaintiff in the *Feinstein* consumer class action at the same time they represent The New Jersey Carpenters Pension and Annuity Fund and purchasers of NVIDIA Corp. securities and seek appointment as Lead Counsel in the NVIDIA Securities Litigation, Milberg has placed itself in a position of irreconcilable conflict. Because of this fact, movants respectfully request the Court carefully examine the motivation behind Milberg's refusal to consent to the Plaintiffs' proposed interim co-lead class counsel structure – which is only opposed by Milberg.

By appointing the proposed interim co-lead class counsel, the Court will ensure that : (i) plaintiffs speak with a single unified voice, (ii) defendants may rely on agreements made with co-lead counsel, and (iii) such agreements are binding on all plaintiffs.

## II.    CONCLUSION

Movants have worked cooperatively and in good faith with counsel for all parties in this litigation. As a result of coordinated efforts, the proposed co-lead interim class counsel have already accomplished a great deal on behalf of the putative plaintiff class. Because the actions satisfy the requirements for relatedness and consolidation, the parties request that the Court grant NVIDIA's Consolidation motion. Movants also request the appointment of the proposed interim co-lead class counsel to ensure the consumer Class is represented by an experienced team of class action practitioners who are not in a position of conflict, and whose efforts are solely dedicated to representing the rights of the individuals included within the consumer class.

On the basis of the foregoing, together with the accompanying declaration of Paul O. Paradis, the signatories hereto request the Court grant the relief requested herein to enable the parties to continue the orderly, efficient and expeditious prosecution of these actions.

Dated: December 11, 2008

*/s/ Paul R. Kiesel*
Paul R. Kiesel
**KIESEL, BOUCHER & LARSON LLP**
8648 Wilshire Boulevard
Beverly Hills, CA 90211
310-854-4444

14

1         310-854-0812

2         Paul O. Paradis
        **Horwitz Horwitz & Paradis**
3         28 West 44th Street
        16th Floor
4         New York , NY 10036
        212-404-2200
5         212-404-2226

6         Brant C. Martin
        **Wick Phillips, LLP**
7         2100 Ross Avenue
        Suite 950
8         Dallas , TX 75201
        214-692-6200
9         214-692-6255

10        James V. Bashian
        **The Law Offices of**
11        **James V. Bashian, P.C.**
        500 Fifth Avenue, Suite 2700
12

13        New York , NY 10110
        212-921-4110
        212-921-4249
14

15        Robert B. Weiser
        **The Weiser Law Firm, P.C.**
        121 N. Wayne Avenue, Suite 100
16        Wayne , PA 19087
        610-225-2616
17        610-225-2678

18        *For Plaintiffs Nakash and West*

19

20        */s/ William J. Doyle, III*
        William J. Doyle, II
21        John A. Lowther, IV
        **DOYLE LOWTHER LLP**
22        9466 Black Mountain Road
        Suite 210
23        San Diego, CA 92126
        619-573-1700
24        619-573-1701

25        Nicholas Koluncich , III

26

PLAINTIFFS': (i) JOINDER IN NVIDIA CORP.'S MOTION TO CONSOLIDATE; and (ii) MOTION FOR
APPOINTMENT OF CO-LEAD COUNSEL

1

**LAW OFFICES OF**
**NICHOLAS KOLUNCICH , III**

2

6501 Americas Parkway NE
One Park Square - Suite 620

3

Albuqueruqe , NM 87110
619-227-7486

4

505-881-4288

5

*For Plaintiff Inicom Networks, Inc.*

6

7

*/s/ Joseph Guglielmo*
Joe R. Whatley, Jr,

8

Joseph Guglielmo
**WHATLEY DRAKE & KALLAS LLC**

9

1540 Broadway
37th Floor

10

New York, NY 10036
212-447-7070

11

212-447-7077

12

Alan M. Mansfield
**Rosner & Mansfield, LLP**

13

10085 Carroll Canyon Road
First Floor

14

San Diego , CA 92131
858-348-1005

15

858-348-1150

16

*For Plaintiff Louis Olivos*

17

*/s/ James D. Baskin, III*
James D. Baskin, III

18

**THE BASKIN LAW FIRM**
300 West 6th Street

19

Suite 1950
Austin, TX 78701

20

512-381-6300
512 381-6300

21

22

*For Plaintiff Milosz Sielicki*

23

*/s/ Helen I. Zeldes*
Alreen Haeggquist

24

Helen I. Zeldes
**ZELDES & HAEGGQUIST**

25

655 West Broadway, Suite 1410

16

26

San Diego, CA 92101
619-955-8218
619-342-7878

***For Plaintiff National Business Officers
Association, Inc.***

PLAINTIFFS': (i) JOINDER IN NVIDIA CORP.'S MOTION TO CONSOLIDATE; and (ii) MOTION FOR
APPOINTMENT OF CO-LEAD COUNSEL

## CERTIFICATE OF SERVICE

I am employed in the City and County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 8648 Wilshire Boulevard, Beverly Hills, California 90211-2910.

I served on December 11, 2008 the foregoing document described as:

**PLAINTIFFS': (I) JOINDER IN DEFENDANT NVIDIA CORP.'S MOTION TO CONSOLIDATE RELATED ACTIONS AND REQUIRE SUPERSEDING CONSOLIDATED COMPLAINT; AND (II) NOTICE OF MOTION AND MOTION FOR APPOINTMENT OF CO-LEAD COUNSEL**

on the interested parties by electronically filing with the Court a true and correct copy thereof and causing a true and correct copy to be delivered to the addressed as follows:

**PLEASE SEE ATTACHED SERVICE LIST**

☐ VIA OVERNIGHT MAIL:

VIA: By delivering such documents to an overnight mail service or an authorized courier in an envelope or package designated by the express service courier addressed to the person(s) on whom it is to be served.

☒ VIA U.S. MAIL:

I am readily familiar with the firm's practice for collection and processing of correspondence for mailing. Under that practice, such envelope(s) would be deposited with the U.S. postal service with postage thereon fully prepaid, at Beverly Hills, CA.

☐ VIA PERSONAL DELIVERY:

I personally delivered such envelope(s) by hand to the offices of the addressee pursuant to CCP § 1011.

CERTIFICATE OF SERVICE
Case No. C-08-4312

1

2   ☐   VIA ELECTRONIC MAIL:

3        I personally served upon all parties the above-referenced documents via

4        electronic mail to the e-mail addresses for those individuals noted to have

5        e-mail addresses on the attached Proof of Service List.

6

7   ☐   VIA FACSIMILE:

8        The interested parties receiving the above-referenced documents via

9        facsimile have agreed to accept same via facsimile transmission, and the

10        facsimile transmission report indicated that the transmission was complete

11        and without error. A copy of that report, which was properly issued by the

12        transmitting machine, is attached hereto.

13

14   ☐   STATE:

15        I declare under penalty of perjury, under the laws of the State of California

16        that the foregoing is true and correct.

17

18   ☒   FEDERAL:

19        I declare that I am employed in the office of a member of the bar of this

20        court at whose direction the service was made.

21

22        I declare under penalty of perjury under the laws of the State of California that

23 the above is true and correct and was executed on December 11, 2008, at Beverly

24 Hills, CA.

25

26

27                             Julissa E. Salguero

28

CERTIFICATE OF SERVICE
Case No. C-08-4312

1

2                              <u>SERVICE LIST</u>

3

4    Peter Safirstein, Esq.

5    Jennifer S. Czeisler, Esq.

6    Roland W. Riggs IV, Esq.

7    MILBERG LLP

8    One Pennsylvania Plaza

9    49th Floor

10   New York, New York 10119

11   Telephone:   212/594.5300

12   Facsimile: 212/868.1229

13

14   Jeff Westerman, Esq.

15   One California Plaza

16   300 South Grand Avenue, Suite 3900

17   Los Angeles, California 90071

18   Telephone:   213/617.1200

19   Facsimile: 213.617.1975

20

21   Robert P. Varian

22   Orrick Herrington & Sutcliffe LLP

23   405 Howard Street

24   San Francisco , CA 94105

25   Telephone: 415-773-5700

26   Facsimile: 415-773-5759

27

28

1

2   Brant C. Martin

3   Wick Phillips LLP

4   2100 Ross Avenue, Suite 950

5   Dallas, TX 75201

6

7   James Bashian

8   THE LAW OFFICES OF JAMES V. BASHIAN, P.C.

9   500 Fifth Avenue, Suite 2700

10  New York, New York 10110

11

12  Robert B. Weiser

13  The Weiser Law Firm, P.C.

14  121 N. Wayne Avenue, Suite 100

15  Wayne, PA 19087

16

17

18

19

20

21

22

23

24

25

26

27

28

CERTIFICATE OF SERVICE
Case No. C-08-4312