1   KIESEL BOUCHER LARSON LLP
    PAUL R. KIESEL (SBN 119854)
2   8648 Wilshire Boulevard
    Beverly Hills, California 90211-2910
3   Telephone: (310) 854.4444
    Facsimile: (310) 854.0812
4   kiesel@kbla.com

5   HORWITZ, HORWITZ
    & PARADIS, Attorneys At Law
6   PAUL O. PARADIS
    28 West 44th Street – 16th Flr.
7   New York, NY 10036
    Telephone: (212) 404-2200
8   Facsimile: (212) 404-2226
    pparadis@hhplawny.com
9
    Attorneys for Plaintiff Steven Nakash
10  Additional counsel appear on signature page

11              **UNITED STATES DISTRICT COURT**

12         **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

13                   **SAN JOSE DIVISION**

14

15  Steven Nakash,                    Case No.  C 08-04312 JW

16              Plaintiff,            **JOINT CASE MANAGEMENT
                                      CONFERENCE STATEMENT**
17       v.
                                      Date: February 23, 2009
18  NVIDIA Corp.,                     Time: 10:00am

19              Defendant.

20

21

22

23

24

25

26

27

28

OHS West:260611147.1

**Background and Procedural History**

Between September 12, 2008 and November 18, 2008, eight class action lawsuits were filed against NVIDIA Corporation ("NVIDIA") and Hewlett-Packard Co. ("HP") (collectively, "Defendants").  The actions allege Defendants knowingly sold defective graphical processing units ("GPUs").  The various actions are:

| Case | Date Filed | Venue Filed |
|---|---|---|
| *Nakash v. Nvidia Corp.*, No. 08-04312-JW | September 12, 2008 | N.D. Cal, San Francisco Division |
| *Feinstein v. NVIDIA Corp.*, No. 08-04596-RS | Sept. 12, 2008 | California state court. Removed to this Division, Oct. 2, 2008 |
| *Inicom Networks, Inc. v. NVIDIA Corp. et al.*, No. 08-04332-JF | Sept. 15, 2008 | N.D. Cal., San Jose Division |
| *Olivos v. NVIDIA Corp., et al.*, No. 08-03895-LDW | Sept. 23, 2008 | Federal Court, E.D.N.Y. |
| *Sielicki v. NVIDIA Corp., et al.*, No. 08-0802-SS | October 29, 2008 | Federal Court, W.D. Tex. |
| *Cormier v. NVIDIA Corp.*, No. 08-05082-HRL | November 6, 2008 | N.D. Cal., San Jose Division |
| *Waidzunas v. Hewlett-Packard Co.*, No. 08-05081 | Nov. 6, 2008 | N.D. Cal., San Jose Division |
| *National Business Officers Association, Inc. v. NVIDIA Corp. et al.*, No. 08-5179-HRL | Nov. 14, 2008 | N.D. Cal., San Jose Division |
| *West v. NVIDIA Corp.*, No. 08-05217-PVT | Nov. 18, 2008 | N.D. Cal., San Jose Division |

1    Both NVIDIA and HP are named defendants in the *Inicom*, *NBOA* and

2 *Olivos Actions*. *Inicom* Cplt. at ¶ 14; *NBOA* Cplt. at ¶ 19; *Olivos* Cplt. at ¶ 17. HP

3 is the sole defendant in the *Waidzunas* case. Each of the actions is now pending in

4 this Court after having been filed here originally, removed to this Division, or

5 transferred pursuant to 28 U.S.C. § 1404(a).

6    Between December 2008 and February 2009, this Court entered a series of

7 orders finding that the *Nakash*, *Feinstein*, *Inicom*, *Cormier*, *NBOA*, *West*, *Olivos*,

8 *Sielicki* actions were related. In addition, on January 16, 2009, the Court granted

9 HP's Administrative Motion to Relate the *Waidzunas Action* to the *Inicom Action*.

10 The *Nakash*, *Feinstein*, *Inicom*, *Olivos*, *Sielicki*, *Cormier*, *NBOA*, *West* and

11 *Waidzunas Actions* are collectively hereinafter referred to as the "Related Actions".

12    HP has also been named a defendant in two other cases. On December 19,

13 2008, a class action entitled, *LeBlanc v. Hewlett-Packard Co.*, Case No. 08-05081-

14 RMW (the "*LeBlanc Action*"), was filed in the United States District Court for the

15 District of New Jersey. On January 22, 2009 a class action entitled *Decker v.*

16 *Hewlett-Packard Co.*, Case No. 09-0295 (the "*Decker Action*"), was filed in this

17 Division. The *LeBlanc Action* was transferred to this Court by stipulation as Case

18 No. 09-00328 on January 26, 2009. Both the *LeBlanc Action* and the *Decker*

19 *Action* allege claims arising from the sale of defective NVIDIA GPUs installed in

20 HP computers. HP is the sole defendant in the *LeBlanc Action* and the *Decker*

21 *Action*.

22    On February 2, 2009, HP filed an Administrative Motion to Relate the

23 *LeBlanc Action* to the *Inicom Action* because both cases allege claims against HP

24 arising from the sale of defective NVIDIA GPUs. This motion remains *sub judice*.

25    Plaintiffs in the Related Actions (other than Plaintiff Cormier) (collectively

26 hereinafter "Plaintiffs"), along with Defendants, submit this Joint Case

27

28

Management Statement.[1]

# I.  JURISDICTION AND SERVICE

This Court has jurisdiction over the claims asserted in the Related Actions pursuant to 28 U.S.C. § 1332, as diversity between the parties exists and the matter in controversy exceeds the sum or value of $5 million.  *Nakash* Cplt. at ¶11; *Inicom* Cplt at ¶9; *NBOA* Cplt. at ¶11, *West* Cplt. at ¶12; *Olivos* Cplt. at ¶10.  Venue is proper in this Judicial District because Defendants maintain their executive offices in this District and conduct substantial business in this District, including the advertising, marketing, distribution, and sale of the NVIDIA GPU's at issue in the Related Actions.  *Nakash* Cplt. at ¶12; *Inicom* Cplt at ¶11; *NBOA* Cplt. at ¶13, *West* Cplt. at ¶12; *Olivos* Cplt. at ¶13.

Defendants do not dispute personal jurisdiction or venue in this jurisdiction, and have accepted service of the Complaints in the Related Actions.  Defendants dispute Plaintiffs' characterization of Defendant's connections to California or this District.

# II.  FACTUAL ISSUES

## Plaintiffs' Factual Statement

Plaintiffs have brought the Related Actions against NVIDIA and HP, both in their individual capacities and as class actions on behalf of all persons who purchased a computer (the "Computers") equipped with a defective NVIDIA GeForce Series graphics processing unit (the "NVIDIA GPU") (the "Class").  *Nakash* Cplt. at ¶¶ 1, 7, 49; *Inicom* Cplt. at ¶¶ 1, 13, 16; *NBOA* Cplt. at. ¶¶ 17, 38; *West* Cplt. at ¶¶ 1, 7, 48; *Olivos* Cplt. at ¶¶ 1, 15, 19.

Plaintiffs allege the NVIDIA GPU is the primary component in the

---

[1]    Plaintiff Cormier is represented by Shalov Stone Bonner & Rocco, LLP.  Because Plaintiff Cormier has determined to submit his own case management statement, Plaintiff Cormier is not a signatory to this case management statement.

1   Computers for generating graphics.  NVIDIA GPUs are affixed to a die, which is

2   then affixed to the Computer's motherboard, and housed in certain packaging

3   material. *Nakash* Cplt. at ¶¶16, 18, 20; *Inicom* Cplt at ¶23; *NBOA* Cplt. at ¶21, *West*

4   Cplt. at ¶¶4, 27; *Olivos* Cplt. at ¶¶4, 26.

5   Plaintiffs contend the NVIDIA GPUs are defective because they prematurely

6   cease to operate due to a defective die/packaging material set.  *Nakash* Cplt. at ¶¶

7   21; *Inicom* Cplt. at ¶¶ 2, 24; *NBOA* Cplt. at. ¶¶ 2, 36; *West* Cplt. at ¶¶ 21; *Olivos*

8   Cplt. at ¶¶ 2, 44.   Once the GPU ceases to operate, the Computer's display monitor

9   exhibits the following symptoms, including, but not limited to: (i) video related

10   issues (e.g. no video); (ii) multiple images on the display screen; (iii) random

11   characters on the display screen; or (iv) horizontal or vertical lines on the display

12   screen. *Nakash* Cplt. at ¶¶ 3, 21, 22; *Inicom* Cplt. at ¶¶ 3, 28, 40, 45; NBOA Cplt.

13   at. ¶¶ 2, 24, 31; *West* Cplt. at ¶¶ 3, 21, 22; *Olivos* Cplt. at ¶¶ 2, 30. 40.

14   Because of NVIDIA's design defect, thousands of consumers who purchased

15   the Computers have experienced: (i) computer crashes due to the NVIDIA GPU

16   failures, as evidenced by the hundreds of consumer complaints on the Internet.

17   *Nakash* Cplt. at ¶¶ 22, 23; *Inicom* Cplt. at ¶¶ 4, 43; *NBOA* Cplt. at. ¶¶ 8, 34; *West*

18   Cplt. at ¶¶ 22, 23; *Olivos* Cplt. at ¶¶ 5, 27; (ii) property damage, including without

19   limitation, damage to the computers in which the defective NVIDIA GPU's are

20   installed; and (iii) damages related to and arising from loss of use of the Computers

21   in which the defective NVIDIA GPUs are installed.

22   Plaintiffs allege Defendants knew or should have known about the design

23   defect found in the NVIDIA GPUs by November 2007 because an investigation

24   undertaken by HP revealed the defect with the NVIDIA GPUs.  *Nakash* Cplt. at

25   ¶¶4, 27; *Inicom* Cplt at ¶24; *NBOA* Cplt. at ¶22, *West* Cplt. at ¶¶4, 27; *Olivos* Cplt.

26   at ¶¶6, 27.

27   In its July 2, 2008 Form 8-K, NVIDIA admitted the existence of the design

28   defect in its GPUs:

> On July 2, 2008, NVIDIA Corporation stated that it would take a $150 million to $200 million charge against cost of revenue to cover anticipated customer warranty, repair, return, replacement and other consequential costs and expenses arising from a weak die/packaging material set in certain versions of our previous generation MCP and GPU products used in notebook systems.

*Nakash* Cplt. at ¶28; *Inicom* Cplt at ¶24; *NBOA* Cplt. at ¶22, *West* Cplt. at ¶28; *Olivos* Cplt. at ¶27.

The same day, NVIDIA issued a press release and provided a "Second Quarter Fiscal 2009 Business Update" and again admitted the existence of the design defect. *Nakash* Cplt. at ¶29; *West* Cplt. at ¶29.

Instead of recalling the defective GPUs, NVIDIA has sat by as OEMs such as Dell, Acer and HP institute inadequate remedies, which fail to cure the defect. *Nakash* Cplt. at ¶¶ 4, 24, 28-33; *Inicom* Cplt. at ¶¶ 6, 44, 47 -49; *NBOA* Cplt. at. ¶¶ 3, 6, 22, 36-37; *West* Cplt. at ¶¶ 4, 24, 28-33; *Olivos* Cplt. at ¶¶ 3, 7, 44-45.  As a result, Plaintiffs and Class members have been damaged.

<u>NVIDIA's Factual Statement</u>

NVIDIA sells GPUs and media and communication processor ("MCP") products.  Such GPUs and MCPs are used in computers manufactured and sold by HP and other Original Equipment Manufacturers ("OEMs").  On July 2, 2008, NVIDIA stated that it would take a charge against revenue to cover anticipated customer warranty, repair, return, replacement and other consequential costs and expenses arising from failures of certain notebook configurations of these MCP and GPU products due to several factors, including (1) a weak material set of die/package combination, (2) system thermal management designs, and (3) customer use patterns.

Upon learning of the MCP and GPU failures, NVIDIA took appropriate steps to remedy the situation, which included working closely with its OEM customers, like HP.  In addition, OEMs such as HP provided some extended warranties for

allegedly defective products.

Among other things, NVIDIA disputes whether (1) any NVIDIA product at issue in the complaints was inherently defective and not of merchantable quality; (2) assuming any products were defective and/or not of merchantable quality, that any defendant knowingly sold defective products or products containing defective parts; (3) plaintiffs suffered any cognizable or recoverable damages, and (4) whether defendants caused any of the alleged damage.  NVIDIA disputes Plaintiffs' other allegations, including allegations relating to consumer protection, unfair business practice, false advertising and related statutes, as well as unjust enrichment and other common law theories of liability.

HP's Factual Statement

Plaintiffs claim that HP knowingly sold certain notebook computer models containing allegedly defective Nvidia graphics chip components.  Plaintiffs further contend that these allegedly defective Nvidia graphic chip components caused degraded performance in the allegedly affected computers.  HP denies that it knowingly sold defective computers, or that the allegedly affected computers suffer from any common defect that impacts the performance of all putative class member's computers.

As of October 31, 2007, HP implemented a formal warranty and repair program (the "Program") that extends the warranty for the allegedly defective computers.  The Program makes free repairs available to customers for one year after the expiration of the Limited Warranty.  Thus, to the extent the allegedly affected units suffer from any problem, HP has agreed to repair that problem free-of-charge.  It is HP's position that the download and/or repair cured the alleged problem, that no law has been broken, and that Plaintiffs are not entitled to additional relief

## III.   LEGAL ISSUES

### Plaintiffs' Statement of Legal Issues

#### 1.   Nakash

Plaintiff Nakash asserts the following five causes of action: (i) breach of the implied warranty of merchantability pursuant to N.J. Stat. § 12A: 2-314; (ii) breach of the implied warranty of merchantability pursuant to Alaska Stat. § 45.02.314; Haw. Rev. Stat. § 490:2-314; Burns Ind. Code Ann. § 26-1-2-314; Mich. CLS § 440.2314; N.J. Stat. § 12A:2-314; Pa. Cons. Stat. § 2-314 and South Dakota Cod. Laws § 57A-2-314; (iii) violations of New Jersey Consumer Fraud Act, N.J. Stat. Ann. § 56:8-1 *et seq.*; (iv) unjust enrichment under New Jersey common law; and (v) unjust enrichment under the common law of Arkansas, California, Colorado, Connecticut, Hawaii, Indiana, Iowa, Michigan, Mississippi, Missouri, Nebraska, New Hampshire, New Jersey, New York, Oklahoma, Vermont and West Virginia.

#### 2.   Inicom

Plaintiff Inicom asserts the following five causes of action: (i) violations of California Business and Professions Code §§ 17200 *et seq.*; (ii) breach of express and implied warranties; (iii) breach of written warranty under Magnuson-Moss Act (15 U.S.C. §§ 2301 *et seq.*); (iv) money had and received/unjust enrichment; and (v) declaratory judgment.

#### 3.   Feinstein

Plaintiff Feinstein asserts the following five causes of action: (i) violations of California's Consumer Legal Remedies Act; (ii) violations of California's Business & Professional Code § 17200; (iii) violations of California's Business & Professional Code § 17500; (iv) unjust enrichment; and (v) strict liability.

### 4. NBOA

Plaintiff NBOA asserts the following five causes of action: (i) violations of California Business and Professions Code §§ 17200 *et seq.*; (ii) breach of express and implied warranties; (iii) breach of written warranty under Magnuson-Moss Act (15 U.S.C. §§ 2301 *et seq.*); (iv) unjust enrichment; and (v) declaratory judgment.

### 5. West

Plaintiff West asserts the following four causes of action: (i) breach of the implied warranty of merchantability pursuant Iowa Code § 554.2314; (ii) breach of the implied warranty of merchantability pursuant to Alaska Stat. § 45.02.314; Ark. Code Ann.§ 4-2-314; CRS § 4-2-314; 6 Del. C. § 2-314; HR § 490:2-314; Iowa Code § 554.2314; 11 M.R.S.A. § 2-314; Md. Code Ann. Art. 95B § 2-314; Mass. Gen. Laws. Ch. 106 § 2-314; MCLS § 440.2314; Minn. Stat. § 336.2-314; Miss. Code. An. § 75-2-314; MCA 30-2-314; Neb. UCC 2-314; NRS 104.2314; RSA 382-A:2-314; N.J.S.A. 12A:2-314; NDCC 2-314; O.S. 1991 § 2-314; S.C. Code An. § 36-2-314; SDCL 57A-2-314; VA. Code § 8.2-314; W. VA. Code § 46-2.314 and Wyo. Stat. 34.1-2-314.36; (iii) unjust enrichment under Iowa  common law; and (iv) unjust enrichment under the common law of the States of Arkansas, California, Colorado, Connecticut, Hawaii, Indiana, Iowa, Michigan, Mississippi, Missouri, Nebraska, New Hampshire, New Jersey, New York, Oklahoma, Vermont or West Virginia.

### 6. Olivos

Plaintiff Olivos asserts the following six causes of action: (i) breach of express warranty; (ii) breach of implied warranty; (iii) violations of N.Y. Gen. Bus. Law § 349; (iv) breach of written warranty under Magnuson-Moss Act (15 U.S.C. §§ 2301 *et seq.*) (v) unjust enrichment; and (vi) declaratory relief.

**7.**   Sielicki

Plaintiff Sielicki asserts  three causes of action: (i) breach of written warranty under Magnuson-Moss Warranty Act, 15 U.S.C. §§ 22301 *et seq.*; (ii) breach of express and implied warranties; and (iii) unjust enrichment.

**8.**   Waidzunas

Plaintiff Waidzunas asserts the following five causes of action: (i) violations of California Business and Professions Code §§ 17200 *et seq.*; (ii) violations of California Business and Professions Code §§ 17500 *et seq.*; (iii) breach of express warranty; (iv) breach of implied warranty under the Song-Beverly Act (Cal. Civ. Code § 1790, *et seq.*).; and (v) violations of the California Legal Remedies Act pursuant to C.C.P. § 382.

## **Defendants' Statement of Legal Issues**

Given the likelihood that a superseding, consolidated amended complaint is forthcoming, it is premature at this juncture to identify the disputed points of law. Once the consolidated complaint is filed, Defendants will be able to ascertain the nature and scope of the claims being asserted against them, if any, as well as which states' laws are implicated.  Nevertheless, in their current form, the above-referenced complaints purport to state claims for, *inter alia*, violations of California Business & Professions Code § 17200, *et seq.*, breach of written and implied warranties under the laws of multiple states, and various equitable claims, again under the laws of multiple states.  Defendants deny all liability arising from these, or any, claims.  Moreover, Defendants do not believe that these claims are suitable for class treatment and will oppose certification should the litigation proceed to that point.

## IV.   **MOTIONS**

### A.   **Prior and Pending Motions**

On October 24, 2008, Plaintiff Nakash filed a Motion To Transfer the *Nakash Action* from the United States District Court for the Northern District of California - San Francisco Division (where it was initially filed) to the San Jose Division; Consolidate the *Nakash Action* with the *Feinstein Action* and Appoint Co-Lead and Trial Counsel.  On October 27, 2008, the *Nakash Action* was re-assigned to the San Jose Division and on October 28, 2008, the *Nakash Action* was then assigned to the Honorable James Ware.

On November 7, 2008, the parties to the *Nakash* and *Feinstein Actions* filed a Stipulation and Proposed Order to transfer the *Nakash* and *Feinstein Actions* to the Honorable Jeremy Fogel (before whom the  *Inicom Action*  was pending), and to consolidate the *Nakash, Feinstein,* and *Inicom Actions* (the "Motion to Transfer and Consolidate").  On December 3, 2008, this Court granted in part and denied in part the Motion to Transfer and Consolidate.  The Court found the *Nakash* and *Feinstein Actions* related, but denied the motion to consolidate the *Nakash* and *Feinstein Actions*.  The Court also denied the motion to relate the *Nakash* and *Feinstein Actions* to the *Inicom Action*, and denied the motion to transfer the *Nakash* and *Feinstein Actions* to Judge Fogel.

On December 9, 2008, Defendant NVIDIA filed four separate motions to relate the *West*, *NBOA*, *Cormier* and *Inicom Actions* to the *Nakash Action*. After the *Olivos Action* was transferred to the Northern District of California, on December 10, 2008, Defendant NVIDIA also filed a motion to relate the *Olivos Action* to the *Nakash Action*. NVIDIA's five motions to relate the *West*, *NBOA*, *Cormier*, *Inicom* and *Olivos Actions* are collectively referred to herein as the "Motions to Relate."

After filing the Motions to Relate, on December 10, 2008, Defendant NVIDIA filed a Motion to Consolidate Related Actions and Require Superseding

Complaint (the "Motion to Consolidate Related Actions") and a Motion to Take Judicial Notice of documents cited therein (the "Motion to Take Judicial Notice").

On December 12, 2008, all Plaintiffs, except for Cormier and Feinstein, filed Plaintiffs': (i) Joinder In Defendant NVIDIA's Motion To Consolidate Related Actions and (ii) Motion For Appointment Of Co-Lead Counsel ("Joinder and Motion To Appoint").

On December 16, 2008, Plaintiffs Cormier and Feinstein each filed a joinder in Defendant NVIDIA's Motion to Consolidate Related Actions.

On December 18, 2008, Plaintiff Nakash and NVIDIA filed a Joint Motion To Continue Case Management Conference, which was scheduled by the Court for January 26, 2009.[2]

On December 30, 2008, the Court granted the Motions to Relate, denied the Motion to Consolidate Related Actions and denied as premature Plaintiffs' Joinder and Motion to Appoint.  In its December 30th Order, the Court vacated the January 26, 2009 Case Management Conference and set a Case Management Conference for February 23, 2009.  In light of the rescheduling of the Case Management Conference, the Court denied as moot Nakash's and NVIDIA's Joint Motion to Continue Case Management Conference.

On January 22, 2009, NVIDIA filed an Administrative Motion to relate the *Sielicki Action* to the *Nakash Action*.  On January 23, 2009, Plaintiff *Nakash* filed motions for his attorneys, Paul O. Paradis and Gina M. Tufaro, to appear Pro Hac Vice.

On February 6, 2009, the Court granted Nvidia's Administrative Motion to relate the *Sielicki Action* to the *Nakash Action* and granted the Paradis and Tufaro pro hac vice motions.

---

[2]      The *Waidzunas Action* was not included in the consolidation motion, but counsel for *Waidzunas* have since agreed to consolidation.

OHS West:260611147.1                              - 11 -

HP's Statement of Prior and Pending Motions

In addition to the procedural history set forth above, HP's motion to mark *Waidzunas* related to *Inicom* was filed on January 9, 2009 and granted on January 16th. HP's motion to mark *LeBlanc* related to *Inicom*, filed on February 2, 2009, is still pending. As mentioned above, HP intends to file a motion to have *Decker* marked related to *Inicom* as well. Again, HP supports consolidation of the Related Actions and believes *Waidzunas*, *LeBlanc* and *Decker* should be consolidated with these cases as well.

## B.   **Anticipated Motions**

### 1.   **Motion to Relate**

The parties respectfully request that the Court relate the *LeBlanc* and *Decker Actions* to the *Nakash Action* as soon as possible without any further briefing.

### 2.   **Motion to Consolidate**

As noted in Section IV.A above, NVIDIA filed a motion to consolidate all of the Related Cases other than *Waidzunas* on December 10, 2008. The consolidation motion was joined by all Plaintiffs in the Related Cases other than *Waidzunas* on December 11, 2008 and December 16, 2008. The *Waidzunas* plaintiffs have since agreed to consolidation, and all parties in all of the Related Cases are thus in agreement on consolidation. After the Court has related all of the actions, the parties jointly request that the Court consolidate the Related Actions and any other future actions that arise from similar facts and circumstances, including the *LeBlanc* and *Decker Actions*, as soon as practicable, and without further briefing absent a request from the Court.

### 3.   **Motion to Appoint Co-Lead Counsel**

Plaintiffs' Position

Counsel in all the Related Actions have repeatedly met and conferred, both

among themselves and with Defense counsel, concerning the need for the Court to appoint Plaintiffs' Co-Lead Counsel to ensure the interests of all Plaintiffs in all of the actions are represented by counsel who are well qualified.

As a result of the discussions among all of the Plaintiffs and their counsel, all of the Plaintiffs in the Related Actions (other than Plaintiff *Cormier*) are in unanimous agreement, and respectfully request that Horwitz, Horwitz & Paradis, Attorneys at Law, counsel to Plaintiff *Nakash*, Doyle Lowther, LLP, counsel to Plaintiff *Inicom*, and Milberg, LLP, counsel to Plaintiff Feinstein, be appointed as Co-Lead Counsel for the Class.

The only Plaintiff to have voiced any opposition to the proposed Co-Lead structure is Plaintiff Cormier.  The parties are hopeful that Plaintiff Cormier will reconsider his position on this issue prior to the Case Management Conference.  In the event Plaintiff Cormier remains steadfast in his opposition, Plaintiffs will move for appointment of Co-Lead Counsel in accordance with the schedule set forth below.  However, should Plaintiff Cormier reconsider his position, Plaintiffs will submit a stipulated proposed order concerning appointment of Co-Lead Counsel.

Defendant's Position

NVIDIA believes that Plaintiffs' Co-Lead counsel should be appointed for an expeditious administration and ultimate resolution of these actions.

### 4.    Motions Pursuant to Rule 12

Defendants anticipate filing motions pursuant to Federal Rule of Civil Procedure 12 in accordance with the schedule listed below.

### 5.    Motion for Class Certification

Plaintiffs will move for class certification in accordance with the Schedule below.  Defendants anticipate opposing class certification.

### 6. Motions for Summary Judgment/Adjudication

Defendants anticipate filing motions for summary adjudication and/or summary judgment in accordance with the schedule listed below.

### 7. Motion To Stay

HP may also move to stay proceedings against it.

### 8. Pre-Trial/Daubert Motions

Defendants are likely to file pre-trial motions, including *Daubert* motions.

## V. AMENDMENT OF PLEADINGS

Plaintiffs anticipate a need to amend pleadings or add parties in accordance with the schedule below.  Defendants agree that a superseding, consolidated amended complaint governing the Related Actions, that would also subsume the *LeBlanc* and *Decker Actions*, should be filed.

## VI. EVIDENCE PRESERVATION

Plaintiffs and Defendants have agreed to discuss the cost of producing electronically stored information (ESI), including, without limitation, production of email and other electronic documents, as well as restoration of any ESI.  In the event the parties cannot agree on the scope of ESI production, the parties shall ask the Court to resolve the dispute.

## VII. DISCLOSURES

No party has served Initial Disclosures.  Plaintiffs anticipate exchanging Initial Disclosures in accordance with the schedule below.

## VIII. <u>DISCOVERY</u>

### A.   <u>Scope</u>

Plaintiffs anticipate discovery will be needed on the following subjects:

(1)   the design, manufacture, testing and modification of the Nvidia GPUs;

(2)   Defendants' databases concerning the Nvidia GPUs failures;

(3)   all documents concerning return/repairs related to the Nvidia GPUs;

(4)   all documents sufficient to identify material specifications for the Nvidia GPUs;

(5)   all consumer complaints regarding the Nvidia GPUs;

(6)   all documents and communications concerning any governmental investigation into the Nvidia GPUs;

(7)   all documents concerning any other lawsuit against Defendants arising out of the Nvidia GPUs;

(8)   Defendants' representations in marketing and other materials regarding the Nvidia GPUs;

(9)   Defendants' knowledge of the alleged defect in the Nvidia GPUs;

(10)   Defendants' defenses to Plaintiff's claims; and

(11)   damages and other relief sought by Plaintiff.

### B.   <u>Discovery Plan</u>

Plaintiffs plan to serve Defendants with document requests, interrogatories and requests for admission.  Plaintiffs' discovery requests will address issues relating to class certification, as well as the underlying merits of Plaintiffs claims. The parties are discussing a Protective Order, which will address production of

confidential information and assertions of privilege.

Defendants intend to take class, merits and expert discovery.  The parties believe that discovery should occur in an orderly fashion and in accordance with the schedule listed below.

### C.  Specific Limitations On Discovery

#### 1.  Depositions

Because Defendants have not answered the Complaints in the Related Actions or provided any document discovery, Plaintiffs are unable to state the exact number of depositions they will need.  Based on their investigation to date, Plaintiffs anticipate that they may require at least twenty-five (25) depositions of fact witnesses.

NVIDIA believes that the parties should follow the guidelines established in the Federal Rules of Civil Procedure and that 10 is the maximum number of depositions for fact witnesses and 5 is the maximum number of depositions for expert witnesses, which may be taken by any one party pursuant to Federal Rule of Civil Procedure 30(a)(2)(A)(i).

#### 2.  Interrogatories

The parties agree that 50 is the maximum number of interrogatories, including subparts, which may be served by each side in this action, but reserve their rights to revisit this issue as discovery develops.

### IX.  CLASS ACTIONS

#### A.  Class Definition

Plaintiffs have brought suit on behalf of all those who purchased a computer

1    equipped with an NVIDIA GeForce Series GPU ("the Class").[3]

2    **B.    Class Allegations**

3

4            Plaintiffs must demonstrate that the proposed Class meets the four

5    requirements of Rule 23(a) – numerosity, commonality, typicality and adequacy –

6    and that the action is "maintainable" under Rule 23(b).

7            Based on Plaintiffs' initial investigation, the proposed Class satisfies Rule

8    23's numerosity requirement because, "the Class consists of thousands of

9    individuals and is so numerous that joinder of all members as individual plaintiffs is

10   impracticable."  While the exact number of Class members is unknown and can

11   only be ascertained via discovery, Plaintiffs believe there are "thousands of Class

12   members."  *See*, *e.g.*, Nakash Cplt. at ¶ 49(a).

13           The Class satisfies Rule 23's commonality requirement because there are

14   questions of law and fact common to the Class, including:

15           (i)    Whether Defendants have breached any warranties to the Class;

16           (ii)   Whether the Computers are merchantable as a result of the

17                  design defect in the NVIDIA GPU;

18           (iii)  Whether Defendants were unjustly enriched by retention of non-

19                  gratuitous benefits conferred by Plaintiff and Class members;

20           (iv)   Whether the Computers are defective because they are equipped

21                  with NVIDIA GPUs composed from a weak material set of die/

22                  package combination;

23           (v)    Whether Defendants knew, or were reckless in not knowing, that

24                  the Computers are defective; and

25

26

27   ───────────────────

28   [3]      The proposed class definition may change based on evidence gathered during discovery.

(vi)   Whether, as a result of Defendants' misconduct, Plaintiffs and the Class are entitled to damages, restitution, equitable relief or other relief, and the amount and nature of such relief.

The Class satisfies Rule 23's typicality requirement.  Each Plaintiff purchased a Computer equipped with a defective NVIDIA GPU.  *Nakash* Cplt. at ¶6; *Inicom* Cplt at ¶12; *NBOA* Cplt. at ¶16, *West* Cplt. at ¶6; *Olivos* Cplt. at ¶14. Accordingly, Plaintiffs were damaged in the same manner as other Class members, and their claims are typical of the absent Class members' claims.

Plaintiffs satisfy Rule 23's adequacy requirement.  Plaintiffs' have retained experienced counsel who have litigated hundreds of complex class actions and have no interests in conflict with the absent Class members' interests.

Plaintiff alleges the proposed Class is maintainable under Rule 23(b)(3), which requires that "questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy."

The Related Actions satisfy the predominance requirement because much of the Court's time will be devoted to addressing common factual issues.  In particular, the Court must determine whether the NVIDIA GPUs are defective. This inquiry is not dependant on any individual factual issues, because, as NVIDIA has admitted, all of the Nvidia GeForce Series GPUs are defective.  *Nakash* Cplt. at ¶28; *Inicom* Cplt at ¶24; *NBOA* Cplt. at ¶22, *West* Cplt. at ¶28; *Olivos* Cplt. at ¶6.

## C.    Defendants' Class Action Statement

Defendants dispute Plaintiffs' contention that these cases are properly maintainable as class actions, either separately or as a consolidated action, and disagree with Plaintiffs' assessment set forth above.

### D.   Class Certification Schedule

The parties have agreed to the schedule for class certification outlined below.

## X.   RELATED CASES

In Orders dated, December 3, 2008, December 30, 2008 and February 6, 2009, the Court found that the *Feinstein*, *Inicom*, *Cormier*, *NBOA*, *West*, *Olivos* and *Sielicki Actions* are related to the *Nakash Action*.  On January 16, 2009, the Court related the *Waidzunas Action* to the *Inicom Action*.  Additionally, HP has moved this Court to mark *LeBlanc* related to the *Inicom Action* and HP plans to seek similar treatment for the *Decker Action*.

## XI.   RELIEF

Plaintiffs are seeking actual damages, an injunction preventing Defendants from manufacturing or selling the NVIDIA GPUs, declaratory relief and reasonable costs and attorneys' fees.

Actual damages for Plaintiffs' warranty and consumer fraud claims are calculated as the difference between the value of a Computer, as warranted and the Computer, as received.  Although discovery has not yet commenced, according to Plaintiffs' initial investigation, Defendants sold tens of thousands of Computers equipped with defective NVIDIA GPUs.

Actual damages for Plaintiffs' unjust enrichment claims are calculated based on the profits received by Defendants from the sale of the Computers equipped with the defective NVIDIA GPUs.  Because the parties have not yet engaged in discovery, Plaintiffs are unable to estimate actual damages for Plaintiffs' unjust enrichment claims.

Defendants disagree that Plaintiffs are entitled to any relief.  Further, HP reserves the right to assert a counterclaim in response to the forthcoming consolidated amended complaint.  Defendants also reserve the right to seek costs

OHS West:260611147.1

- 19 -

and attorneys' fees as appropriate.

## XII.  SETTLEMENT AND ADR

Plaintiffs have filed, or will soon file, their respective Alternative Dispute Resolution ("ADR") Certifications pursuant to Civil Local Rule 16-8(b).  All of Plaintiffs' ADR certifications will be filed by February 23, 2009.  At this time, the parties believe ADR is premature.

## XIII.  CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

The parties object to a magistrate judge conducting all further proceedings including trial and entry of judgment.  On October 27, 2008, NVIDIA filed its Declination to Proceed before a U.S. Magistrate Judge.

## XIV.  OTHER REFERENCES

The parties do not believe that the case is suitable for binding arbitration, a special master or referral to the Judicial Panel on Multidistrict Litigation.

## XV.  NARROWING OF ISSUES

Plaintiffs anticipate that they will be able to narrow the scope of issues in dispute in the litigation through the use of requests for admissions and interrogatories.  Defendants similarly will attempt to work with Plaintiffs to narrow the scope of the issues in dispute.  In addition, Defendants intend to file motions pursuant to Fed. R. Civ. P. 12 and motions for summary adjudication and/or summary judgment.  Defendants believe that resolution of these motions will serve to narrow or eliminate issues for trial.

## XVI.  EXPEDITED SCHEDULE

The parties agree that this action cannot proceed on an expedited basis**.**

# XVII. SCHEDULING

Consolidation issues have already been briefed, and the parties believe that consolidation of all Related Actions should be finalized at the case management conference, or as soon thereafter as reasonably practicable. A deadline for filing an additional consolidation motion is provided in the event the Court requires further briefing regarding consolidation.

| | |
|---|---|
| **Administrative motions to relate cases, if any, to be filed and served by:** | **February 27, 2009** |
| **Motions to consolidate all related cases, if necessary, to be filed and served by:** | **February 27, 2009** |
| **Motions for appointment of lead plaintiff/lead counsel, if any, to be filed and served by:** | **February 27, 2009** |
| **Oppositions to motions for appointment of lead plaintiff/lead counsel to be filed and served by:** | **March 6, 2009** |
| **Replies in support of motion for appointment of lead plaintiff/lead counsel to be filed and served by:** | **March 11, 2009** |
| **Consolidated complaint to be filed and served by:** | **May 29, 2009** |
| **FRCP 26(f) conference to be conducted by:** | **June 12, 2009** |
| **Initial disclosures to be exchanged by:** | **June 15, 2009** |
| **Fact discovery to commence on:** | **June 19, 2009** |
| **Rule 12 motions to be filed and served by:** | **July 13, 2009** |
| **Oppositions to Rule 12 motions to be filed and served by:** | **August 27, 2009** |
| **Replies in support of Rule 12 motions to be filed and served by:** | **September 16, 2009** |
| **Plaintiffs' motion for class certification, and any expert reports plaintiffs intend to use in support of class** | |

| | |
|---|---|
| **certification, to be filed and served thirty days after entry of an order on defendants' motion to dismiss.** | |
| **Defendants' opposition to Plaintiffs' motion for class certification, and any expert reports Defendants intend to use in opposition to class certification, to be filed and served 45 days after service of Plaintiffs' class certification motion.**<br><br>**Depositions of Plaintiffs' expert witnesses (if any) on class certification issues must be concluded by this date.** | |
| **Plaintiffs' reply in further support of class certification, and any rebuttal expert reports plaintiffs intend to use in connection with class certification, to be filed and served 30 days after service of Defendants' opposition to class certification.**<br><br>**Depositions of Defendants' experts (if any) on class certification issues must be concluded by this date.** | |
| **Fact discovery cut-off:** | **January 29, 2010** |
| **Plaintiffs' expert designations on issues other than class certification, including expert reports and information required by Fed. R. Civ. P. 26(a)(2), to be served by:** | **February 26, 2010** |
| **Defendants' expert designations on issues other than class certification, including expert reports and information required by Fed. R. Civ. P. 26(a)(2), to be served by:** | **March 31, 2010** |
| **Plaintiffs' rebuttal expert designations on issues other than class certification, including expert reports and information required by Fed. R. Civ. P. 26(a)(2), to be served by:** | **April 30, 2010** |

| | |
|---|---|
| **Defendants' rebuttal expert designations, including expert reports and information required by Fed. R. Civ. P. 26(a)(2), to be served by:** | **May 28, 2010** |
| **Expert depositions to commence by:** | **June 1, 2010** |
| **Expert depositions to be completed by:** | **July 2, 2010** |
| **Dispositive motions.**<br><br>**Motions for summary judgment and all other dispositive motions to be filed and served by:** | **August 13, 2010** |
| **Oppositions to dispositive motions.**<br><br>**Oppositions to summary judgment or other dispositive motions to be filed and served by:** | **October 1, 2010** |
| **Replies in support of dispositive motions.**<br><br>**Replies in support of summary judgment or other dispositive motions must be filed and served by:** | **October 15, 2010** |
| **Motions in limine and Daubert motions.**<br><br>**Motions in limine and Daubert motions to be filed and served by:** | **November 1, 2010** |
| **Oppositions to motions in limine and Daubert motions**<br><br>**Oppositions to motions in limine and Daubert motions to be filed and served by:** | **November 12, 2010** |
| **Replies in support of motions in limine and Daubert motions.**<br><br>**Replies in support of motions in limine and Daubert motions to be filed and served by:** | **November 26, 2010** |
| **Final witness list and exhibits.**<br><br>**Lists of witnesses and exhibits under Fed. R. Civ. P. 26(a)(3) to be filed and served by:** | **December 24, 2010** |

| Joint pre-trial plan | December 24, 2010 |
| The joint pre-trial plan to be filed by: | |
| Pre-trial conference. | January 2011 |
| Trial begins. | January 2011 |

## XVIII. <u>TRIAL</u>

Plaintiffs have requested a jury trial.  The parties are currently unable to estimate the number of days required for trial given that the parties have not yet engaged in discovery.  The parties propose that the Court, at this time, allow fourteen (14) court days for trial, and revisit the issue after the conclusion of non-expert discovery.  The parties believe that a more accurate assessment of the length of the trial can be determined as discovery nears completion.

Defendants do not agree that a jury trial is appropriate for all claims currently at issue and, at this time, are uncertain which, if any, claims will survive against them.

## XIX. <u>DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS</u>

The parties have filed their respective "Certifications of Interested Entities or Persons" pursuant to Civil Local Rule 3-16.  Pursuant to Civil L.R. 3-16, Plaintiffs have certified the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities have a financial interest in the subject matter in controversy or in a party to the proceeding:

- Plaintiff Nakash;
- Plaintiff Inicom;
- Plaintiff NBOA;
- Plaintiff West;

- Plaintiff Olivos; and
- Plaintiff Sielicki.

Additionally, pursuant to Civil L.R. 3-16 and Rule 7.1 of the Federal Rules of Civil Procedure, Defendant NVIDIA has made the following disclosure statements:

1. NVIDIA certifies that other than the named parties, there are no interested entities or persons to report.
2. NVIDIA states that it has no parent corporation and that no publicly-held corporation owns more than 10% of its stock.

Finally, pursuant to Civil L.R. 3-16 and Rule 7.1 of the Federal Rules of Civil Procedure, Defendant HP makes the following disclosure statements:

1. HP certifies that other than the named parties, there are no interested entities or persons to report.
2. HP states that it has no parent corporation and that no publicly-held corporation owns more than 10% of its stock.

## XX.   OTHER MATTERS

The parties are negotiating the terms of a Protective Order.

1   Dated: February 13, 2009          /s/ Paul R. Kiesel
                                      _____
2
                                      Paul R. Kiesel
3                                     **KIESEL, BOUCHER & LARSON LLP**
                                      8648 Wilshire Boulevard
4                                     Beverly Hills, CA 90211
                                      Telephone: 310-854-4444
                                      Facsimile:  310-854-0812
5
                                      Paul O. Paradis
6                                     Michael A. Schwartz
                                      Gina M. Tufaro
7                                     **HORWITZ HORWITZ & PARADIS,**
                                      **ATTORNEYS AT LAW**
8                                     28 West 44th Street - 16th Floor
                                      New York , NY 10036
9                                     Telephone: 212-404-2200
                                      Facsimile:  212-404-2226
10
                                      *For Plaintiffs Nakash and West*
11

12  Dated: February 13, 2009          /s/ Robert P. Varian
                                      _____
13
                                      Robert P. Varian
14                                    James N. Kramer
                                      **ORRICK, HERRINGTON & SUTCLIFFE LLP**
15                                    405 Howard Street
                                      San Francisco, CA 94109
16                                    Telephone: 415-773-5700
                                      Facsimile:  415-773-5759
17
                                      *For Defendant NVIDIA Corp.*
18

19       The filer shall attest that concurrence in the filing of the document has been obtained from

20  each of the other signatories, or from a single signatory (in the case, e.g., of a declaration) which

21  shall serve in lieu of their signature(s) on the document.

22

23

24

25

26

27

28

OHS West:260611147.1                   - 26 -

1

## PROOF OF SERVICE VIA ECF SYSTEM

2      I am more than eighteen years old and not a party to this action.  My business address is

3  Orrick, Herrington & Sutcliffe LLP, The Orrick Building, 405 Howard Street, San Francisco,

4  California 94105-2669.  On February 13, 2009, I served the foregoing document on the interested

5  parties in this action.

6

7      ☒      **BY CF/ECF SYSTEM**

8          On the date indicated above, I electronically filed the documents in pdf format
           with the Clerk of the Court using the CM/ECF filing system.  I am personally
9          and readily familiar with the business practice of Orrick Herrington & Sutcliffe
           LLP for collection and processing of document(s) to be transmitted
10         electronically.  The CM/ECF transmission was reported as complete and without
           error.

11      I declare under penalty of perjury that the foregoing is true and correct.

12      Executed on February 13, 2009 at San Francisco, California.

13

14                                  _____/s/ Burton Clarke_____
                                          Burton Clarke
15

16

17

18

19

20

21

22

23

24

25

26

27

28

OHS West:260611147.1                            - 27 -