JAMES C. STURDEVANT (SBN 94551)
(jsturdevant@sturdevantlaw.com)
MONIQUE OLIVIER (SBN 190385)
(molivier@sturdevantlaw.com)
WHITNEY HUSTON (SBN 234863)
(whuston@sturdevantlaw.com)
THE STURDEVANT LAW FIRM
A Professional Corporation
354 Pine Street, Fourth Floor
San Francisco, CA  94104
Telephone: (415) 477-2410
Facsimile: (415) 477-2420

JOHN CRONGEYER (*Pro Hac Vice* Application Pending)
(jcrongeyer@vclawfirm.com)
CRONGEYER LAW FIRM, P.C.
270 15th St. NE, Suite 303
Atlanta, GA 30309
Telephone: (404) 542-6205
Facsimile: (404) 872-3745

Attorneys for Plaintiff
KATHERINE E. DECKER

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**[San Jose Division]**

| | |
|---|---|
| **The NVIDIA GPU Litigation** | **CASE NO. C 08-04312 JW**<br><br>**REQUEST TO FIND *DECKER* ACTION UNRELATED TO NVIDIA GPU LITIGATION; BRIEF RE:  SCOPE OF CONSOLIDATION; MOTION FOR APPOINTMENT OF INTERIM LEAD COUNSEL** |

**I.   INTRODUCTION**

The case *Decker v. Hewlett Packard Co.*, No. 09-cv-00295-PVT (N.D. Cal.) ("*Decker* Action") was filed as a class action on January 22, 2009, and served on February 2, 2009. At the time, Plaintiff Decker was unaware of any related cases and therefore did not file a Notice of Related Case. Defendant has also not filed such a notice. Defendant informed Plaintiff of their position that this case was related to several others in a phone call to Plaintiff's counsel on February 18, 2009. (Decl. of Monique Olivier ("Olivier Decl."), filed herewith, ¶ 3.) Plaintiff then received the Order Following Case Management Conference; Order Relating Case on February 25, 2009. (*Decker* Action Docket #8.) That Order follows a Joint Case Management Statement, in which Plaintiff counsel did not participate, and a case management conference on February 23, 2009, at which Plaintiff's counsel was not present.

Upon receipt of the Order and a subsequent review of the complaints which were ordered consolidated with Plaintiff's Complaint, Plaintiff finds the cases to be unrelated. Accordingly, Plaintiff hereby respectfully requests this Court to permit this case to proceed independently of the NVIDIA GPU litigation.

**II.   ARGUMENT**

**A.   Federal Rule 42 and Civil Local Rule 3-12 Favor Separation of the *Decker* Action**

Federal Rules of Civil Procedure, rule 42 governs the consolidation of cases before the same court. *See, e.g., Investor's Research Co. v. U.S. Dist. Court for Cent. Dist. of Cal.*, 877 F.2d 777, 777 (9th Cir. 1989). Under Civil Local Rule 3-12, a related case is one based on *substantially the same* parties, transactions, or event. A fair, impartial, and detailed review of the complaints reveals that the *Decker* Action is different in numerous fundamental respects from the other cases in the NVIDIA GPU litigation, for numerous reasons, including, significantly that it does not have the same factual predicate.

First, the primary focus of all of the other consolidated cases involves alleged problems with the Graphical Processing Units ("GPU") of computers. As the name implies, GPU chips can and do lead to problems with the graphics or displays of computers. GPU problems do not generally or typically cause *isolated* Internet connection problems of the type encountered by Plaintiff Decker, as described in her Complaint.

1

REQUEST TO FIND *DECKER* ACTION UNRELATED TO NVIDIA GPU LITIGATION; BRIEF RE:
SCOPE OF CONSOLIDATION; MOTION FOR APPOINTMENT OF INTERIM LEAD COUNSEL          CASE NO.  C 08-04312 JW

1  Plaintiff Decker had her computer evaluated by an independent computer technician who did *not*
2  find a deficiency or failure of the GPU.  (Olivier Decl. Ex. A [*Decker* Complaint] ¶¶ 42-43.)  Instead,
3  the technician determined that the wireless card was defective and the only problem with her laptop was
4  HP's wireless device.  (*Id.*)  Plaintiff's counsel's research has indicated that the appropriate fix for this
5  wireless defect is a new motherboard and did not find any evidence relating a wireless card failure to the
6  GPU.  (*See id.* at ¶¶ 39, 45-47.)  Plaintiff Decker's Complaint allegations are solely based on her
7  wireless card problem that renders her computer unusable strictly in terms of Internet connectivity.
8  (*See, e.g., id.* at ¶¶ 18-19, 21-32, 36-51.)  Her complaint regarding HP's wireless card failures is thus
9  unrelated to cases involving GPU defects.

10  Second, most of the other cases do not involve HP computers.  The case currently designated as
11  a "lead case" (*Nakash v. NVIDIA Corp.,* No. C08-4312-JW ("*Nakash* Action")) involves a plaintiff who
12  did not even have an HP computer, but instead a Dell.  Other complaints name NVIDIA Corporation
13  ("NVIDIA") as a defendant, while the *Decker* Complaint never even mentions NVIDIA and does not
14  name them as a defendant.  The scope of the *Decker* Action has been significantly misrepresented by
15  counsel in the *Nakash* Action.  Specifically they state, "Both the LeBlanc Action and the Decker Action
16  allege claims arising from the sale of defective NVIDIA GPUs installed in HP computers." (*Nakash*
17  Action Joint Case Mgmt. Stmt. [Docket #56] at 2:18-20.)  This is entirely inaccurate.  There is no
18  allegation, admission, or evidence that the wireless connection problem suffered by Plaintiff Decker, and
19  others similarly situated, is related to either NVIDIA or GPUs.

20  Third, a number of the other complaints are based on different set of facts.  Those cases, many of
21  which were not originally filed in the Northern District of California, do not provide any information
22  about what type of computer the plaintiffs purchased or what specific problems they encountered.  None
23  of the named plaintiffs from the other complaints were described as suffering isolated Internet
24  connection problems (i.e., without any graphical or GPU-related problems).

25  Fourth, Plaintiff Decker's case alleges misrepresentation and concealment of material facts by
26  HP.  Specifically, HP's warranty representatives, with full knowledge that the proper corrective action
27  for repairing Plaintiff Decker's computer was to replace the motherboard, instructed Plaintiff Decker

28

2

REQUEST TO FIND *DECKER* ACTION UNRELATED TO NVIDIA GPU LITIGATION; BRIEF RE:
SCOPE OF CONSOLIDATION; MOTION FOR APPOINTMENT OF INTERIM LEAD COUNSEL    CASE NO.  C 08-04312 JW

that they had discovered water damage.  (Olivier Decl. Ex. A ¶¶ 36-40.)  HP required Plaintiff Decker to pay for the cost of a new motherboard equal to approximately $750.  (*Id.* at ¶ 41.)  Subsequent analysis of Plaintiff Decker's HP computer revealed that there was, in fact, no water damage.  (*Id.* at ¶¶ 42-43.)  Plaintiff Decker alleges that such tactics on the part of HP warranty representatives were a common practice designed to defray the cost of repairing defective products constructed and sold by HP.  (*Id.* at ¶¶ 47-52, 62-109.)

In contrast, the other cases do not address HP's conduct and many, including the designated "lead" case do not involve HP computers or even name HP as a defendant.  Consolidation under these facts and circumstances will only hinder the efficient prosecution of Plaintiff Decker's case and prejudice her ability to prove the specific and unique claims stated therein.

### B. None of The Factors Favoring Consolidation Are Present In The *Decker* Action

The *Decker* Action should not be lumped together with these other cases merely because they all involve computers or even because some of them involve problems with computers made by the same defendant.  Relating the *Decker* Action to the other cases in the NVIDIA litigation is akin to consolidating a case alleging problems with exploding Ford fuel tanks to a case alleging defective brakes made by a brake manufacturer which supplies brakes to both Ford and non-Ford cars.

Plaintiff Decker respectfully submits that her case regarding an isolated wireless card/connection problem with her HP laptop should not be consolidated with an array of cases predominantly focusing upon graphics problems and the graphics chip manufacturer NVIDIA, which is unnamed in the *Decker* Action.

In short, the "lead" case involves a different plaintiff, a different computer manufacturer, a different and additional defendant, and a different problem.  In fact, the "lead" case does ***not*** even mention wireless card or connection issues, the central focus of the *Decker* Action.  The weight of factors considered under Rule 42 strongly disfavors consolidation of the *Decker* Action.

### C. Consolidation of the *Decker* Action Will Burden and Prejudice Plaintiff Decker and the Putative Class

Consolidation requires an analysis of the risks and burdens that consolidation can cause, inter

3

alia, risk of delaying trial, risk of prejudice and confusion, and burden on parties. *See, e.g., Backe v. Novatel Wireless, Inc.*, 2008 WL 5214262, at *2 (S.D. Cal. Dec. 10, 2008); *YP Corp., Inc. v. Sitrick & Co.,* 2005 WL 3334326, at *7 (D. Ariz. Dec. 8, 2005.) Here, Plaintiff Decker and the class she endeavors to represent would be prejudiced by consolidation.

Consolidation of the *Decker* Action would enlarge and complicate the scope of the proceedings. Plaintiff Decker's case would be combined with cases involving different defendants and different computer problems. Discovery in the *Decker* Action, for example, will require documents specific to HP's products and representations to consumers. In contrast, the NVIDIA consolidated cases' discovery will focus on *NVIDIA* products. Discovery would thus be longer, more expensive, and more time-consuming to conduct. Additionally, the number and scope of pleadings would undoubtedly expand significantly. Without consolidation the *Decker* Action can proceed in a straight forward and uncomplicated manner.

Even if consolidating the *Decker* Action would lead to efficiency, which is not the case, Plaintiff Decker and the putative class would be harmed by virtue of slower case development and an unfair trial that would be detrimentally more confusing and complicated, thereby making the case more difficult to prove. *See Malcolm v. Nat'l Gypsum Co.*, 995 F.2d 346, 350 (2nd Cir. 1993) (consolidation is less desirable where it would impact the ability of the parties to receive a fair trial, *e.g.*, judicial economy should not yield to a fair and impartial trial).

Further, at the class certification stage, Plaintiff Decker's Complaint, which is narrowly tailored to specific wireless card problems, with specific HP models, could be prejudicially joined with cases alleging unrelated graphics card deficiencies in different computer makes and models.[1] Defendants, who favor consolidation at present, will later argue against class certification and claim that these supposed "individual issues" predominate over the common issues. The defendants should not be able to argue in favor of "relatedness" of different cases now and then in favor of "individual issues" later.

### III.   MOTION FOR APPOINTMENT OF INTERIM LEAD COUNSEL

---

[1] Although Plaintiff understands that the case may be unconsolidated for the purposes of class certification, and hereby requests such, Defendant could still use the fact that the case was consolidated against Plaintiff in its argument opposing class certification.

4

Should this Court determine that the *Decker* Action should remain consolidated with the NVIDIA GPU litigation, Plaintiff respectfully requests this Court grant additional time to file a motion for appointment of lead counsel.

**IV.    CONCLUSION**

Plaintiff Decker respectfully asks that the Court sever her case from the NVIDIA GPU litigation. This brief takes no position with respect to the consolidation of the other cases.

For all of the above, Plaintiff Decker respectfully ask that the Court allow her case to proceed individually and independently.  Should the Court find this case related, Plaintiff respectfully requests that the scope of consolidation be minimal, without consolidated discovery, so as to not prejudice Plaintiff Decker and to grant an extension of time to file a motion for appointment of interim lead counsel.

DATED: March 2, 2009                                        THE STURDEVANT LAW FIRM
                                                            A Professional Corporation


                                                      By:   /s/ *Whitney Huston*
                                                            WHITNEY HUSTON
                                                            Attorneys for Plaintiffs

5

REQUEST TO FIND *DECKER* ACTION UNRELATED TO NVIDIA GPU LITIGATION; BRIEF RE:
SCOPE OF CONSOLIDATION; MOTION FOR APPOINTMENT OF INTERIM LEAD COUNSEL                    CASE NO.  C 08-04312 JW