HOWARD HOLDERNESS (SBN 169814)
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, CA 94105
Telephone: 415.442.1000
Facsimile: 415.442.1001
E-mail: hholderness@morganlewis.com

ROBERT A. PARTICELLI (PAB 82651) (*Pro Hac Vice*)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
Telephone: 215.963.5000
Facsimile: 215.963.5001
E-mail: rparticelli@morganlewis.com

Attorneys for Defendant
HEWLETT-PACKARD COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **The NVIDIA GPU Litigation** | **Case No. 08-cv-04312-JW**<br><br>**HEWLETT-PACKARD COMPANY'S OPPOSITION TO THE REQUEST TO FIND THE *DECKER* ACTION UNRELATED TO THE NVIDIA GPU LITIGATION** |

Morgan, Lewis & Bockius LLP
Attorneys At Law
Philadelphia

HEWLETT-PACKARD COMPANY'S OPPOSITION TO THE REQUEST TO FIND *DECKER* ACTION UNRELATED TO NVIDIA GPU LITIGATION (08-CV-04312-JW)

Hewlett-Packard Company ("HP") respectfully submits this opposition to Plaintiff Katherine E. Decker's ("Plaintiff Decker's") "request" to "unrelate" *Decker v. Hewlett-Packard Co.*, Case No. 09-cv-00295-JW ("*Decker*") following the Court's *sua sponte* ruling that *Decker* is related to and should be consolidated with the several earlier-filed, already-related actions and consolidated under the above-captioned docket (together, the "Consolidated Actions"). Plaintiff Decker's request is without merit and this Court should not disturb its prior Order for the reasons set forth below.

## I. INTRODUCTION

On February 25, 2009, this Court found *sua sponte* that *Decker* is related to the Consolidated Actions and should be consolidated as part of the Nvidia GPU Litigation. *See* Docket No. 63, attached as Exh. 1 hereto. Plaintiff Decker, who's putative class action complaint is not only the last to be filed among the nearly one dozen Consolidated Actions but is also sixth in line in terms of the complaints naming HP as a defendant, now asks the Court to vacate its earlier finding and "unrelate" *Decker* from the group. Plaintiff Decker cannot escape the reality that her claims are subsumed by the several, earlier-filed putative class actions asserted against HP. In order of filing, these cases are:

1) *Inicom Networks, Inc. v. NVIDIA Corp., et al.*, No. 08-cv-04332-JW ("*Inicom*");

2) *Nat'l Bus. Officers Assoc., Inc. v. NVIDIA Corp., et al.*, No. 08-cv-05179-JW ("*NBOA*");

3) *Olivos v. NVIDIA Corp., et al.*, No. 08-cv-05520-JW ("*Olivos*");

4) *Waidzunas, et al. v. Hewlett-Packard Co.*, Case No. 08-cv-05081-JW ("*Waidzunas*"); and

5) *LeBlanc v. Hewlett-Packard Co.*, No. 09-cv-00328-JW ("*LeBlanc*").[1]

Indeed, like the cases preceding it, *Decker* alleges claims against HP on behalf of a

---

[1] *Nakash v. NVIDIA Corp.*, No. 08-cv-04312-JW ("*Nakash*"), the earliest-filed of the Consolidated Actions, has been designated "lead case." *See* Docket No. 63 (Exh. 1).

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
PHILADELPHIA

HEWLETT-PACKARD COMPANY'S OPPOSITION TO THE REQUEST TO FIND *DECKER* ACTION UNRELATED TO NVIDIA GPU LITIGATION (08-CV-04312-JW)

putative nationwide class of consumers who purchased overlapping computer models that allegedly have exhibited coincidental performance deficiencies. Moreover, while Plaintiff Decker argues that her claim is limited to alleged wireless internet connection problems, the same alleged problems are part of the allegations of the remaining actions in the Consolidated Action. Thus, as to HP, the claims asserted by Plaintiff Decker are not only substantially similar to the multiple other already-related cases, but they also are asserted on behalf of a nearly identical putative class.

Plaintiff Decker's remaining arguments are equally unavailing. First, not only have substantially similar legal theories already been advanced against HP by the earlier-filed Consolidated Actions naming HP as a defendant, but any lingering issues can be addressed by way of the forthcoming consolidated amended complaint. Moreover, Plaintiff Decker's contention that relationship and consolidation are improper because some of the Consolidated Actions name Nvidia as an additional defendant and/or include non-HP computers is simply illogical given that such variations did not preclude relationship or consolidation of the other actions. The Court has concluded through its *sua sponte* Order that the result here should be no different. Plaintiff Decker offers no reason to deviate from that ruling.

## II. ARGUMENT

Under Local Rule 3-12, an action is related to another when:

> (1) The actions concern substantially the same parties, property, transaction or event; and
>
> (2) It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges.

Civ. L.R. 3-12(a).

For the reasons set forth below, *Decker* fulfills these elements and, therefore, is primed for relationship with the other Consolidated Actions pursuant to Local Rule 3-12.

### A. *Decker* Involves Substantially the Same Parties and Underlying Allegations As *Inicom* And The Already-Related Actions.

The parties in each action are substantially the same. Each plaintiff purports to represent the interests of an overlapping putative class of consumers who purchased allegedly defective HP computers. *Compare* First Amended *Inicom* Compl. (Docket No. 10) ("*Inicom* FAC") at ¶ 1 ("all consumers who purchased . . . computers containing defective NVIDIA graphic controller chips") *with Decker* Compl. (Exh. 2 hereto) at ¶ 53 ("all other persons in the United States . . . who purchased or acquired . . . HP laptops"). Indeed, *Decker* and *Inicom*, the earliest-filed matter naming HP as a defendant, each expressly identify the HP Pavilion dv2000, dv6000 and dv9000 series notebooks and Compaq Presario v3000 and v6000 series notebooks as part of the putative class. *Compare Inicom* FAC at ¶ 26 *with Decker* Compl. (Exh. 2) at ¶ 16. The *Decker* Plaintiff, therefore, is already a member of the putative *Inicom* class.

Notwithstanding her preexisting membership in the putative *Inicom* class, and the fact that *Inicom* was marked related with *Nakash*, *et al.* weeks before the *Decker* Complaint was even filed, Plaintiff Decker also contends that relationship is somehow inappropriate because several of the Consolidated Actions implicate non-HP computers and defendants. This is a red-herring at best – relationship is appropriate even where, as here, the defendants in each action are not identical. *See, e.g.*, *Ervin v. Judicial Council of California*, No. C 06-7479 CW, 2007 WL 1489165, *2 (N.D. Cal. May 18, 2007) (explaining that cases were substantially similar and relation proper where "[t]he only difference between the two cases is that . . . Plaintiff added new parties and causes of action."). To be sure, these exact variations among the defendants and computer brands did not hinder relationship and consolidation of the other Nvidia GPU actions. As the Court has already determined, *Decker* deserves similar treatment.

Moreover, not only do the already-related and consolidated cases concern substantially the

same parties, but the claims against HP are also predicated on the same underlying conduct. Even a cursory review of *Decker* and the other related and Consolidated Actions pending against HP reveals that the alleged inability on the part of these same notebook computer model families to detect wireless networks is firmly encompassed by the Nvidia GPU Litigation. *Compare Decker* Compl. (Exh. 2) at ¶ 4 ("Specifically, the HP laptops at issue in this Complaint . . . (b) are not reliable for mobile computing as the internal wireless device is inherently defective making it impossible to detect and/or use wireless signals) *with Inicom* FAC at ¶ 28 (alleging, *inter alia*, failure to detect wireless networks and related difficulties as symptoms of alleged GPU issue); *LeBlanc* Compl. at ¶ 19 (same); *NBOA* Compl. at ¶ 24 (same); *Olivos* Compl. at ¶¶ 4-14 (same); and *Waidzunas* Compl. at ¶ 17 (same).

Further, allegations that HP failed to disclose these purported performance issues, including vis-à-vis wireless connectivity difficulties, are included in the earlier-filed actions. *See Inicom* FAC at ¶¶ 50-56; *Decker* Compl. (Exh. 2) at ¶¶ 62-87. Likewise, these cases each allege that HP breached certain warranties provided with its computers. *See, e.g., Decker* Compl. (Exh. 1) at ¶¶ 88-100 and *Inicom* FAC at ¶¶ 57-65.[2] Plaintiff Decker's request should be denied for these additional reasons as well.

**B.  Resolution By A Single Judge Would Avoid Duplication of Effort And The Potential For Conflicting Results.**

As discussed above, the allegations in these cases are substantially similar. The putative classes in each action are virtually identical, with the broader putative class definition asserted in *Inicom* and the other already-related actions subsuming *Decker*, and there is repetition among the defendants. Consequently, the evidence in each case will focus on: the same computers, many of the same alleged defects; and other related factual issues. For these reasons too, the legal issues will coincide.

Accordingly, allowing the parties to proceed on parallel tracks before different Judges in

---

[2] *See also Olivos* Compl. at ¶¶ 46-76; *NBOA* Compl. at ¶¶ 52-60; *Waidzunas* Compl. at ¶¶ 42-46.

the same District would squander private and judicial resources and create a risk of inconsistent results. *See In re Leapfrog Enter., Inc. Sec. Litig.*, No. C 03-05421 RMW, 2005 WL 5327775, *1 (N.D. Cal. July 5, 2005) (granting motion for administrative relief and relating cases). By way of example, in addition to compelling redundant litigation and efforts, doing so could bring about differing interpretations of the same warranties and/or varying treatment of dispositive issues.

### III.  CONCLUSION

For the foregoing reasons, HP respectfully requests that this Court deny Plaintiff Decker's request to "unrelate" *Decker* from the remainder of the Nvidia GPU Litigation actions.

Dated: March 5, 2009

Respectfully submitted,

MORGAN, LEWIS & BOCKIUS LLP

By: /s/ Robert A. Particelli

Attorneys for Defendant
HEWLETT-PACKARD COMPANY