IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| The NVIDIA GPU Litigation | NO. C 08-04312 JW |
| | **ORDER DENYING REQUEST TO FIND DECKER ACTION UNRELATED; MODIFYING SCHEDULE FOR BRIEFING RE: APPOINTMENT OF LEAD COUNSEL AND SCOPE OF CONSOLIDATION** |

Presently before the Court is Plaintiff Katherine Decker's ("Decker") Request to Find the Decker Action Unrelated. (hereafter, "Request," Docket Item No. 64.) Decker seeks to have her putative class action, Decker v. Hewlett Packard Co., No. C 09-0295 PVT, unrelated to a series of cases that have been consolidated into this action.[1] (Request at 1.) Defendant Hewlett Packard ("HP") has filed a timely opposition to Decker's Request.[2] Plaintiffs in the consolidated action have filed their statement of non-opposition. (See Docket Item No. 74.)

On February 23, 2009, the Court conducted a Case Management Conference concerning numerous related actions. (See Docket Item No. 62.) Plaintiff Decker's counsel was not present because her action had not yet been related to the other actions. Following the Conference, the Court issued an Order *sua sponte* relating the Decker action and consolidating all of the related

---

[1] Since the Court has already ordered the Decker action consolidated, the Court construes Decker's request as also seeking to be unconsolidated. (See Docket Item No. 63.)

[2] (Hewlett-Packard Company's Opposition to the Request to find the Decker Action Unrelated to the NVIDIA GPU Litigation, hereafter, "Opposition," Docket Item No. 72.)

1 cases. (February 25, 2009 Order at 2, Docket Item No. 63.) The Court also set a briefing schedule
2 for motions to appoint interim lead counsel and motions concerning the scope of consolidation as
3 raised by one of the Plaintiffs. (Id. at 2-3.)

### A. Decker's Request to Unrelated Case

Decker contends that her action is unrelated because the allegations concern a defective wireless card problem, not defective Graphics Processing Units ("GPU"). (Request at 2.)

Pursuant to Civ. L.R. 3-12(a), cases are related where (1) the actions concern substantially the same parties, property, transaction or event, and (2) it appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different judges.

Although Decker's allegations do not directly concern a defective GPU, there is substantial overlap in the issues to be determined in the Decker action and the other consolidated actions. First, the actions concern substantially the same parties because HP is a defendant in several of the consolidated actions, including Inicom, NBOA, Waidzunas, LeBlanc. Further, both Decker and Inicom define their proposed class with respect to persons who purchased certain HP computer models, making the Decker class almost entirely subsumed by the Inicom class. (Compare Inicom v. NVIDIA, C 08-04332 JW, First Amended Complaint ¶ 26, Docket Item No. 10, with Decker v. Hewlett Packard Co., C 09-00295 PVT, Complaint ¶ 53, Docket Item No. 1.)

Second, the inability of HP computers to properly detect wireless networks is an issue in several of the consolidated actions, including the Decker action. (See Inicom, First Amended Complaint ¶ 28; NBOA v. NVIDIA, No. C 08-05179 JW, Complaint ¶ 24, Docket Item No. 1; Olivos v. NVIDIA, No. C 08-05520 JW, Complaint ¶¶ 4-14, Docket Item No. 1; Waidzunas v. Hewlett Packard Co., No. C 08-05081 JW, Complaint ¶ 17, Docket Item No. 1.) Defendant HP's failure to disclose certain defects and their breach of certain warranties are also issues that Decker has in common with the consolidated GPU litigation. (See, e.g. Inicom, First Amended Complaint ¶¶ 50-65; Decker, Complaint ¶¶ 62-100.) Thus, the Court finds that the Decker case is related to the to the other consolidated actions.

2

Accordingly, the Court DENIES Plaintiff Decker's Request to Find the <u>Decker</u> Action Unrelated.

**B.     Decker's Request to Extend Time to File Motion for Appointment of Lead Counsel**

In the alternative, Decker seeks more time to file her motion for appointment of interim lead counsel. (Request at 1.)

In light of the fact that counsel for Decker did not attend the February 23, 2009 Case Management Conference, the Court finds good cause to modify the briefing schedule *as to Plaintiff Decker only*. Plaintiff Decker may file a motion to appoint interim lead counsel and its brief on the scope of consolidation on or before **March 16, 2009**. Any opposition to such a motion must be filed on or before **March 18, 2009**. All other deadlines set in the Court's February 25 Order shall remain unchanged.

The hearing on these motions currently set for March 16, 2009 is continued to **March 23, 2009 at 9 a.m.**

Dated: March 10, 2009

JAMES WARE
United States District Judge

3

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Alan McQuarrie Mansfield alan@rosnerandmansfield.com
Gina M. Tufaro gtufaro@hhplawny.com
Howard Holderness hholderness@morganlewis.com
Ira P. Rothken ndca@techfirm.com
Jeff S. Westerman jwesterman@milberg.com
Joe R. Whatley jwhatley@wdklaw.com
Joshua Daniel Watts jwatts@orrick.com
Justin Myer Lichterman jlichterman@orrick.com
Meredith Ann Galto mgalto@morganlewis.com
Paul O. Paradis pparadis@hhplawny.com
Paul R. Kiesel Kiesel@kbla.com
Robert A. Particelli rparticelli@morganlewis.com
Robert P. Varian rvarian@orrick.com
Whitney Huston whuston@sturdevantlaw.com

**Dated:  March 10, 2009**               **Richard W. Wieking, Clerk**

                                         **By:   /s/ JW Chambers**
                                                **Elizabeth Garcia**
                                                **Courtroom Deputy**