JAMES C. STURDEVANT (SBN 94551)
(jsturdevant@sturdevantlaw.com)
MONIQUE OLIVIER (SBN 190385)
(molivier@sturdevantlaw.com)
WHITNEY HUSTON (SBN 234863)
(whuston@sturdevantlaw.com)
THE STURDEVANT LAW FIRM
A Professional Corporation
354 Pine Street, Fourth Floor
San Francisco, CA  94104
Telephone: (415) 477-2410
Facsimile: (415) 477-2420

JOHN CRONGEYER (*Pro Hac Vice* Application Pending)
(jcrongeyer@vclawfirm.com)
CRONGEYER LAW FIRM, P.C.
270 15th St. NE, Suite 303
Atlanta, GA 30309
Telephone: (404) 542-6205
Facsimile: (404) 872-3745

Attorneys for Plaintiff Katherine E. Decker

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### [San Jose Division]

| | |
|---|---|
| **The NVIDIA GPU Litigation** | **CASE NO. C 08-04312 JW**<br><br>**CLASS ACTION**<br><br>**PLAINTIFF DECKER'S ADMINISTRATIVE MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION OF ORDER DENYING REQUEST TO FIND DECKER ACTION UNRELATED**<br><br>COURT:   8, 4th Floor<br>JUDGE:    Hon. James Ware<br><br>*Decker* Complaint filed:  January 22, 2009 |

Pursuant to Local Rule 7-11, Plaintiff Katherine E. Decker respectfully requests leave of Court to file a Motion For Reconsideration of Order Denying Request to Find Decker Action Unrelated ("Motion for Reconsideration"), a copy of which is submitted herewith as Exhibit A.

There is good cause for filing the proposed Motion for Reconsideration of this Court's March 10, 2009 Order Denying Request to Find *Decker* Action[1] Unrelated (Docket # 80) as there are material facts which were not known to Plaintiff at the time of the briefing. Civil L.R. 7-11(b)(2). This Court has the "inherent power to reconsider and modify its interlocutory orders prior to the entry of judgment." *Smith v. Mass.*, 543 U.S. 462, 475 (2005) (citation and internal quotes omitted). A motion for reconsideration may be considered the Court "is presented with newly discovered evidence." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (citation and internal quotes omitted). On March 2, 2009, when Plaintiff Decker filed a motion to unrelate the cases (Docket # 64-65), Plaintiff and Plaintiff's counsel were not aware of the similar case *Nygren, et al. v. Hewlett-Packard Co.*, Case No. 5:07-cv-05793-JW ("*Nygren* Action"). Plaintiff had previously undertaken due diligence to ascertain whether there were any related cases, but had not learned of the *Nygren* Action. In accordance with Civil Local Rule 3-12, upon learning of the *Nygren* Action and reviewing the *Nygren* Complaint, Plaintiff Decker filed, in the *Nygren* Action, an Administrative Motion to Consider Whether the Cases Should be Related. On this same basis, Plaintiff also requests leave to file the attached Motion for Reconsideration.

//
//
//
//
//
//
//

---

[1] *Decker v. Hewlett-Packard Co.*, No. 09-cv-00295-PVT (N.D. Cal.) ("*Decker* Action"), filed as a class action on January 22, 2009.

1

PLAINTIFF DECKER'S ADMINISTRATIVE MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION OF ORDER DENYING REQUEST TO FIND DECKER ACTION UNRELATED -- CASE NO. C 08-04312 JW

For all of the foregoing reasons, Plaintiff respectfully requests that the Court grant Plaintiff's Administrative Motion for leave to file the Motion for Reconsideration.

Respectfully submitted,

DATED: March 25, 2009         THE STURDEVANT LAW FIRM
                              A Professional Corporation

                              CRONGEYER LAW FIRM, P.C.


                     By:    /s/   Whitney Huston
                              Whitney Huston
                              Attorneys for Plaintiff Katherine Decker


### [proposed] ORDER

Upon good cause shown, **IT IS HEREBY ORDERED** that Plaintiffs are granted leave to file their Motion For Reconsideration of Order Denying Request to Find Decker Action Unrelated.


DATED: _____, 2009    _____
                                HON. JAMES WARE
                                UNITED STATES DISTRICT JUDGE

Z:\436 - NVIDIA (Decker) v. Hewlett Packard\Pleadings\Mtn for Leave to file Mtn for Reconsideration-FINAL.doc

2

PLAINTIFF DECKER'S ADMINISTRATIVE MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION OF ORDER DENYING REQUEST TO FIND DECKER ACTION UNRELATED -- CASE NO.  C 08-04312 JW

# EXHIBIT A

1  JAMES C. STURDEVANT (SBN 94551)
   (jsturdevant@sturdevantlaw.com)
2  MONIQUE OLIVIER (SBN 190385)
   (molivier@sturdevantlaw.com)
3  WHITNEY HUSTON (SBN 234863)
   (whuston@sturdevantlaw.com)
4  THE STURDEVANT LAW FIRM
   A Professional Corporation
5  354 Pine Street, Fourth Floor
   San Francisco, CA  94104
6  Telephone: (415) 477-2410
   Facsimile: (415) 477-2420

8  JOHN CRONGEYER (*Pro Hac Vice* Application Pending)
   (jcrongeyer@vclawfirm.com)
   CRONGEYER LAW FIRM, P.C.
9  270 15th St. NE, Suite 303
   Atlanta, GA 30309
10 Telephone: (404) 542-6205
   Facsimile: (404) 872-3745

Attorneys for Plaintiff Katherine E. Decker

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**[San Jose Division]**

| | |
|---|---|
| **The NVIDIA GPU Litigation** | **CASE NO. C 08-04312 JW** |
| | **CLASS ACTION** |
| | **NOTICE OF MOTION AND MOTION FOR RECONSIDERATION OF ORDER DENYING REQUEST TO FIND DECKER ACTION UNRELATED** |
| | DATE: _____, 2009<br>TIME: 9:00 a.m.<br>COURT: 8, 4th Floor<br>JUDGE: Hon. James Ware |
| | *Decker* Complaint filed:  January 22, 2009 |

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

Please take notice that on _____, 2009 at 9:00 a.m., or as soon thereafter as the matter may be heard before the Honorable James Ware in Courtroom 8 of the United States District Court, Northern District of California, San Jose Division, located at 280 S. First Street, San Jose, California, 95113, Plaintiff Katherine Decker, on behalf of herself and all those similarly situated ("Plaintiff"), will respectfully move this Court, pursuant to Civil Local Rule 7-9, to reconsider its March 10, 2009 Order Denying Request to Find *Decker* Action[1] Unrelated. (Docket # 80.)

This Motion will be based on this Notice of Motion and Motion; the attached Memorandum of Points and Authorities; the Declaration of Monique Olivier, filed herewith; the Court's file in this action; and such other argument or evidence as may be presented at the hearing on the Motion.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  STATEMENT OF ISSUES**

Whether the Court should reconsider relating the *Decker* Action to this action, The NVIDIA GPU Litigation, in light of the similarity between the *Decker* Action and *Nygren, et al. v. Hewlett-Packard Co.*, Case No. 5:07-cv-05793-JW ("*Nygren* Action"), another class action which was filed in the Northern District on November 14, 2007 and is currently before this Court.

**II.  INTRODUCTION AND PROCEDURAL HISTORY**

On February 25, 2009, before any appearances were made in the *Decker* Action, this Court sua sponte ordered the *Decker* Action consolidated with ten other cases. (Docket # 63; *Decker* Action Docket # 8.) The consolidated cases were labeled The NVIDIA GPU Litigation. (*Id*. at 2:17-18.)

On March 2, 2009, Plaintiff Decker filed a motion to unrelate the cases. (Docket # 64-65) In her motion, Plaintiff Decker argued that her case (focusing on wireless connection problems) was not related to the The NVIDIA GPU Litigation cases (focusing upon graphical processing unit or "GPU" problems). (*See id*.) The Court denied Plaintiff Decker's attempt to have her case severed from The

---

[1] *Decker v. Hewlett-Packard Co.*, No. 09-cv-00295-PVT (N.D. Cal.) ("*Decker* Action"), filed as a class action on January 22, 2009.

1

NVIDIA GPU Litigation on March 10, 2009. (Docket # 80.)

Since the filing of her initial Brief and since the Court's March 10, 2009 Order, Plaintiff Katherine E. Decker and/or her counsel of record became aware of a truly related case, the *Nygren* Action. (*See* Declaration of Monique Olivier in Support of Plaintiff Motion for Reconsideration ("Olivier Decl."), filed herewith, ¶ 3.) The *Nygren* Action is a putative class action which was filed in the Northern District on November 14, 2007 and is currently before this Court. (*Id*.) Plaintiff had previously undertaken due diligence to ascertain whether there were any related cases, but had not learned of the *Nygren* Action. (*Id*. at ¶ 5.)

Upon learning of the *Nygren* Action, Plaintiff Decker's Counsel spoke with Defendant Hewlett-Packard Co.'s ("HP") counsel to inquire into HP's position regarding the cases relatedness. (*Id*. at ¶ 4.) HP took the position that itwould not agree that the cases are related. (*Id*.) It is inconsistent, at best, for HP to argue that the *Decker* Action (focusing on wireless issues with HP computers) is not related to another case focusing on wireless issues in HP computers, while simultaneously arguing that *Decker* is related to the GPU cases. Indeed, HP's counsel – who represents HP in both the *Nygren* and the *Decker* Actions – failed to discharge their duty to this Court by not informing it of the *Nygren* Action.

A careful review of the *Decker* Action, The NVIDIA GPU Litigation cases, and the *Nygren* Action shows strong parallels between *Decker* and *Nygren*, while highlighting the disparate aims of the *Decker* Action and The NVIDIA GPU Litigation cases. Judicial economy is thus best served by allowing the consolidated GPU litigation to proceed without inclusion of the *Decker* Action, and allowing the wireless litigation (*Decker* and *Nygren* Actions) to proceed as a separate, but also consolidated, matter. Accordingly, Plaintiff Decker respectfully requests this Court find the *Decker* Action unrelated to the The NVIDIA GPU Litigation and relate it to the *Nygren* Action.

**III.   ARGUMENT**

    **A.   This Court has the Inherent Power to Reconsider Consolidating the *Decker* Action**

This Court has the "inherent power to reconsider and modify its interlocutory orders prior to the entry of judgment." *Smith v. Mass.*, 543 U.S. 462, 475 (2005) (citation and internal quotes omitted). A motion for reconsideration may be considered and granted where, as here, the Court "is presented with

newly discovered evidence." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (citation and internal quotes omitted).  As this Court was not previously presented with the evidence of the similarity between the *Nygren* Action and the instant case, its previous order did not take this significant fact into account.

        **B.**        **The *Decker* Action Should be Severed from The NVIDIA GPU Litigation and Consolidated with the *Nygren* Action.**

Civil Local Rule 3-12 defines related cases as those in which:  "(1) The actions concern substantially the same parties, property, transaction or event; and (2) It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges."  Civil. L.R. 3-12.

The *Decker* Action and the *Nygren* Action – which is not consolidated with The NVIDIA GPU Litigation – are far more similar to each other in terms of the factual allegations than the *Decker* Action has to the The NVIDIA GPU Litigation.  Under the definition of Civil Local Rule 3-12, the *Decker* and *Nygren* Actions are related in that they involve substantially the same parties, property, transaction, or event.  In both actions, the plaintiffs allege that HP designed, manufactured, and sold defective laptop computers for both business and consumer use due to a defective a wireless card/device for the purpose of detecting wireless networks and signals which causes common defects.  The failure of the wireless connectivity is the central point of the alleged violations of law and the requests for relief in both complaints.  (E.g., *compare* Olivier Decl. Ex. B ¶ 55.e. *with id.* Ex. A ¶ 10.d.; *compare id.* Ex. B ¶ 55.a. *with id.* Ex. A ¶ 10.a.; *compare id.* Ex. B ¶¶ 4 & 5 *with id.* Ex. A ¶ 2; *compare id.* Ex. B ¶¶ 22 & 32 *with id.* Ex. A ¶¶ 17 & 18; *compare id.* Ex. B ¶¶ 24, 25 & 27 *with id.* Ex. A ¶ 19-21.)  There are some differences between the cases, however, as the scope of the *Decker* Action is broader than the *Nygren* Action because it includes additional legal claims and the *Decker* Action includes additional HP models.

Federal Rules of Civil Procedure, rule 42, governs the consolidation of cases before the same court.  *See, e.g., Investor's Research Co. v. U.S. Dist. Court for Cent. Dist. of Cal.*, 877 F.2d 777, 777 (9th Cir. 1989).  Under Civil Local Rule 3-12, a related case is one based on *substantially the same parties, transactions, or event*.  Relating these two similar actions would not create any undue risk of

3

1  prejudice or confusion and would serve judicial economy.

2  Additionally, the procedural postures of both cases are such that there is likely to be substantial
3  overlap of discovery, motions, potential settlement, and trial.  Although the *Nygren* Action was filed in
4  November 2007, a second motion to dismiss is currently pending before this Court, and no discovery has
5  yet been undertaken.  In contrast to these similarities, The NVIDIA GPU Litigation cases have a
6  drastically distinct focus.  In those cases, the allegations are based on graphics problems and the
7  graphics chip manufacturer.  This Court's March 10, 2009 Order (Docket # 80) related the cases
8  because, it found significant overlap between the parties, since HP is named as defendant in some of the
9  consolidated actions, and because some of the the complaints in the consolidated action allege that HP
10 computers failed to properly detect wireless networks.  (*Id.* at 2:11-23.)  The Court also found that the
11 cases were related because several of the cases alleged failure to disclose and breach of warranty.  (*Id.* at
12 2:23-26.)

13 These similarities, however, are minor in comparison to the significant overlap in the *Nygren* and
14 *Decker* Actions.  For example, there may be numerous lawsuits alleging computer deficiencies or
15 failures in which HP is named as a defendant and they may each allege a breach of warranty.  Yet, those
16 cases are not related if one involves a failure of the motherboard while another involves hardware
17 failure.  Here, the critical factor remains that the focus of the *Decker* Action and the *Nygren* Action is
18 the wireless failure, while The NVIDIA GPU Litigation cases concentrate on graphics problems.

19 The *Decker* Action is thus appropriately related to the *Nygren* Action and should be severed
20 from The NVIDIA GPU Litigation and related to, and consolidated with, the *Nygren* Action.

21 //
22 //
23 //
24 //
25 //
26 //
27 //
28

4

NOTICE OF MOTION AND MOTION FOR RECONSIDERATION OF ORDER DENYING REQUEST TO FIND *DECKER* ACTION
UNRELATED -- CASE NO.  C 08-04312 JW

**IV. CONCLUSION**

Based on the above reasons, Plaintiff Decker respectfully requests that this Court reconsider its Order of March 10, 2009 (Docket # 80) and sever this action from The NVIDIA GPU Litigation, and relate it to, and consolidate it with, the *Nygren* Action.

Respectfully submitted,

DATED: _____, 2009  THE STURDEVANT LAW FIRM
A Professional Corporation

CRONGEYER LAW FIRM, P.C.

By:  /s/ Monique Olivier
MONIQUE OLIVIER
Attorneys for Plaintiff Katherine Decker

Z:\436 - NVIDIA (Decker) v. Hewlett Packard\Pleadings\Motion for Reconsideration - MPA - FINAL.doc

5

## PROOF OF SERVICE

I am over the age of eighteen years and not a party to this action. I am a resident of the State of California and am employed in the County of San Francisco. My business address is The Sturdevant Law Firm, 354 Pine Street, Fourth Floor, San Francisco, California 94104. On March 25, 2009March 25, 2009, I served a true and correct copy of the document(s) described below on the parties and/or their attorney(s) of record to this action in the manner indicated:

**PLAINTIFF DECKER'S ADMINISTRATIVE MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION OF ORDER DENYING REQUEST TO FIND DECKER ACTION UNRELATED**

[✓] **U.S. MAIL:** I am employed in the county where the mailing occurred. I am readily familiar with this firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. In the ordinary course of business, such correspondence is deposited with the United States Postal Service in a sealed envelope or package that same day with first-class postage thereon fully prepaid. On the date indicated above, I placed the document(s) listed above in a sealed envelope or package with first-class postage thereon fully prepaid, and placed the envelope or package for collection and mailing today with the United States Postal Service at San Francisco, California addressed as set forth on the attached service list. The address(es) shown on the attached service list is (are) the same as shown on the envelope or package. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after date of deposit for mailing in the affidavit. CCP §§ 1013(a)-(b), 1013a, FRCP § 5(b), FRAP §§ 5(c)-(d).

[ ] **ELECTRONIC SERVICE (E-MAIL):** Based on a court order or an agreement of the parties to accept service by electronic transmission ("e-mail"), I transmitted by e-mail the document(s) listed above from this e-mail address, **arocha@sturdevantlaw.com**, to the e-mail address(es) set forth on the attached service list on this date at the time indicated on the transmission report. The document(s) listed above was (were) served electronically and the transmission was reported as complete and without error. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful. I, thereafter, mailed a copy to the same party(ies) by placing true copies of the document(s) in a sealed envelope or package with first-class postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth on the attached service list. The address(es) set forth on the attached service list is (are) the same as shown on the envelope or package. CCP § 1010.6(a)(6), CRC 2060, FRCP § 5(b), N.Dist. Civil L.R 5-5.

[ ] **OVERNIGHT DELIVERY SERVICE:** I am readily familiar with this firm's practice for the collection and processing of overnight delivery correspondence. In the ordinary course of business, such correspondence is placed in a sealed envelope or package and is deposited with the overnight courier that same day with fees thereon fully prepaid. On this date, I placed the document(s) listed above in a sealed envelope or package designated by the overnight delivery service with delivery fees paid or provided for, for delivery the next business day to the party(ies) as set forth on the attached service list and deposited this package in a box or facility regularly maintained by said overnight delivery service or delivered it to a courier or driver authorized by said overnight delivery service to receive documents. The address(es) set forth on the attached service list is (are) the same as shown on the envelope or package. CCP §§ 1013(c)-(d), N.Dist. Civil L.R. 5-5, FRAP §§ 5(c)-(d).

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge. 28 U.S.C. § 1746.

Executed on March 25, 2009March 25, 2009, at San Francisco, California.

                                               /s/ Amber Rocha
                                               AMBER ROCHA

## SERVICE LIST

| ADDRESSEE(S) | PARTY(IES) REPRESENTED |
|---|---|
| Brant C. Martin<br>WICK PHILLIPS LLP<br>2100 Ross Avenue, Suite 950<br>Dallas, TX 75201 | Plaintiffs Steven Nakash and Brent West |
| James V. Bashian<br>THE LAW OFFICES OF JAMES V. BASHIAN, P.C.<br>500 Fifth Avenue, Suite 2700<br>New York, NY 10110 | Plaintiffs Steven Nakash and Brent West |
| Robert B. Weiser<br>The Weiser Law Firm, P.C.<br>121 N. Wayne Avenue, Suite 100<br>Wayne, PA 19087 | Plaintiffs Steven Nakash and Brent West |
| Thomas G. Ciarlone, Jr.<br>Shalov Stone & Bonner LLP<br>485 Seventh Avenue, Suite 1000<br>New York, NY 10018 | Plaintiffs Jordan Corimer, Brent West, Lance Waidzunas, Michael Mann, Tyler Burgert, Chi Lok Leung, & Brian Robinson |