1  ROBERT P. VARIAN (STATE BAR NO. 107459)    **\*ORDER E-FILED 9/22/2009\***
   rvarian@orrick.com
2  JAMES N. KRAMER (STATE BAR NO. 154709)
   jkramer@orrick.com
3  JUSTIN M. LICHTERMAN (STATE BAR NO. 225734)
   jlichterman@orrick.com
4  JOSHUA D. WATTS (STATE BAR NO. 240977)
   jwatts@orrick.com
5  ORRICK, HERRINGTON & SUTCLIFFE LLP
   The Orrick Building
6  405 Howard Street
   San Francisco, CA  94105-2669
7  Telephone:   +1-415-773-5700
   Facsimile:   +1-415-773-5759

   Attorneys for Defendant
   NVIDIA CORPORATION

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| The NVIDIA GPU Litigation | Case No.  C 08-04312 JW (HRL)<br><br>**STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL DOCUMENTS**<br><br>**(MODIFIED BY THE COURT)** |

OHS West:260620118.4

STIPULATED PROTECTIVE ORDER REGARDING
CONFIDENTIAL DOCUMENTS
C 08-04312 JW

1  The parties to this consolidated action, captioned *The NVIDIA GPU Litigation*, recognize
2  that the case may involve or is likely to involve information of parties and non-parties from
3  whom discovery may be sought – that, under applicable law, is confidential. In order to protect
4  the confidential information obtained by the parties in connection with the consolidated cases
5  comprising *The NVIDIA GPU Litigation* and to ensure that documents produced in the litigation
6  are not used or disclosed except in connection with the litigation, the parties, through their
7  counsel of record, hereby stipulate and agree as follows:
8       A.    Any party or non-party may designate as "Confidential," as set forth herein, any
9  document or information that that party or witness considers in good faith to contain non-public,
10 confidential, trade secret, proprietary, or private financial information subject to protection under
11 applicable law (hereinafter referred to as "Confidential Information").
12      B.    No information, whether designated Confidential or not, may be used for any
13 purpose other than the prosecution or defense of (i) *The NVIDIA GPU Litigation*, or (ii) any other
14 action or dispute that has been or subsequent to the entry of this order is related to and
15 consolidated with *The NVIDIA GPU Litigation* (the actions and proceedings described in (i) and
16 (ii) are referred to herein collectively as "the Actions").
17      C.    The provisions of this Protective Order are in addition to the restrictions set forth
18 in the Order of this Court entered on May 11, 2009 instituting a discovery wall.
19      D.    A party or non-party may designate a document produced by it, which party or
20 witness considers in good faith to contain Confidential Information, by marking the document
21 "Confidential."
22      E.    A party or non-party may designate information disclosed by it during a deposition
23 or in response to written discovery that that party or witness considers in good faith to contain
24 Confidential Information by so indicating in said responses or on the record at the deposition.
25 Additionally a party may designate in writing, within 30 days after receipt of said responses or of
26 the deposition transcript for which the designation is proposed, that specific pages of the
27 transcript (or portions of the videotape) and/or specific responses be treated as Confidential
28 Information. All costs associated with the preparation of separate confidential and non-

confidential transcripts and videotapes or of executing procedures for denominating Confidential Information in transcripts as referenced in this Section shall be borne by the designating party who shall also arrange for separate payment for such services through the service provider(s).

F. Any Confidential Information that is inadvertently produced without written notice or identification as to its confidential nature may be so designated in writing by the producing party after the realization that the Confidential Information has been produced without such designation. However, until the discovery materials are designated Confidential as set forth above, the parties shall be entitled to treat the material as non-confidential. Upon designation, such Confidential Information shall then be treated as Confidential in accordance with the provisions of this Order.

G. Any non-designating party may object to any confidentiality designations or any proposed confidentiality designations in writing or on the record. Upon such an objection, the parties shall follow the procedures described in paragraph K below. After any confidentiality designation is made according to the procedures set forth in paragraphs D, E, or F, the designated documents or information shall be treated as confidential until the objection is resolved according to the procedures described in paragraph K below.

H. Except with the prior written consent of the party or non-party designating documents or other information confidential or upon prior order of this Court obtained upon notice to such other counsel, Confidential Information shall not be disclosed to any person other than:

1. Counsel of record for the respective parties to the Actions, including in-house counsel, co-counsel or insurance counsel;

2. Employees of such counsel assisting in the conduct of the Actions for use in accordance with this stipulation and order;

3. The parties to the Actions (including their employees and affiliates);

4. Consultants or experts retained for the prosecution or defense of the Actions, provided that each such consultant or expert shall have executed a copy of the Certification annexed to this Order (which shall be retained by counsel to the party so disclosing

the Confidential Information) before being shown or given any Confidential Information;

     5. Any authors of the Confidential Information and any individuals shown to have been an original recipient of the Confidential Information;

     6. The Court, court personnel, and court reporters in the Actions;

     7. Any mediator or arbitrator retained by any two or more parties to the Actions;

     8. Any insurers (including their employees and affiliates) of NVIDIA, provided that each insurer shall have executed a copy of the Certification annexed to this Order before being shown or given any Confidential Information;

     9. Mock jurors and related service providers, provided that each juror and related service provider shall have executed a copy of the Certification annexed to this Order before being shown or given any Confidential Information;

     10. Persons engaged by any counsel or party to the Actions to photocopy, image, or maintain the Confidential Information;

     11. Witnesses (other than persons described in paragraph H(5)). A witness shall be requested to sign the Certification before being shown Confidential Information. Any witness who will not sign the Certification as requested may nevertheless be shown Confidential Information only in a deposition (or at trial as provided for in paragraph O). At the request of any party, the portion of the deposition transcript involving the Confidential Information shall be designated "Confidential" pursuant to paragraph E above. Witnesses who will not sign the Certification as requested but who are shown Confidential Information at a deposition shall not be allowed to retain copies of the Confidential Information;

     12. Other persons only (i) after notice to all parties and upon order of the Court, or (ii) upon written consent of the producing party. Notwithstanding the foregoing, except as provided in the Order of this Court entered on May 11, 2009 instituting a discovery wall, no Confidential Information disclosed by a party or non-party in this case may under any circumstances be provided by the recipient(s) thereof, either directly or indirectly, through written or oral communication, to any party or counsel of record, or any other person or entity

representing any party that was previously, or is presently, or may in the future become, involved in or connected to *In re NVIDIA Corp. Secs. Litig.*, Case No. C-08-04260-JW (N.D. Cal.) (the "Securities Case"), until the earlier of the expiration of the Reform Act Stay in the Securities Case, or the final disposition of the Securities Case.

13. Under no circumstances shall any Confidential Information or information derived from Confidential Information, be communicated, directly or indirectly, to any member or form of the press or media, or any other person or entity, without the prior consent of the party or non-party that designated the Confidential Information.

I. For applications and motions to the Court on which a party submits Confidential Information, all documents and chamber copies containing Confidential Information that are submitted to the Court shall be filed in the manner provided by the applicable Northern District of California Civil Local Rules which are currently 3-17 and 79-5.

J. Information produced by non-parties may be designated as "Confidential" pursuant to paragraphs D, E, or F of this Order. Nothing herein shall restrict a party or non-party from using or disclosing its own Confidential Information in any manner it deems appropriate.

K. If a party contends that any material designated as "Confidential" is not entitled to confidential treatment, that party may at any time give written notice challenging the designation to the party that designated the material (the "designating party") as "Confidential." The designating party shall respond in writing to the notice challenging the designation within 5 calendar days, or within such other period of time as may be agreed upon by the parties. If the designating party refuses to remove the "Confidential" designation, its response shall state the reasons for this refusal. If the parties are unable to resolve their dispute over the designation of the material, any party may move the Court for an order removing the designation or affirming that the designation was properly made. In the event that any such motion is made, the party that designated the material as "Confidential" shall have the burden of establishing that the material is entitled to confidential treatment.

L. Notwithstanding any challenge to the designation of material as Confidential Information, all material shall be treated as confidential and shall be subject to the provisions

hereof unless and until one of the following occurs:

    1. The party or non-party who designated the material as Confidential Information withdraws such designation in writing; or

    2. The Court rules the material is not Confidential Information.

M. In the event any Confidential Information is subpoenaed or requested during the pendency of any of the Actions by any court, regulatory, administrative, law enforcement or legislative body or any person or litigant purporting to have authority to subpoena or request such information, including requests based on any state or federal Freedom of Information Act, notice will be given to the designating party or non-party upon receipt. In addition, no Confidential Information shall be so disclosed earlier than the designated date in the subpoena, so as to enable the party or non-party to have a reasonable opportunity to seek appropriate relief. **Nothing in this order should be construed as authorizing or encouraging a party to disobey a lawful directive from another court.**

N. All provisions of this Order restricting the communication or use of Confidential Information shall continue to be binding after the conclusion of this action, unless otherwise agreed to by the producing party in writing or ordered by this Court. Upon conclusion of the Actions, a party in the possession of documents designated Confidential, other than that which is contained in attorney work product, discovery responses, deposition transcripts and documents filed with the Court, shall upon written request after termination of the actions either (a) return such documents no later than 90 days after the request, to counsel for the party or non-party who provided such documents, or (b) destroy such documents within 90 days upon written consent of the party or non-party who provided the documents, and certify in writing within 90 days that the documents have been destroyed.

O. The terms of this Order do not preclude, limit, restrict, or otherwise apply to the use of Confidential Information at trial and will continue to apply to Confidential Information unless or until such information is placed in the public record. Notwithstanding the foregoing, trial of this action does not invalidate the Order entered by this Court on May 11, 2009 instituting a discovery wall, nor does it affect the stay of discovery imposed in the Securities Case pursuant to the automatic discovery stay provisions of the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(b)(3)(B) (the "PSLRA"). Nothing herein shall preclude a party from

1  requesting that information used a trial be admitted under seal in accordance with procedures

2  established by the Court at a pretrial conference and applicable law.  Moreover, NVIDIA reserves

3  its right to move for additional protection of information, whether designated confidential or not,

4  in light of the discovery stay provisions of the PSLRA, and Plaintiffs reserve the right to oppose

5  such requests.

6      P.    Nothing herein shall be deemed to waive any applicable privilege or protection, or

7  to affect the ability of a party or non-party to seek relief under Federal Rule of Evidence 502 and

8  other applicable law.  Except as may be expressly agreed to the contrary, NVIDIA does not

9  intend to disclose material that is subject to any applicable privilege or protection.

10     Q.    This Order may be modified only by the written consent of all parties to the Order

11 and the Court, or, with respect to the Confidential Information of a specific party or non-party, by

12 the written consent of that party or non-party that designated the Confidential Information.

13 Nothing contained herein shall be construed or applied to alter or limit the rights of any party

14 under any applicable insurance policies.  This Order shall not prevent any party from later

15 seeking to modify its terms or from seeking any such further provisions or relief as may be

16 deemed appropriate or desirable.

17     R.    The parties will remain bound by this Order. ~~and the~~ **The** Court shall retain jurisdiction

18 to enforce this Order **for a period of six months** after termination of the Actions.

19     SO STIPULATED.

20 Dated:  September 17, 2009    MILBERG LLP
21     300 South Grand Avenue, Suite 3900
    Los Angeles, CA  90071
22     Telephone:    (213) 617-1200
    Facsimile:    (213) 617-1975
23

24     By:    */s/ Jeff S. Westerman*
25     Jeff S. Westerman

26     *Interim Lead Counsel for Plaintiffs*

27

28 *I hereby attest that I have on file all holograph signatures for any signatures indicated by a "conformed" signature (/s/) within this efiled document.*

Dated: September 17, 2009

ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone: (415) 773-5700
Facsimile: (415) 773-5759


By: */s/ Robert P. Varian*
    Robert P. Varian

*Counsel for Defendant NVIDIA*

**PURSUANT TO STIPULATION (AS MODIFIED BY THE COURT), IT IS SO ORDERED.**

Dated: September 22, 2009

HONORABLE HOWARD R. LLOYD
MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

# CERTIFICATION

I, _____, certify my understanding that Confidential Information is being provided to me pursuant to the terms and restrictions of the Stipulated Protective Order Regarding Confidential Information dated _____, 2009, in *The NVIDIA GPU Litigation*, Case No. C 08-04312 JW (Consolidated). I have been given a copy of and have read that Order and agree to be bound by it. I understand that all such Confidential Information and copies thereof, including, but not limited to, any notes or other transcripts made therefrom, shall be maintained in a secure manner and shall be returned no later than 30 days after the termination of this action to (1) the counsel for any party or other person who provided such Confidential Information, or (2) the counsel who I have retained, or has retained me.

DATED:_____          _____