NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THE NVIDIA GPU LITIGATION | No. C08-04312 JW (HRL) |
| | **ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL** |
| | **[Re: Docket No. 143]** |

_____/

The instant case is a consolidated action brought by a putative class of consumers who purchased computers that came pre-installed with allegedly defective graphics processing units ("GPUs") manufactured by defendant NVIDIA Corporation ("NVIDIA"). Third parties Dell, Inc. ("Dell"), Apple Inc. ("Apple"), and Hewlett-Packard Company ("HP") are the original equipment manufacturers ("OEMs") that purchased NVIDIA's GPUs for use in computers that they then sold to plaintiffs. Plaintiffs allege that NVIDIA was aware of the problem with its GPUs but failed to offer consumers an appropriate remedy.

Plaintiffs now move to compel OEM-authored documents in NVIDIA's possession that NVIDIA has withheld on grounds that they are protected under joint defense agreements with its OEMs. NVIDIA does not oppose the motion outright, but responds that it will defer to its OEMs. Apple and HP oppose the motion.[1] Pursuant to Civil Local Rule 7-1(b), the court finds the matter suitable for determination without oral argument, and the December 2, 2009 hearing is vacated.

---

[1] During the course of briefing, plaintiffs withdrew their motion to compel with respect to Dell.

**DISCUSSION**

**A.     Apple Documents**

Apple primarily opposes production of its documents on account of an earlier-pending motion to dismiss. However, on November 19, 2009, Judge Ware issued an order granting that motion in part. (Docket No. 159.) Therefore, Apple's opposition on this ground is moot.

In the absence of a pending motion to dismiss, Apple objects only to the production of its settlement agreement with NVIDIA. It argues that the Federal Rules of Evidence preclude the admissibility of settlement agreements and that plaintiffs have not shown how the agreement could otherwise lead to discoverable evidence. Plaintiffs disagree, noting that NVIDIA relies on the settlement agreements with each of its OEMs as a "complete defense to any recovery." (Reply 6.) They say that the agreements might lead to evidence that could help them overcome NVIDIA's defense, such as information about the scope of warranty coverage or the effectivity of any remedial action. Plaintiffs have thus shown that the settlement agreement between NVIDIA and Apple is reasonably calculated to lead to the discovery of admissible evidence. *See* Fed. R. Civ. P. 26(b)(1) (indicating that relevance is construed more broadly during discovery than it is for trial).

**B.     HP Documents**

HP does not object to the production of some of the documents at issue in this motion. (Henning Decl. Ex. 1.) However, it does object to the production of "Contested Documents" that it asserts are protected by the work-product doctrine.[2] (Henning Decl. Ex. 2.) Plaintiffs counter that as a third-party, HP has no standing to invoke work-product protection. They further assert that even if HP did have standing, it failed to properly support its assertion.

The Federal Rules protect from discovery those "documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)." Fed. R. Civ. P. 26(b)(3). Yet protection of such work product is limited to "one who is a party (or a party's representative) to the litigation in which discovery is sought." *In re Cal. Pub. Utils. Comm'n*, 892

///

---

[2] HP also suggests in passing that some of these documents are privileged attorney-client communications, but provides no evidence to support this assertion.

2

F.2d 778, 781 (9th Cir. 1989). Non-parties cannot directly invoke work-product protection, even if disclosure might cause it hardship. *Id.*

HP asserts that it has standing to invoke the work-product doctrine because it was originally a defendant in several of the consolidated cases. It claims that the only reason it is not now a defendant in the consolidated action is because plaintiffs agreed to not sue HP "for a limited forbearance period." (HP Opp'n 5.) Therefore, it argues, denying it the ability to assert this protection would "eviscerate the work product doctrine and lead to illogical, and abusive, results." (HP Opp'n 9.)

Nevertheless, HP is not a party to the instant litigation. Nor has it provided any evidence suggesting that plaintiffs' true intent is to obtain the documents at issue and then amend the complaint to assert claims against HP. Although HP is involved in related, pending litigation, the court "is not free to suspend the requirement" that only parties and their representatives may invoke work-product protection. *In re Cal. Pub. Utils. Comm'n*, 892 F.2d at 781. Furthermore, HP may assuage its concerns by availing itself of the protections available in this case's stipulated protective order, which allows non-parties to designate information as confidential. (*See* Docket No. 134.)

Yet even if HP had standing to assert work-product protection, it has failed to support its contention. Documents that have some ordinary business purpose are eligible for work-product protection if, under the totality of the circumstances, "it can fairly be said that the 'document was created because of anticipated litigation, and would not have been created in substantially similar form but for the prospect of that litigation.' " *In re Grand Jury Subpoena (Mark Torf/Torf Envtl. Mgmt.)*, 357 F.3d 900, 907–08 (9th Cir. 2004) (citation omitted). HP claims that the Contested Documents—which include presentations, spreadsheets, photographs, and testing protocols—were created either in anticipation of litigation or after litigation commenced. It asserts that accordingly, a litigation purpose " 'so permeates' the materials that any business purpose is indistinguishable from the legal purpose." (HP Opp'n 9.) Plaintiffs counter that a litigation purpose does not so permeate the Contested Documents because, they say, HP would have tested faulty computers even in the absence of litigation.

///

The court is unpersuaded that HP created the Contested Documents "because of" threatened or pending litigation. First, HP has not sufficiently described the documents in its privilege log to enable the court to assess the applicability of the work-product doctrine.[3] *See Dole v. Milonas*, 889 F.2d 885, 888 n.3 (9th Cir. 1989) (providing the common elements of a privilege log). Second, HP has failed to convince that under the totality of the circumstances, litigation purposes—and the direction of counsel—led it to investigate customer complaints and perform root-cause analyses as evinced in the Contested Documents. Instead, it seems far more likely that HP's efforts were "because of" an ordinary business purpose: to find a solution to technical problems involving its computers in the face of repeated customer complaints. Accordingly, even if it had standing, HP has failed to show that the Contested Documents are subject to protection under the work-product doctrine.[4]

**CONCLUSION**

Based on the foregoing, plaintiffs' motion to compel is GRANTED. In light of the parties' mediation set for Dec. 16, 2009, NVIDIA shall produce the Apple and HP documents within two days of this order.

**IT IS SO ORDERED.**

Dated: November 30, 2009

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

---

[3] HP claims that it was unable to provide a proper assessment of the documents on account of the expedited briefing schedule for this motion. However, the parties' stipulated to, and this court granted, an allowance of additional time for HP to file its opposition. This resulted in HP actually having *more* time than it would have had under a standard briefing schedule.

[4] In any case, disclosure of the Contested Documents is appropriate under the circumstances because plaintiffs have demonstrated that they have a substantial need for the discovery to help prove their claims and to respond to NVIDIA's defenses, and also that they cannot obtain the substantial equivalent elsewhere because HP is the source of the data and information. *See* Fed. R. Civ. P. 26(b)(3).

**C 08-04312 Notice will be electronically mailed to:**

| | |
|---|---|
| Alan M. Mansfield | alan@clgca.com, sally@clgca.com |
| Alreen Haeggquist | alreenh@zhlaw.com, judyj@zhlaw.com |
| Daniel Emmett McGuire | dmcguire@morganlewis.com |
| Eric David Freed | eric@freedweiss.com, paul@freedweiss.com, sherrie@freedweiss.com |
| George Kevin Lang | george@freedweiss.com |
| Gina M. Tufaro | gtufaro@hhplawny.com, kreid@hhplawny.com |
| Helen I. Zeldes | helenz@zhlaw.com |
| Howard Holderness, III | hholderness@morganlewis.com, cgreenblatt@morganlewis.com |
| Ira P. Rothken | ndca@techfirm.com |
| James C. Sturdevant | jsturdevant@sturdevantlaw.com, arocha@sturdevantlaw.com, bnuss@sturdevantlaw.com, kbecker@sturdevantlaw.com |
| James E. Cecchi | jcecchi@carellabyrne.com |
| Jeff S. Westerman | jwesterman@milberg.com, cchaffins@milberg.com, nduckett@milberg.com, psafirstein@milberg.com, rriggs@milberg.com |
| Joe R. Whatley, Jr | jwhatley@wdklaw.com, ecf@whatleydrake.com |
| John Allen Lowther, IV | john@doylelowther.com |
| Jonathan Shub | jshub@seegerweiss.com, atorres@seegerweiss.com |
| Joshua Daniel Watts | eholcomb@orrick.com, jwatts@orrick.com, vadelman@orrick.com |
| Justin Myer Lichterman | jlichterman@orrick.com |
| Lindsey H. Taylor | ltaylor@carellabyrne.com |
| Meredith Ann Galto | mgalto@morganlewis.com |
| Michael A. Schwartz | mschwartz@hhplawny.com |
| Monique Olivier | molivier@sturdevantlaw.com, arocha@sturdevantlaw.com, bnuss@sturdevantlaw.com, kbecker@sturdevantlaw.com |
| Nicholas Koluncich, III | nkoluncich@newmexicoclassactions.com |
| Nicole Marie Duckett | nduckett@milberg.com, cchaffins@milberg.com |
| Paul O. Paradis | pparadis@hhplawny.com, kreid@hhplawny.com |
| Paul R. Kiesel | Kiesel@kbla.com, jsalgueiro@kbla.com, sharo@kbla.com |
| Ralph M. Stone | rstone@lawssb.com |
| Robert A. Particelli | rparticelli@morganlewis.com |
| Robert P. Varian | rvarian@orrick.com, bclarke@orrick.com |
| Thomas G Ciarlone, Jr | tciarlone@lawssb.com, tciarlone@lawssb.com |
| Whitney Huston | whuston@sturdevantlaw.com, arocha@sturdevantlaw.com, kbecker@sturdevantlaw.com |

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**