MILBERG LLP
JEFF S. WESTERMAN (SBN 94559)
jwesterman@milberg.com
NICOLE M. DUCKETT (SBN 198168)
nduckett@milberg.com
One California Plaza
300 S. Grand Avenue, Suite 3900
Los Angeles, CA 90071
Telephone: (213) 617-1200
Facsimile: (213) 617-1975

MILBERG LLP
PETER SAFIRSTEIN
psafirstein@milberg.com
ROLAND RIGGS
rriggs@milberg.com
One Pennsylvania Plaza, 49th Floor
New York, NY 10119
Telephone: (212) 594-5300
Facsimile: (212) 868-1229

*Interim Lead Class Counsel*

IT IS SO ORDERED AS MODIFIED
Judge James Ware
5/13/2010

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE NVIDIA GPU LITIGATION <br><br> ──────────────────────────── <br><br> This Document Relates To: <br><br> ALL ACTIONS. | CLASS ACTION <br><br> Case No. C 08-4312 JW <br><br> STIPULATION AND [PROPOSED] ORDER TO MODIFY DISCOVERY CUT-OFF DATE |

STIP. AND ORDER TO MODIFY DISCOVERY
CUT-OFF DATE
Case No. C 08-4312 JW

DOCS\513501v1

The Court, in its Scheduling Order dated May 14, 2009, set dates for class certification, dispositive motions, close of discovery and a preliminary pretrial conference.  Since that time, several of the dates were continued, issues specific to the discovery in this case surfaced and the parties continue to engage in extensive settlement efforts, including three mediations to date. Based on new circumstances in the ligation, including (1) currently pending motions to dismiss and for class certification, (2) particularly voluminous discovery and (3) ongoing settlement efforts, the parties request the Court continue the discovery cut-off date from July 12, 2010 to January 21, 2011, and continue using the related time frames stemming from the discovery cut-off and thus the framework of the Court's original Scheduling Order, to allow sufficient time for resolution of important issues prior to the close of discovery.

The parties request continuing the discovery close date to January 2011 because they wish to keep the Court's date format in place but agree among themselves to set additional deadlines - within the Court's Scheduling Order - for close of merits discovery, close of expert discovery and briefing on dispositive motions.  The parties intend to end merits discovery some time before the close of discovery and leave more time for expert discovery, and the parties intend to allow more time for dispositive motion briefing.  Setting the discovery cut-off for January 21, 2011 allows the parties to respect these agreed upon internal deadlines and still adhere to the time frames set in the Court's Scheduling Order.

**1.     Pending Motions**

The Court decided NVIDIA's first Motion to Dismiss on November 19, 2009.  A second Motion to Dismiss was filed that is still in the process of briefing and is set for hearing on June 14, 2010.

The parties will complete briefing on class certification on May 24, 2010, and the Court is set to hear the motion on June 14, 2010.

In addition, the Court set a case management conference for June 14, 2010, vacating the Preliminary Pretrial Conference originally set for that date.  The parties believe it is premature to

STIP. AND ORDER TO MODIFY DISCOVERY
CUT-OFF DATE
Case No. C 08-4312 JW

- 1 -

DOCS\513501v1

1  complete discovery and incur the expense of expert reports before critical issues in the case are
2  decided.

### 2.  Discovery Status

The parties are working together very cooperatively with respect to discovery and, to date, needed the Court's assistance on a motion to compel in only one instance, against a non-party. The parties continue to resolve discovery issues as informally as possible without the need for court intervention. However, the discovery process is time consuming in light of the volume of documents at issue and the number of third parties involved with the case, including 12 original equipment manufacturers ("OEMs") plus a supplier, retailers and insurers. The parties and the third parties are meeting and conferring regularly, but a number of discovery issues remain in progress as discovery continues on a rolling basis. For example, one of the primary OEMs agreed to produce documents but is requesting more time, and Plaintiffs would like to extend this courtesy. The parties anticipate the need for additional discovery including depositions of NVIDIA and representatives of non-parties and from designation of expert witnesses.

### 3.  Continued Settlement Efforts

The parties engaged in active settlement efforts with the Honorable Layn R. Phillips (Ret.) and have direct communications among themselves. The parties continue to pursue settlement based on Judge Phillips' observation that litigation costs would be minimized, and the interests of all parties would be best served, by the parties continuing their discussions. In light of these efforts, the parties are attempting to minimize costs by not enlisting outside experts and incurring other litigation expenses that will impact the cost of settlement. Settlement discussions will continue. The parties also believe it is beneficial to have a settled and operative complaint, through adjudication of the pending Motion to Dismiss and adjudication of class certification,

STIP. AND ORDER TO MODIFY DISCOVERY
CUT-OFF DATE                                  - 2 -
Case No. C 08-4312 JW

DOCS\513501v1

before discovery is closed, as was anticipated by the Court in its May 14, 2009 Scheduling Order.[1]

For all of these reasons, the parties are in agreement that the discovery cut-off date should be modified as indicated below and adopted by the Court, while continuing to key the dates stemming from the discovery cut-off under the same time spacing as set in the Court's Scheduling Order, which is reproduced below showing the proposed dates.

**Case Schedule**

| DEADLINE/HEARING | CURRENT DATE | PROPOSED DATE |
|---|---|---|
| Hearing on Rule 12 Motions | June 14, 2010 at 9:00 a.m. [2] | |
| Close of Briefing on Motion for Class Certification | May 24, 2010 [3] | |
| Hearing on Motion for Class Certification | June 14, 2010 at 9:00 a.m.[4] | |
| Close of All Discovery (¶ 9) | July 12, 2010 | January 21, 2011 |
| Last Date for Hearing Dispositive Motions (¶ 10) *(~60 days after the Close of All Discovery)* | September 13, 2010 | March 22, 2011 |
| Preliminary Pretrial Conference at 11 a.m. (¶ 12) *(~30 days before the Close of All Discovery)* | | **December 13, 2010** |
| Preliminary Pretrial Conference Statements (¶ 11) (*Due 10 days before conference*) | | **December 3, 2010** |

---

[1] Plaintiffs filed the Third Amended Consolidated Complaint which replaces former - voluntarily dismissed - Plaintiff Inicom Networks, Inc. with new name Plaintiffs Nathan DeBockler and John Russo on May 5, 2010, pursuant to the Court's Order.

[2] Continued from September 28, 2009 pursuant to March 8, 2010 Order granting Stipulation.

[3] Continued from November 16, 2009 pursuant to March 8, 2010 Order granting Stipulation.

[4] Continued from December 7, 2009 pursuant to March 8, 2010 Order granting Stipulation.

STIP. AND ORDER TO MODIFY DISCOVERY CUT-OFF DATE
Case No. C 08-4312 JW

- 3 -

DOCS\513501v1

1  None of the dates set in this Order may be changed without an order of the Court made
2 after a motion is filed pursuant to the Civil Local Rules of Court.

### Standing Order to Lodge Printed Copy of "ECF" Papers

4  1.  In all cases, including cases covered by the Electronic Case Filing System of the Court "ECF," when filing papers in connection with any motion or any pretrial conference, in addition to filing the paper electronically, the filing parties shall lodge with the Clerk's Office a printed copy of the papers, in an envelop clearly marked "Chamber's Copy – Lodged for the Chambers of Judge James Ware." The "Chamber's Copy" envelop must state the case name and case number and be delivered on or before the close of the next court day following the day the papers are filed electronically. See Standing Order Regarding Case Management in Civil Cases.

### Compliance with Discovery Plan and Reference to Magistrate Judge

2.  The Court adopts the Discovery Plan proposed by the parties in their Joint Case Management Statement. The parties are ordered to comply with the discovery plan. Any disputes with respect to the implementation of the discovery plan and all disclosure or discovery disputes are referred to the assigned Magistrate Judge. In addition, any disputes pertaining to service or joinder of parties or claims are referred to the assigned Magistrate Judge.

### Document Management During Pretrial Discovery and Electronic Evidence Presentation

3.  This Court has available a digital and video electronic evidence presentation system. Before commencement of pretrial discovery, the parties are ordered to familiarize themselves with the system, and to meet and confer about whether the case will involve voluminous documentary. If so, as the parties identify documentary material which is likely to be used as trial exhibits, the parties are ordered to electronically store these materials in a fashion which will facilitate displaying them electronically during the trial. The parties are reminded that Civil L.R. 30-2(b) requires sequential numbering of exhibits during depositions and that numbering must be maintained for those exhibits throughout the litigation. Each proposed exhibit shall be pre-marked for identification. All exhibits shall be marked with numerals. The

1  parties shall meet and confer on a division which will avoid duplication (e.g., Plaintiff: 1-99,000;
2  Defendant #1: 100,000-299,999; Defendant #2: 300,000-500,000).

### Disclosure of Expert Witnesses

4      4.     Any party wishing to present expert witness testimony with respect to a claim or a defense shall lodge with the Court and serve on all other parties the name, address, qualifications, résumé and a written report which complies with Fed. R. Civ. P. 26(a)(2)(B) **63 days before close of discovery.** Expert witness disclosure must be made with respect to a person who is either (a) specially retained or specially employed to provide expert testimony pursuant to Fed.R.Evid. 702 or (b) a regular employee or agent or treating physician who may be called to provide expert opinion testimony.

11     5.     The parties are also required to lodge any supplemental reports to which an expert will testify at trial in accordance with Fed. R. Civ. P. 26(a)(2)(B).

13     6.     Any party objecting to the qualifications or proposed testimony of an expert must file, serve and notice a motion to exclude the expert or any portion of the expert's testimony in writing in accordance with Civil Local Rule 7-2, for hearing no later than **42 DAYS AFTER BOTH EXPERT AND REBUTTAL EXPERT DISCLOSURES ON A MONDAY (LAW AND MOTION DAY) at 9:00 a.m.** and preferably before or on the same day as the discovery cutoff date at 9:00 a.m.

### Rebuttal Expert Witnesses

20     7.     If the testimony of the expert is intended solely to contradict or rebut opinion testimony on the same subject matter identified by another party, the party proffering a rebuttal expert shall make the disclosures required by Fed. R. Civ. P. 26(a)(2)(B), no later than **49 days prior to discovery cutoff.**

### Limitation on Testimony by Expert Witnesses

25     8.     Unless the parties enter into a written stipulation otherwise, upon timely objection, an expert witness shall be precluded from testifying about any actions or opinions not disclosed prior to the expert's deposition. This is to ensure that all factual material upon which

STIP. AND ORDER TO MODIFY DISCOVERY
CUT-OFF DATE
Case No. C 08-4312 JW

- 5 -

expert opinion may be based and all tests and reports are completed prior to the expert deposition. Unless application is made prior to the close of expert discovery, each party will be limited to calling only one expert witness in each discipline involved in the case.

### Close of Discovery

9. Pursuant to Civil L.R. 26-2, all discovery, including supplemental disclosure, depositions of fact witness and expert witnesses, must be completed on or before the deadline set forth in the Case Schedule above.

### Last Date for Hearing Dispositive Motions

10. The last day for hearing dispositive motions is set forth in the Case Schedule above. Any motions must be noticed in accordance with the Civil Local Rules of this Court.

### Preliminary Pretrial and Trial Setting Conference Statement and Proposed Order

11. The attorneys who will try the case are ordered to confer with one another and to file and lodge with Chambers on or before the deadline set forth in the Case Schedule above a Preliminary Pretrial and Trial Setting Conference Statement and Proposed Order, stating their readiness for trial, the amount of time which the Court should allocate for trial and the calendar period for the trial.

12. The attorneys who will try the case are ordered to appear on the date set in the Case Schedule at 11:00 a.m. for a Preliminary Pretrial and Trial Setting Conference.

13. With respect to the time allocation for trial, at the Preliminary Pretrial and Trial Setting Conference trial counsel will be asked to stipulate to a time allocation to each side for the trial of the case. Once a stipulated allocation has been entered, the parties must plan their presentations to conform to the stipulated time allocation.

1  IT IS STIPULATED AND AGREED, by and between Plaintiffs and NVIDIA, through
2  their counsel of record, subject to Court approval, that the Scheduling Order above be adopted by
3  the Court.

4  DATED: May 6, 2010

MILBERG LLP
JEFF S. WESTERMAN
NICOLE M. DUCKETT

_/s/ Nicole M. Duckett_
NICOLE M. DUCKETT

One California Plaza
300 S. Grand Avenue, Suite 3900
Los Angeles, CA  90071
Telephone:    (213) 617-1200
Facsimile:    (213) 617-1975

*Interim Lead Class Counsel*

DATED: May 6, 2010

ORRICK HERRINGTON & SUTCLIFFE LLP
ROBERT P. VARIAN
JAMES NEIL KRAMER
JUSTIN MYER LICHTERMAN
JOSHUA DANIEL WATTS

_/s/ Justin M. Lichterman_
JUSTIN M. LICHTERMAN

405 Howard Street
San Francisco, CA 94105
Telephone:    (415) 773-5700
Facsimile:    (415) 773-5759

*Counsel for Defendant NVIDIA Corporation*

PURSUANT TO STIPULATION, IT IS SO ORDERED AS MODIFIED.

DATED: May 13, 2010

_____
JAMES WARE
United States District Judge

STIP. AND ORDER TO MODIFY DISCOVERY CUT-OFF DATE
Case No. C 08-4312 JW

- 7 -

DOCS\513501v1

DECLARATION OF SERVICE BY CM/ECF AND/OR MAIL

I, the undersigned, declare:

1. That declarant is and was, at all times herein mentioned, employed in the County of Los Angeles, over the age of 18 years, and not a party to or interest in the within action; that declarant's business address is One California Plaza, 300 South Grand Avenue, Suite 3900, Los Angeles, California 90071-3149.

2. Declarant hereby certifies that on May 6, 2010, declarant served the **STIPULATION AND [PROPOSED] ORDER TO MODIFY DISCOVERY CUT-OFF DATE** by electronically filing the foregoing document listed above by using the Case Management/ Electronic Case filing system.

3. Declarant further certifies:

☐ All participants in the case are registered CM/ECF users and that service will be accomplished by the court's CM/ECF system

☒ Participants in the case who are registered CM/ECF users will be served by the court's CM/ECF system.  Participants in the case that are not registered CM/ECF users will be served by First-Class Mail, postage pre-paid or have dispatched to a third-party commercial carrier for delivery to the non-CM/ECF participants as addressed and listed in the Service List.

4. That there is a regular communication by mail between the place of mailing and the places so addressed.

I declare under penalty of perjury that the foregoing is true and correct.  Executed this 6th day of May, 2010, at Los Angeles, California.

_____
CECILLE CHAFFINS

STIP. AND ORDER TO MODIFY DISCOVERY CUT-OFF DATE
Case No. C 08-4312 JW

- 8 -

DOCS\513501v1

# Mailing Information for a Case 5:08-cv-04312-JW

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **James E. Cecchi**
  jcecchi@carellabyrne.com

- **Thomas G Ciarlone , Jr**
  tciarlone@lawssb.com,tciarlone@lawssb.com

- **John Watson Crongeyer**
  jwc@birdlawgroup.com,ecn@birdlawgroup.com

- **Nicole Marie Duckett**
  nduckett@milberg.com,mbowman@milberg.com,cchaffins@milberg.com

- **Eric David Freed**
  eric@freedweiss.com,paul@freedweiss.com,sherrie@freedweiss.com

- **Alreen Haeggquist**
  alreenh@zhlaw.com,judyj@zhlaw.com

- **Kristofor Tod Henning**
  khenning@morganlewis.com

- **Howard Holderness**
  hholderness@morganlewis.com,cgreenblatt@morganlewis.com

- **Whitney Huston**
  whuston@sturdevantlaw.com,arocha@sturdevantlaw.com,kbecker@sturdevantlaw.com

- **Paul R. Kiesel**
  Kiesel@kbla.com,sharo@kbla.com,jsalgueiro@kbla.com

- **Nicholas Koluncich , III**
  nkoluncich@newmexicoclassactions.com

- **George Kevin Lang**
  george@freedweiss.com

- **Justin Myer Lichterman**
  jlichterman@orrick.com

- **John Allen Lowther , IV**
  john@doylelowther.com

- **Alan M. Mansfield**
  alan@clgca.com,sally@clgca.com

- **Heather A. Moser**
  hmoser@mofo.com,cpeplinski@mofo.com

- **Monique Olivier**
  molivier@sturdevantlaw.com,arocha@sturdevantlaw.com,bnuss@sturdevantlaw.com,kbecker@sturdevantlaw.com

- **Paul O. Paradis**
  pparadis@hhplawny.com,kreid@hhplawny.com

- **Ira P. Rothken**
  ndca@techfirm.com

- **Coleen Patricia Schoch**
  cschoch@orrick.com

- **Michael A. Schwartz**
  mschwartz@hhplawny.com

- **Jonathan Shub**
  jshub@shublaw.com,atorres@seegerweiss.com

- **Ralph M. Stone**
  rstone@lawssb.com

- **James C. Sturdevant**
  jsturdevant@sturdevantlaw.com,arocha@sturdevantlaw.com,bnuss@sturdevantlaw.com,kbecker@sturdevantlaw.com

- **Lindsey H. Taylor**
  ltaylor@carellabyrne.com

- **Gina M. Tufaro**
  gtufaro@hhplawny.com,kreid@hhplawny.com

- **Robert P. Varian**
  rvarian@orrick.com,bclarke@orrick.com

- **Joshua Daniel Watts**
  jwatts@orrick.com,vadelman@orrick.com,pbenetz@orrick.com

- **Jeff S. Westerman**
  jwesterman@milberg.com,nduckett@milberg.com,mbowman@milberg.com,kwong-ervin@milberg.com,rriggs@milberg.com,psafirstein@milberg.com,cchaffins@milberg.com

- **Joe R. Whatley , Jr**
  jwhatley@wdklaw.com,ecf@whatleydrake.com

- **Helen I. Zeldes**
  helenz@zhlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
James V. Bashian
The Law Offices of James V. Bashian, P.C.
500 Fifth Avenue, Suite 2700
```

New York, NY 10110

**Richard J. Burke**
Richard J. Burke LLC
1010 Market Street, Suite 650
St. Louis, MO 63101

**Edward Y. Kroub**
Horwitz Horwitz & Paradis
28 West 44th Street
16th Floor
New York, NY 10036

**Brant C. Martin**
Wick Phillips, LLP
2100 Ross Avenue
Suite 950
Dallas, TX 75201

**Roland Riggs**
Millberg, LLP
One Pennsylvania Avenue
New York, NY 10119

**Robert B. Weiser**
The Weiser Law Firm, P.C.
121 N. Wayne Avenue, Suite 100
Wayne, PA 19087

**Paul M. Weiss**
Freed  & Weiss LLC
111 W. Washington Street, Suite 1331
Chicago, IL 60602