1   ROBERT P. VARIAN (SBN. 107459)
    *E-mail: rvarian@orrick.com*
2   JAMES N. KRAMER (SBN. 154709)
    *E-mail: jkramer@orrick.com*
3   JUSTIN M. LICHTERMAN (SBN. 225734)
    *E-mail: jlichterman@orrick.com*
4   MICHELLE L. LEUNG (SBN 252937)
    *E-mail: mleung@orrick.com*
5   JENNIFER NEJAD (SBN 267109
    *E-mail: jnejad@orrick.com*
6

7   ORRICK, HERRINGTON & SUTCLIFFE LLP
    The Orrick Building
8   405 Howard Street
    San Francisco, CA  94105-2669
9   Telephone:  (415) 773-5700
    Facsimile:   (415) 773-5759

10  Attorneys for Defendant
    NVIDIA CORPORATION
11

12                    UNITED STATES DISTRICT COURT

13                  NORTHERN DISTRICT OF CALIFORNIA

14                         SAN JOSE DIVISION

15

16  THE NVIDIA GPU LITIGATION          Case No.  C 08-04312 JW

17                                     **REDACTED VERSION**

18                                     **DEFENDANT'S RESPONSES TO
                                       PLAINTIFFS' OBJECTIONS AND
19                                     REBUTTAL TO NVIDIA'S UNTIMELY
                                       AND IMPROPERLY FILED
20  This Document Relates to:          SUPPLEMENTAL SUBMISSIONS IN
    ALL ACTIONS                        SUPPORT OF ITS OPPOSITION TO
21                                     PLAINTIFFS' MOTION FOR CLASS
                                       CERTIFICATION**

22                                     Date:        June 14, 2010
23                                     Time:        9:00 A.M.
                                       Courtroom: 8, 4th Floor
24                                     Judge:       Honorable James Ware

25

26

27

28

1    Defendant NVIDIA Corporation respectfully submits this Response to Plaintiffs'

2 Objections and Rebuttal to NVIDIA's Untimely and Improperly Filed Supplemental Submissions

3 in Support of Its Opposition to Plaintiffs' Motion for Class Certification (hereafter, "Plaintiffs'

4 Objections").

5 **I.    SUMMARY OF ISSUES.**

6    Plaintiffs object to four documents submitted by NVIDIA:  (1) a Statement of Recent

7 Decision ("Statement"); (2) a Request for Judicial Notice Regarding the Declaration of Richard

8 Hunt Hodge, which is contained in this Court's files in a pending class action, titled *Nygren v.*

9 *Hewlett-Packard Co.*, No. 07-05793 (JW) (N.D. Cal.); (3) NVIDIA's Response to Plaintiffs'

10 Objections to the Declaration of Keith Katcher Regarding Defendant's Opposition to Motion for

11 Class Certification ("Response to Objections to Katcher Declaration"); and (4) NVIDIA's

12 Response to Plaintiffs' Objections to the Declaration of Jon Peddie Regarding Defendant's

13 Opposition to Motion for Class Certification ("Response to Objections to Peddie Declaration").

14 For the reasons explained in detail below, Plaintiffs' objections are wholly unfounded.

15    Before addressing those issues, however, NVIDIA notes that for purposes of this

16 response, there is no point in responding to the confused statements made in either of Mr.

17 Thompson's declarations.  It is not just that he is a litigation expert brought in at the last minute

18 as part of a misguided effort to salvage plaintiffs' motion, or that he performed no research,

19 conducted no tests, examined no computers or chips, and had no access to any of the actual data

20 regarding the real world performance of the computers and chips at issue.  His litigation-driven

21 hypothesis is directly refuted by layers of facts and data that plaintiffs do not even try to dispute.

22    Mr. Thompson does not -- and cannot possibly -- take issue with the <u>empirical fact</u> that

23 more than 99% of the "class computers" have experienced no malfunction, despite being in the

24 field since 2006.  Nor can he dispute the results of more than a year of real world testing

25 performed by NVIDIA, OEMs and other parties who had overpowering business, financial and

26 economic reasons to get to the bottom of the underlying issues, and get it right.

27    The declarations do not come close to discharging plaintiffs' burdens under Rule 23.

28 They cannot possibly withstand the requisite "rigorous analysis," even in the narrow areas that

1   they attempt to address. More importantly, even if Mr. Thompson's patently erroneous

2   conclusions were accepted as 100% correct, the motion would have to be denied because it fails

3   to satisfy the requirements of Rule 23 on a host of other grounds.

4        Plaintiffs' specific objections go nowhere either. *First*, NVIDIA is permitted to file a

5   Statement of Recent Decision by Local Rule 7-3(d), and did so in conformity with that rule. The

6   Statement included only the information necessary to demonstrate that the case attached thereto,

7   *Payne v. Fujifilm U.S.A., Inc.*, is relevant to this case, as required by the Local Rule. Plaintiffs'

8   objection is pure makeweight.

9        *Second*, Plaintiffs' objection to NVIDIA's Request for Judicial Notice ("RJN") is

10  misleading. Specifically, Plaintiffs argue that the declaration of Hunt Hodge was filed with this

11  Court on April 12, 2010, so NVIDIA should have filed it together with its Opposition to

12  Plaintiffs' Motion for Class Certification ("Opposition") on May 3, 2010. But Plaintiffs know

13  full well that Mr. Hodge's declaration was filed under seal in the *Nygren* case, and not publicly

14  available until June 3, 2010 -- one month **after** NVIDIA filed its Opposition.

15       Moreover, the Hodge Declaration is directly relevant to plaintiffs' contention that

16  NVIDIA's chips were defectively designed and so defective at the point of manufacture. The

17  Hodge Declaration clearly shows that the chips not only passed NVIDIA's testing, but also

18  passed computer testing performed by NVIDIA's customers after the chips were incorporated

19  into computer systems. Mr. Hodge's testimony provides empirical evidence that directly refutes

20  Plaintiffs' contentions, and so could not be more relevant.

21       *Third*, Plaintiffs only filed their evidentiary objections to the Katcher and Peddie

22  Declarations with their Reply brief on May 24, 2010. Obviously, NVIDIA could not respond to

23  Plaintiffs' objections before they were even filed. Accordingly, NVIDIA appropriately filed its

24  response as soon as practicable after Plaintiffs filed their evidentiary objections.

25       NVIDIA next addresses each of Plaintiffs' objections in turn.

26

27

28

## II. NVIDIA'S STATEMENT OF RECENT DECISION COMPLIED WITH CIVIL LOCAL RULE 7-3(d).

Civil Local Rule 7-3(d) permits a party to "bring to the Court's attention a relevant judicial opinion published after the date the opposition or reply was filed." That is exactly what NVIDIA did here.

- On **May 3, 2010**, NVIDIA filed its Opposition to Plaintiffs' motion for class certification;

- On **May 24, 2010**, Plaintiffs filed their Reply;

- On **May 28, 2010**, the judicial opinion at issue here, *Payne v. Fujifilm U.S.A., Inc.*, Civ. A. No. 2:07-385 (GEB) (D.N.J. May 28, 2010), was published.

Plainly, *Payne* was published after NVIDIA filed its Opposition and Plaintiffs filed their Reply. Thus, NVIDIA was entitled to and did bring the opinion to the Court's attention via Civil Local Rule 7-3(d). Plaintiffs' gripe is much ado about nothing.

Nonetheless, Plaintiffs protest that NVIDIA's one page Statement amounts to improper argument. Plaintiffs are wrong. NVIDIA provided a brief description of *Payne*'s holding and authority relied upon by the court solely to demonstrate that *Payne* is "a ***relevant*** judicial opinion," as required by the Local Rule. Regardless, NVIDIA asks only that the Court review and consider the *Payne* case, which speaks for itself. To the extent the Court believes NVIDIA's Statement contains improper argument, it may disregard that argument.

In truth, Plaintiffs' objection is merely a pretext to argue the merits of the *Payne* case and its applicability here -- which, ironically, itself violates Local Rule 7-3(d). Plaintiffs further violate the Rule by citing, for the first time, two entirely new documents and introducing a new expert declaration without "prior Court approval." Plaintiffs' Objections, pp. 2, 5. Under the circumstances, Plaintiffs' complaints about NVIDIA's Statement of Recent Decision ring hollow.

Finally, Plaintiffs' innuendo that NVIDIA withheld documents because of their substance is unfounded, false, and borne of desperation. NVIDIA's recent document production contained nothing new or substantively different from information contained in documents provided to Plaintiffs months ago. In fact, one of NVIDIA's very first document productions, made last year,

1   included a document Bates Stamped NVDA-E-10311-10321 that contains information almost

2   identical to the two new pages that Plaintiffs now cite and falsely claim were withheld from them.

3   Plaintiffs' supplemental declaration of their purported "expert," Ken R. Thompson, adds nothing

4   and should be stricken.

5   **III.**   **NVIDIA'S REQUEST FOR JUDICIAL NOTICE IS TIMELY AND RELEVANT.**

6          Plaintiffs offer only two objections to NVIDIA's Request for Judicial Notice.  First, they

7   assert that it is untimely because the underlying document for which NVIDIA seeks judicial

8   notice -- the Hodge Declaration -- was filed on April 12, 2010, and NVIDIA's opposition to class

9   certification in this case was filed on May 3, 2010.  Second, they argue that the Hodge declaration

10  is irrelevant.  Neither argument holds water.

11         **A.**   **Plaintiffs' Timeliness Objection is Misleading.**

12         Plaintiffs know full well that the Hodge Declaration was filed ***under seal*** in the *Nygren*

13  case on April 12, 2010.  It was not unsealed until June 3, 2010.  *See Nygren*, Case No. 07-05793

14  (JW) at Docket Nos. 147, 158, 239.  Accordingly, NVIDIA submitted the Hodge Declaration in

15  this case as soon as practicable after it became publicly available and NVIDIA could obtain it

16  from the *Nygren* docket (just two business days after it was unsealed).

17         Plaintiffs concede that the Hodge Declaration, as a publicly-filed court document, is

18  properly the subject of judicial notice.  Since judicial notice "may be taken at any stage of the

19  proceeding," Plaintiffs' objection lacks merit.  Fed. R. Evid. 201(f); *See, e.g., Metro. Business

20  Mgmt, Inc. v. Allstate Insurance Co.*, 2009 WL 2424291, at *3 (C.D. Cal. Aug. 9, 2009) (holding

21  that judicial notice can be taken at any stage of a proceeding).

22         **B.**   **The Hodge Declaration Is Directly and Undeniably Relevant.**

23         Plaintiffs' suggestion that the Hodge Declaration is not relevant to this case cannot

24  withstand even gentle scrutiny.  Relevant evidence is "evidence having any tendency to make the

25  existence of any fact that is of consequence to the determination of the action more or less

26  probable than it would be without the evidence."  Fed. R. Evid. 401.  Courts consistently hold that

27  the standard is a "liberal one."  *See, e.g., Dukes v. Wal-Mart, Inc.*, 509 F.3d 1168, 1179 (9th Cir.

28  2007) (citing *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 591).

1    The Hodge Declaration plainly bears on numerous issues in this case.  At the most basic

2    level, this case involves problems with notebook computers built by Hewlett-Packard ("HP") (and

3    others) and containing C51 chips.  The Hodge Declaration speaks exactly to that issue, providing

4    detailed testimony about HP's pre-sale testing of those notebook computers and its investigation

5    and determination of the root cause of the problem.

6

7                                          **Redacted**

8

9                                                                        The Hodge Declaration

10   therefore relates to numerous matters at issue in this case, including:

11           1.      HP's extensive pre-sale testing of computers that incorporated the NVIDIA chips

12   that are at issue in this case, which bears directly on Plaintiffs' contention that the purported

13   defect here is uniformly present in all NVIDIA chips at the time they are manufactured.  *See*

14   Opposition at p. 4, fn. 3; Declaration of Keith Katcher, ¶¶ 14-16.

15           2.                          **Redacted**

16                          *See* Opposition at p. 3.

17           3.      The results of the root cause investigation conducted by HP with respect to its

18   notebook computers that incorporate NVIDIA chips that are at issue in this case. *See* Hodge

19   Declaration ¶ 29; Katcher Declaration ¶ 51;

20           4.                      **Redacted**

21

22                  *See* Declaration of Keith Katcher, ¶ 50; and

23           5.                      **Redacted**

24                                                                      *See* Declaration of

25   Jon Peddie, ¶ 46.

26           The Hodge Declaration undeniably contains relevant information bearing directly on the

27   issues in this case, and Plaintiffs' argument otherwise does not pass the straight-face test.

28

1    Nevertheless, Plaintiffs say that the Hodge Declaration is irrelevant because the problem

2    in the *Nygren* case is not the same as the problem in this case.  Not only is that position wrong, it

3    is squarely refuted on the face of the Hodge Declaration itself.  Mr. Hodge devotes ***ten***

4    ***paragraphs*** of his declaration to explaining that the problem in *Nygren* is not

5    
                            **Redacted**

6    Hodge Declaration, ¶¶ 36-44, 68; Katcher Decl. ¶¶ 25-

7    28; Peddie Decl. ¶¶ 20-21.  There can be no serious dispute that the Hodge Declaration is directly

8    and centrally relevant to this case.[1]

9    **IV.    NVIDIA TIMELY FILED RESPONSES TO PLAINTIFFS' OBJECTIONS TO
        THE KATCHER AND PEDDIE DECLARATIONS AT THE EARLIEST**

10       **PRACTICABLE AND POSSIBLE TIME.**

11    Plaintiffs' argument that NVIDIA's filed untimely responses to Plaintiffs' evidentiary

12    objections to the declarations of Messrs. Katcher and Peddie lacks merit, and elevates form over

13    substance.  Plaintiffs did not file their evidentiary objections to the Katcher and Peddie

14    Declarations until they filed their Reply brief.  NVIDIA therefore could not possibly have filed a

15    response to those objections before the Reply brief was filed.

16    In Plaintiffs' view, they could effectively strip NVIDIA of any opportunity to respond to

17    their objections by intentionally delaying their objections until the deadline to file their Reply

18    brief.  That position defies common sense, undermines any notion of fairness, and turns the law

19    on its head.  In short, NVIDIA filed responses to Plaintiffs' evidentiary objections promptly after

20    Plaintiffs filed their evidentiary objections, and well before the scheduled hearing on the motion

21    for class certification.  Under such circumstances, courts in this jurisdiction routinely consider

22    evidentiary submissions, and there is no reason not to do so in this case.

23

24

25

26    [1] Plaintiffs object again that NVIDIA failed to obtain Court approval before submitting the
       Hodge Declaration.  Again, the objection rings hollow because Plaintiffs themselves submitted a

27    supplemental expert declaration without first seeking Court approval.  Nonetheless, NVIDIA
       admittedly overlooked Rule 7-3(d), and so respectfully requests leave to file the materials that, for

28    the reasons already explained, NVIDIA could not file sooner than it did.

1

**V.** **CONCLUSION**

2

For the foregoing reasons, Defendant respectfully requests that the Court overrule the

3

objections and disregard the rebuttal set forth in Plaintiffs' Objections.

4

5

Dated:  June 11, 2010                                ROBERT P. VARIAN
                                                     JAMES N. KRAMER
6                                                    JUSTIN M. LICHTERMAN
                                                     MICHELLE L. LEUNG
7                                                    ORRICK, HERRINGTON & SUTCLIFFE LLP

8

9                                          By¨            */s/Justin M. Lichterman*
                                                     JUSTIN M. LICHTERMAN
10                                                   Attorneys for Defendant
                                                     NVIDIA CORPORATION

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28