# Exhibit A

# STIPULATION AND AGREEMENT OF SETTLEMENT AND RELEASE

THIS STIPULATION AND AGREEMENT OF SETTLEMENT AND RELEASE (the "Settlement Agreement") is made by and between the named plaintiffs proposed as Class and Settlement Class Representatives, Todd Feinstein, Brian Robinson, Nathan DeBockler, John Russo, and Lance Waidzunas (collectively, "Plaintiffs") in *The NVIDIA GPU Litigation*, Case No. C 08-04312 JW, on the one hand, and NVIDIA Corporation ("NVIDIA"), on the other hand.

# RECITALS

1.      On or after September 12, 2008, the following putative class action cases were filed in or transferred to the United States District Court for the Northern District of California, San Jose Division (the "Court"):

      (1)   *Nakash v. NVIDIA Corp., Case No. C 08-4312 JW*

      (2)   *Inicom Networks, Inc. v. NVIDIA Corp., Case No. C 08-4332 JF*

      (3)   *Feinstein v. NVIDIA Corp., Case No.  C 08-4596 RS*

      (4)   *Cormier v. NVIDIA Corp., Case No. C 08-5082 HRL*

      (5)   *Nat'l Business Officers Ass'n v. NVIDIA Corp., Case No. C 08-5179 HRL*

      (6)   *West v. NVIDIA Corp., Case No. C 08-5217*

      (7)   *Olivos v. NVIDIA Corp., Case No. C 08-5520 JF*

      (8)   *Sielicki v. NVIDIA Corp., Case No. C 09-0260 HRL*

      (9)   *LeBlanc v. Hewlett Packard Co., Case No. C 09-0328 JW*

2.      By Order dated April 9, 2009, the Court consolidated all such actions under the caption *The NVIDIA GPU Litigation*, Case No. C 08-04312 JW (collectively, the "Litigation"), and appointed Milberg LLP as Interim Lead Counsel;

3.      The claims asserted in the Litigation concerned certain graphics processing units ("GPUs") and media and communications processors ("MCPs"), that were sold by NVIDIA to original equipment manufacturers Hewlett Packard Company ("HP"), Dell, Inc. ("Dell") and

Apple Inc. ("Apple") (collectively, the "OEMs") and incorporated into computers sold by the OEMs and other computer manufacturers. Plaintiffs alleged in the Litigation that NVIDIA GPUs and MCPs incorporated into their computers were defective, and caused certain computer malfunctions. NVIDIA denied, and continues to deny, all such allegations.

4.     On May 6, 2009, plaintiffs filed an Amended Consolidated Complaint. The Amended Consolidated Complaint alleged eight claims for relief:

(1)    *Violations of California Business and Professions Code §§ 17200 et seq.;*

(2)    *Breach of implied warranty under the Song-Beverly Consumer Warranty Act, Cal. Civ. Code §§ 1792 et seq.;*

(3)    *Breach of implied warranty of merchantability in laws of 27 states;*

(4)    *Breach of warranty under Magnuson-Moss Warranty Act;*

(5)    *Unjust enrichment;*

(6)    *Violations of the New Jersey Consumer Fraud Act, N.J. Stat. Ann. §§ 56:8-1 et seq.;*

(7)    *Strict liability and negligence; and*

(8)    *Violation of California's Consumers Legal Remedies Act.*

5.     On August 19, 2009, NVIDIA filed a Motion to Dismiss the Amended Consolidated Complaint, which was granted in part and denied in part on November 19, 2009;

6.     On December 14, 2009, Plaintiffs filed a Second Amended Complaint, re-alleging six claims for relief;

7.     On January 19, 2010, NVIDIA filed a Motion to Dismiss portions of the Second Amended Complaint;

8.     On April 6, 2010, Plaintiffs filed a Motion for Class Certification pursuant to the Federal Rule of Civil Procedure 23;

9.     On April 27, 2010, Plaintiffs served a Third Amended Consolidated Complaint, which was filed-stamped May 5, 2010;

10.     On May 4, 2010, NVIDIA filed an Opposition to Plaintiffs' Motion for Class certification;

11.     The Motion to Dismiss certain counts of the Second Amended Complaint and the Motion for Class Certification were argued on June 14, 2010, and taken under submission;

12.     Plaintiffs, through their counsel, have conducted extensive research, discovery and investigation during the prosecution of the Litigation, including, without limitation: (i) inspection and analysis of more than two hundred thousand pages of documents; (ii) review of NVIDIA's and other entities' public filings, press releases and other public statements; (iii) interviews of witnesses; and (iv) consultation with experts and consultants; and

13.     Counsel for Plaintiffs and counsel for NVIDIA have engaged in substantial arm's-length negotiations in an effort to resolve the Litigation over a period of more than six months, including conducting numerous telephone conferences and mediation sessions before the Honorable Layn Phillips (Retired), during which the terms of any agreement were extensively debated and negotiated; and

14.     NVIDIA denies all claims, charges and allegations asserted against it, and disclaims any wrongdoing or liability whatsoever; and

15.     NVIDIA has agreed to the compromise and settlement of the Litigation subject to the terms and conditions set forth herein to avoid the substantial burden, expense, management distraction and uncertainties that would be involved in protracted litigation, and to terminate the Released Claims against it; and

16.     Plaintiffs have agreed to settle their claims and those of the Settlement Class upon the terms and provisions set forth herein and as a result of extensive investigation and thorough research of the law applicable to the claims underlying the Litigation; after balancing the benefits that Plaintiffs and the Settlement Class will receive from the Settlement against the uncertain outcome, risks, difficulties, and delays of litigation, in general, and in complex actions such as this Litigation, in particular, and after concluding that the Settlement is in the best interests of the Settlement Class; and

17.    Plaintiffs and their counsel believe that the terms and conditions of this Settlement Agreement are fair, reasonable, and adequate.  NVIDIA and its counsel believe that the terms and conditions of the Settlement are adequate and fair to the Settlement Class and the Parties.

NOW, THEREFORE, in consideration of the recitals, agreements and covenants set forth herein, subject to approval by the Court and intending to be legally bound, Plaintiffs, on behalf of themselves and the Settlement Class, and NVIDIA (collectively, the "Parties"), hereby STIPULATE AND AGREE to compromise and resolve the Litigation on the following terms and conditions:

## **TERMS**

**1.    Additional Definitions**

1.1    **"Administrator"** means Rosenthal & Co., which shall serve as the settlement administrator for the settlement and perform the Settlement Administration and other duties as set forth herein.

1.2    **"Class Computer(s)"** means versions of the computer models listed below that contain an NVIDIA GPU or MCP, manufactured by HP, Dell, or Apple, that were purchased in the United States during the listed periods, subject to confirmatory discovery.

| OEM | PLATFORM NAME | PURCHASE DATE RANGES |
|------|----------------|----------------------|
| Dell | Inspiron 1420 | May 2007 – September 30, 2008 |
| Dell | Vostro Notebook 1400 | May 2007 – September 30, 2008 |
| Dell | Latitude D620 | December 2005 – November 30, 2008 |
| Dell | XPS M1210 | March 2006 – November 30, 2008 |
| Dell | Latitude D630 | February 2007 – September 30, 2008 |
| Dell | Latitude D630c | February 2007 – September 30, 2008 |
| Dell | Vostro Notebook 1310 | December 2007 – September 30, 2008 |
| Dell | Vostro Notebook 1510 | December 2007 – September 30, 2008 |
| Dell | Vostro Notebook 1710 | January 2008 – July 31, 2008 |

| OEM | PLATFORM NAME | PURCHASE DATE RANGES |
|-----|---------------|----------------------|
| Dell | Precision M2300 | August 2007 – September 30, 2008 |
| Dell | Inspiron 9400/E1705 | March 2006 – February 28, 2010 |
| Dell | XPS M1710 | March 2006 – February 28, 2010 |
| Dell | XPS1710 | September 2006 – April 30, 2009 |
| Dell | XPS1710 | March 2006 – March 31, 2009 |
| Dell | Precision M6300 | December 2007 – March 31, 2009 |
| Dell | XPS M1730 | November 2007 – January 31, 2009 |
| Dell | Latitude D820 | November 2005 – March 31, 2008 |
| Dell | Latitude D830 | March 2007 – September 30, 2008 |
| Dell | Precision M4300 | March 2007 – September 30, 2008 |
| Dell | Precision M65 | November 2005 – January 31, 2008 |
| Dell | XPS M1530 | September 2007 – January 31, 2009 |
| Dell | XPS M1530 | September 2007 – September 30, 2008 |
| Dell | XPS M1330 | March 2007 – September 30, 2008 |
| Dell | Vostro 1700 | March 2007 – September 30, 2008 |
| HP | Pavilion dv20xx | March 2006 – December 31, 2008 |
| HP | Pavilion dv21xx | March 2006 – December 31, 2008 |
| HP | Pavilion dv22xx | March 2006 – December 31, 2008 |
| HP | Pavilion dv23xx | March 2006 – December 31, 2008 |
| HP | Pavilion dv24xx | March 2006 – December 31, 2008 |
| HP | Pavilion dv60xx | May 2006 – April 30, 2009 |
| HP | Pavilion dv61xx | May 2006 – April 30, 2009 |
| HP | Pavilion dv62xx | May 2006 – April 30, 2009 |
| HP | Pavilion dv63xx | May 2006 – April 30, 2009 |
| HP | Pavilion dv64xx | May 2006 – April 30, 2009 |
| HP | Pavilion dv90xx | May 2006 – November 30, 2008 |
| HP | Pavilion dv92xx | May 2006 – November 30, 2008 |
| HP | Pavilion dv93xx | May 2006 – November 30, 2008 |
| HP | Pavilion dv94xx | May 2006 – November 30, 2008 |
| HP | F500 | October 2006 – September 30, 2008 |
| HP | Compaq Presario v30xx | March 2006 – October 31, 2008 |
| HP | Compaq Presario v31xx | March 2006 – October 31, 2008 |

| OEM | PLATFORM NAME | PURCHASE DATE RANGES |
|---|---|---|
| HP | Compaq Presario v32xx | March 2006 – October 31, 2008 |
| HP | Compaq Presario v33xx | March 2006 – October 31, 2008 |
| HP | Compaq Presario v34xx | March 2006 – October 31, 2008 |
| HP | Compaq Presario v60xx | May 2006 – October 31, 2008 |
| HP | Compaq Presario v61xx | May 2006 – October 31, 2008 |
| HP | Compaq Presario v62xx | May 2006 – October 31, 2008 |
| HP | Compaq Presario v63xx | May 2006 – October 31, 2008 |
| HP | Compaq Presario v64xx | May 2006 – October 31, 2008 |
| HP | tx1xxx | March 2007 – May 31, 2008 |
| Apple | MacBook Pro(15-inch) | May 2007 – September 2008 |
| Apple | MacBook Pro (17-inch) | May 2007 – September 2008 |

1.3    "**Claim Form**" means the form to be used by Certified Class Members to make a claim under this Settlement Agreement, a copy of which is attached hereto as Exhibit 1.

1.4    "**Claim Period**" means the 60-day period commencing upon entry of an order of final approval of the Settlement Agreement by the Court.

1.5    "**Claims Administration**" means the process by which this Settlement Agreement is administered pursuant to the terms of this Settlement Agreement.

1.6    "**Class Counsel**" means Milberg LLP.

1.7    "**Class Notice**" or "**Notice**" means the Court-approved notice of the Settlement and related matters provided to the Settlement Class, substantially in the form of Exhibit 2 attached hereto.

1.8    "**Closing Date**" means the last date of the Claim Period.

1.9    "**Court**" means the United States District Court for the Northern District of California.

1.10    "**Effective**" means the date on which all conditions precedent described in Section 12 below have been satisfied.

1.11   **"Effective Date"** means the date upon which this Settlement Agreement becomes Effective, as described in Section 12 below.

1.12   **"Final Claims Bar Date"** means the final date on which a Claim Form must be postmarked if sent by U.S. mail, or 11:59 p.m. on the Closing Date if sent by any other means, including email, website, or fax, in order for a Settlement Class member to be entitled to the relief contemplated in this Settlement Agreement.

1.13   **"Final Judgment"** means the final judgment by which the Court approves this Settlement Agreement, approves payment of attorneys' fees, expenses, and compensation, and makes such other final rulings as are contemplated by this Settlement Agreement.

1.14   **"Identified Symptom"** means any of the symptoms listed in Exhibit 3 attached hereto.

1.15   **"Objection Date"** means the final date on which members of the Settlement Class may file and serve objections to this Settlement Agreement.

1.16   **"Opt-Out Deadline"** means the final date on which an opt-out notice must be received by the Administrator in order for a putative class member to elect to be excluded from this Settlement Agreement and the Settlement Class.

1.17   **"Plaintiffs' Counsel"** means Milberg LLP, Horwitz Horwitz & Paradis, Attorneys at Law, Doyle Lowther LLP, Shalov Stone Bonner & Rocco LLP.

1.18   **"Preliminary Hearing"** means the hearing at which the Parties seek preliminary approval of this Settlement Agreement.

1.19   **"Preliminary Hearing Date"** means the date on which the Court holds the Preliminary Hearing.

1.20   **"Product Identification Number"** means the product identification number, serial number, stock keeping unit ("SKU"), or other letters and/or digits embedded on the cover, back, or bottom of each Class Computer that comprises its identification number.

1.21   **"Proof of Purchase"** means one or more of the following documents, which demonstrates that a member of the Settlement Class purchased a Class Computer:  a sales

receipt, a credit card or other account statement, a shipping manifest, a purchase order or other similar documentation.

1.22 **"Proof of Repair"** means one or more of the following documents, which demonstrates that the member of the Settlement Class paid to obtain a repair of a Class Computer: a sales receipt, a credit card or other account statement, a purchase order, or other similar documentation.

1.23 **"Reimbursement Fund"** means $2,000,000.00, to be deposited by NVIDIA in an interest-bearing escrow account maintained by the Administrator and used to reimburse members of the Settlement Class for costs of certain repairs on a claims-made basis in accordance with Section 2b. below.

1.24 **"Released Claims"** means and includes all claims that were or could have been asserted in the Litigation, to the extent they arise out of or relate to the weak die/packaging material set in NVIDIA GPU and MCP products incorporated into the Class Computers, including Class Computers that exhibit Identified Symptoms.

1.25 **"Released Persons"** means and includes:

(1) NVIDIA Corporation and its present or past parent corporations, subsidiaries, divisions, affiliates, partners, directors, officers, employees, agents and insurers, and each of their respective predecessors, heirs, executors, administrators, successors, and assigns;

(2) HP and each of its present or past parent corporations, subsidiaries, divisions, affiliates, partners, directors, officers, employees and agents, and each of their respective predecessors, heirs, executors, administrators, successors, and assigns;

(3) Dell and each of its present or past parent corporations, subsidiaries, divisions, affiliates, partners, directors, officers, employees and agents, and each of their respective predecessors, heirs, executors, administrators, successors, and assigns;

(4) Apple and each of its present or past parent corporations, subsidiaries, divisions, affiliates, partners, directors, officers, employees and agents and representatives, and

each of their respective predecessors, heirs, executors, administrators, successors, and assigns; and

        (5)    Taiwan Semiconductor Manufacturing Company Limited and each of its present or past parent corporations, subsidiaries, divisions, affiliates, partners, directors, officers, employees and agents, and each of their respective predecessors, heirs, executors, administrators, successors, and assigns.

1.26    **"Releasing Persons"** means and includes Plaintiffs, members of the Settlement Class who have not validly requested exclusion from the Settlement Class pursuant to Section 9 below, Plaintiffs' Counsel and each of their respective predecessors, heirs, executors, administrators, successors, and assigns in their capacities as such.

1.27    **"Settlement"** means the settlement embodied and contemplated by this Settlement Agreement.

1.28    **"Settlement Class"** means all persons and entities resident in the United States of America who purchased a "Class Computer" in the United States of America.  Excluded from the Settlement Class are (1) employees of NVIDIA, including its current or former directors, officers and counsel; (2) any entity that has a controlling interest in NVIDIA; (3) NVIDIA's affiliates and subsidiaries; and (4) the judge to whom this case is assigned and any member of the judge's immediate family.

1.29    **"Settlement Declaration"** means a declaration under oath to be submitted by members of the Settlement Class in connection with the Chip Replacement and Reimbursement Remedies described in Section 2 below.

1.30    **"Summary Notice of Settlement"** means the Court-approved summary notice substantially in the form of Exhibit 4 attached hereto.

1.31    **"Unit"** is one Class Computer.

## 2.    The Settlement

The following settlement terms in paragraphs 2a-e will be implemented upon granting of Final Approval.

**a.     Chip Replacement Remedy.**

2.1     Subject to Section 2.6, members of the Settlement Class who own a Class Computer that has experienced an Identified Symptom, and who submit a timely, complete and valid Claim Form to the Administrator within the Claim Period, shall, upon verification and approval by the Administrator, be entitled to the replacement of the NVIDIA GPU, MCP and/or motherboard, as the case may be (the "Chip Replacement"), free of charge.

2.2     The Chip Replacements shall be performed by the OEMs, or the original device manufacturers or designees in accordance with their regular processes and procedures.  No Chip Replacement approved and authorized by the Administrator pursuant to Section 2.7(4) below shall be denied or refused by any OEM, original device manufacturer, or their designees.

2.3     Members of the Settlement Class shall not be required to pay or bear any shipping or other cost in connection with any remedy under Section 2a. that is approved and authorized by the Administrator pursuant to Section 2.7(4) below.

2.4     The OEMs are not required by this Settlement Agreement to make or perform any diagnosis with respect to Class Computers submitted pursuant to Section 2.8(4) below, or to undertake any repair beyond the Chip Replacement.  Neither NVIDIA nor the OEMs make any representation, warranty or guarantee that any Chip Replacement will eliminate any malfunction or symptom, except that any parts used to effect the Chip Replacement shall be of good and merchantable quality.

2.5     The Chip Replacement Remedy provided herein is in addition to remedies that may exist under OEM warranties applicable to or covering the Class Computers, including any warranty enhancement or similar program.  Nothing in this Settlement Agreement shall modify or affect the terms of any existing warranty on any Class Computer.

2.6     The Parties recognize that the HP models included as Class Computers incorporate motherboards or other components, apart from the NVIDIA GPU or MCP, that are no longer readily available in sufficient quantities for use as replacement parts.  Therefore, a replacement computer of like or similar kind and equal or similar value will be provided to the

consumer at NVIDIA's expense. The Parties will meet and confer in good faith and agree on a suitable replacement of like or similar kind or equal or similar value.

### b.   Authorization of Chip Replacement Remedy

2.7     The Administrator shall have sole and exclusive responsibility for determining the eligibility of Class Computers for the Chip Replacement Remedy.

2.8     The Administrator shall make determinations regarding the eligibility of Class Computers for the Chip Replacement Remedy in accordance with the following procedures:

(1)     Upon Final Judgment and commencement of the Claim Period, the Administrator will communicate with members of the Settlement Class who contact the Administrator, in order to make an initial determination whether the member (i) owns a Class Computer as defined in Section 1.2 above, that (ii) is experiencing at least one Identified Symptom listed on Exhibit 3 attached hereto.

(2)     Upon making an initial determination that a member of the Settlement Class owns a Class Computer that is experiencing at least one Identified Symptom, the Administrator shall promptly furnish the Settlement Class member with (i) a Claim Form substantially in the form attached hereto as Exhibit 1, (ii) a Settlement Declaration attesting to the model, Product Identification Number, and purchase date of the Class Computer, and the Identified Symptom(s), and (iii) a request for Proof of Purchase, together with appropriate instructions for completion and return to the Administrator.

(3)     Upon receipt from a member of the Settlement Class of the completed Claim Form, which shall be made publicly available on the Administrator's website in the form attached as Exhibit 1 hereto, as well as the Settlement Declaration and Proof of Purchase, the Administrator shall promptly examine those documents and determine whether the Class Computer is eligible for the Chip Replacement Remedy.

(4)     If the documents are received by the Administrator within the Claim Period, are complete and indicate that the Class Computer is eligible for the Chip Replacement Remedy, the Administrator shall promptly so notify the Settlement Class member, and provide such

instructions or information as may be necessary to assist the member in obtaining the Chip Replacement.

(5)     Each of the OEMs shall identify a person or persons designated and authorized to communicate with the Administrator with respect to Chip Replacements and the Chip Replacement Remedy generally, and shall provide the appropriate email address and phone number to the Administrator for the purpose of facilitating such communications.

(6)     The Administrator shall promptly notify the appropriate designee(s) of the OEMs that a Chip Replacement has been authorized, and provide such information as may be necessary or appropriate to assist the OEMs in providing the Chip Replacement.  The Administrator shall maintain a record of all Chip Replacement authorizations issued in connection with the authorizations, and of all notifications and communications with the OEMs regarding Chip Replacements.

(7)     If a Settlement Class member's documents are received by the Administrator within the Claim Period, and indicate that the Class Computer may be eligible for the Chip Replacement Remedy but are incomplete or otherwise deficient, the Administrator shall promptly notify the Settlement Class member of the omission(s) or deficiency and the steps that must be taken to rectify them.

(8)     If the documents received by the Administrator indicate that the Class Computer is not eligible for the Chip Replacement Remedy, or are received after the expiration of the Claim Period, the Administrator shall notify the Settlement Class member that the Unit is not eligible for the Chip Replacement Remedy.  Notwithstanding the foregoing, in the event a claim form is timely submitted but the Administrator requires additional information in order to evaluate the Claim, a member shall have until five weeks after the Closing Date to provide said information.

c.     **Reimbursement Remedy.**

2.9     Within three (3) business days of Final Approval, NVIDIA will deposit the amount of Two Million Dollars ($2,000,000.00) (the "Reimbursement Fund") into an interest

bearing escrow account to be maintained by the Administrator.  The Reimbursement Fund will be used to provide payments to reimburse expenses incurred by certain members of the Settlement Class on a claims-made basis, subject to specific limitations and procedures as set forth below, with a refund of the unused portion of the fund (if any) to NVIDIA following expiration of the Claim Period.

2.10    The Reimbursement Fund will be available to reimburse members of the Settlement Class (i) whose Class Computers experienced one or more of the Identified Symptoms listed in Exhibit 3 attached hereto, (ii) who previously paid money to an OEM or third party to obtain a repair of that Unit to rectify such symptom(s), and (iii) who submit the appropriate documentation to the Administrator within the Claim Period.

2.11    No funds held in the Reimbursement Fund shall be distributed to members of the Settlement Class except in accordance with the terms of this Settlement Agreement, by order of the Court, or with the written agreement of counsel for NVIDIA and Class Counsel.  All funds held in the Reimbursement Fund shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds are distributed and/or returned to NVIDIA pursuant to Section 2.13(7) of this Settlement Agreement or further order of the Court.

### d.    Authorization of Reimbursement Remedy

2.12    The Administrator shall have sole and exclusive responsibility for determining the eligibility of members of the Settlement Class for the Reimbursement Remedy.

2.13    The Administrator shall make determinations regarding the eligibility of Settlement Class members for the Reimbursement Remedy in accordance with the following procedures:

(1)    Upon Final Judgment and commencement of the Claim Period, the Administrator will communicate by telephone and/or email with members of the Settlement Class who contact the Administrator, in order to make an initial determination whether the member (i) owned a Class Computer as defined in Section 1.2 above that experienced at least

one of the Identified Symptoms listed on Exhibit 3 attached hereto, and (ii) was required to pay money to an OEM or third party in order to obtain a repair of the Unit to rectify such symptom(s).

(2)    Upon making an initial determination that a member of the Settlement Class owned a Class Computer that experienced at least one Identified Symptom, and that the Settlement Class member paid money in order to obtain a repair of the Unit to rectify such symptom(s), the Administrator shall promptly furnish the member with (i) a Claim Form substantially in the form attached hereto as Exhibit 1, (ii) a Settlement Declaration attesting to the model and Product Identification Number of the Class Computer and the Identified Symptom(s), (iii) a request for Proof of Purchase, and (iv) a request for Proof of Repair, together with instructions for completion and return to the Administrator.

(3)    Upon receipt of the Claim Form, Settlement Declaration, Proof of Purchase and Proof of Repair from the member of the Settlement Class, the Administrator shall promptly examine those documents to determine whether the Settlement Class member is eligible for Reimbursement Remedy.

(4)    If the documents are received by the Administrator within the Claim Period, are complete and indicate that the member of the Settlement Class is eligible for the Reimbursement Remedy, the Administrator shall disburse payment from the Reimbursement Fund to the Settlement Class member in the amount indicated on the Proof of Repair, or in a pro rated amount if necessary.

(5)    If the documents are received by the Administrator within the Claim Period, and indicate that the Settlement Class member may be eligible for the Reimbursement Remedy, but are incomplete or otherwise deficient, the Administrator shall promptly notify the member of the omission(s) or deficiency and the steps that must be taken to rectify them. In the event a Claim Form is timely submitted but the Administrator requires additional information in order to evaluate the Claim, a member shall have until five weeks after the Closing Date to provide said information.

(6)    If the documents received by the Administrator indicate that the member of the Settlement Class is not eligible for the Reimbursement Remedy, or are received after the expiration of the Claim Period, the Administrator shall notify the Settlement Class member that he, she or it is not eligible for the Reimbursement Remedy.

(7)    The Administrator shall return the unpaid portion of the Reimbursement Fund (if any) to NVIDIA, with accrued interest, within seven weeks of the expiration of the Claim Period.

### e.    Other Settlement Consideration

2.14    NVIDIA agrees to continue to assist OEMs with their ongoing replacement of GPUs, MCPs or motherboards of Class Computers, as the case may be, in accordance with the OEMs' usual and customary repair processes and/or procedures during the pendency of Preliminary Approval and Final Judgment.  The Parties also acknowledge and agree that the filing, pendency and prosecution of the Litigation, including the demands made in connection therewith, provided valuable consideration to the Certified Settlement Class by being a causative factor in certain actions taken following the filing of this Action, including (i) assisting certain OEMs in extending or enhancing warranties for the Class Computers; (ii) assisting certain OEMs to repair Class Computers at no cost to consumers; and (iii) causing NVIDIA to enter into the Settlement Agreement.

## 3.    Release

3.1    The obligations incurred pursuant to this Settlement Agreement shall be in full and final disposition of the Litigation and any and all Released Claims as against all Released Persons, to the maximum extent permitted by law.

3.2    Upon the Effective Date, Plaintiffs, including all members of the Settlement Class who have not validly opted out of the Settlement pursuant to Section 9 below, on behalf of themselves, their heirs, executors, administrators, successors and assigns, and any person they represent, shall, to the maximum extent permitted by law, have released and forever discharged, and shall forever be enjoined from prosecution of, each and every Released Claim against any of

the Released Persons, whether or not such Plaintiff executes and delivers a Claim Form. By

releasing and forever discharging all Released Claims, whether known or unknown, against the

Released Persons, Plaintiffs, including all members of the Settlement Class who have not validly

opted out of the Settlement pursuant to Section 9 below, expressly, by operation of the Final

Judgment, waive any and all provisions, rights and benefits conferred by California Civil Code §

1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS
> WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT
> TO EXIST IN HIS OR HER FAVOR AT THE TIME OF
> EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM
> OR HER MUST HAVE MATERIALLY AFFECTED HIS OR
> HER SETTLEMENT WITH THE DEBTOR,

and any other law of any jurisdiction (domestic or foreign), or principle of common law, which is

similar, comparable, or equivalent to said provision.

    3.3    Upon the Effective Date, each of the Released Persons shall be deemed to have,

and by operation of the Final Judgment shall have, fully, finally, and forever released,

relinquished and discharged Plaintiffs, including all members of the Settlement Class who have

not validly opted out of the Settlement pursuant to Section 9 below, and Class Counsel and all

other Plaintiffs' Counsel for all claims relating to or arising out of or connected with the

institution, prosecution, assertion, settlement or resolution of the Litigation and/or the Released

Claims. By releasing and forever discharging all such claims, whether known or unknown, the

Released Persons expressly, by operation of the Final Judgment, waive any and all provisions,

rights and benefits conferred by California Civil Code § 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS
> WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT
> TO EXIST IN HIS OR HER FAVOR AT THE TIME OF
> EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM
> OR HER MUST HAVE MATERIALLY AFFECTED HIS OR
> HER SETTLEMENT WITH THE DEBTOR,

and any other law of any jurisdiction (domestic or foreign), or principle of common law, which is similar, comparable, or equivalent to said provision.

**4.    Settlement Administrator**

4.1    Subject to Court approval, Rosenthal & Co. shall serve as the Administrator, and shall be responsible for Notice and Claims Administration, including the activities referred to in Sections 2, 6, 8 and 12.5 with respect to the Chip Replacement Remedy and the Reimbursement Remedy. The Administrator shall establish a settlement website (the "Settlement Website"), a settlement U.S. mail address (the "Settlement Mail Address"), and designate a settlement telephone number (the "Settlement Telephone Number") for purposes of facilitating communication with members of the Settlement Class and facilitating the submission and approval of Claim Forms.

**5.    Certification of Settlement Class**

5.1    For purposes of settlement only, the Parties agree that, subject to Court approval, the Settlement Class should be conditionally certified and that Plaintiffs be appointed as the representatives of the class, and Class Counsel as counsel for the Settlement Class. NVIDIA does not consent to the certification of the Settlement Class for any purpose other than to effectuate this Settlement Agreement.

5.2    If this Settlement Agreement is terminated pursuant to its terms, or for any reason the Settlement fails to become Effective, any and all orders certifying the Settlement Class, whether in the form of preliminary findings or final findings, shall be immediately vacated and of no force or effect. The stipulations and agreements contained in the Settlement Agreement shall be null and void, and may not be referred to or used as evidence or for purposes of class certification, or any other purpose.

**6.    Notice**

The parties agree to, and will request the Court to approve, notice to the Settlement Class as follows:

6.1     A copy of the Notice and Summary Notice of Settlement shall be posted on the Settlement Website, together with the Settlement Email Address and Settlement Telephone Number.

6.2     A copy of the Summary Notice of Settlement shall be published by the Administrator once in *USA Today*, and once in a computer magazine of wide circulation. The Summary Notice shall not be less than 1/4 of a page in size, and shall include the Settlement Website, the Settlement Email Address and the Settlement Telephone Number.

6.3     A copy of the Summary of Settlement Notice shall be posted on no fewer than three, and no more than five, computer-oriented websites to be agreed upon by NVIDIA and Plaintiffs.

6.4     Members of the Settlement Class shall receive direct notice from the Administrator either:

       (1)     By U.S. Mail, or

       (2)     Email to be followed by U.S. Mail in the event that email notice is unsuccessful.

6.5     NVIDIA shall bear the cost of providing notice as approved by the Court.

6.6     Subject to the approval of the Court, the Administrator shall provide the notice described in Sections 6.1-6.5 above.

6.7     In addition to the Notice and Summary Notice of Settlement provided by the Administrator as set forth in Sections 6.1-6.4 above, the Administrator will establish a website that permits members of the Settlement Class to register online to receive email notice that the Court has granted Final Approval of the settlement. The website shall contain mandatory data fields and/or menus in which the registrant specifies:

       (1)     The name of the OEM that manufactured the Unit in question;

       (2)     The name of the registrant; and

       (3)     The email address of the registrant.

7.      **Preliminary Approval and Notice Order**

7.1     As soon as practicable after execution of this Settlement Agreement, the Parties shall move the Court for preliminary approval of the Settlement in the manner contemplated by Rule 23 of the Federal Rules of Civil Procedure and the order of the Court entered on July 19, 2010.  The Parties shall apply to the Court for an Order:

(1)     Preliminarily approving the Settlement as fair, reasonable, and adequate;

(2)     Conditionally certifying the Settlement Class for settlement purposes only;

(3)     Approving the appointment of the Administrator;

(4)     Approving the Notice and Summary of Notice;

(5)     Directing the Administrator to provide notice in the manner described in Sections 6.1-6.4;

(6)     Requiring any member of the Settlement Class who requests exclusion from the Certified Settlement Class to submit to the Administrator a "Request for Exclusion from the Settlement Class" within thirty-five (35) days from the date of the Class Notice and in such manner and containing such information as required by the Class Notice; and

(7)     Requiring any member of the Settlement Class who objects to the approval of this Settlement Agreement to file and serve within thirty-five (35) days from the date of the Class Notice and in the manner provided in the Class Notice, notice of that member's intention to appear and object, the detailed description of the grounds for that objection, the name of the manufacturer, model, and Product Identification Number of the member's Unit and all papers he, she or it intends to present to the Court in opposition to this Settlement Agreement, and providing that any member of the Settlement Class who does not follow the objection procedure in the Notice will be barred from making an objection or participating in the Final Approval hearing.

## 8.     **Settlement Administration**

8.1     Prior to Preliminary Approval, NVIDIA shall retain the Administrator and assist in preparing the Administrator to perform the tasks specified in this Agreement.  NVIDIA shall bear the cost of the Administrator.

8.2     Within five (5) days of Preliminary Approval, the Administrator shall provide individualized Notice in the manner described in Section 6.

8.3     For purposes of determining the extent, if any, to which a Member will be entitled to participate in the Settlement, the following provisions shall apply:

(1)     Each Member who wishes to participate in the Chip Replacement Remedy described in Section 2a. shall, within the Claim Period, submit to the Administrator the information and documents identified in Section 2.8 in the manner described in that Section.

(2)     A Claim Form will be deemed submitted to the Administrator on the date postmarked if sent by U.S. Mail, or if received by 11:59 p.m. on the Closing Date if submitted by any other means, including email or facsimile.

(3)     The Claim Form shall provide that, by submitting a Claim Form, the Settlement Class member expressly consents to the jurisdiction of the Court.

(4)     All determinations as to the validity of a Claim Form, a member's right to receive a Chip Replacement Remedy or Reimbursement Remedy, the amount of any reimbursement and other duties of a similar nature to be performed in connection with the administration of this Settlement Agreement shall be performed by the Administrator.

8.4     Except as otherwise ordered by the Court, all Settlement Class members who fail to timely submit a Claim Form within the Claim Period, or such other period allowed by the Court, shall be forever barred from receiving any repair or reimbursement pursuant to this Settlement Agreement, but will in all other respects be subject to and bound by the provisions of this Settlement Agreement, the releases contained herein, and the Final Judgment.

8.5     No Person shall have any claim against Plaintiffs, Class Counsel, Plaintiffs' Counsel, the Administrator, or any other Person designated by Class Counsel, the Administrator or the Court to assist in claims administration, NVIDIA or its counsel or the Released Persons, based on the administration of this Settlement Agreement.

8.6     NVIDIA and its counsel shall have no responsibility for, interest in, or liability whatsoever with respect to:

(1)   any act, omission or determination of Class Counsel, Plaintiffs' Counsel or the Administrator in connection with the administration of this Settlement;

(2)   the management or distribution of funds from the Reimbursement Fund;

(3)   the determination, administration, calculation, or payment of any claims for repair or against the Reimbursement Fund.

## 9.   Opt-Out Rights

9.1   Members of the Settlement Class have the right to request exclusion from this Settlement Agreement ("Opt-Out Rights"). Any Settlement Class member who does not timely and validly request exclusion shall be a member of the Settlement Class and shall be bound by the terms of this Settlement Agreement and Final Judgment. Any member of the Settlement Class who timely and validly requests exclusion from the Settlement Class shall be excluded from this Settlement Agreement and from the Settlement Class.

9.2   The Notice shall provide a procedure whereby members of the Settlement Class may exclude themselves from the Settlement Class, which shall, at a minimum, provide that any such requests must (i) be made in writing; (ii) include the Settlement Class member's name, current address, telephone number, OEM brand and platform name, approximate date of purchase of the Class Computer, and (iii) a statement that the Settlement Class member wants to be excluded from the Settlement Class.

## 10.   Final Judgment

10.1   Upon approval by the Court of this Settlement Agreement, the Final Judgment shall be entered, among other things:

(1)   approving this Settlement Agreement and adjudging its terms to be fair, reasonable and adequate, directing consummation of the terms and provisions of this Settlement Agreement, and retaining jurisdiction to effectuate the same;

(2)   dismissing the Action with prejudice;

(3)   completely discharging, settling, dismissing with prejudice, releasing, and permanently barring and enjoining the assertion, prosecution, or continuation by Settlement

Class members of any Released Claim, whether known or unknown, against each and every Released Person; provided, however, that the Final Judgment shall not bar any action or claim to enforce the terms of this Settlement Agreement as approved by the Court or the Final Judgment; and

(4)   fully, finally, and forever releasing, relinquishing and discharging Plaintiffs, each and all of the Settlement Class Members, and the Class Counsel and Plaintiffs' Counsel from all claims by the Released Persons relating to or arising out of or connected with the institution, prosecution, assertion, settlement or resolution of the Litigation, and/or the Released Claims.

## 11.   **Attorneys' Fees and Costs**

11.1   After an agreement was reached among the Parties as to all principal terms and conditions of this Settlement Agreement, the Parties entered into arm's-length discussions regarding attorneys' fees for Class Counsel, including extensive discussions through and with the assistance of a third-party mediator, the Hon. Layn Phillips (Ret.).  If and only if this Settlement Agreement becomes Effective, and subject to the approval of the Court, NVIDIA agrees to pay thirteen million dollars ($13,000,000.00) for Plaintiffs' Counsel's attorneys' fees and expenses. This amount is in addition to and separate from all other consideration and remedies available to the Certified Settlement Class.

11.2   NVIDIA and the Released Parties agree not to object to the reasonableness of Class Counsel's attorneys' fees and expenses, not to exceed thirteen million dollars ($13,000,000.00).  In no event shall NVIDIA be obligated to pay Plaintiffs' Counsel's attorneys' fees, costs, disbursements, or expenses, or Plaintiffs' costs or expenses, in an amount greater than thirteen million dollars ($13,000,000.00).

11.3   NVIDIA and Class Counsel have agreed the attorneys' fees shall be payable to Class Counsel and distributed to Plaintiffs' Counsel upon the granting of Final Approval, subject to reimbursement by the recipients with appropriate interest in the event this Settlement Agreement is terminated or for any reason fails to become Effective.  The attorneys' fees shall be

payable by wire transfer, and Class Counsel shall furnish NVIDIA's counsel with the necessary wire transfer information on or before the Closing Date.

11.4    As part of expenses covered by this provision, Plaintiffs' Counsel expect to apply to the Court for time and expense reimbursements for certain of the named Plaintiffs.

## 12.    Contingencies, Effect of Disapproval or Termination of Settlement

12.1    This Settlement and the consideration therefore are given by NVIDIA in return for, and are contingent upon entry of Final Judgment.

12.2    This Settlement Agreement and the obligations of the Parties pursuant to this Settlement Agreement do not become Effective until, and are conditioned upon and subject to:

(1)    entry of an Order preliminarily approving the Settlement Agreement substantially in the form written;

(2)    receipt and review by NVIDIA of all requests for exclusion from the Settlement Class;

(3)    NVIDIA's determination not to exercise its termination rights (if any) under Section 12.5 hereof;

(4)    entry of the Final Judgment.

12.3    Upon the occurrence of all the events referenced in this Section 12.2 hereof, this Settlement Agreement shall automatically become Effective.  If all of the conditions specified herein are not met, then this Settlement Agreement shall be cancelled and terminated automatically, subject to 12.5 hereof, unless Class Counsel and counsel for NVIDIA mutually agree in writing to proceed with this Settlement Agreement.

12.4    In the event that the Court fails to approve this Settlement Agreement and the Exhibits in all material respects, either Party shall have the right to terminate this Settlement Agreement.

12.5    If, for any reason, this Settlement is terminated or fails to become Effective, then, in such event:

(1)    the Parties shall be deemed to have reverted to their respective status in the Litigation as of July 11, 2010 and, except as otherwise expressly provided, the Parties shall proceed in all respects as if this Settlement Agreement and any related orders of the Court had not been entered;

(2)    the conditional certification of the Settlement Class for settlement purposes only, provided for in Sections 1.28 and 5.1 hereof, shall not be cited, considered or used in any manner in connection with any subsequent motion for class certification, or for any other purpose;

(3)    upon written notice to the Administrator, the Reimbursement Fund and any interest accrued shall be returned to NVIDIA within seven (7) business days;

12.6    If an OEM fails to consent to a material term of this Settlement Agreement related to that OEM by 2:00 p.m. Pacific on August 16, 2010, NVIDIA shall have the right to terminate this Settlement Agreement by 4:00 p.m. Pacific on August 16, 2010.

12.7    Exhibit 5 shall address the effect on this Settlement Agreement in the event a specified number of members of the Settlement Class requests for exclusion from the Settlement Class. If, prior to Final Approval, persons who otherwise would be members of the Settlement Class have filed with the Administrator timely requests for exclusion in accordance with Section 9 and the provisions of the Notice and the notice given pursuant thereto, and those persons exceed the number of "Opt-Outs" specified in Exhibit 5, NVIDIA shall have, in its sole and absolute discretion, the option to terminate this Settlement Agreement in accordance with the procedures set forth in the Supplemental Agreement. Plaintiffs' Counsel or the Administrator, as the case may be, shall on a weekly basis deliver to NVIDIA copies of all requests for exclusion from the Settlement Class.

## 13.    No Admission of Wrongdoing

13.1    NVIDIA has denied, and continues to deny, all allegations of wrongdoing or liability whatsoever with respect to the Released Claims, including any and all of the claims and allegations of wrongdoing by Plaintiffs in this Action. NVIDIA is agreeing to this Settlement

solely because it will eliminate the burden, expense, management distraction and uncertainties of further litigation and the concomitant distraction of resources and efforts from their business.

13.2    This Settlement Agreement, and any of its terms, or any agreement or order relating thereto, and any payment or consideration provided for herein, is not and shall not be used or construed as an admission by NVIDIA or any Released Person of any fault, wrongdoing, or liability whatsoever, or as an admission by any of the Plaintiffs of any lack of merit of their claims against NVIDIA.  Nothing contained in this Section 13.2 shall prevent this Settlement Agreement (or any agreement or order relating thereto) from being used, offered, or received in evidence in any proceeding to approve, enforce, or otherwise effectuate the Settlement (or any agreement or order relating thereto) or the Final Judgment, or in which the reasonableness, fairness, or good faith of the Parties in participating in the Settlement (or any agreement or order relating thereto) is in issue, or to enforce or effectuate provisions of this Settlement, the Final Judgment, or the Claim Forms as to NVIDIA, Plaintiffs, or the Members.

14.    **Miscellaneous**

14.1    **Authority of counsel**.  All counsel who execute this Settlement Agreement represent and warrant that they have authority to do so on behalf of their respective clients.

14.2    **Commitment to support the settlement**.  Plaintiffs, NVIDIA, Class Counsel, Plaintiffs' Counsel, and NVIDIA's counsel agree that this Settlement Agreement reflects a fair, adequate and reasonable resolution of the claims of the Settlement Class, and therefore agree to recommend approval of and use their reasonable best efforts to support this Settlement Agreement to the Court and to the putative class members, including taking all reasonable steps and efforts that may be necessary or appropriate to carry out the terms of this Settlement Agreement.  The Parties shall in good faith cooperate, assist and undertake all reasonable actions in order to effectuate this Settlement Agreement on a timely basis, including, but not limited to, taking all actions required by the Court in accordance with the schedule established by the Court.  Neither Plaintiffs, Class Counsel, Plaintiffs' Counsel, NVIDIA nor NVIDIA's counsel will voluntarily aid or encourage any objections to certification of the Settlement Class or to this

Settlement Agreement (or any of its terms or provisions), nor voluntarily aid or encourage any putative class members, objectors or other persons to object to, opt-out of the Certified Settlement Class or this Settlement Agreement, except to the extent that Class Counsel may have a duty to putative class members to respond to a request for information or advice about the procedure for objecting to or opting-out of the settlement. Class Counsel, Plaintiffs' Counsel, NVIDIA, and NVIDIA's counsel are entitled to communicate with the putative class members about this Action and this Settlement Agreement in the ordinary course of their business.

14.3 **Choice of law.** This Settlement Agreement shall be governed by and construed in accordance with the laws of California, without regard to principles of conflicts of law.

14.4 **Jurisdiction and Venue.** The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Settlement Agreement, and all Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing this Settlement Agreement. The Parties, Class Counsel, Plaintiffs' Counsel, class members, NVIDIA and NVIDIA's counsel agree that venue shall, for all purposes relating to this Settlement Agreement, be exclusively in the United States District Court for the Northern District of California, San Jose Division.

14.5 **Entire agreement.** This Settlement Agreement (including exhibits expressly referenced herein and attached hereto) contains the entire agreement among the Parties with respect to the subject matter hereof and supersedes any prior written or oral agreements, representations, warranties, or statements. No representation, warranty, or inducement has been made to any party hereto concerning this Settlement Agreement other than the representations, warranties, and covenant contained herein. This Settlement Agreement may not be altered, modified or amended, or any of its provisions waived, unless by a writing, executed by counsel for all the Parties hereto.

14.6 **Headings.** The section headings used throughout this Settlement Agreement are for convenience only and shall not affect the interpretation or construction of this Settlement Agreement or any of its terms.

14.7   **No presumption against drafter**.  None of the Parties hereto or their respective counsel shall be considered the drafter of this Settlement Agreement or any provision hereof for purposes of any statute, case law, or rule of interpretation or construction that would or might cause any provision to be construed against the drafter hereof.  This Settlement Agreement was drafted with substantial input by all Parties, and no reliance was placed on any representations other than those contained herein.  No Party or person may offer in evidence or otherwise use, for purposes of suggesting any interpretation of this Settlement Agreement, any prior drafts of this Settlement Agreement.

14.8   **Time of the essence**.  The Parties agree that time is of the essence in this Settlement Agreement.  The Parties further agree that upon prior notice to the Court and after approval by the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlement, as they deem necessary and appropriate.

14.9   **Counterparts**.  This Settlement Agreement may be executed in counterparts, all of which shall be considered the same as if a single document shall have been executed, and shall become Effective when such counterparts have been signed by each of the Parties and delivered to each of the other Parties, and the conditions in Section 12 are satisfied.

14.10  **Non-waiver**.  The failure of any Party to enforce at any time any provision of this Settlement Agreement shall not be construed to be a waiver of that provision, nor in any way to affect the validity of this Settlement Agreement or any part thereof, or the right of any Party thereafter to enforce each and every such provision.  No waiver of any breach of this Settlement Agreement shall be held to constitute a waiver of any other breach.

14.11  **Confidentiality**.  Nothing in this Settlement Agreement is intended to or shall be construed to affect the confidentiality of any documents or information provided to any Party by any Person during the course of this Litigation and designated "CONFIDENTIAL" pursuant to the terms of the Stipulated Protective Order entered in this Litigation on September 22, 2009.

14.12 **Materiality of Exhibits**. All of the exhibits to this Settlement Agreement expressly referenced herein are material and integral parts hereof and are fully incorporated herein by this reference.

14.13 **Privileges, immunities, protections**. Nothing in this Settlement Agreement, or the negotiations or proceedings relating thereto is intended to or shall be deemed to constitute a waiver of any applicable privilege or immunity, including, without limitation, the protections of the California Constitution, the accountants' privilege, the attorney-client privilege, the joint defense privilege, or work product immunity.

14.14 **Third Party Beneficiaries**. The Released Persons described in Section 1.25 are intended to be and are third party beneficiaries of the release contained in this Settlement Agreement.

14.15 **Confirmatory discovery**. Class Counsel may seek additional "confirmatory" discovery after the execution of this Settlement Agreement for the sole and limited purpose of confirming information provided to them in the course of settlement negotiations, mediation, or other discussions, conversations, or activities concerning the resolution of this Litigation. Nothing herein shall preclude any Party from designating portions of any confirmatory discovery "CONFIDENTIAL" in accordance with the terms of the Stipulated Protective Order entered in this Litigation on September 22, 2009.

14.16 **Insolvency**. NVIDIA warrants, as to the payments made by or on behalf of it, at the time of such payment that NVIDIA made or caused to be made pursuant to Section 2.9 above, it was not insolvent, nor did or will the payment required to be made by or on behalf of it render NVIDIA insolvent, within the meaning of and/or for the purposes of the United States Bankruptcy Code, including §§ 101 and 547 thereof. This warranty is made by NVIDIA and not by NVIDIA's counsel.

14.17 **Voidable transfers**. If a case is commenced in respect of NVIDIA (or any insurer contributing reimbursement funds to the Reimbursement Fund on behalf of NVIDIA) under Title 11 of the United States Bankruptcy Code, or a trustee, receiver, conservator, or other

fiduciary is appointed under any similar law, and in the event of the entry of a final order of a court of competent jurisdiction determining the transfer of money to the Reimbursement Fund or any portion thereof by or on behalf of NVIDIA to be a preference, fraudulent transfer, voidable transfer, or similar transaction, and any portion thereof is required to be returned, and such amount is not promptly deposited to the Reimbursement Fund by others, then, at the election of Class Counsel, the parties shall jointly move the Court to vacate and set aside the releases given and judgment entered in favor of the Released Parties pursuant to this Settlement Agreement, which releases and judgment shall be null and void, and the parties shall be restored to their respective positions in the Litigation as of July 11, 2010, and any cash amounts in the Reimbursement Fund shall be returned as provided in Section 2.13(7) above.

IN WITNESS WHEREOF, the Parties hereto have caused this Settlement Agreement to be executed by their duly authorized representatives dated August 12, 2010.

MILBERG LLP

By:_____
                    Jeff S. Westerman

Milberg LLP
One California Plaza
300 South Grand Avenue, Suite 3900
Los Angeles, CA 90071
Telephone:  213-617-1200
Fax:  213-617-1975

Class Counsel

ORRICK, HERRINGTON & SUTCLIFFE LLP


By:_____
                    James N. Kramer

Orrick, Herrington & Sutcliffe LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105
Telephone: 415-773-5700
Fax: 415-773-5759

Counsel for NVIDIA Corporation

IN WITNESS WHEREOF, the Parties hereto have caused this Settlement Agreement to be executed by their duly authorized representatives dated August 12, 2010.

MILBERG LLP

By:_____
             Jeff S. Westerman

Milberg LLP
One California Plaza
300 South Grand Avenue, Suite 3900
Los Angeles, CA 90071
Telephone: 213-617-1200
Fax: 213-617-1975

Class Counsel

ORRICK, HERRINGTON & SUTCLIFFE LLP

By:_____
             James N. Kramer

Orrick, Herrington & Sutcliffe LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105
Telephone: 415-773-5700
Fax: 415-773-5759

Counsel for NVIDIA Corporation

# AMENDMENT NO. 1 TO STIPULATION AND AGREEMENT OF SETTLEMENT AND RELEASE

This AMENDMENT NO. 1 is made on August 16, 2010, by and between the named plaintiffs proposed as Class and Settlement Class Representatives, Todd Feinstein, Brian Robinson, Nathan DeBockler, John Russo, and Lance Waidzunas (collectively, "Plaintiffs") in *The NVIDIA GPU Litigation*, Case No. C 08-04312 JW, on the one hand, and NVIDIA Corporation ("NVIDIA"), on the other hand.

## RECITALS

1. On August 12, 2010, Plaintiffs and NVIDIA entered into a STIPULATION AND AGREEMENT OF SETTLEMENT AND RELEASE (the "Settlement Agreement");

2. In accordance with Section 14.5 of the Settlement Agreement, the Parties wish to amend the Settlement Agreement; and

3. All capitalized terms used herein shall have the meaning ascribed to them in the Settlement Agreement.

NOW THEREFORE, Plaintiffs and NVIDIA hereby expressly agree as follows:

1.      Section 2.6 of the Settlement Agreement is amended to add the following at the end of the section:

In no event shall any person receive a replacement computer pursuant to this Section 2.6 of the Settlement Agreement, unless that person has first (1) submitted a valid Claim Form that has been approved by the Administrator, and (2) upon approval of a claim, returned to HP the Class Computer referenced on the Claim Form that is experiencing an Identified Symptom.  For purposes of this Section 2.6 and Section 1.2, and subject to confirmatory discovery, only HP computers with the following product identification numbers are included within the definition of Class Computers:

| Platform Name | Product Identification Number |
|---|---|
| HP Pavilion dv20xx;<br>Compaq Presario v30xx | ES745AV; ES 746AV; ES817A; ES826AV; ES892AV; EZ643UA; EZ644UA; EZ645UA; EZ648UA; EZ649UA; EZ672UA; EZ674UA; EZ675UA; EZ676UA; EZ677UA; EZ678UA; EZ679UA; EZ680UA; EZ681UA; GD275AV; RD140AV; RD153AV; RK416AV; RK434AV<br>* If the notebook product number is listed here and followed by the letter R, then it is included as a Class Computer. |
| HP Pavilion dv21xx<br>Compaq Presario v31xx | EY045AV; EY046AV; EY047AV; EY048AV; RG404UA; RG406UA; RG407UA; RG408UA; RG411UA; RG413UA; RG414UA; RG415UA<br>* If the notebook product number is listed here and followed by the letter R, then it is included as a Class Computer. |
| HP Pavilion dv22xx/dv23xx<br>Compaq Presario v32xx/v33xx | GA154UA; GA155UA; RD856AV; RD857AV; RD858AV; RD859AV; RE205AV; RE206AV; RP408UA; RP409UA; RP410UA; RP412UA; RP413UA; RP415UA; RU767UA; RU768UA; RU769UA; RV322UA; RV323UA; RV324UA; RV325UA; RV326UA; RV327UA; RV328UA; RZ833PA<br>* If the notebook product number is listed here and followed by the letter R, then it is included as a Class Computer. |
| HP Pavilion dv24xx<br>Compaq Presario v34xx | GA532UA; GA533UA; GA534UA; GA535; GA536; GA537UA; GM035UA; GM037UA; GM038UA; GM039UA; GM040UA; RX692AV; RX693AV; RX694AV<br>* If the notebook product number is listed here and followed by the letter R, then it is included as a Class Computer. |
| HP Pavilion dv90xx | EW635AV; EW680AV; EX988AV; EZ452UA; EZ453UA; EZ456UA; EZ457UA; EZ458UA; EZ459UA; EZ460UA; EZ461UA; EZ462UA; EZ468UA; EZ470UA; EZ471UA; RG139AS; RG564AV; RG931AS<br>* If the notebook product number is listed here and followed by the letter R, then it is included as a Class Computer. |
| HP Pavilion dv92xx/dv93xx | GA074UA; GA075UA; GA076UA; GA077UA; GA078UA; RD860AV; RG565AV; RL015AV; RP114UA; RP115UA; RP116UA; RP122UA; RU312UA; RU313UA; RU314UA; RU971UA; RU972UA; RU974UA; RU975UA; RW113AS<br>* If the notebook product number is listed here and followed by the letter R, then it is included as a Class Computer. |
| HP Pavilion dv94xx | GA354UA; GA355UA; GA356UA; GA358UA; GA359UA; GA361UA; GD545AV; GD574AV; GL880UA; GL885UA; |

| | GL886UA; GL887UA; GL888UA; GL889UA; GL890UA; GL891UA; GL892UA; RX944AV |
|---|---|
| | * If the notebook product number is listed here and followed by the letter R, then it is included as a Class Computer. |
| HP Pavilion dv60xx<br>Compaq Presario v60xx | EW434AV; EW435AV; EW468AV; EW585AV; EW586AV; EW618AV; EZ472UA; EZ473UA; EZ474UA; EZ475UA; EZ502UA; EZ503UA; RE603AS; RE606AS |
| | * If the notebook product number is listed here and followed by the letter R, then it is included as a Class Computer. |
| HP Pavilion dv61xx<br>Compaq Presario v61xx | EX991AV; EX992AV; EX992AV; EX994AV; GD536AV; RD167AV; RD181AV; RG253UA; RG254UA; RG264UA; RG265UA; RG266UA; RG267UA; RG272UA; RG273UA; RG274UA; RG279UA; RG282UA; RG286UA; RG287UA; RG289UA; RG290UA; RG293UA; RG294UA; RG298UA; RG563AV; RG568AV; RK415AV; RM662LA; RN906UA; RN907UA; RN910UA; RN911UA; RN914UA; RN926UA; RN927UA |
| | * If the notebook product number is listed here and followed by the letter R, then it is included as a Class Computer. |
| HP Pavilion dv62xx/dv63xx<br>Compaq Presario v62xx/v63xx | GA212UA; GA213UA; GA215UA; GA218UA; GA219UA; GA231UA; GA232UA; GA233UA; GA235UA; GA238UA; GA451UA; GA452UA; GA673AV; RD861AV; RD862AV; RD863AV; RD864AV; RD865AV; RJ637AV; RK654AV; RK664AV; RP153UA; RP154UA; RP156UA; RP158UA; RP160UA; RP162UA; RP164UA; RP165UA; RP168UA; RP203UA; RP211UA; RP287UA; RU676UA; RU677UA; RU678UA; RU679UA; RV003UA; RV004UA; RV005UA; RV009UA; RV010UA; RV011UA; RV012UA; RV013UA; RV018UA; RV020UA; RV052UA; RV053UA; RW114AS; RW115AS |
| | * If the notebook product number is listed here and followed by the letter R, then it is included as a Class Computer. |
| HP Pavilion dv64xx<br>Compaq Presario v64xx | GA442UA; GA443UA; GA444UA; GA445UA; GA447UA; GA448UA; GA 449UA; GA450UA; GA454UA; GA456UA; GA458UA; GD661AV; RX950AV; RX951AV; GA462UA; GL896UA; GL909UA; GL910UA; GL911UA; GN202AV; GD662AV; GL912UA; GL913UA; GL914UA; GL915UA; GL916UA; RX945AV; RX947AV; GL917UA; GL925UA; GL926UA; KA249UA; KA250UA; RX946AV; RX948AV |
| | * If the notebook product number is listed here and followed by the letter R, then it is included as a Class Computer. |
| F500 | RZ326UA; RZ327UA; RZ329UA; RZ330UA; RZ335UA; RZ340UA; GF593UA; GF596UA; GF602UA; GF606UA; |

|        | GF606UA#AVA |
|--------|-------------|
| Tx1xxx | RD192AV; RV307UA; RV308UA; RV309UA; RV312UA; RV313UA; RX695AV; GM025UA; GS865UA; GS866UA; GS867UA; GS868UA; GS877UA; GS877UA#ABA; GA646UA; GA647UA; GA648UA; GA650UA; GA469UA; GA469UA#ABA; KC468UA; KC474UA; KC474UA#ABA; KC475UA; KC479UA |

2.     The text of Section 8.2 of the Settlement Agreement is deleted and amended to read as follows:  Within five (5) business days of Preliminary Approval, the Administrator shall provide individualized Notice in the manner described in Section 6.


Except as expressly amended by this AMENDMENT NO. 1, the terms and conditions of the Settlement Agreement shall remain in full force and effect.

This AMENDMENT NO. 1 may be signed in counterparts.

IN WITNESS WHEREOF, the Parties hereto have caused this Settlement Agreement to be executed by their duly authorized representatives dated August 12, 2010.


MILBERG LLP

By: _____
        Jeff S. Westerman

Milberg LLP
One California Plaza
300 South Grand Avenue, Suite 3900
Los Angeles, CA 90071
Telephone:  213-617-1200
Fax:  213-617-1975


Class Counsel

ORRICK, HERRINGTON & SUTCLIFFE LLP

By: _____
        Robert P. Varian

Orrick, Herrington & Sutcliffe LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105
Telephone: 415-773-5700
Fax: 415-773-5759

Counsel for NVIDIA Corporation

# Exhibit 1

NVIDIA GPU Litigation Settlement Administrator
P.O. Box 61xx
Novato, CA 94948-61xx
1-866-123-4567

| Draft v3.1 |
| August 16, 2010 |

# Chip Replacement Claim Form And Settlement Declaration

Use this Chip Replacement Claim Form to obtain a replacement of the Nvidia Graphics Processing Unit or Media and Communications Processor if your computer is experiencing the symptom(s) checked in the Declaration section below.

|||||||||||||||||||||||||||||||| Claim #: NVF-123456789

First Last
Company
Address 1
Address 2
City, State  Zip code

Name/Address Change, if any:

## Instructions

1. **You must attach to this Claim Form proof of purchase, which shows the date you purchased your computer.** Proof of Purchase can be a sales receipt, credit card or other account statement, shipping manifest, purchase order or other similar documentation.

2. Enter or correct the information required in the Declaration section below, then sign, date and enter your location.

3. Mail this Claim Form postmarked **no later than Month dd, yyyy** to: NVIDIA GPU Litigation Settlement Administrator, P.O. Box 61xx, Novato, CA 94948-61xx. If sent by any other means, this Claim Form must be received by 11:59 p.m. on Month dd, yyyy, and be delivered to: NVIDIA GPU Litigation Settlement Administrator, 75 Rowland Way, Suite 250, Novato, CA 94945 (fax: 415-xxx-xxxx).

4. If your claim is approved, you will be sent instructions and a Repair Authorization Form from the Settlement Administrator, and a shipping box from the computer manufacturer.

## Claim

I request replacement of the Nvidia Graphics Processing Unit or Media and Communications Processor in my computer because it is experiencing the symptom(s) checked in the Declaration below.

## Declaration

I, [preprint name], hereby declare under penalty of perjury as follows:

1. I have personal knowledge of the matters stated herein, and I could and would testify competently to them if called upon to do so.

2. The computer platform model that I purchased was a [preprint Model Name] computer platform model manufactured by [preprint Dell/HP/Apple], and bearing the Product Identification # [preprint].

3. I purchased the computer referenced in paragraph 2 on [preprint date] in the United States of America.

4. The computer I purchased in paragraph 2 has experienced one or more of the symptoms listed below (check the symptoms experienced): [WE WILL PRE-PRINT "X" IN THE BOX FOR THE EACH SYMPTOM CLAIMED]

   ☐ a. Distorted or scrambled video on the computer screen
   ☐ b. No video on the computer screen even when the computer is on
   ☐ c. Random characters or garbled images on the computer screen
   ☐ d. Intermittent video failure
   ☐ e. Failure to detect the wireless adapter
   ☐ f. None of the above

5. In the past (check one): ☐ I have   ☐ I have not [PRE-PRINT THE X IN THE BOX] obtained a repair of the computer described in paragraph 2 because it has previously experienced one or more of these symptoms.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Also, by submitting this Claim Form, I consent to the jurisdiction of the Court in this matter.

_____     _____     _____
Signature                              Date (mm/dd/yyyy)                    Location

NVIDIA GPU Litigation Settlement Administrator
P.O. Box 61xx
Novato, CA 94948-61xx
1-866-123-4567

Draft v3.1
August 16, 2010

# Reimbursement Claim Form And Settlement Declaration

Use this Reimbursement Claim Form to claim a reimbursement for up to the amount you paid for repair of your computer related to the Nvidia Graphics Processing Unit or Media and Communications Processor.

|||||||||||||||||||||||||||||| Claim #: NVF-123456789

First Last
Company
Address 1
Address 2
City, State  Zip code

Name/Address Change, if any:

If this claim is to be paid in the name of a company, what is the name of the company? _____

## Instructions

1. **You must attach to this Claim Form Proof of Purchase for your computer and Proof of Repair**.  Proof of Purchase can be a sales receipt, credit card or other account statement, shipping manifest, purchase order or other similar documentation.  Proof of Repair must show the amount you paid for the repair, the date of the repair and the name of the repair facility.

2. Enter or correct the information required in the Claim and Declaration sections below, then sign, date and enter your location.

3. Mail this Claim Form postmarked **no later than Month dd, yyyy** to: NVIDIA GPU Litigation Settlement Administrator, P.O. Box 61xx, Novato, CA 94948-61xx.  If sent by any other means, this Claim Form must be received by 11:59 p.m. on Month dd, yyyy, and be delivered to: NVIDIA GPU Litigation Settlement Administrator, 75 Rowland Way, Suite 250, Novato, CA 94945 (fax: 415-xxx-xxxx).

4. If your claim is approved, you will be reimbursed up to the amount you paid for repairs related to the Nvidia Graphics Processing Unit or Media and Communications Processor.  If there are insufficient funds to pay all claims, your payment will be prorated among all approved claims.  Payments for approved claims will be made after all claims are processed.

## Claim

I request reimbursement for the amount I paid for repair of my computer described in the declaration below.  The repair was related to symptoms associated with the Nvidia Graphics Processing Unit or Media and Communications Processor.

Amount Paid for Repair: $__Preprint_____  Date of Repair (mm/dd/yyyy): ____/____/_____ [preprint]

## Declaration

I, [preprint name], hereby declare under penalty of perjury as follows:

1. I have personal knowledge of the matters stated herein, and I could and would testify competently to them if called upon to do so.

2. The computer platform model that I purchased was a [preprint Model Name] computer platform model manufactured by [preprint Dell/HP/Apple], and bearing the Product Identification # [preprint].

3. I purchased the computer referenced in paragraph 2 on [preprint date] in the United States of America.

4. The computer I purchased in paragraph 2 has experienced one or more of the symptoms listed below (check the symptoms experienced): [WE WILL PRE-PRINT "X" IN THE BOX FOR THE EACH SYMPTOM CLAIMED]

   ☐ a.  Distorted or scrambled video on the computer screen

   ☐ b.  No video on the computer screen even when the computer is on

   ☐ c.  Random characters or garbled images on the computer screen

   ☐ d.  Intermittent video failure

   ☐ e.  Failure to detect the wireless adapter

   ☐ f.  None of the above

5. In the past (check one): ☐ I have   ☐ I have not  [PRE-PRINT THE X IN THE BOX] obtained a repair of the computer described in paragraph 2 because it has previously experienced one or more of these symptoms.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Also, by submitting this Claim Form, I consent to the jurisdiction of the Court in this matter.

Signature

Date (mm/dd/yyyy)

Location1

# Exhibit 2

<u>UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA</u>

# If you purchased certain models of computers containing an NVIDIA graphics processing unit or media and communications processor, you could be entitled to benefits under a class action settlement.

*The United States District Court for the Northern District of California, San Jose Division, authorized this notice.  This is not a solicitation from a lawyer.*

- The settlement relates to the purchase of Dell, Hewlett Packard ("HP"), and Apple computers containing NVIDIA chips.  It will provide for (1) replacement of the NVIDIA graphics processing unit or media and communications processor, which are referred to in this notice as the "chips," if you purchased a version of certain models of computers manufactured by Dell, Inc., or Apple Inc. containing one of the NVIDIA chips, and your computer is experiencing certain identified symptoms; or (2) a payment from a $2,000,000 settlement fund established for the purpose of providing reimbursements to persons who purchased a specified model of computer, experienced certain identified symptoms, and paid to have the computer repaired, although the amount of reimbursement may depend on the number of reimbursement claims received; or (3) a replacement computer similar in kind and value if you purchased a version of certain models of computer manufactured by HP containing one of the NVIDIA chips and your computer is experiencing certain identified symptoms.

- NVIDIA is providing these benefits to members of the class, and is funding the settlement.  Dell, HP and Apple are not parties to this lawsuit.  This settlement does not affect any existing computer warranty that you may have.  To the extent applicable, such warranties will continue to apply according to their terms.

- To qualify for a replacement chip in your Dell or Apple computer, you must be a United States resident who purchased in the United States one of the Dell or Apple computer models listed in Section 7 hereto, your computer must be experiencing one of the symptoms identified on Exhibit 1 hereto, and you must submit a Claim Form and the identified supporting documentation within the applicable deadlines.  To qualify for a reimbursement, you must be a United States resident who purchased in the United States one of the computer models listed in Section 7 hereto, your computer must have experienced one of the symptoms identified on Exhibit 1 hereto, you must have paid to have your computer repaired because it was experiencing one of the symptoms identified on Exhibit 1 hereto, and you must submit a Claim Form and the identified supporting documentation within the applicable deadlines.  To qualify for a replacement computer, you must be a United States resident who purchased in the United States a version of one of the HP computer models listed in Section 7 hereto containing an NVIDIA chip, your computer must be experiencing one of the symptoms identified on Exhibit 1 hereto, and you must submit a Claim Form and the identified supporting documentation and the computer that is experiencing the symptoms within the applicable deadlines.

- Your legal rights are affected whether you act or don't act.  Please read this notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM AND SUPPORTING DOCUMENTATION** | The only way to get a replacement remedy or a reimbursement. |

| WITHIN THE DEADLINES | |
|---|---|
| **EXCLUDE YOURSELF** | Get no replacement remedy or reimbursement payment.  This is the only option that allows you to ever be part of any other lawsuit against NVIDIA about the legal claims in the case. |
| **OBJECT** | Write to the Court about why you don't like the settlement. |
| **GO TO A HEARING** | Ask to speak in Court about the fairness of the settlement. |
| **DO NOTHING** | Get no replacement remedy or reimbursement remedy.  Give up rights. |

- These rights and options—**and the deadlines to exercise them**—are explained in this notice.

- The Court in charge of this case must decide whether to approve the settlement as part of the process described in this notice.  Replacements or reimbursements will be made if the Court approves the settlement.

OHS West:260971467.1

| WHAT THIS NOTICE CONTAINS |
|---|

**BASIC INFORMATION**..................................................................................**5**

    1.    Why did I get this notice package?.................................................5

    2.    What is this lawsuit about?.............................................................5

    3.    Why is this a class action?.............................................................5

    4.    Why is there a settlement?.............................................................5

**WHO IS IN THE SETTLEMENT** .................................................................**6**

    5.    How do I know if I am part of the settlement?.........................6

    6.    Are there exceptions to being included?...................................6

    7.    Which products are included?.......................................................6

    8.    I'm still not sure if I am included..............................................8

**THE SETTLEMENT BENEFITS — WHAT YOU GET**..............................**8**

    9.    What does the settlement provide?.............................................8

    10.    What can I get from the settlement?...........................................9

    11.    Does this settlement affect my existing product warranty?...................9

    12.    If I purchased one of the listed computers during the corresponding time period but have not experienced an identified symptom, am I included? ............9

    13.    If I purchased one of the listed computers during the corresponding time period and paid to have it repaired when it experienced an identified symptom, am I included?................................................9

    14.    What if my computer experiences symptoms in the future?..............10

**HOW YOU GET A REPLACEMENT OR REIMBURSEMENT -- SUBMITTING A CLAIM FORM**......................................................................**10**

    15.    How can I get a replacement or reimbursement?.................10

    16.    When would I get my replacement or reimbursement?.........10

    17.    What am I giving up if I remain in the Class?.......................11

    18.    How do I get out of the settlement?.........................................12

    19.    What is the effect if I exclude myself from this settlement? ...............12

    20.    If I don't exclude myself, can I sue NVIDIA for the same thing later? .............12

## WHAT THIS NOTICE CONTAINS

(continued)

**THE LAWYERS REPRESENTING YOU** ................................................................ **12**

    21.    Do I have a lawyer in the case? ........................................................ 12

    22.    How will the lawyers be paid? ......................................................... 13

**OBJECTING TO THE SETTLEMENT** .................................................................... **13**

    23.    How do I tell the Court that I don't like the settlement? ................... 13

    24.    What's the difference between objecting and excluding? ................... 13

**THE COURT'S FAIRNESS HEARING** ................................................................... **14**

    25.    When and where will the Court decide whether to approve the settlement? ....... 14

    26.    Do I have to come to the hearing? .................................................... 14

    27.    May I speak at the hearing? .............................................................. 14

**IF YOU DO NOTHING** ......................................................................................... **14**

    28.    What happens if I do nothing at all? ................................................. 14

**GETTING MORE INFORMATION** ........................................................................ **15**

    29.    Are there more details about the settlement? ................................... 15

    30.    How do I get more information? ....................................................... 15

## BASIC INFORMATION

| 1. | Why did I get this notice package? |
|---|---|

You may be a United States resident who purchased for your own personal use and not for resale one of the computers listed in Section 7 hereto during the corresponding time period, which contained one of certain NVIDIA chips that were incorporated into some versions of those computers.

The Court ordered this notice to be sent to you because you have a right to know about a proposed settlement of a class action lawsuit against NVIDIA, and about your options, before the Court decides whether to approve the settlement.  If the Court approves it, an administrator will, where appropriate, authorize the replacements and make the reimbursement payments that the settlement allows.

This package explains the lawsuit, the settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the case is the United States District Court for the Northern District of California, and the case is known as *The NVIDIA GPU Litigation*, Case No. 08-cv-04312-JW.  The people who sued are called the Plaintiffs, and the company they sued, NVIDIA Corporation, is called the Defendant.

| 2. | What is this lawsuit about? |
|---|---|

The lawsuit claimed that NVIDIA sold defective Graphics Processing Units ("GPUs") and Media and Communications Processors ("MCPs") that affected the performance of some of the computers in which they were incorporated.  NVIDIA denies all allegations of wrongdoing and has asserted many defenses.  The settlement is not an admission of wrongdoing.

| 3. | Why is this a class action? |
|---|---|

In a class action, one or more people, called Class Representatives (in this case Todd Feinstein, Brian Robinson, Nathan DeBockler, John Russo, and Lance Waidzunas), sue on behalf of people who have alleged similar claims.  All these people are a Class or Class Members.  One court resolves the issues for all Class Members, except those who exclude themselves from the Class.  United States District Court Judge James Ware is in charge of this class action.

| 4. | Why is there a settlement? |
|---|---|

The Court did not decide in favor of Plaintiffs or Defendant. Instead, both sides agreed to a settlement. That way, they avoid the cost of a trial, and settlement benefits go to the Class Members. The Class Representatives and their attorneys think the settlement is best for the Class Members.

## WHO IS IN THE SETTLEMENT

To see if you get a replacement remedy or a reimbursement from this settlement, you first have to determine whether you are a Class Member.

| 5. How do I know if I am part of the settlement? |
|---|

Judge Ware has decided that everyone who fits this description is a Class Member: *All persons and entities resident in the United States of America who purchased a "Class Computer" in the United States of America.*

| 6. Are there exceptions to being included? |
|---|

Yes. The Class does *not* include (1) employees of NVIDIA, including its current or former directors, officers and counsel; (2) any entity that has a controlling interest in NVIDIA; (3) NVIDIA's affiliates and subsidiaries; and (4) the judge to whom this case is assigned and any member of the judge's immediate family. The Class also does not include all persons who validly request exclusion from the Class.

| 7. Which products are included? |
|---|

The following computer models are included in the settlement, if they contain an NVIDIA GPU or MCP and were purchased in the time period corresponding to each model:

| OEM | PLATFORM NAME | PURCHASE DATE RANGES |
|---|---|---|
| Dell | Inspiron 1420 | May 2007 – September 30, 2008 |
| Dell | Vostro Notebook 1400 | May 2007 – September 30, 2008 |
| Dell | Latitude D620 | December 2005 – November 30, 2008 |
| Dell | XPS M1210 | March 2006 – November 30, 2008 |
| Dell | Latitude D630 | February 2007 – September 30, 2008 |
| Dell | Latitude D630c | February 2007 – September 30, 2008 |
| Dell | Vostro Notebook 1310 | December 2007 – September 30, 2008 |

6

OHS West:260971467.1

| OEM | PLATFORM NAME | PURCHASE DATE RANGES |
|---|---|---|
| Dell | Vostro Notebook 1510 | December 2007 – September 30, 2008 |
| Dell | Vostro Notebook 1710 | January 2008 – July 31, 2008 |
| Dell | Precision M2300 | August 2007 – September 30, 2008 |
| Dell | Inspiron 9400/E1705 | March 2006 – February 28, 2010 |
| Dell | XPS M1710 | March 2006 – February 28, 2010 |
| Dell | XPS1710 | September 2006 – April 30, 2009 |
| Dell | XPS1710 | March 2006 – March 31, 2009 |
| Dell | Precision M6300 | December 2007 – March 31, 2009 |
| Dell | XPS M1730 | November 2007 – January 31, 2009 |
| Dell | Latitude D820 | November 2005 – March 31, 2008 |
| Dell | Latitude D830 | March 2007 – September 30, 2008 |
| Dell | Precision M4300 | March 2007 – September 30, 2008 |
| Dell | Precision M65 | November 2005 – January 31, 2008 |
| Dell | XPS M1530 | September 2007 – January 31, 2009 |
| Dell | XPS M1530 | September 2007 – September 30, 2008 |
| Dell | XPS M1330 | March 2007 – September 30, 2008 |
| Dell | Vostro 1700 | March 2007 – September 30, 2008 |
| HP | Pavilion dv20xx | March 2006 – December 31, 2008 |
| HP | Pavilion dv21xx | March 2006 – December 31, 2008 |
| HP | Pavilion dv22xx | March 2006 – December 31, 2008 |
| HP | Pavilion dv23xx | March 2006 – December 31, 2008 |
| HP | Pavilion dv24xx | March 2006 – December 31, 2008 |
| HP | Pavilion dv60xx | May 2006 – April 30, 2009 |
| HP | Pavilion dv61xx | May 2006 – April 30, 2009 |
| HP | Pavilion dv62xx | May 2006 – April 30, 2009 |
| HP | Pavilion dv63xx | May 2006 – April 30, 2009 |
| HP | Pavilion dv64xx | May 2006 – April 30, 2009 |
| HP | Pavilion dv90xx | May 2006 – November 30, 2008 |
| HP | Pavilion dv92xx | May 2006 – November 30, 2008 |
| HP | Pavilion dv93xx | May 2006 – November 30, 2008 |
| HP | Pavilion dv94xx | May 2006 – November 30, 2008 |
| HP | F500 | October 2006 – September 30, 2008 |

7

OHS West:260971467.1

| OEM | PLATFORM NAME | PURCHASE DATE RANGES |
|---|---|---|
| HP | Compaq Presario v30xx | March 2006 – October 31, 2008 |
| HP | Compaq Presario v31xx | March 2006 – October 31, 2008 |
| HP | Compaq Presario v32xx | March 2006 – October 31, 2008 |
| HP | Compaq Presario v33xx | March 2006 – October 31, 2008 |
| HP | Compaq Presario v34xx | March 2006 – October 31, 2008 |
| HP | Compaq Presario v60xx | May 2006 – October 31, 2008 |
| HP | Compaq Presario v61xx | May 2006 – October 31, 2008 |
| HP | Compaq Presario v62xx | May 2006 – October 31, 2008 |
| HP | Compaq Presario v63xx | May 2006 – October 31, 2008 |
| HP | Compaq Presario v64xx | May 2006 – October 31, 2008 |
| HP | tx1xxx | March 2007 – May 31, 2008 |
| Apple | MacBook Pro(15-inch) | May 2007 – September 2008 |
| Apple | MacBook Pro (17-inch) | May 2007 – September 2008 |

In some of the computer models listed above, only certain versions of the models of computers contain NVIDIA chips, even though the computer has the same model name.  Only those versions containing NVIDIA chips are entitled to a remedy as part of this settlement.

## 8.     I'm still not sure if I am included.

If you are still not sure whether you are included, you can visit the website, www.xxxxxxxx.com, for more information.

## THE SETTLEMENT BENEFITS — WHAT YOU GET

## 9.     What does the settlement provide?

NVIDIA has agreed to provide a replacement of the NVIDIA GPU or MCP to Class Members who purchased certain versions of some Dell, Inc. or Apple Inc. computers that contain an NVIDIA chip and who send in a valid Claim Form and appropriate supporting documentation. NVIDIA has also agreed to provide a replacement HP computer to Class Members who bought certain versions of some HP computers that contain an NVIDIA chip and who send in a valid Claim Form and appropriate supporting documentation, with a computer of similar kind and value.  The settlement covers certain versions of certain models of computers manufactured by Dell, Inc., HP or Apple Inc., identified in number 7 and purchased between the dates correlating to those models.  Only versions of those models that contain an NVIDIA GPU or MCP and

experienced certain symptoms identified in Exhibit 1 are entitled to a replacement remedy.

NVIDIA has also agreed to provide a fund in the amount of $2,000,000 to provide reimbursements if you purchased a version of one of the computer models identified in number 7 that contains an NVIDIA GPU or MCP during the dates listed in number 7, experienced certain identified symptoms, and have appropriate documentation proving that you paid to have the computer repaired.  The amount of reimbursement may depend on the number of reimbursement claims received.

To qualify for the replacement remedy or the reimbursement, you must have purchased a version of the computer that contained an NVIDIA chip, and the purchase must have occurred within the date range correlating to your computer model.

## 10.   What can I get from the settlement?

The settlement provides for either a replacement of the NVIDIA chip inside your computer, or for a replacement HP computer with one similar in kind and value if you bought a subject HP computer, or for reimbursement of either the entire amount that you spent to have the computer repaired due to a previous failure of the NVIDIA graphics chip or a portion of that amount, depending on the number of people who submit valid claims for reimbursement.  All settlement benefits are provided by NVIDIA.

## 11.   Does this settlement affect my existing product warranty?

No.  This settlement does not affect any existing warranty that you may have.  Those warranties, if any, will continue to apply to your computer according to their terms.

## 12.   If I purchased one of the listed computers during the corresponding time period but have not experienced an identified symptom, am I included?

Yes, but to obtain a replacement remedy or reimbursement payment your computer must have experienced one of the symptoms identified on Exhibit 1.

## 13.   If I purchased one of the listed computers during the corresponding time period and paid to have it repaired when it experienced an identified symptom, am I included?

Yes.  You may be entitled to make a claim for reimbursement of any payments you made to have your computer repaired as a result of a problem with an NVIDIA GPU or MCP if you can provide appropriate documentation showing proof of payment for a repair.  The amount you are reimbursed may not cover the full amount of your payment, depending on how many people claim and are entitled to reimbursement.

## 14.   What if my computer experiences symptoms in the future?

If your computer experiences symptoms before the deadline to submit a Claim Form, you may submit a Claim Form within the applicable deadline and obtain a replacement remedy.  You may also submit your computer for repair under any existing and operative warranty provided to you by, or purchased by you from, the manufacturer of your computer or the retailer from whom you purchased the computer.

## HOW YOU GET A REPLACEMENT OR REIMBURSEMENT -- SUBMITTING A CLAIM FORM

## 15.   How can I get a replacement or reimbursement?

To qualify for a replacement remedy or a reimbursement, you must send in a Claim Form and appropriate supporting documentation after the Court grants Final Approval of the settlement, and within the deadline.  A Claim Form, including instructions on how to make a claim, will be available after Final Approval of the settlement on the Internet at www.website.com or by calling 1-800-xxx-xxxx.  If you choose to submit a Claim Form, you will need to provide information that will help verify that your computer is a version of an eligible model that contains an NVIDIA chip.

If you choose to send in a Claim Form, you must do so **only** during the period specified for submitting a Claim Form, called the "Claim Period."  The Claim Period will begin after the Court grants final approval of the Settlement.  If you did not receive notice of this settlement by email, then visit www.website.com and register your email address and you will be notified when the Claim Period begins.  If you received this notice via email or register your email address, you will be notified by email when the Court grants Final Approval and advised when the Claim Period begins.  Alternatively, at any time you may visit www.website.com or call 1-800-xxx-xxx to find out if the Final Approval has been granted and when the Claim Period will begin.  The Court has scheduled a hearing to decide whether to grant final approval for November 22, 2010, and is expected to rule on that date or shortly afterwards.

When you fill in your Claim Form, you must read the instructions carefully, fill out the form as directed in the instructions, include all information and documents the form asks for, and sign the Claim Form under penalty of perjury.  If you choose to submit the Claim Form by U.S. Mail, **you must mail the Claim Form postmarked on or before the last date of the Claim Period**. If you choose to submit the Claim Form by any means other than U.S. Mail, including via email or facsimile **you must submit the Claim Form on or before the last date of the Claim Period**.

Follow all the instructions for the Claim Form.

## 16.   When would I get my replacement or reimbursement?

The Court will hold a hearing on November 22, 2010 at 9:00 a.m., to decide whether to approve the settlement.  If Judge Ware approves the settlement, replacements are expected to begin shortly afterwards.  Reimbursements will be paid after all claims are filed.  Please be patient.

## 17.   What am I giving up if I remain in the Class?

Unless you exclude yourself, you stay in the Class, and that means that you can't sue, continue to sue, or be part of any other lawsuit against NVIDIA, Dell, Inc., HP, or Apple Inc. about the legal issues in this case.  If the Settlement is approved and becomes final and not subject to appeal, then you and all Class Members release all "Released Claims" against all "Released Persons."

"Class Computer" means any of the computers listed in number 7 above.

"Identified Symptom" means any symptom listed on Exhibit 1 to this document.

"Released Claims" means all claims that were or could have been asserted in *The NVIDIA GPU Litigation*, to the extent they arise out of or relate to the weak die/packaging material set in NVIDIA GPU and MCP products incorporated into Class Computers, including Class Computers that exhibit Identified Symptoms.

"Released Persons" means:  (1)  NVIDIA Corporation and its present or past parent corporations, subsidiaries, divisions, affiliates, partners, directors, officers, employees, agents and insurers, and each of their respective predecessors, heirs, executors, administrators, successors, and assigns; (2) HP and its present or past parent corporations, subsidiaries, divisions, affiliates, partners, directors, officers, employees, agents and insurers, and each of their respective predecessors, heirs, executors, administrators, successors, and assigns; (3) Dell and its present or past parent corporations, subsidiaries, divisions, affiliates, partners, directors, officers, employees, agents and insurers, and each of their respective predecessors, heirs, executors, administrators, successors, and assigns; (4) Apple and its present or past parent corporations, subsidiaries, divisions, affiliates, partners, directors, officers, employees, agents and insurers, and each of their respective predecessors, heirs, executors, administrators, successors, and assigns; and (5) Taiwan Semiconductor Manufacturing Company Limited and its present or past parent corporations, subsidiaries, divisions, affiliates, partners, directors, officers, employees, agents and insurers, and each of their respective predecessors, heirs, executors, administrators, successors, and assigns.

Remaining in the Class will NOT affect any existing computer warranty that you may have.  To the extent applicable, such warranties will continue to apply according to their terms.

**EXCLUDING YOURSELF FROM THE SETTLEMENT**

OHS West:260971467.1

If you do not want a replacement or reimbursement from this settlement, but you want to keep any right you may have to sue or continue to sue NVIDIA and the other Released Parties, on your own, about the Released Claims, then you must take steps to remove yourself from the Class.  This is called excluding yourself — or is sometimes referred to as "opting out" of the Class.  NVIDIA may withdraw from and terminate the Settlement if a certain number of people exclude themselves from the Class.

| | |
|---|---|
| **18.** | **How do I get out of the settlement?** |

To exclude yourself from the settlement, you must send a signed letter by mail stating that you want to be excluded from the Class in *The NVIDIA GPU Litigation*, Case No. 08-cv-04312-JW.  Your letter should state a product identification number of your computer, such as the serial number, stock keeping unit ("SKU"), or other letters and/or digits embedded on the cover, back, or bottom of your computer.  In addition, please be sure to include your name, address, telephone number, and your signature.  You must mail your exclusion request postmarked no later than [DATE] to:

NVIDIA GPU Litigation Settlement Administrator
P.O. Box 61xx
Novato, CA 94948-61xx

You can't exclude yourself on the phone or by fax or email.

| | |
|---|---|
| **19.** | **What is the effect if I exclude myself from this settlement?** |

If you ask to be excluded, you will not get any replacement remedy or reimbursement payment, and you cannot object to the settlement.  You will not be legally bound by anything that happens in this lawsuit.  You may be able to sue (or continue to sue) NVIDIA in the future about the legal issues in this case.

| | |
|---|---|
| **20.** | **If I don't exclude myself, can I sue NVIDIA for the same thing later?** |

No.  Unless you exclude yourself, you give up your right to sue NVIDIA for the claims that this settlement resolves.  You must exclude yourself from *this* Class to pursue your own lawsuit.  Remember, your exclusion must be postmarked on or before [DATE].

## The Lawyers Representing You

### 21. Do I have a lawyer in the case?

The Class is represented in this case by Jeff S. Westerman and Nicole M. Duckett of Milberg LLP in Los Angeles, California, and Peter Safirstein and Roland Riggs of Milberg LLP in New York, New York. These lawyers are called Class Counsel. You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

### 22. How will the lawyers be paid?

Class Counsel will ask the Court for attorneys' fees and expenses in the amount of $13,000,000. NVIDIA will separately pay Class Counsel's fees and expenses. These amounts will not come out of any funds for payments to Class Members. NVIDIA has agreed not to oppose these fees and expenses. NVIDIA will also separately pay the costs to administer the settlement and will fund the settlement. Dell, HP and Apple are not paying the costs of the settlement.

Class Counsel also expect to apply to the Court for time and expense reimbursements for certain of the named Plaintiffs, not to exceed $50,000 in the aggregate, in connection with their roles in overseeing the litigation, responding to discovery requests and traveling to depositions, among other things.

## Objecting To The Settlement

You can tell the Court that you don't agree with the settlement or some part of it.

### 23. How do I tell the Court that I don't like the settlement?

If you're a Class Member, you can object to the settlement if you don't like any part of it. You can give reasons why you think the Court should not approve it. The Court will consider your views. To object, you must send a signed letter saying that you object to the proposed settlement in *The NVIDIA GPU Litigation*, Case No. 08-cv-04312-JW. Be sure to include your name, address, telephone number, and your signature, identify the name of the manufacturer of your computer, the product identification number of your computer, such as the serial number, stock keeping unit ("SKU"), or other letters and/or digits embedded on the cover, back, or bottom of your computer, and state the reasons why you object to the settlement. Your objection and any supporting papers must be mailed to and actually received by all of the following three addressees no later than [DATE]:

| Court | Class Counsel | Defense Counsel |
|---|---|---|
| Clerk of the Court | Jeff S. Westerman | Robert P. Varian |
| United States District Court | Milberg LLP | Orrick, Herrington & Sutcliffe |

| for the Northern District of California San Jose Division, 280 South 1st Street San Jose, CA 95113 | One California Plaza 300 South Grand Avenue, Suite 3900 Los Angeles, CA 90071 | LLP 405 Howard Street San Francisco, CA 94105 |
|---|---|---|

## 24. What's the difference between objecting and excluding?

Objecting is simply telling the Court that you don't like something about the settlement. You can object only if you stay in the Class. Excluding yourself is telling the Court that you don't want to be part of the Class. If you exclude yourself, you have no basis to object, because the case no longer affects you.

## THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the settlement. You may attend, and you may ask to speak, but you don't have to.

## 25. When and where will the Court decide whether to approve the settlement?

The Court will hold a Fairness Hearing at 9:00 a.m. on November 22, 2010, at the United States District Court for the Northern District of California, San Jose Division, Courtroom 8 (4th Floor), located at 280 South 1st Street, San Jose, California 95113. At this hearing, the Court will consider whether the settlement is fair, reasonable and adequate. If there are objections, the Court will consider them. Judge Ware will listen to people who have asked to speak at the hearing. The Court may also consider how much to pay Class Counsel. After the hearing, the Court will decide whether to approve the settlement. We do not know how long these decisions will take.

## 26. Do I have to come to the hearing?

No. Class Counsel will answer questions Judge Ware may have. But, you are welcome to come at your own expense. If you send an objection, you don't have to come to Court to talk about it. As long as your written objection was received on time, the Court will consider it. You may also pay your own lawyer to attend, but its not necessary. Finally, you make seek to intervene in the action, but you need not do so.

## 27. May I speak at the hearing?

You may ask the Court for permission to speak at the Fairness Hearing. To do so, you must send

14

OHS West:260971467.1

a letter saying that it is your "Notice of Intention to Appear" in "The NVIDIA GPU Litigation, Case No. 08-cv-04312-JW."  Be sure to include your name, address, telephone number, and your signature.  Your Notice of Intention to Appear must be received by the Clerk of Court, Class Counsel, and Defense Counsel, at the three addresses in question 23, no later than [DATE].  You cannot speak at the hearing if you exclude yourself.

## IF YOU DO NOTHING

### 28.   What happens if I do nothing at all?

If you do nothing, you will not receive a replacement remedy or a reimbursement payment.  If you do not exclude yourself from the Class, you won't be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against NVIDIA or the Released Parties about the legal issues in this case, ever again.

## GETTING MORE INFORMATION

### 29.   Are there more details about the settlement?

This notice summarizes the proposed settlement.  More details are in a Settlement Agreement and Amendment No. 1 to the Settlement Agreement (together, the "Settlement Agreement"). Copies of the Settlement Agreement and the pleadings and other documents relating to the case are on file at the United States District Court for the Northern District of California, San Jose Division, and may be examined and copied at any time during regular office hours at the Office of the Clerk, 280 South 1st Street, San Jose, California, 95113.

### 30.   How do I get more information?

You can visit the settlement website at www.website.com, where you will find answers to common questions about the settlement, a Claim Form, plus other information, including a copy of the Settlement Agreement.  You may also write to: NVIDIA GPU Litigation Settlement Administrator, P.O. Box 61xx, Novato, CA 94948-61xx.  **Questions may not be directed to the Court**.

# EXHIBIT 1 - IDENTIFIED SYMPTOMS

Pursuant to Section 1.14 of the Settlement Agreement, the following symptoms are the "Identified Symptoms" for purposes of the Settlement:

| Symptom | Class Computer Models Covered by the Settlement Agreement |
|---|---|
| Distorted or scrambled video on the computer screen | All |
| No video on the computer screen even when the computer is on | All |
| Random characters, lines or garbled images on the computer screen | Dell, Hewlett-Packard |
| Intermittent video issues | Dell, Hewlett-Packard |
| Failure to detect the wireless adaptor | **Hewlett-Packard systems only.**<br><br>Certain versions of the following HP models do not contain an NVIDIA MCP:<br><br>dv2xxx<br><br>dv6xxx<br><br>dv9xxx<br><br>If your system does not contain an NVIDIA MCP, you are not entitled to replacement or reimbursement for a wireless problem, and the administrator may deny your claim. |

**If you purchased certain models of computers containing an NVIDIA graphics processing unit or media and communications processor, you could be entitled to benefits under a class action settlement.**

NVF

*The NVIDIA GPU Litigation*
Administration Center
P.O. Box 61xx
Novato, CA  94948-61xx

First-Class
Mail
US Postage
Paid
Permit #__

Postal Service: Please do not mark barcode

NVF - 100000001

First1 Last1
c/o
Addr1 Addr2
City, ST  Zip

Card Front

Card Back

*The United States District Court for the Northern District of California, San Jose Division, authorized this notice.  This is not a solicitation from a lawyer.*

A settlement of a class action lawsuit (*The NVIDIA GPU Litigation*, Case No. 08-cv-04312-JW) relates to the NVIDIA chips inside certain Dell, Hewlett Packard, and Apple computers.  The lawsuit claims that NVIDIA sold defective Graphics Processing Units ("GPU") and Media and Communications Processors ("MCP") that affected the performance of some of the computers in which they were incorporated.  NVIDIA denies all allegations of wrongdoing and has asserted many defenses.  The settlement is not an admission of wrongdoing.

**Who is Affected by this Class Action?**  All United States residents who purchased in the United States a version of one of the Dell, Apple or HP computer models listed in the Full Notice and at the settlement website (www.NVIDIASettlement.com).  These individuals are referred to as "Class Members" in this notice.

**What Can You Get From the Proposed Settlement?**  Class Members who file an approved claim will be entitled to: **(1) Replacement of the NVIDIA graphics processing unit or media and communications processor,** which are referred to in this notice as the "chips" if you purchased a version of certain models of computers manufactured by Dell, Inc. or Apple Inc. containing one of the NVIDIA chips; or **(2) A Replacement computer similar in kind and value if you purchased a version of certain models of computers manufactured by Hewlett-Packard Company** containing one of the NVIDIA chips; or  **(3) Reimbursement of amounts paid for repairs related to problems with the NVIDIA chips.**  NVIDIA will fund $2 million from which reimbursements will be made.  The amount paid may depend on the number of reimbursement claims received. NVIDIA is providing these benefits to members of the class, and is funding the settlement.  Dell, Hewlett-Packard and Apple are not parties to this lawsuit.

**How Do You Receive a Benefit?**  You must first qualify for filing a claim, and then file an approved claim with supporting documentation during the Claim Period.  To qualify, your computer must be one of the Dell, Apple or HP computer models listed in the Full Notice and at the settlement website, and be exhibiting one of the identified symptoms listed in the Full Notice, or your computer must have been repaired because it was exhibiting one of the identified symptoms listed in the Full Notice and at the settlement website (www.NVIDIASettlement.com). The Claim Period will begin after the Court grants final approval of the Settlement.  Whether or not the Court has granted final approval, the Claim Period dates and further instructions for how to qualify and file a claim will be posted at the Settlement Website (www.NVIDIASettlement.com) and at the toll-free telephone support line (1-800-000-0000 shown at the bottom of this notice.

**Register Your Email Address To Receive an Alert When the Claim Period Begins.**  To receive an email alert when the Claim Period begins, if you did not previously receive an emailed notice about this settlement, between now and November 22, 2010, visit www.NVIDIASettlement.com and register your email address.

**What Are Your Options?**  If you are a Class Member and you don't want to receive a replacement or reimbursement as described above and you don't want to be legally bound by the settlement, you must exclude yourself by Month dd, yyyy, or you won't be able to sue, or continue to sue, NVIDIA about the legal claims in this case.  If you exclude yourself, you can't receive a replacement or reimbursement under this settlement.  If you remain a Class Member, you may object to the settlement by Month dd, yyyy.  The Full Notice describes how to exclude yourself or object.  The Court will hold a hearing in this case (The NVIDIA GPU Litigation, Case No. 08-cv-04312-JW) on November 22, 2010, to consider whether to approve the settlement and attorneys' fees and expenses in the amount of $13 million. You may appear at the hearing, but you don't have to. This is only a summary of the Full Notice.  For more details or to obtain a copy of the Full Notice, call toll free 1-800-000-0000, go to www.NVIDIASettlement.com, or write to *The NVIDIA GPU Litigation* Settlement Administrator, P.O. Box 61xx, Novato, CA 94948-61xx.

# Exhibit 3

# EXHIBIT 3 TO STIPULATION AND AGREEMENT OF SETTLEMENT AND RELEASE

Pursuant to Section 1.14 of the Settlement Agreement, the following symptoms are the "Identified Symptoms" for purposes of the Settlement:

| Symptom | Class Computer Models Covered by the Settlement Agreement |
|---|---|
| Distorted or scrambled video on the computer screen | All |
| No video on the computer screen even when the computer is on | All |
| Random characters, lines or garbled images on the computer screen | Dell, Hewlett-Packard |
| Intermittent video issues | Dell, Hewlett-Packard |
| Failure to detect the wireless adaptor | **Hewlett-Packard systems only.**<br><br>Certain versions of the following HP models do not contain an NVIDIA MCP:<br><br>dv2xxx<br><br>dv6xxx<br><br>dv9xxx<br><br>If your system does not contain an NVIDIA MCP, you are not entitled to replacement or reimbursement for a wireless problem, and the administrator may deny your claim. |

# Exhibit 4

NVIDIA Published Notice
Pre-opt Out/Unformatted
August 16, 2010
File: NVIDIA PubNotice PreOptOut v2 Unformatted 100816.doc

Legal Notice

**If you purchased certain models of computers containing an NVIDIA graphics processing unit or media and communications processor, you could be entitled to benefits under a class action settlement.**

*The United States District Court for the Northern District of California, San Jose Division, authorized this notice. This is not a solicitation from a lawyer.*

A settlement of a class action lawsuit relates to the NVIDIA chips inside certain Dell, Hewlett Packard, and Apple computers. The lawsuit claims that NVIDIA sold defective Graphics Processing Units ("GPU") and Media and Communications Processors ("MCP") that affected the performance of some of the computers in which they were incorporated. NVIDIA denies all allegations of wrongdoing and has asserted many defenses. The settlement is not an admission of wrongdoing.

### Who is Affected by this Class Action?

All United States residents who purchased in the United States a version of one of the Dell, Apple or HP computer models listed in the Table of Eligible Computers. These individuals are referred to as "Class Members" in this notice.

### What Can You Get From the Proposed Settlement?

Class Members who file an approved claim will be entitled to:

1. **Replacement of the NVIDIA graphics processing unit or media and communications processor**, which are referred to in this notice as the "chips" if you purchased a version of certain models of computers manufactured by Dell, Inc. or Apple Inc. containing one of the NVIDIA chips; or

2. **A Replacement computer similar in kind and value if you purchased a version of certain models of computers manufactured by Hewlett-Packard Company** containing one of the NVIDIA chips; or

3. **Reimbursement of amounts paid for repairs related to problems with the NVIDIA chips.** NVIDIA will fund $2 million from which reimbursements will be made. The amount paid may depend on the number of reimbursement claims received.

NVIDIA is providing these benefits to members of the class, and is funding the settlement. Dell, Hewlett-Packard and Apple are not parties to this lawsuit.

### How Do You Receive a Benefit?

You must first qualify for filing a claim, and then file an approved claim with supporting documentation during the Claim Period. To qualify for a replacement as described in numbers 1 and 2 above, your computer must be one of the Dell, Apple or HP computer models listed in the Table of Eligible Computers and be exhibiting one of the symptoms listed in the Full Notice. To qualify for a reimbursement as described in number 3 above, your computer must be listed in the Table and must have been repaired

because it was exhibiting one of the symptoms listed in the Full Notice. The Claim Period will begin after the Court grants final approval of the Settlement. Whether or not the Court has granted final approval, the Claim Period dates and further instructions for how to qualify and file a claim will be posted at the Settlement Website and at the toll-free telephone support line shown at the bottom of this notice.

### Register Your Email Address
### To Receive an Alert When the Claim Period Begins.

To receive an email alert when the Claim Period begins, between now and November 22, 2010, visit www.NVIDIASettlement.com and register your email address. If you previously received an emailed notice about this settlement, there is no need to register.

### What Are Your Options?

If you are a Class Member and you don't want to receive a replacement or reimbursement as described above and you don't want to be legally bound by the settlement, you must exclude yourself by Month dd, yyyy, or you won't be able to sue, or continue to sue, NVIDIA about the legal claims in this case. If you exclude yourself, you can't receive a replacement or reimbursement under this settlement. If you remain a Class Member, you may object to the settlement by Month dd, yyyy. The Full Notice describes how to exclude yourself or object. The Court will hold a hearing in this case (The NVIDIA GPU Litigation, Case No. 08-cv-04312-JW) on November 22, 2010, to consider whether to approve the settlement and attorneys' fees and expenses in the amount of $13 million. You may appear at the hearing, but you don't have to. For more details, call toll free 1-800-000-0000, go to www.NVIDIA Settlement.com, or write to *The NVIDIA GPU Litigation* Settlement Administrator, P.O. Box 61xx, Novato, CA 94948-61xx.

This is only a summary of the Full Notice. Please visit www.NVIDIASettlement.com or call 1-800-xxx-xxxx to obtain a copy of the full notice. **Please do not contact the Court.**

### Table of Eligible Computers

The following computer models are included in the settlement if they contain an NVIDIA GPU or MCP and were purchased in the time period corresponding to each Product Identification Number:

|  | PRODUCT NAME | PURCHASE DATE RANGES |
|---|---|---|
| Dell | Inspiron 1420 | May 2007 – September 30, 2008 |
| Dell | Inspiron 9400/E1705 | March 2006 – February 28, 2010 |
| Dell | Latitude D620 | December 2005 – November 30, 2008 |
| Dell | Latitude D630 | February 2007 – September 30, 2008 |
| Dell | Latitude D630c | February 2007 – September 30, 2008 |
| Dell | Latitude D820 | November 2005 – March 31, 2008 |
| Dell | Latitude D830 | March 2007 – September 30, 2008 |
| Dell | Precision M2300 | August 2007 – September 30, 2008 |
| Dell | Precision M4300 | March 2007 – September 30, 2008 |
| Dell | Precision M6300 | December 2007 – March 31, 2009 |
| Dell | Precision M65 | November 2005 – January 31, 2008 |
| Dell | Vostro 1700 | March 2007 – September 30, 2008 |
| Dell | Vostro Notebook 1310 | December 2007 – September 30, 2008 |
| Dell | Vostro Notebook 1400 | May 2007 – September 30, 2008 |
| Dell | Vostro Notebook 1510 | December 2007 – September 30, 2008 |
| Dell | Vostro Notebook 1710 | January 2008 – July 31, 2008 |
| Dell | XPS M1210 | March 2006 – November 30, 2008 |
| Dell | XPS M1330 | March 2007 – September 30, 2008 |
| Dell | XPS M1530 | September 2007 – January 31, 2009 |
| Dell | XPS M1530 | September 2007 – September 30, 2008 |
| Dell | XPS M1710 | March 2006 – February 28, 2010 |
| Dell | XPS M1730 | November 2007 – January 31, 2009 |
| Dell | XPS1710 | September 2006 – April 30, 2009 |
| Dell | XPS1710 | March 2006 – March 31, 2009 |
| HP | Compaq Presario v30xx | March 2006 – October 31, 2008 |
| HP | Compaq Presario v31xx | March 2006 – October 31, 2008 |
| HP | Compaq Presario v32xx | March 2006 – October 31, 2008 |
| HP | Compaq Presario v33xx | March 2006 – October 31, 2008 |
| HP | Compaq Presario v34xx | March 2006 – October 31, 2008 |
| HP | Compaq Presario v60xx | May 2006 – October 31, 2008 |
| HP | Compaq Presario v61xx | May 2006 – October 31, 2008 |
| HP | Compaq Presario v62xx | May 2006 – October 31, 2008 |
| HP | Compaq Presario v63xx | May 2006 – October 31, 2008 |
| HP | Compaq Presario v64xx | May 2006 – October 31, 2008 |
| HP | F500 | October 2006 – September 30, 2008 |
| HP | Pavilion dv20xx | March 2006 – December 31, 2008 |
| HP | Pavilion dv21xx | March 2006 – December 31, 2008 |
| HP | Pavilion dv22xx | March 2006 – December 31, 2008 |
| HP | Pavilion dv23xx | March 2006 – December 31, 2008 |
| HP | Pavilion dv24xx | March 2006 – December 31, 2008 |
| HP | Pavilion dv60xx | May 2006 – April 30, 2009 |
| HP | Pavilion dv61xx | May 2006 – April 30, 2009 |
| HP | Pavilion dv62xx | May 2006 – April 30, 2009 |
| HP | Pavilion dv63xx | May 2006 – April 30, 2009 |
| HP | Pavilion dv64xx | May 2006 – April 30, 2009 |
| HP | Pavilion dv90xx | May 2006 – November 30, 2008 |
| HP | Pavilion dv92xx | May 2006 – November 30, 2008 |
| HP | Pavilion dv93xx | May 2006 – November 30, 2008 |
| HP | Pavilion dv94xx | May 2006 – November 30, 2008 |
| HP | tx1xxx | March 2007 – May 31, 2008 |
| Apple | MacBook Pro (17-inch) | May 2007 – September 2008 |
| Apple | MacBook Pro(15-inch) | May 2007 – September 2008 |

# www.NVIDIASettlement.com     1-800-xxx-xxxx

NVIDIA Published Notice
Post-opt Out Unformatted
August 16, 2010
File: NVIDIA PubNotice PostOptOut v2 Unformatted 100816.doc

Legal Notice

**If you purchased certain models of computers containing an NVIDIA graphics processing unit or media and communications processor, you could be entitled to benefits under a class action settlement.**

*The United States District Court for the Northern District of California, San Jose Division, authorized this notice.  This is not a solicitation from a lawyer.*

A settlement of a class action lawsuit relates to the NVIDIA chips inside certain Dell, Hewlett Packard, and Apple computers.  The lawsuit claims that NVIDIA sold defective Graphics Processing Units ("GPU") and Media and Communications Processors ("MCP") that affected the performance of some of the computers in which they were incorporated.  NVIDIA denies all allegations of wrongdoing and has asserted many defenses.  The settlement is not an admission of wrongdoing.

### Who is Affected by this Class Action?

All United States residents who purchased in the United States a version of one of the Dell, Apple or HP computer models listed in the Table of Eligible Computers.  These individuals are referred to as "Class Members" in this notice.

### What Can You Get From the Proposed Settlement?

Class Members who file an approved claim will be entitled to:

1.    **Replacement of the NVIDIA graphics processing unit or media and communications processor**, which are referred to in this notice as the "chips" if you purchased a version of certain models of computers manufactured by Dell, Inc. or Apple Inc. containing one of the NVIDIA chips; or

2.  **A Replacement computer similar in kind and value if you purchased a version of certain models of computers manufactured by Hewlett-Packard Company** containing one of the NVIDIA chips; or

3.    **Reimbursement of amounts paid for repairs related to problems with the NVIDIA chips.**  NVIDIA will fund $2 million from which reimbursements will be made. The amount paid may depend on the number of reimbursement claims received.

NVIDIA is providing these benefits to members of the class, and is funding the settlement.  Dell, Hewlett-Packard and Apple are not parties to this lawsuit.

### How Do You Receive a Benefit?

You must first qualify for filing a claim, and then file an approved claim with supporting documentation during the Claim Period.  To qualify for a replacement as described in numbers 1 and 2 above, your computer must be one of the Dell, Apple or HP computer models listed in the Table of Eligible Computers and be exhibiting one of the symptoms listed in the Full Notice.  To qualify for a reimbursement as described in number 3 above, your computer must be listed in the Table and must have been repaired

because it was exhibiting one of the symptoms listed in the Full Notice.  The Claim Period will begin after the Court grants final approval of the Settlement.  Whether or not the Court has granted final approval, the Claim Period dates and further instructions for how to qualify and file a claim will be posted at the Settlement Website and at the toll-free telephone support line shown at the bottom of this notice.

**Register Your Email Address**
**To Receive an Alert When the Claim Period Begins.**

To receive an email alert when the Claim Period begins, between now and November 22, 2010, visit www.NVIDIASettlement.com and register your email address.  If you previously received an emailed notice about this settlement, there is no need to register.

**The Final Approval Hearing.**

The Court will hold a hearing in this case (*The NVIDIA GPU Litigation*, Case No. 08-cv-04312-JW) on November 22, 2010, to consider whether to approve the settlement and attorneys' fees and expenses in the amount of $13 million. You may appear at the hearing, but you don't have to. For more details, see the Full Notice, call toll free 1-800-000-0000, go to www.NVIDIA Settlement.com, or write to *The NVIDIA GPU Litigation* Settlement Administrator, P.O. Box 61xx, Novato, CA 94948-61xx.

This is only a summary of the Full Notice.  Please visit www.NVIDIASettlement.com or call 1-800-xxx-xxxx to obtain a copy of the full notice.

**Table of Eligible Computers**

The following computer models are included in the settlement if they contain an NVIDIA GPU or MCP and were purchased in the time period corresponding to each Product Identification Number:

|  | PRODUCT NAME | PURCHASE DATE RANGES |
|---|---|---|
| Dell | Inspiron 1420 | May 2007 – September 30, 2008 |
| Dell | Inspiron 9400/E1705 | March 2006 – February 28, 2010 |
| Dell | Latitude D620 | December 2005 – November 30, 2008 |
| Dell | Latitude D630 | February 2007 – September 30, 2008 |
| Dell | Latitude D630c | February 2007 – September 30, 2008 |
| Dell | Latitude D820 | November 2005 – March 31, 2008 |
| Dell | Latitude D830 | March 2007 – September 30, 2008 |
| Dell | Precision M2300 | August 2007 – September 30, 2008 |
| Dell | Precision M4300 | March 2007 – September 30, 2008 |
| Dell | Precision M6300 | December 2007 – March 31, 2009 |
| Dell | Precision M65 | November 2005 – January 31, 2008 |
| Dell | Vostro 1700 | March 2007 – September 30, 2008 |
| Dell | Vostro Notebook 1310 | December 2007 – September 30, 2008 |
| Dell | Vostro Notebook 1400 | May 2007 – September 30, 2008 |
| Dell | Vostro Notebook 1510 | December 2007 – September 30, 2008 |
| Dell | Vostro Notebook 1710 | January 2008 – July 31, 2008 |
| Dell | XPS M1210 | March 2006 – November 30, 2008 |
| Dell | XPS M1330 | March 2007 – September 30, 2008 |
| Dell | XPS M1530 | September 2007 – January 31, 2009 |
| Dell | XPS M1530 | September 2007 – September 30, 2008 |
| Dell | XPS M1710 | March 2006 – February 28, 2010 |
| Dell | XPS M1730 | November 2007 – January 31, 2009 |
| Dell | XPS1710 | September 2006 – April 30, 2009 |
| Dell | XPS1710 | March 2006 – March 31, 2009 |
| HP | Compaq Presario v30xx | March 2006 – October 31, 2008 |
| HP | Compaq Presario v31xx | March 2006 – October 31, 2008 |
| HP | Compaq Presario v32xx | March 2006 – October 31, 2008 |
| HP | Compaq Presario v33xx | March 2006 – October 31, 2008 |
| HP | Compaq Presario v34xx | March 2006 – October 31, 2008 |
| HP | Compaq Presario v60xx | May 2006 – October 31, 2008 |
| HP | Compaq Presario v61xx | May 2006 – October 31, 2008 |
| HP | Compaq Presario v62xx | May 2006 – October 31, 2008 |
| HP | Compaq Presario v63xx | May 2006 – October 31, 2008 |
| HP | Compaq Presario v64xx | May 2006 – October 31, 2008 |
| HP | F500 | October 2006 – September 30, 2008 |
| HP | Pavilion dv20xx | March 2006 – December 31, 2008 |
| HP | Pavilion dv21xx | March 2006 – December 31, 2008 |
| HP | Pavilion dv22xx | March 2006 – December 31, 2008 |
| HP | Pavilion dv23xx | March 2006 – December 31, 2008 |
| HP | Pavilion dv24xx | March 2006 – December 31, 2008 |
| HP | Pavilion dv60xx | May 2006 – April 30, 2009 |
| HP | Pavilion dv61xx | May 2006 – April 30, 2009 |
| HP | Pavilion dv62xx | May 2006 – April 30, 2009 |
| HP | Pavilion dv63xx | May 2006 – April 30, 2009 |
| HP | Pavilion dv64xx | May 2006 – April 30, 2009 |
| HP | Pavilion dv90xx | May 2006 – November 30, 2008 |
| HP | Pavilion dv92xx | May 2006 – November 30, 2008 |
| HP | Pavilion dv93xx | May 2006 – November 30, 2008 |
| HP | Pavilion dv94xx | May 2006 – November 30, 2008 |
| HP | tx1xxx | March 2007 – May 31, 2008 |
| Apple | MacBook Pro (17-inch) | May 2007 – September 2008 |
| Apple | MacBook Pro(15-inch) | May 2007 – September 2008 |

# www.NVIDIASettlement.com    1-800-000-0000

Legal Notice

# If you purchased certain models of computers containing an NVIDIA graphics processing unit or media and communications processor, you could be entitled to benefits under a class action settlement.

*The United States District Court for the Northern District of California, San Jose Division, authorized this notice. This is not a solicitation for a lawyer.*

A settlement of a class action lawsuit relates to the NVIDIA chips inside certain Dell, Hewlett Packard, and Apple computers. The lawsuit claims that NVIDIA sold defective Graphics Processing Units ("GPU") and Media and Communications Processors ("MCP") that affected the performance of some of the computers in which they were incorporated. NVIDIA denies all allegations of wrongdoing and has asserted many defenses. The settlement is not an admission of wrongdoing.

### Who is Affected by this Class Action?

All United States residents who purchased in the United States a version of one of the Dell, Apple or HP computer models listed in the Table of Eligible Computers. These individuals are referred to as "Class Members" in this notice.

### What Can You Get From the Proposed Settlement?

Class Members who file an approved claim will be entitled to:

**1. Replacement of the NVIDIA graphics processing unit or media and communications processor**, which are referred to in this notice as the "chips" if you purchased a version of certain models of computers manufactured by Dell, Inc. or Apple Inc. containing one of the NVIDIA chips; or

**2. A Replacement computer similar in kind and value if you purchased a version of certain models of computers manufactured by Hewlett-Packard Company** containing one of the NVIDIA chips; or

**3. Reimbursement of amounts paid for repairs related to problems with the NVIDIA chips.** NVIDIA will fund $2 million from which reimbursements will be made. The amount paid may depend on the number of reimbursement claims received.

NVIDIA is providing these benefits to members of the class, and is funding the settlement. Dell, Hewlett-Packard and Apple are not parties to this lawsuit.

### How Do You Receive a Benefit?

You must first qualify for filing a claim, and then file an approved claim with supporting documentation during the Claim Period. To qualify for a replacement as described in numbers 1 and 2 above, your computer must be one of the Dell, Apple or HP computer models listed in the Table of Eligible Computers and be exhibiting one of the symptoms listed in the Full Notice. To qualify for a reimbursement as described in number 3 above, your computer must be listed in the Table and must have been repaired because it was exhibiting one of the symptoms listed in the Full Notice. The Claim Period will begin after the Court grants final approval of the Settlement. Whether or not the Court has granted final approval, the Claim Period dates and further instructions for how to qualify and file a claim will be posted at the Settlement Website and at the toll-free telephone support line shown at the bottom of this notice.

### Register Your Email Address
### To Receive an Alert When the Claim Period Begins.

To receive an email alert when the Claim Period begins, between now and November 22, 2010, visit www.NVIDIASettlement.com and register your email address. If you previously received an emailed notice about this settlement, there is no need to register.

### What Are Your Options?

If you are a Class Member and you don't want to receive a replacement or reimbursement as described above and you don't want to be legally bound by the settlement, you must exclude yourself by Month dd, yyyy, or you won't be able to sue, or continue to sue, NVIDIA about the legal claims in this case. If you exclude yourself, you can't receive a replacement or reimbursement under this settlement. If you remain a Class Member, you may object to the settlement by

NVIDIA Published Notice
Pre-opt Out
August 16, 2010
NVIDIA PubNotice PreOptOut v2 USA Today qtr pg 100816 .doc

Month dd, yyyy.  The Full Notice describes how to exclude yourself or object.  The Court will hold a hearingin this case (*The NVIDIA GPU Litigation*, Case No. 08-cv-04312-JW) on November 22, 2010, to consider whether to approve the settlement and attorneys' fees and expenses in the amount of $13 million. You may appear at the hearing, but you don't have to. For more details, call toll free 1-800-000-0000, go to www.NVIDIASettlement.com, or write to *The NVIDIA GPU Litigation* Settlement Administrator, P.O. Box 61xx, Novato, CA 94948-61xx.

This is only a summary of the Full Notice.  Please visit www.NVIDIASettlement.com or call 1-800-xxx-xxxx to obtain a copy of the full notice.

**Table of Eligible Computers**

The following computer models are included in the settlement if they contain an NVIDIA GPU or MCP and were purchased in the time period corresponding to each Product Identification Number:

| | **PRODUCT IDENTIFICATION #** | **PURCHASE DATE RANGES** |
|---|---|---|
| Apple | MacBook Pro (17-inch) | May 2007 – September 2008 |
| Apple | MacBook Pro(15-inch) | May 2007 – September 2008 |
| Dell | Inspiron 1420 | May 2007 – September 30, 2008 |
| Dell | Inspiron 9400/E1705 | March 2006 – February 28, 2010 |
| Dell | Latitude D620 | December 2005 – November 30, 2008 |
| Dell | Latitude D630 | February 2007 – September 30, 2008 |
| Dell | Latitude D630c | February 2007 – September 30, 2008 |
| Dell | Latitude D820 | November 2005 – March 31, 2008 |
| Dell | Latitude D830 | March 2007 – September 30, 2008 |
| Dell | Precision M2300 | August 2007 – September 30, 2008 |
| Dell | Precision M4300 | March 2007 – September 30, 2008 |
| Dell | Precision M6300 | December 2007 – March 31, 2009 |
| Dell | Precision M65 | November 2005 – January 31, 2008 |
| Dell | Vostro 1700 | March 2007 – September 30, 2008 |
| Dell | Vostro Notebook 1310 | December 2007 – September 30, 2008 |
| Dell | Vostro Notebook 1400 | May 2007 – September 30, 2008 |
| Dell | Vostro Notebook 1510 | December 2007 – September 30, 2008 |
| Dell | Vostro Notebook 1710 | January 2008 – July 31, 2008 |
| Dell | XPS M1210 | March 2006 – November 30, 2008 |
| Dell | XPS M1330 | March 2007 – September 30, 2008 |
| Dell | XPS M1530 | September 2007 – January 31, 2009 |
| Dell | XPS M1530 | September 2007 – September 30, 2008 |
| Dell | XPS M1710 | March 2006 – February 28, 2010 |
| Dell | XPS M1730 | November 2007 – January 31, 2009 |
| Dell | XPS1710 | September 2006 – April 30, 2009 |
| Dell | XPS1710 | March 2006 – March 31, 2009 |
| HP | Compaq Presario v30xx | March 2006 – October 31, 2008 |
| HP | Compaq Presario v31xx | March 2006 – October 31, 2008 |
| HP | Compaq Presario v32xx | March 2006 – October 31, 2008 |
| HP | Compaq Presario v33xx | March 2006 – October 31, 2008 |
| HP | Compaq Presario v34xx | March 2006 – October 31, 2008 |
| HP | Compaq Presario v60xx | May 2006 – October 31, 2008 |
| HP | Compaq Presario v61xx | May 2006 – October 31, 2008 |
| HP | Compaq Presario v62xx | May 2006 – October 31, 2008 |
| HP | Compaq Presario v63xx | May 2006 – October 31, 2008 |
| HP | Compaq Presario v64xx | May 2006 – October 31, 2008 |
| HP | F500 | October 2006 – September 30, 2008 |
| HP | Pavilion dv20xx | March 2006 – December 31, 2008 |
| HP | Pavilion dv21xx | March 2006 – December 31, 2008 |
| HP | Pavilion dv22xx | March 2006 – December 31, 2008 |
| HP | Pavilion dv23xx | March 2006 – December 31, 2008 |
| HP | Pavilion dv24xx | March 2006 – December 31, 2008 |
| HP | Pavilion dv60xx | May 2006 – April 30, 2009 |
| HP | Pavilion dv61xx | May 2006 – April 30, 2009 |
| HP | Pavilion dv62xx | May 2006 – April 30, 2009 |
| HP | Pavilion dv63xx | May 2006 – April 30, 2009 |
| HP | Pavilion dv64xx | May 2006 – April 30, 2009 |
| HP | Pavilion dv90xx | May 2006 – November 30, 2008 |
| HP | Pavilion dv92xx | May 2006 – November 30, 2008 |
| HP | Pavilion dv93xx | May 2006 – November 30, 2008 |
| HP | Pavilion dv94xx | May 2006 – November 30, 2008 |
| HP | tx1xxx | March 2007 – May 31, 2008 |

# Exhibit 5

# EXHIBIT 5 TO STIPULATION AND AGREEMENT OF SETTLEMENT AND RELEASE

1.    Reference is made to Section 12.7 of the Settlement Agreement.  In the event that members of the Settlement Class representing 10,000 Units request exclusion from the Settlement Class in accordance with the terms of the Settlement Agreement and the provisions of the Notice and the notice given thereto, NVIDIA shall have, in its sole and absolute discretion, the option to terminate the Settlement Agreement in accordance with the procedures set forth in this Exhibit.  In that event, NVIDIA shall notify Class Counsel whether it intends to terminate the Settlement Agreement by 4:00 p.m. Pacific Time on the fifth business day after NVIDIA's counsel receives requests for exclusion representing 10,000 Units, and Class Counsel and NVIDIA shall jointly and promptly advise the Court.

2.    Plaintiffs' Counsel or the Administrator, as the case may be, shall on a weekly basis deliver to NVIDIA copies of all requests for exclusion from the Settlement Class.

3.    In accordance with Section 14.5 of the Settlement Agreement, Plaintiffs and NVIDIA agree that this Exhibit is expressly incorporated into and a material term of the Settlement Agreement.

4.    This exhibit may be signed in counterparts.

MILBERG LLP

By:_____
              Jeff S. Westerman

Milberg LLP
One California Plaza
300 South Grand Avenue, Suite 3900
Los Angeles, CA 90071
Telephone: 213-617-1200
Fax: 213-617-1975


Class Counsel

ORRICK, HERRINGTON & SUTCLIFFE LLP

By:_____
              James N. Kramer

Orrick, Herrington & Sutcliffe LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105
Telephone: 415-773-5700
Fax: 415-773-5759

Counsel for NVIDIA Corporation