*IT IS SO ORDERED*
*Judge James Ware*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| THE NVIDIA GPU LITIGATION | ) | Case No. C 08-04312 JW |
| | ) | |
| | ) | CLASS ACTION |
| This Document Relates To: | ) | [REVISED PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE |
| ALL ACTIONS. | ) | |
| | ) | DATE: August 30, 2010 |
| | ) | TIME: 9:00 a.m. |
| | ) | CTRM: 8, 4th Floor |
| | ) | JUDGE: Hon. James Ware |

[REVISED PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND
PROVIDING FOR NOTICE – Case No. C 08-04312 JW

WHEREAS, consolidated class actions are pending before the Court in The NVIDIA GPU Litigation, Case No. 08-cv-04312 JW in the United States District Court for the Northern District of California (the "Action"); and

WHEREAS, the parties having made an application, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the settlement of the Action, in accordance with a Stipulation and Agreement of Settlement and Release dated August 12, 2010 and Amendment No. 1 thereto (the "Settlement Agreement"), which, sets forth the principal terms and conditions for a proposed settlement of the Action and for dismissal of the Action with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Settlement Agreement and all other Exhibits submitted with plaintiffs' motion for preliminary approval; and

WHEREAS, all defined terms contained herein shall have the same meanings as set forth in the Settlement Agreement;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. The Court does hereby preliminarily approve the Settlement Agreement and the Settlement set forth therein, subject to further consideration at the Final Hearing and the provisions of paragraph 15 described below, and with the additional proviso that the documents to be submitted as proof of purchase pursuant to Section 1.21 of the Settlement Agreement be expanded to include such other documentation as the administrator deems sufficiently reliable to demonstrate that one of the computer models covered by the Settlement Agreement was purchased during the applicable date range.

2. The Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all members of the Settlement Class.

3. The Court provisionally certifies the following class (the "Settlement Class") for settlement purposes under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure:

> [A]ll persons and entities resident in the United States of America who purchased a Class Computer in the United States of America. Excluded from the Settlement Class are (1) employees of NVIDIA, including its current or former directors, officers and counsel;

(2) any entity that has a controlling interest in NVIDIA; (3) NVIDIA's affiliates and subsidiaries; and (4) the judge to whom this case is assigned and any member of the judge's immediate family.

4. The Court finds, for the purposes of the Settlement only, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the Settlement Class members are so numerous as to make joinder impracticable; (b) common questions of law and fact exist as to all Settlement Class members; (c) the claims of the Plaintiffs are typical of the claims of the Settlement Class they seek to represent; (d) the interests of Settlement Class members will be, and have been, fairly and adequately represented by the Plaintiffs and their counsel of record in the Action; (e) such common questions predominate over any questions solely affecting only individual Settlement Class members; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the Litigation.

5. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, Todd Feinstein, Nathan DeBockler, and John Russo are certified as Settlement Class Representatives and Milberg LLP is certified as Class Counsel.

6. The Court approves the Notice set forth in sections 6.1 to 6.4 of the Agreement (the "Notice Plan"). The Court approves the form and content of the documents submitted as Exhibits 1 through 4 of the Agreement substantially in the forms submitted. The Court finds that notice pursuant to the Notice Plan will meet the requirements of Fed. R. Civ. P. 23, the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, and due process, is the best notice practicable under the circumstances, and constitutes due and sufficient notice to all persons entitled thereto. In accordance with the Court's September 2, 2010 Order Re: Preliminary Approval of Class Settlement, the parties' proposed Class Notice and Claim Form shall be revised with respect to the requirement of proof of purchase as follows:

> 1. Please attach to this Claim Form some form of proof of purchase, which shows the date that you purchased your computer. Proof of purchase can be a sales receipt, credit card or other account statement, shipping manifest, purchase order, proof of registration, or such other documentation that the Administrator deems sufficiently reliable to demonstrate that one of the specified models was purchased in the specified purchase

[REVISED PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE – Case No. C 08-04312 JW

- 2 -

date range. If you cannot locate a receipt, please provide the product identification number found on the back of your computer, along with the approximate date of when the computer was purchased.

7. A hearing (the "Final Hearing") shall be held before this Court on December 20, 2010, at 9:00 a.m., at the United States District Court, Northern District of California, San Jose Division, Courtroom 8, 280 South 1st Street, San Jose, California, to determine whether the proposed settlement of the Action on the terms and conditions provided for in the Settlement Agreement is fair, reasonable and adequate to the Settlement Class and should be approved by the Court; whether a Final Judgment as provided in Section 10 of the Settlement Agreement should be entered herein; to determine the amount of fees and expenses that should be awarded to Plaintiffs' Counsel; and to approve time and expense reimbursements for certain of the named Plaintiffs.

8. Rosenthal & Company LLC ("Settlement Administrator") is hereby appointed to supervise and administer the Notice Plan as well as the processing of claims. The Settlement Administrator shall commence the Notice Plan, including causing direct notice to be sent to members of the Settlement Class, on or before September 30, 2010. The Settlement Administrator shall, at or before the Final Hearing, file with the Court proof of compliance with the Notice Plan.

9. This civil action was commenced after February 18, 2005. The Court directs Defendants to notify the appropriate Federal and State officials under the Class Action Fairness Act of 2005, 28 U.S.C. § 1715. Defendant's Counsel shall, at or before the Final Hearing, file with the Court proof of compliance with the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

10. Any Settlement Class member may enter an appearance in the Action, individually or through counsel of their own choice, at their own expense. If they do not enter an appearance, they will be represented by Class Counsel.

11. Settlement Class Members shall be bound by all determinations and judgments in this Litigation, whether favorable or unfavorable, unless such persons request exclusion from the

[REVISED PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE – Case No. C 08-04312 JW - 3 -

1  Class in a timely and proper manner, as hereinafter provided. A Class Member wishing to make such request shall mail the request in written form by first class mail postmarked no later than November 5, 2010 to the Settlement Administrator at the address designated in the Notice. Such request for exclusion shall clearly indicate the name, address and telephone number of the person seeking exclusion, that the sender requests to be excluded from the Settlement Class in the Litigation, and shall be signed by such person. Such persons requesting exclusion are also directed to state the OEM brand, platform name and approximate date of purchase of the Class Computer. The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court. All persons who submit valid and timely requests for exclusion in the manner set forth in this paragraph shall have no rights under the Settlement Agreement, shall not share in and shall not be bound by the Settlement Agreement or the Judgment.

12. Any Settlement Class member may appear and show cause, if he, she or it has any, why the proposed settlement of the Action should or should not be approved as fair, reasonable and adequate, or why a judgment should or should not be entered thereon, or why attorneys' fees and expenses should or should not be awarded to Plaintiffs' Counsel; provided, however, that no Settlement Class member or any other person shall be heard or entitled to contest the approval of the terms and conditions of the proposed settlement, or, if approved, the judgment to be entered thereon approving the same, or the attorneys' fees and expenses to be awarded to Plaintiffs' Counsel, unless that person has set forth in writing: notice of his, her, or its intention to appear and object, a detailed description of the grounds for that objection, the name of the manufacturer, model, and Product Identification Number of the member's Class Computer and all papers he, she or it intends to present to the Court in opposition to the Settlement Agreement. Such information shall be delivered by hand or sent by first class mail such that they are received on or before November 5, 2010, by each of the following:

(a) Jeff S. Westerman, Milberg LLP, One California Plaza, 300 South Grand Avenue, Suite 3900, Los Angeles, California 90071;

[REVISED PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE – Case No. C 08-04312 JW

- 4 -

    (b)  Robert P. Varian, Orrick, Herrington & Sutcliffe LLP, 405 Howard Street, San Francisco, California 94105; and

    (c)  the Clerk of the Northern District of California, San Jose Division, 280 South 1st Street, San Jose, California 95113.

Any Settlement Class member who does not make his, her or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness or adequacy of the proposed settlement set forth in the Settlement Agreement, and to the award of attorneys' fees and reimbursement of expenses to Plaintiffs' Counsel, unless otherwise ordered by the Court.

  13.  Neither the Settlement Agreement, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Defendant of the truth of any of the allegations in the Litigation, or of any liability, fault, or wrongdoing of any kind.

  14.  Pending final determination of whether the Settlement should be approved, the Plaintiffs, all Settlement Class Members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence or prosecute any action which asserts Released Claims against any Released Person. Pending the Final Hearing, the Court stays all proceedings in the Litigation, other than those proceedings necessary to carry out or enforce the terms and conditions of the Settlement Agreement.

  15.  The Court reserves the right to adjourn the date of the Final Hearing without further notice to the Members of the Settlement Class, and it retains jurisdiction to consider all further applications arising out of or connected with the proposed settlement. The Court may approve the settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Settlement Class.

  16.  To address the concern expressed in the paragraph (4) of the Court's September 2, 2010 Order Re: Preliminary Approval of Class Settlement, the Settlement Administrator shall file with the Court and serve on the parties (1) an interim report (thirty (30) days after

[REVISED PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE – Case No. C 08-04312 JW    - 5 -

commencement of the Claim Period) detailing the claims that have been denied on the basis of failing to meet one of the requirements outlined in the Claim Form and the reason why such claims were denied, organized by class of computer, and (2) a final report (seventy five (75) days after the commencement of the Claim Period) detailing the claims that have been denied on the basis of failing to meet one of the requirements outlined in the Claim Form and the reason why such claims were denied, organized by class of computer involved.

IT IS SO ORDERED.

DATED:  September 15, 2010         _____
                                    THE HONORABLE JAMES WARE
                                    UNITED STATES DISTRICT JUDGE