UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

FILED
NOV 05 2010
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| IN RE: THE NVIDIA GPU LITIGATION | Case No.: C-08-04312 JW |
|---|---|
| | NIKKI JOHNSON'S OBJECTION TO CLASS CERTIFICATION, OBJECTION TO PROPOSED SETTLEMENT, OBJECTION TO ATTORNEYS' FEES REQUEST, NOTICE OF INTENTION TO APPEAR, AND REQUEST TO SPEAK AT THE HEARING |
| | Date: December 20, 2010<br>Time: 9:00 a.m.<br>CTRM: 8, 4th Floor<br>JUDGE: Honorable James Ware |

To The Honorable District Judge:

Comes Nikki Johnson ("Objector"), and files these Objections to the Proposed Settlement, Objection to Class Certification, Objection to Attorneys' Fees, Notice of Intent to Appear and Request to Speak at the Hearing, and would show as follows:

**1. Objector is a class member**

By her signature below, Objector declares under penalty of perjury under the laws of the United States of America and California that the following statements are true and correct:

(a) I am a member of the class.
(b) I received a post card notice of this litigation, a copy of which is attached hereto as Exhibit "1."
(c) I purchased an HP Pavilion dv6140us Entertainment NB PC in October 2006 and paid $1,388.83, a copy of the invoice is attached as Exhibit "2."
(d) I no longer have the computer because I discarded it due to poor performance.
(e) I object to the Settlement.

End of statement.

**2. Notice of Intention to Appear and Request to Speak at the Hearing**

Objector intends to appear at the hearing in person or by counsel. Objector requests that she be allowed to appear at the final approval hearing to talk about these objections and to otherwise participate in the final approval hearing.

**3. Objection to Certification**

The definition of the class is not adequate and does not comply with due process or Rule 23. Rule 23 and due process require that the class definition be precise, objective and presently ascertainable. MANUAL FOR COMPLEX LITIGATION 4th, p. 270. To determine if an individual is a class member, a court must be able to do so by reference to the class definition and without inquiry into any sort of fact-finding.

The class definition is improper for the reasons set out below. Because the class definition here (1) does not provide a precise, objective and presently ascertainable way to identify class members and (2) requires a "mini trial" to determine whether a particular person is in the class, the class definition is not appropriate and the Court should not certify the class. The problem is that the computer must have certain problems to be a member of the class.

The class here is defined as:

> "Settlement Class" means all persons and entities resident in the United States of America who purchased a "Class Computer" in the United States of America. Excluded from the Settlement Class are (1) employees of NVIDIA, including its current or former directors, officers and counsel; (2) any entity that has a controlling interest in NVIDIA; (3) NVIDIA's affiliates and subsidiaries; and (4) the judge to whom this case is assigned and any member of the judge's immediate family.

Settlement Agreement p. 9, § 1.28. However, the Settlement Class is further modified in that the class member must have paid for a covered repair problem or the class member must still own the computer and is still experiencing a covered repair problem in order to qualify for chip replacement. Thus the determination of who is in the class requires a mini trial of the proposed class member and any witnesses to the transaction to determine if the computer has the required covered problem. Thus, class determination is not presently ascertainable.

Cases under the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227, bear out the problem with the class definition here. The two TCPA cases on the class definition are *Forman v. Data Transfer, Inc.*, 164 F.R.D. 400, 403 (E.D. Pa. 1995) and *Kenro, Inc. v. Fax Daily, Inc.*, 962 F.Supp. 1162 (S.D. Ind. 1997). *Forman* held:

> Here, defining the purported class as "all residents and businesses who have received *unsolicited facsimile advertisements*" requires addressing the central issue of liability to be decided in the case. Determining a membership in the class would essentially require a mini-hearing on the merits of each case.

*Id.* at 403 (emphasis by the court). As the court emphasized, it was the inclusion of the factual finding requirement in the definition as to whether the fax was unsolicited that made the definition improper. In this case that same problem arises because the court would need to determine if the required problem existed with the class member's computer. Similarly, the *Kenro* court held:

> Because Kenro's class definition would require the court to conduct individual inquiries with regard to each potential class member in order to determine whether each potential class member had invited or given permission for transmission of the challenged fax advertisements, Kenro has failed to meet the requirements of Rule 23(a).

*Kenro*, 962 F.Supp. at 1169. The same problem exists here: for any individual, the Court would be required to conduct an individual factual inquiry to determine whether or not the class member's computer has the required covered problem.

The fact that this is a settlement class does not provide for a lesser standard for the class definition. Whether the class is a litigation or settlement class, the definition must be precise, objective and presently ascertainable to comply with due process in giving fair notice to potential class members as to whether they are covered by the judgment. Settlement may eliminate problems with manageability, but it does not eliminate the due process requirement for providing a valid definition of the class.

Because the class definition is deficient, the court should not certify the settlement class nor approve the settlement.

**4. Objections to the Settlement**

The settlement is not fair, reasonable, or adequate, and Objector objects to the proposed settlement, for the following reasons.

    A.    <u>Objections to Class Representatives</u>

The guiding principles in selecting class representatives are: "The class must have a "conscientious representative Plaintiff" (*Rand v. Monsanto* 926 F.2d 596, 599 (7th Cir. 1991)) and . . . class representative must ". . .fairly and adequately protect the interest of the class." (Rule 23(a)(4).

A conflict of interest must not exist between the named Plaintiffs and the class. *Meridith v. Mid-Atlantic*, 129 F.R.D. 130, 133. In this case, we have several classes including

individuals who still own the computer, individuals who paid for a repair of a covered computer, and individuals who purchased a computer but not longer have it.

In this case, the lead Plaintiffs may have suffered the same type of damage, but more importantly, the proposed settlement shows clearly the partiality and self-dealing on the part of the class representatives as a substantial number of class members who no long own their computer will received nothing. Most likely, they no longer own the computer because of poor performance.

If in advancing their own interests, the named Plaintiffs had also advanced the interests of the class rather than a subset of the class, their burden would have been met. Unfortunately, they did not.

It has long been the law that an absent class member will not be bound to a judgment wherein he was not adequately represented. *Hornsberry v. Lee*, 311 U.S. 32 (40).

I request the court to appoint counsel for the subclass of former owners of covered computers who no longer own covered computers.

B. Objection to the Economic Value

This settlement contains a fund of $2 million dollars to be paid to class members who paid for and can documents covered repairs. Next, chip replacement is available and for some models, complete replacement. Markedly lacking in the documents available on the settlement web site is the value placed on the chip/computer replacement. Nor is there any indication as to whether or not economic expert witnesses will testify. To the extent that there is to be expert testimony a the Fairness hearing or through affidavits attached to motions filed concerning the economic value of the Settlement, I request the opportunity to conduct paper discovery and depose the witnesses as allowed by the Federal Rules of Civil Procedure concerning the methodology used to establish the economic value and the credentials of the witnesses, including attorney fee witnesses.

C. Objection to Attorneys' Fees

The amount of the proposed fees in relation to the alleged benefits to the class renders the settlement unfair and unreasonable. The amount of the proposed attorneys' fees is an integral element in determining whether the settlement is fair, reasonable, and adequate.

In order to justify an award of $13 million dollars to class counsel, simple math assuming 25% fee for class counsel requires the total value of the settlement to be $52 million dollars. There is a complete lack of admissible evidence that the value of the chip and computer replacement is any where near $50 million dollars. for a phantom economic benefit to the class, the Court will need to award $13 million dollars.[1]

---

[1] The fee request has clear sailing from Defendants.

### D.  Objection to Settlement because of Lack of Benefits

I object to the settlement because it is unclear what percentage of the total class membership could be entitled to benefits.

Objector further objects to the definition of the class as it omits those owners having proof of purchase but who are not currently in possession of the computer. For instance, Objector purchased an HP computer that was defective. HP replaced the computer with an identical model. However the replacement was also defective. Objector attempted to have the problems corrected by HP but instead she was told "how to fix it." Since the repairs would be more costly than a new computer, Objector threw it away. Objector's damages are at least as significant as the members of the class still having possession. Under the proposed plan, Objector will receive nothing.

### E.  Objection to Funds Reverting to Defendant

I object to the proposition that if the $2 million dollar fund is not exhausted, it will revert to the Defendant.

## 5. Objections to the Fee Petition

Objector objects to the request for fees to Class Counsel. Objector reserves the right to file objections to the fee petition at a later date.

However, objector expressly objects to an award of attorneys fees that exceeds 1/4 of the value to class members of the economic benefit to class members.

Wherefore, Objector prays that the Court deny the proposed settlement, deny certification of the settlement class, deny the requested fees to Class Counsel and grant Objector such other and further relief to which Objector may be entitled.

*Nikki Johnson* (signature)
Nikki Johnson
2414 N. Akard, #700
Dallas, Texas 75201
(214) 522-5222  FAX: (214) 855-7878
nikkij@gourmetcatalog.com

Dated: November 4, 2010

## Certificate of Service

I hereby certify that a copy of the above and foregoing document has been served upon the following by Federal Express on November 4, 2010.

Clerk of the Court
United States District Court
Northern District of California
San Jose Division
280 South First Street
San Jose, CA  95113

Jeff S. Westerman
Milberg LLP
One California Plaza
300 South Grand Avenue
Suite 3900
Los Angeles, CA  90071

Robert P. Varian
Orrick Herrington & Sutcliffe
405 Howard Street
San Francisco, CA  94105

_Nikki Johnson_
Nikki Johnson

---

Nikki Johnson's Objection to Class Certification, Objection to Proposed Settlement, Objection to Attorneys' Fees Request, Notice of Intention to Appear and Request to Speak, Page 6

EXHIBIT 1

**If you purchased certain models of notebook computers containing an NVIDIA graphics processing unit or media and communications processor, you could be entitled to benefits under a class action settlement.**

NVF

NVIDIA GPU Litigation
Settlement Administrator
P.O. Box 6175
Novato, CA 94948-6175

PRE-SORTED
First-Class
Mail
US Postage
Paid
Janesville, WI
Permit No. 1328



Postal Service: Please do not mark barcode

NVF-30117279-1-01  112209

002C112209*2255*15841-01
Nikki Johnson
2414 N. Akard Street
Dallas, TX 75201-1708

*The United States District Court for the Northern District of California, San Jose Division, authorized this Notice. This is not a solicitation from a lawyer.*

A settlement of a class action lawsuit (*The NVIDIA GPU Litigation*, Case No. 08-cv-04312-JW) relates to the NVIDIA chips inside certain Dell, Hewlett-Packard ("HP"), and Apple notebook computers. The lawsuit claims that NVIDIA sold defective Graphics Processing Units ("GPU") and Media and Communications Processors ("MCP") that affected the performance of some of the notebook computers in which they were incorporated. NVIDIA denies all allegations of wrongdoing and has asserted many defenses. The settlement is not an admission of wrongdoing.

**Who is Affected by this Class Action?** All United States residents who purchased in the United States a version of one of the Dell, HP or Apple notebook computer models listed in the Full Notice and at the settlement website (www.NVIDIASettlement.com) and containing an NVIDIA MCP or GPU. These individuals are referred to as "Class Members" in this Notice.

**What Can You Get From the Proposed Settlement?** Class Members who file an approved claim will be entitled to: **(1) Replacement of the NVIDIA graphics processing unit or media and communications processor,** which are referred to in this Notice as the "chips" if you purchased a version of certain models of notebook computers manufactured by Dell, Inc. or Apple Inc. containing one of the NVIDIA chips; or **(2) A Replacement notebook computer similar in kind and value if you purchased a version of certain models of notebook computers manufactured by HP** containing one of the NVIDIA chips; or **(3) Reimbursement of amounts paid for repairs related to problems with the NVIDIA chips.** NVIDIA will fund $2 million from which reimbursements will be made. The amount paid may depend on the number of reimbursement claims received. NVIDIA is providing these benefits to members of the class, and is funding the settlement. Dell, HP and Apple are not parties to this lawsuit.

**How Do You Receive a Benefit?** You must first qualify for filing a claim, and then file an approved claim with supporting documentation during the Claim Period. To qualify for a replacement as described in numbers 1 and 2 above, your notebook computer must be one of the Dell, HP or Apple notebook computer models listed in the Full Notice and at the settlement website (www.NVIDIASettlement.com), contain an NVIDIA MCP or GPU, and be exhibiting one of the identified symptoms listed in the Full Notice. To qualify for a reimbursement as described in number 3 above, your notebook computer must be listed in the Full Notice, contain an NVIDIA MCP or GPU and must have been repaired because it was exhibiting one of the identified symptoms listed in the Full Notice and at the settlement website (www.NVIDIASettlement.com). The Claim Period will begin after the Court grants final approval of the settlement. Whether or not the Court has granted final approval, the Claim Period dates and further instructions for how to qualify and file a claim will be posted at the settlement website (www.NVIDIASettlement.com) and at the toll-free telephone support line (1-877-440-7557).

**Register Your Email Address To Receive an Alert When the Claim Period Begins.** To receive an email alert when the Claim Period begins, between now and December 20, 2010, visit www.NVIDIASettlement.com and register your email address. If you previously received an emailed notice about this settlement, there is no need to register.

**What Are Your Options?** If you are a Class Member and you don't want to receive a replacement or reimbursement as described above and you don't want to be legally bound by the settlement, you must exclude yourself by November 5, 2010, or you won't be able to sue, or continue to sue, NVIDIA about the legal claims in this case. If you exclude yourself, you can't receive a replacement or reimbursement under this settlement. If you remain a Class Member, you may object to the settlement by November 5, 2010. The Full Notice describes how to exclude yourself or object. The Court will hold a hearing in this case (*The NVIDIA GPU Litigation*, Case No. 08-cv-04312-JW) on December 20, 2010, to consider whether to approve the settlement and attorneys' fees and expenses in the amount of $13 million. You may appear at the hearing, but you don't have to. This is only a summary of the Full Notice. For more details or to obtain a copy of the Full Notice, call toll free 1-877-440-7557, go to www.NVIDIASettlement.com, or write to *NVIDIA GPU Litigation* Settlement Administrator, P.O. Box 6177, Novato, CA 94948-6177.

EXHIBIT 2

**Nikki Johnson**

**From:** HP Home & Home Office Store [hphomestore@inventsales.com]
**Sent:** Friday, October 06, 2006 2:31 AM
**To:** nikkij@gourmetcatalog.com
**Subject:** Order Shipped: H8276709

To make sure our e-mails are delivered to your inbox (not to bulk- or junk-mail folders), please add hphomestore@inventsales.com to your e-mail address book.



Order shipped

Hello **Nikki Johnson**,

Your order from the HP Home & Home Office Store is on its way! Your chosen shipping method is **next business morning**. You can use the tracking numbers below to check your order status. Please retain packing lists for your records and mail-in rebates.

Your order number **H8276709** includes:

| Product description | Product # | Shipping Tracking # | Qty | Your extended price |
|---|---|---|---|---|
| HP Pavilion dv6140us Entertainment NB PC | RG274UA#ABA | 732337360791 (FedEX) | 1 | $1199.99 |
| | | TX Tax: | | $105.85 |
| | | Shipping: | | $82.99 |
| | | Grand total: | | $1388.83 |

**Satisfaction survey**

» Tell us how we did!
Please answer a quick, four-question survey on this transaction

We will deliver it to:

Nikki Johnson
2414 N. Akard Street
Suite 500
Dallas, TX 75201

To purchase any additional products, please call us at 1 (888) 999-4747. To get your order status, click on the link above, or call us at 1 (800) 892-6608. To see our return and exchange policy, please click here.

We hope your visit to the HP Home & Home Office Store has been enjoyable. Come back soon!

**Helpful links**

» Newsletter sign-up
Receive news about products, promotions, and sweepstakes

» Support & troubleshooting
Get help and download drivers

» Creative projects
Fuel your creativity with hundreds of free ideas

10/6/2006

**HP Home & Home Office Store**

10/6/2006