Darrell Palmer (SBN 125147)
Email: darrell.palmer@palmerlegalteam.com
Janine R. Menhennet (SBN 163501)
Email: Janine@palmerlegalteam.com
Law Offices of Darrell Palmer
603 North Highway 101, Ste A
Solana Beach, California 92075
Telephone: (858) 792-5600
Facsimile: (866) 583-8115

Attorney for Objector Frank Barbara

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THE NVIDIA GPU LITIGATION | Case No. 08-4312 JW |
| This Document Relates To: | **OBJECTION OF FRANK BARBARA TO PROPOSED SETTLEMENT AND NOTICE OF INTENT TO APPEAR** |
| ALL ACTIONS. | Date: December 20, 2010<br>Time: 9:00 a.m.<br>Place: Courtroom 8<br>Judge: Hon. James Ware |

0

# TABLE OF CONTENTS

I. DIFFERENCES IN STATE LAWS MANDATE A DIFFERENTIAL ALLOCATION OF THE CONSUMER REMEDIES PROVIDED ………………………. 2

II. CONSUMER PROTECTION STATUES ARE IN CONFLICT …………………………. 3

    1. Reliance by Plaintiffs …………………………………………………….. 4

    2. Choice of Law …………………………………………………………... 4

    3. Unjust Enrichment ……………………………………………………….. 5

    4. Breach of Warranty …………………………………………………….. 5

    5. Eligibility to Maintain Class Actions …………………………………………... 5

    6. Ascertainable loss by Plaintiffs for unjust enrichment claims ………… 6

    7. Scienter of Defendants …………………………………………………….. 6

III. THE PREDOMINANT INQUIRY IS PARAMOUNT, EVEN WHEN A SETTLEMENT IS PENDING …………………………………………………………. 7

IV. THE REMEDY IS INADEQUATE…………………………………………………. 8

V. THE FEE REQUEST MUST BE ANALYZED UNDER STATE LAW ……………….. 8

VI. THE PROPOSED SETTLEMENT WITH THE CLAIMS PROCESS CONSTITUTES A "COUPON" SETTLEMENT, WHICH WILL REACH A VERY SMALL PERCENTAGE OF CLAIMSN, WITH NO DISGORGEMENT …………………………………………………………. 9

VII. OBJECTION TO OPINION OF MEDIATOR REGARDING ATTORNEYS' FEES……. 10

VIII. JOINDER IN OTHER OBJECTIONS ………………………………………………… 11

IX. CONCLUSION……………………………………………………………………… 11

# TABLE OF AUTHORITIES

## CASES

Amchem Products

521 U.S. at 620 ……………………………………………….......................................... 3, 8

Arnold v. Microsoft Corp.

(Ky.Cir.Ct. 2000) 2001 WL 193765 ……………………………………….......................... 5

Baker v. Family Credit Counseling Corp.

(E.D.Pa. 2006) 440 F.Supp.2d 392 ……………………………………….......................... 7

Bouchard v. Price

(R.I. 1997) 694 A.2d 670, 673 ……………………………………………........................... 7

Cf.,Comm. Guardian Bank v. Hamlin

(1995) 182 Ariz. 627 ……………………………………………………….......................... 7

Chin v. Chrysler Corp.

(D.N.J. 1998) 182 F.R.D. 448, 457-61 ……………………………………......................... 3, 4

Clay v. American Tobacco Co.

(S.D.Ill. 1999) 188 F.R.D. 483, 501 ………………………………………......................... 5

Denney v. DeutscheBank AG

(2d Cir. 2006) 443 F.3d 253, 270 …………………………………………......................... 3, 7

Dodson v. U-Needa Self Storage, LLC

(2004) 32 Kan.App.2d 1213 ……………………………………………….......................... 6

Feeney v. Disston Manor Personal Care Home, Inc.

(Pa. Super. 2004) 849 A.2d 590, 597 ……………………………………......................... 5

In re Bridgestone/Firestone Inc. Tires Prod. Liab. Litig.

(7th Cir. 2002) 288 F.3d 1012, 1017 ………………………………………......................... 2

In re Ford Motor Co. Ignition Switch D.N.J.

(1997) 174 F.R.D. 332, 347-48 …………………………………………........................... 3

In re Ford Motor Co. Ignition Switch Prods.

(D.N.J. 2000) 194 F.R.D. 484, 489-91 …………………………………......................... 7

In re General Motors Corp. Dex-Cool Products Liability
(S.D.Ill. 2007) 241 F.R.D. 305, 316-19 ……………………………………….......................... 4, 5

In re Grand Theft Auto Video Game Consumer Litigation
(S.D.N.Y. 2008) 251 F.R.D. 139 ……………………………………………........................... 3-7

In re Pharmaceutical Ind. Average Wholesale Price Litigation
(D.Mass. 2008) 252 F.R.D. 83, 94 …………………………………………….......................... 6, 7

In re Relafen Antitrust Litig.
(D.Mass. 2004) 225 F.R.D. 14; 346 F.Supp.2d 349 …………………………….......................... 2, 8

In re Rezulin Products Liability Litigation
(S.D.N.Y. 2002) 210 F.R.D. 61, 68-69 …………………………………………….........,................. 6

In re Warfarin [Sodium Antitrust Litigation]
(3d Cir. 2004) 391 F.3d 516, 529-30 ……………………………………………........................... 3

In re Zyprexa
2008 WL 2696916 at 138 …………………………………………………….................................. 7

Kessler v. Fanning
(Tex. App. 1997) 953 S.W.2d 515, 521 …………………………………………........................... 6

Lester v. Percudani
(M.D.Pa. 2003) 217 F.R.D. 345, 352 ……………………………………………........................... 6

Lynas v. Williams
(1995) 216 Ga. App. 434 …………………………………………………….................................. 5

Mangold v. California Public Utilities Comm'n
(9th Cir. 1995) 67 F.3d 1470, 1478 …………………………………………............................... 9

McLaughlin v. American Tobacco Co.
(2d Cir. 2008) 522 F.2d 215, 223 …………………………………………………........................4, 7

Northern Heel Corp. v. Compo Indus.
(1st Cir. 1988) 851 F.2d 456, 475 ……………………………………………............................... 9

Ortiz v. Fibreboard Corp.
(1999) 527 U.S. 815 ………………………………………………………….................................. 2

S. States Police Benevolent Assn, Inc. v. First Choice Armor & Equip., Inc.

(D.Mass. 2007) 241 F.R.D. 85, 93 ............................................................................ 7

Sam v. Beaird

(Ala.Civ.App. 1996) 685 So.2d 742, 744 .................................................................. 6

Security Mutual Life Ins. Co. v. Contemporary Real Estate Assoc.

(3d Cir. 1992) 979 F.2d 329, 331-32 ........................................................................ 9

Small v. Lorillard Tobacco Co.

(N.Y. 1999) 94 N.Y.2d 43 ......................................................................................... 6

Sylvester, et al. v. Cigna Corp.,

369 F.Supp.2d 34, 44 (D.Me. 2005) ........................................................................ 10

Thompson v. Jiffy Lube Int'l, Inc.

(D.Kan. 2008) 250 F.R.D. 607, 624-26 .................................................................. 3, 5

Zurich Ins. Co. v. Shearson Lehman Hutton, Inc.

(N.Y. 1994) 84 N.Y.2d 309 ....................................................................................... 5

## STATUTES

California Civil Code Sections:
    1782(a)(1) ................................................................................................................ 5

## OTHER STATE STATUTES

Ala. Code §8-19-10(e) ....................................................................................................... 5
Ala. Code §8-19-10(f) ....................................................................................................... 5
Alaska Stat. Ann. §45.50.535(b)(1) ................................................................................... 5
Colo. Rev. Stat. Ann. §6-1-105(l)(u) ................................................................................. 6
Conn. Gen. Stat. Ann. §41-110g(a) ................................................................................... 6
Ga. Code Ann. §10-1-399(a) ............................................................................................. 5
Idaho Code Ann. §48-508(l) .............................................................................................. 6
Kan. Stat. Ann. §50-634(g) ............................................................................................... 5
La. Rev. Stat. Ann. §51:1409(A) ....................................................................................... 5
Miss. Code Ann. §75-24-15(4) .......................................................................................... 5
Mont. Code Ann. §30-14-133W ........................................................................................ 1
Mo. Ann. Stat. 407.025(7) ................................................................................................. 5
Nev. Rev. Stat. Ann. §598.0979(l) .................................................................................... 6
N.J Stat. Ann. §56:8-20 ..................................................................................................... 5
N.M. Stat. Ann. §57-12-10(B) ........................................................................................... 1

Pa. Stat. Ann. §201-9.2(a) ................................................................................ 6
Tex. Bus. & Com. Code §17.50(a)(1)(B) ............................................................. 3
Wyo. Stat. Ann. §40-12-108(a) .......................................................................... 3

**OTHER AUTHORITY**

Federal Rules of Civil Procedure, Rule 23 ................................................ 1, 2, 6, 7

Federal Rules of Civil Procedure, Rule 23(a) ............................................................. 2

Manual for Complex Litigation (Fourth), §22.634, p. 412 (2004) ............................. 7

COMES NOW, FRANK BARBARA ("Objector") Class Member to this action, by and through his undersigned counsel, and hereby files these Objections to the Proposed Class Action Settlement, gives notice of his counsel's intent to appear at the December 20, 2010, settlement hearing, and requests an award of an incentive fee for serving as unnamed class member objector.

Objector, FRANK BARBARA, represents to the Court that he is a Class Member, qualified to make a claim for the proposed relief as set forth in the NOTICE OF CLASS ACTION SETTLMENT; his address is 14560 E. Reed Avenue, Truckee, CA 96161, but all mail should be sent to his attorney's address above. Mr. Barbara purchased an Apple IMac Book Pro 17" with a serial number of W882049HYJX.

## I. DIFFERENCES IN STATE LAWS MANDATE A DIFFERENTIAL ALLOCATION OF THE CONSUMER REMEDIES PROVIDED

The proposed Class cannot be certified. Consumer protection laws of the states which are contemplated in the class description are significantly different. The proposed settlement cannot be approved because it fails to recognize, and apply, significant differences among the consumer protection laws and remedies. The complaints on file in this matter allege claims under New Jersey law for consumer fraud, unjust enrichment, and breach of warranty. There are California claims for unfair competition, violation of the Consumer Legal Remedies Act, violation of the Song-Beverly Act, strict liability, and negligence.

There are also plaintiffs from New Mexico, Illinois, and Louisiana. Why this matters is because each state provides different remedies for consumer protection statutes. For example, in New Mexico, an aggrieved consumer is entitled to the greater of actual damages or $100, whichever is greater (N.M. Stat. Ann. §57-12-10(B)), while in Montana, a consumer can recover the greater of actual damages or $500 (Mont. Code Ann. §30-14-133W). This makes a claim in Montana five times more valuable than a claim in New Mexico and more valuable still than in a state with no enhanced damages for consumer injury. This disparity defeats predominance under Rule 23.

Interestingly, Class Counsel failed to even address the predominance requirement in its brief for final approval. There was a brief mention of commonality, but certainly not proof the predominance analysis required under Rule 23 and without it, this court cannot certify the class or approve the settlement.

The settling parties seek to certify a class consisting of residents from all 50 states who purchased identified computer models with defective chips, as indirect purchasers. However, the clear mandate in recent federal consumer protection class actions is that (1) certification must be rejected, and (2) where certification is permitted, the settlement must be structured to accommodate the differences among the states' statutes.

Under Rule 23(a), Class Counsel must show that the interests of the representative party do not conflict with the interests of any of the absent class members. The proposed settlement fails under this requirement, since there is an intra-class conflict of interest that renders Class Counsel, as well as the class representatives, inadequate. Specifically, the remedy of providing everyone with a replacement chip fails to differentiate between residents of the various states. While it may seem burdensome to engage in a state-by-state analysis, many courts have undertaken that burden in the interests of equity and of permitting a class settlement to be approved. As appellate courts have instructed, if it is too burdensome to perform a proper choice-of-law analysis, the appropriate remedy is decertification of the class, not to gloss over the issue and split things up equally. *See, In re Bridgestone/Firestone Inc. Tires Prod. Liab. Litig.* (7th Cir. 2002) 288 F.3d 1012, 1017 ("State consumer-protection laws vary considerably, and courts must respect these differences rather than apply one state's laws to sales in other states with different rules."). Decertification is not required, however, if the Court (or Class Counsel) can rationally divide the class to factor in the applicable consumer protection laws, as the court did in *In re Relafen Antitrust Litig.* (D.Mass. 2004) 225 F.R.D. 14; 346 F.Supp.2d 349.

In *Ortiz v. Fibreboard Corp.* (1999) 527 U.S. 815, the Supreme Court noted that one factor counseling against certification of the settlement class was the fact that certain claimants "had more valuable claims . . . the consequence being an . . . instance of disparate interests. *Id.* at 857. The Court therefore held that when class members have claims of varying strength or merit, it is an *abuse of discretion* to approve a settlement that treats them all the same." *Id.* This is clear from the example

above, where a consumer claim in Montana is five times as valuable as a consumer claim in New Mexico. To be fair, consumers in Montana should receive a greater benefit than consumers in New Mexico.

## II. CONSUMER PROTECTION STATUTES ARE IN CONFLICT

Recently, class certification was rejected under circumstances similar to those here. In *In re Grand Theft Auto Video Game Consumer Litigation* (S.D.N.Y. 2008) 251 F.R.D. 139, District Judge Shirley Wohl Kram performed a thorough analysis and reluctantly concluded that a nationwide class must be decertified because variations in consumer protection laws precluded a finding that common questions of law predominated. The court held that each class member's state of purchase applied to each claim, requiring application of laws of 50 states and the District of Columbia. *Id.* at 149. She relied on a long line of class actions which reached the same result:

> The predominance inquiry – as distinguished from the trial-manageability inquiry – should not be watered down merely because the parties have entered a proposed settlement. *Amchem Products,* 521 U.S. at 620; *Denney v. DeutscheBank AG* (2d Cir. 2006) 443 F.3d 253, 270; *In re Warfarin [Sodium Antitrust Litigation]* (3d Cir. 2004) 391 F.3d 516, 529-30. Under the facts of this case, differences in the applicable state laws go to the heart of Settlement Class members' substantive claims, and thus undermine the Settlement Class' cohesiveness. Therefore, certification of the Settlement Class is especially inappropriate, despite the existence of the Settlement.
>
> Individual Settlement Class members face distinctly different potential legal obstacles to recovery. For example, the reliance issue is irrelevant to Settlement Class members from states not requiring a showing of reliance to make out a claim for consumer fraud [citations to Kansas, New Jersey, Delaware, and Arizona laws], while reliance is of the essence to those Class members who purchased [the videogame] in reliance states [citations to Texas and Wyoming laws].

*In re Grand Theft Auto Video Game Consumer Litigation* (S.D.N.Y. 2008) 251 F.R.D. 139, at 159-60. Judge Wohl Kram compared numerous states with respect to proof requirements, limitations periods, and other critical factors:

> Most of the courts that have addressed the issue have determined that the consumer-fraud and breach-of-warranty laws in the fifty states differ in relevant respects. *See, Thompson v. Jiffy Lube Int'l, Inc.* (D.Kan. 2008) 250 F.R.D. 607, 624-26 (consumer fraud); *In re General Motors Corp.* (S.D.Ill. 2007) 241 F.R.D. 305, 316-19 (warranty); *Chin v. Chrysler Corp.* (D.N.J. 1998) 182 F.R.D. 448, 457-61 (consumer fraud and warranty); *In re Ford Motor Co. Ignition Switch* D.N.J. (1997) 174 F.R.D. 332, 347-48 (consumer

3

> fraud and warranty). . . . There are many relevant differences in the states' consumer-fraud and warranty laws. Because these differences are all relevant – indeed, some of them are outcome determinative . . . there are actual conflicts among the states' consumer-fraud and warranty laws.

*In re Grand Theft Auto Video Game Consumer Litigation* (S.D.N.Y. 2008) 251 F.R.D. 139, at 147. This discussion is appropriate, and dispositive in this case, because the claims in this action stem from consumer fraud, breach of warranty, and unjust enrichment.

Examination of the issues present exposes that the application of the states' different laws leads to irreconcilable conflict for the proposed class.

**1. Reliance by Plaintiffs.**

Reliance is an element of consumer fraud in some states, including Texas, Wyoming, Georgia, and Pennsylvania.[1] But the alleged uniformity of the defendants' fraudulent conduct is insufficient, on its own, to justify a finding of predominance. *McLaughlin v. American Tobacco Co.* (2d Cir. 2008) 522 F.2d 215, 223: "But proof of misrepresentation – even widespread and uniform misrepresentation – only satisfies half the equation; the other half, reliance on the misrepresentation, cannot be subject to general proof." Accordingly, reconciling the different states' laws regarding reliance within misrepresentation defeats predominance. *See, In re Grand Theft Auto Video Game Consumer Litigation* (S.D.N.Y. 2008) 251 F.R.D. 139, at 146, 154-55.

**2. Choice of Law.**

Choice of law provisions regarding breach of warranty claims vary widely and prevent a finding of predominance. *In re Grand Theft Auto Video Game Consumer Litigation* (S.D.N.Y. 2008) 251 F.R.D. 139, at 146. For example, in *In re General Motors Corp. Dex-Cool Products Liability* (S.D.Ill. 2007) 241 F.R.D. 305, 316-19, the court determined that the law of the state where each plaintiff resides should apply to claims for breach of warranty, and in *Chin v. Chrysler Corp.* (D.N.J. 1998) 182 F.R.D. 448, 457, the court agreed that the law of each plaintiff's home state should apply to claims for fraud and breach of warranty. This is especially true where the class members are indirect purchasers. As there are 50 states with differing fraud and reliance requirements, commonality does not exist.

### 3. Unjust Enrichment.

Several cases have noted the differences among states when pursuing claims for unjust enrichment. *In re Grand Theft Auto Video Game Consumer Litigation* (S.D.N.Y. 2008) 251 F.R.D. 139, at 147. *See, e.g., Thompson v. Jiffy Lube Int'l, Inc.* (D.Kan. 2008) 250 F.R.D. 607, 624-26; *Clay v. American Tobacco Co.* (S.D.Ill. 1999) 188 F.R.D. 483, 501. These differences destroy commonality and predominance.

### 4. Breach of Warranty.

The general consensus is that the plaintiff's home state controls the assessment of a breach of warranty claim. *In re Grand Theft Auto Video Game Consumer Litigation* (S.D.N.Y. 2008) 251 F.R.D. 139, at 149. *See also, Zurich Ins. Co. v. Shearson Lehman Hutton, Inc.* (N.Y. 1994) 84 N.Y.2d 309; *Dex-Cool, supra,* 241 F.R.D. at 316-19; and *Chin, supra,* 182 F.R.D. at 457, which applied the law of the state where each plaintiff resides to breach of warranty claims. As the states have differing requirements, predominance is destroyed.

### 5. Eligibility to Maintain Class Actions.

Even the ability to be a class member is destroyed when referring to each state's requirements for consumer fraud actions. *In re Grand Theft Auto Video Game Consumer Litigation* (S.D.N.Y. 2008) 251 F.R.D. 139, at 160-61. Some settlement class members are barred from participating in any consumer fraud class action, including this one. *See, e.g.*, Ala. Code §8-19-10(f); Ga. Code Ann. §10-1-399(a); La. Rev. Stat. Ann. §51:1409(A); Miss. Code Ann. §75-24-15(4). In *Arnold v. Microsoft Corp.* (Ky.Cir.Ct. 2000) 2001 WL 193765, the court held that the relevant Kentucky consumer fraud provision does not permit a class action suit. In other states, class members must notify the state attorney general. Kan. Stat. Ann. §50-634(g); Mo. Ann. Stat. 407.025(7); N.J Stat. Ann. §56:8-20. *Accord,* Oregon, Washington. In the present case, it does not appear that any attorneys general have been notified. In some states, the class members must notify the defendant of the imminence or pendency of an action for consumer fraud. *See,* Ala. Code §8-19-10(e); Alaska Stat. Ann. §45.50.535(b)(1); Cal. Civ. Code §1782(a)(1). *Accord,* Georgia, Indiana, Maine, Massachusetts, Texas, and Wyoming. Noncompliance

---

[1] Tex. Bus. & Com. Code §17.50(a)(1)(B); Wyo. Stat. Ann. §40-12-108(a); *Lynas v. Williams* (1995) 216 Ga. App. 434; *Feeney v. Disston Manor Personal Care Home, Inc.* (Pa. Super. 2004) 849 A.2d 590, 597.

with some of these states' notice requirements may bar certain settlement members' claims, as was the case in *In re Pharm. Indus. Average Wholesale Price Litigation*, 230 F.R.D. at 84-85 (refusing to certify consumer fraud class action as to those individuals whose claims arise under states with notice requirements).

**6. Ascertainable loss by Plaintiffs for unjust enrichment claims.**

States vary with respect to whether a complainant must prove an actual loss or impoverishment to state an unjust enrichment claim. *See, Grand Theft Auto* at 147-48; 160. In Arizona, impoverishment is an element, but in Rhode Island, it is not. *Cf.,Comm. Guardian Bank v. Hamlin* (1995) 182 Ariz. 627, and *Bouchard v. Price* (R.I. 1997) 694 A.2d 670, 673. Alabama requires a showing of monetary damage to another person, while Connecticut, Idaho, and Pennsylvania require proof of ascertainable loss of money or property. Conn. Gen. Stat. Ann. §41-110g(a); Idaho Code Ann. §48-508(l); Pa. Stat. Ann. §201-9.2(a).

As with the reliance requirement, the ascertainable loss requirement creates individualized issues that bar the certification of a consumer-fraud class action, as courts found in *Lester v. Percudani* (M.D.Pa. 2003) 217 F.R.D. 345, 352, and *In re Rezulin Products Liability Litigation* (S.D.N.Y. 2002) 210 F.R.D. 61, 68-69 (ascertainable loss elements require individual inquiry which defeats predominance).

**7. Scienter of Defendants.**

Several states do not require a showing of scienter in the consumer fraud arena, such as New York and Texas. *Small v. Lorillard Tobacco Co.* (N.Y. 1999) 94 N.Y.2d 43; *Kessler v. Fanning* (Tex. App. 1997) 953 S.W.2d 515, 521. Some states, however, require proof of intent, such as Colorado, Nevada, Kansas, and Alabama. Colo. Rev. Stat. Ann. §6-1-105(l)(u); Nev. Rev. Stat. Ann. §598.0979(l); *Dodson v. U-Needa Self Storage, LLC* (2004) 32 Kan.App.2d 1213; *Sam v. Beaird* (Ala.Civ.App. 1996) 685 So.2d 742, 744. *See,* In re Grand Theft Auto Video Game Consumer Litigation (S.D.N.Y. 2008) 251 F.R.D. 139, at160.

///

## III. THE PREDOMINANCE INQUIRY IS PARAMOUNT,
## EVEN WHEN A SETTLEMENT IS PENDING

This Objector has illustrated seven very divergent issues which destroy the predominance inquiry under Rule 23. Judge Wohl Kram discussed the importance of this issue:

> The predominance inquiry, however, "trains on the legal or factual questions that qualify each class member's case as a genuine controversy, questions that preexist any settlement. *Amchem Products,* 521 U.S. at 623. Accordingly, the Settlement does not relieve the Court of its duty to perform a robust analysis of the plaintiffs' predominance showing. *See, Amchem Prods.,* 521 U.S. at 620 (indicating that specifications of Rule 23 other than trial-manageability requirement "demand undiluted, even heightened, attention in the settlement context"); *Denney, supra,* 443 F.2d at 270 (strictures of Rule 23 should not be loosened because of settlement).

*In re Grand Theft Auto Video Game Consumer Litigation* (S.D.N.Y. 2008) 251 F.R.D. 139, at 156. Many courts have determined that differences in the underlying state laws applicable to individual putative class members' consumer-protections claims preclude a finding of predominance. *See, e.g., McLaughlin v. American Tobacco Co.* (2d Cir. 2008) 522 F.3d 215; *In re Zyprexa,* 2008 WL 2696916 at 138 (tentatively holding that differences in state consumer practice laws defeat predominance); *Dex-Cool, supra,* 241 F.R.D. at 315 (holding that differences in state warranty laws defeated predominance); *In re Ford Motor Co. Ignition Switch Prods.* (D.N.J. 2000) 194 F.R.D. 484, 489-91 (finding that differences in state consumer protection laws defeats predominance, even under proposed grouping of similar state laws). In particular, the court in *Baker v. Family Credit Counseling Corp.* (E.D.Pa. 2006) 440 F.Supp.2d 392, stated that "When district courts have faced the problem of nationwide classes which seek to apply state consumer protection laws, those courts have refused to certify a class, in part because choice of law would require applying the consumer protection law of each class member's home state." 440 F.Supp.2d at 414. Other courts have reached the same result. *In re Pharmaceutical Ind. Average Wholesale Price Litigation* (D.Mass. 2008) 252 F.R.D. 83, 94; *S. States Police Benevolent Assn, Inc. v. First Choice Armor & Equip., Inc.* (D.Mass. 2007) 241 F.R.D. 85, 93 (consumer protections laws varied in eight states, precluding certification).

In the present situation, wide differences exist between jurisdictions. Accordingly, the burden belongs to Class Counsel to conduct an extensive review of state law variances to demonstrate how grouping would work, as recommended by the Manual for Complex Litigation (Fourth), §22.634, p. 412

(2004). This method has worked in cases such as *In re Relafen,* 221 F.R.D. at 265 and 289, which certification was granted in part and denied in part. In that case, certain groups of states could be covered by class certification, and not others, depending on the claims, whether for antitrust and consumer protection, or for unjust enrichment.

## IV. THE REMEDY IS INADEQUATE

The only remedy available is a new chip in an otherwise defective computer (or new computer). This does not take into account, as other objectors mentioned, "dead" laptops which have already been discarded and caused incalculable frustration and expense for the user. This objector tolerated a large line down his screen for months before finally buying a replacement computer. To account for these dissatisfied and aggrieved consumers, or for that matter, any of the sub-classes, damages must be paid in addition to the repairs; otherwise, the wrongdoer is doing nothing more than providing the previously agreed upon operable chip/computer and escaping all liability for their wrongful act (selling defective merchandise). This settlement must not be approved because there all the proclaimed relief is illusory – no damages are being paid under any scheme.

The repair remedy is not a recognizable response to any of the consumer remedy claims made by the class whether based on California or many other states' laws. This objector demands a full disgorgement and return of the money paid for the defective computer and repair of the computer.

## V. THE FEE REQUEST MUST BE ANALYZED UNDER STATE LAW

It is unclear from the application, whether Class Counsel are supporting their fee request with California or federal law. While every effort has been made to make the attorneys' fees request appears reasonable under the lodestar or percentage analysis, the court is obligated to make more than a smell test. According to Class Counsel, as many as 5,000,000 class members are depending on this court to make a thorough review of the attorney fee application according to law. First, the applicable law must be determined; it is not a nebulous or irrelevant consideration. This is not a case where federal common law developed mainly in federal securities cases should be applied to Class Counsel's fee application. The next step is to apply the correct state's law.

In this case the fee application must be undertaken on a state-by-state basis, because the class consists of indirect purchasers. The same state laws which permit indirect purchasers to obtain a

damages settlement also govern the award of attorneys' fees. Further, in cases of diversity jurisdiction, federal courts apply state substantive law to determine the method of calculating attorneys' fees. *Security Mutual Life Ins. Co. v. Contemporary Real Estate Assoc.* (3d Cir. 1992) 979 F.2d 329, 331-32; *Mangold v. California Public Utilities Comm'n* (9th Cir. 1995) 67 F.3d 1470, 1478; *Northern Heel Corp. v. Compo Indus.* (1st Cir. 1988) 851 F.2d 456, 475.

A proper analysis of class counsel's fee request would require consideration of the laws of all fifty states. This requirement may make this action unmanageable just as much as the need to apply the substantive laws of all fifty states to the claims themselves renders the action inappropriate for class treatment.

There is a strong argument that, when a court is confronted with the task of applying potentially fifty different state laws to a motion for attorneys' fees, the court should apply the law most protective of the clients, in this case the class members. In lieu of canvassing the laws of all fifty states, it might be assumed that no state offers greater protection to client in the area of class action fee awards than New Jersey. Under these circumstances, the court should apply New Jersey law in analyzing Class Counsel's fee request.

## VI. THE PROPOSED SETTLEMENT WITH THE CLAIMS PROCESS CONSTITUTES A "COUPON" SETTLEMENT, WHICH WILL REACH A VERY SMALL PERCENTAGE OF CLAIMANTS, WITH NO DISGORGEMENT

This settlement is really nothing more than a "coupon" settlement. A negotiated marketing scheme for Nvidia and the computer manufacturers, the actual cost of which is very likely to be far less than the amount it has agreed to pay in attorney fees. In this case the coupons for repair or replacement are the claim forms. As both class counsel and defense counsel are perfectly aware, even in cases where claim forms are mailed directly to the class, less than 10% of the claims are ever returned by class members. Here, redeeming one's repair coupon, is made even more burdensome by the packing/shipping process. In addition, many of these computers are already obsolete or have been replaced. Steve Tilghman, a class action settlement administrator who has performed over 175 settlements, testified that the "vast majority of settlements that required filing a notice of claim" resulted

in less than 10% of the class members sending in the claims form. *Sylvester, et al. v. Cigna Corp.,* (D.Me. 2005) 369 F.Supp.2d 34, 44.

The court should require the Administrator to submit a report regarding the total number of claims and repairs made. After the court has reviewed the all of the final reports on repairs and claims, only then can it determine the total amount of reversionary funds benefiting Nvidia. This amount is likely to will be very large, in not in amount, certainly in percentage of unrepaired computers.

For this reason, this settlement should include a c*y pres* component. The *cy pres* contribution could be the difference between the amount reserved, approximately $5 million, and the amount spent in repairs.

### VII. OBJECTION TO OPINION OF MEDIATOR REGARDING ATTORNEYS' FEES

Class Counsel states, in support of its fee application, that Judge Phillips "approves of" and believes the fee request is "fair and adequate." This opinion provided by Judge Phillips is wholly improper and should be struck or at least ignored in its entirety. *See, e.g.,* Points and Authorities in Support of Final Approval, page 6, lines 4-5: "I believe that the attorneys' fee and expenses amount were negotiated by the parties in good faith and are fair and reasonable. . . ."; Decl. of Phillips, ¶7. This opinion was clearly formed as a result of Judge Phillips involvement in mediation. Decl. of Westerman, ¶¶35, 38. As such, the opinion is clearly inadmissible under Federal Rules of Evidence, Rule 408(a).

While Judge Phillips should be commended for his efforts as a neutral, no matter how revered Judge Phillips might be, this Court cannot rely on his opinion in any way or otherwise refrain from a full and complete evidentiary examination of the settlement and attorney fees application.

Judge Phillips mediated the case and his involvement stops there. To inject him into the judicial examination and approval process taints the process with an (paid) opinion regarding fairness or reasonableness, by someone who is supposed to be, by definition, a neutral. There is no place for the opinion in the process as it constitutes an opinion as to the validity, amount or fairness of attorneys' fees to be awarded gleaned only from his involvement in mediation. In addition an objection it made to the declaration because it is hearsay evidence. As such, Judge Phillips opinion regarding the reasonableness of the fee request must be disregarded or he should be produced at the final approval hearing for examination by the court, parties and objectors.

## VIII. JOINDER IN OTHER OBJECTIONS

This Objector adopts and joins in all other well taken - bona fide objections filed by other Class Members in this case, and incorporates them by reference as if they appeared in full herein.

## IX. CONCLUSION

The weight of authority compels rejection of class certification because there is no predominence. Nonetheless, if the Court is subsequently presented with comprehensive comparative analysis by the settling parties, and can determine that the various statutes can all be accommodated, then subclasses must be created with customized relief to recognize the differences. Additionally, the court should remand the case to mediation and direct that a remedy including damages be made available to class members consistent with the state law where they reside. The attorneys' fee application must be analyzed under applicable state law and the court must not rely on the opinion of a mediator regarding any issues before the court.

WHEREFORE, this Objector respectfully requests that this Court:

A. Upon proper hearing, sustain these Objections;

B. Upon proper hearing, enter such Orders as are necessary and just to adjudicate these Objections and to alleviate the inherent unfairness, inadequacies and unreasonableness of the proposed settlement; and

C. Award an incentive fee to this Objector for his service in this litigation.

D. Award attorney fees to Objector's counsel.

Law Offices of Darrell Palmer

Dated: November 5, 2010    By: ____/s/ Darrell Palmer_____
                           Darrell Palmer, Attorney for Objector Frank Barbara

**CERTIFICATE OF SERVICE**

I hereby certify that on November 5, 2010, I electronically filed the foregoing, OBJECTION OF FRANK BARBARA TO PROPOSED SETTLEMENT AND NOTICE OF INTENT TO APPEAR, with the Clerk of the Court of the United States District Court for the Northern District of California by using the USDC CM/ECF system. Service will be accomplished by the USDC Northern District of California CM/ECF system on today's date to the following:

Class Counsel
Jeff S. Westerman
jwesterman@milberg.com

Defense Counsel
Robert P. Varian
rvarian@orrick.com


              ___/s/ Darrell Palmer____
              Darrell Palmer
              Attorney for Objector