MILBERG LLP
JEFF S. WESTERMAN (SBN 94559)
jwesterman@milberg.com
SABRINA S. KIM (SBN 186242)
skim@milberg.com
NICOLE M. DUCKETT (SBN 198168)
nduckett@milberg.com
One California Plaza
300 S. Grand Avenue, Suite 3900
Los Angeles, CA 90071
Telephone: (213) 617-1200
Facsimile: (213) 617-1975

MILBERG LLP
PETER SAFIRSTEIN
psafirstein@milberg.com
JENNIFER S. CZEISLER
jczeisler@milberg.com
ROLAND RIGGS
rriggs@milberg.com
One Pennsylvania Plaza, 49th Floor
New York, NY 10119
Telephone: (212) 594-5300
Facsimile: (212) 868-1229

*Counsel for Plaintiff Todd Feinstein and Interim Lead Class Counsel*

[Additional Counsel on Signature Page]

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| THE NVIDIA GPU LITIGATION | Case No. C 08-04312 JW |
| | CLASS ACTION |
| This Document Relates To: | PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF MOTION FOR FINAL APPROVAL OF SETTLEMENT |
| ALL ACTIONS. | DATE: December 20, 2010 |
| | TIME: 9:00 a.m. |
| | CTRM: 8, 4th Floor |
| | JUDGE: Hon. James Ware |

PLS.' REPLY MEM. IN SUPP. OF MOT. FOR FINAL APPROVAL OF SETTLEMENT
Case No. C 08-04312 JW

DOCS\539761v2

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ..................................................................................1

II. HALF OF THE OBJECTORS LACK STANDING ...........................................3

III. THE OBJECTIONS TO THE REMEDY ARE WITHOUT MERIT................................3

IV. THE OBJECTIONS SEEKING INDIVIDUALIZED CONSEQUENTIAL DAMAGES MISAPPREHEND THE NATURE OF A CLASS SETTLEMENT .............6

V. THE OBJECTIONS TO THE NOTICE PLAN ARE UNFOUNDED............................7

VI. THE OBJECTIONS TO CLASS CERTIFICATION ARE WRONG AND ADVERSE TO CLASS INTERESTS ...........................................................9

VII. THE SETTLEMENT IS FAIR, REASONABLE AND ADEQUATE TO THE EXTENT HP WIRELESS CLAIMS ARE RELEASED...................................11

    A. The Settlement Is Adequate With Respect To The HP Wireless Claims .............11

    B. The Discovery In This Case Was Extensive And Thorough ................................13

    C. The Class Representatives And Class Counsel Are Adequate ............................14

VIII. THE SETTLEMENT HAS IMPROVED SINCE PRELIMINARY APPROVAL AND THE REACTION OF THE CLASS SUPPORTS FINAL APPROVAL.................14

IX. CONCLUSION...................................................................................15

1

2

## <u>TABLE OF AUTHORITIES</u>

3                                                                              **Page(s)**

**FEDERAL CASES**

4

5    *Bischoff v. DirecTV, Inc.*,
        180 F. Supp. 2d 1097 (C.D. Cal. 2002) ...................................................................3

6    *Browning v. Yahoo! Inc.*,
        No. C04-01463 HRL, 2007 U.S. Dist. LEXIS 86266 (N.D. Cal. Nov. 16, 2007)................2, 7

7

8    *Cartwright v. Viking Indus.*,
        No. 2:07-CV-02159-FCD-EFB, 2009 U.S. Dist. LEXIS 83286 (E.D. Cal. Sept. 11,
9        2009) .....................................................................................................................10

10   *Chamberlan v. Ford Motor Co.*,
        369 F. Supp. 2d 1138 (N.D. Cal. 2005) ...............................................................10

11

12   *Class Plaintiffs v. Seattle*,
        955 F.2d 1268 (9th Cir. 1992) ..............................................................................13

13

14   *Create-A-Card, Inc. v. INTUIT, Inc.*,
        No. CV-07-6452 WHA, 2009 U.S. Dist. LEXIS 93989 (N.D. Cal. Sept. 22, 2009)................6

15

16   *Fulford v. Logitech*, *Inc.*,
        No. 08-cv-02041 MMC, 2010 U.S. Dist. LEXIS 29042 (N.D. Cal. Mar. 5, 2010)................6

17   *Gemelas v. The Dannon Co., Inc.*,
        No. 1:08 CV 236, 2010 U.S. Dist. LEXIS 99503 (N.D. Ohio Aug. 31, 2010)......................10

18

19   *Hanlon v. Chrysler Corp.*,
        150 F.3d 1011 (9th Cir. 1998) .............................................................................6, 7

20   *In re Visa Check/MasterMoney Antitrust Litig.*,
        No. CV-96-52382004, 2004 U.S. Dist. LEXIS 8737 (E.D.N.Y. Apr. 2, 2004) ......................4

21

22   *Linney v. Cellular Alaska P'ship*,
        151 F.3d 1234 (9th Cir. 1998) ................................................................................7

23

24   *Long v. Hewlett-Packard Co.*,
        316 Fed. Appx. 585 (9th Cir. 2009)...................................................................13, 14

25   *Lundell v. Dell, Inc.*,
        2006 U.S. Dist. LEXIS 90990, at *2-3 ...................................................................9

26

27   *Maywalt v. Parker & Parsley Petroleum Co.*,
        67 F.3d 1072 (2d Cir. 1995)...............................................................................14

28

*Miletak v. Allstate Ins. Co.*,
　No. C 06-03778 JW, 2010 U.S. Dist. LEXIS 26913 (N.D. Cal. Mar. 5, 2010)......................10

*Tarlecki v. Bebe Stores, Inc.*,
　No. C 05-1777 MHP, 2009 U.S. Dist. LEXIS 102531 (N.D. Cal. Nov. 3, 2009) ....................3

*Trew v. Volvo Cars of N. Am., LLC*,
　No. Civ. S-05-1379 RRB EFB, 2007 U.S. Dist. LEXIS 55305, at *8-9 (E.D. Cal. July
　30, 2007) ........................................................................................................................6

**STATE CASES**

*7-Eleven Owners for Fair Franchising v. Southland Corp.*,
　102 Cal. Rptr. 2d 777 (Ct. App. 2000)....................................................................................2

*Chavez v. Netflix, Inc.*,
　75 Cal. Rptr. 3d 413 (Ct. App. 2008)......................................................................................4

*Hewlett-Packard Co. v. Superior Court*,
　83 Cal. Rptr. 3d 836, 842 (Ct. App. 2008)......................................................................10, 11

*Hicks v. Kaufman & Broad Home Corp.*,
　107 Cal. Rptr. 2d 761 (Ct. App. 2001)..................................................................................10

**RULES**

Federal Rule of Civil Procedure 23(a)-(b) ...................................................................................9

Federal Rule of Civil Procedure 23(b) .......................................................................................10

Federal Rule of Civil Procedure 23(e)(5) ...................................................................................3

Federal Rule of Civil Procedure 45 ...........................................................................................13

Federal Ruleof Civil Procedure 23 .............................................................................................9

Local Rule 3-12.............................................................................................................................12

**DOCKETED CASES**

*Simpson v. Cal. State Teachers' Ret. Sys.*,
　No. 04-56075 (9th Cir. Oct. 26, 2004)....................................................................................4

## I.     INTRODUCTION

This is a very strong Settlement with three components: replace, repair and reimburse. Without any fee or cost to Settlement Class Members, the Settlement fixes Class Members' Dell and Apple notebook computers, and replaces their HP notebook computers.  NVIDIA warrants any parts used to repair the computers will be of good and merchantable quality.  The Settlement also establishes a $2 million fund for cash reimbursements to Class Members who paid to repair their Class Computers.  The total value of the Settlement is addressed separately in Plaintiffs' Reply in Support of Motion for Attorneys' Fees and Expenses and Time and Expense Reimbursements for Plaintiffs ("Fee Reply") but just one indicator of value is the over $500 million NVIDIA took in reserves relating to the defect.  Fee Reply at 9-10.  NVIDIA is paying for Class Notice and administration, which has already cost more than $1 million to date.  By the time all the claims are processed, the administration costs borne by NVIDIA could exceed $2 million, plus additional costs for shipping the computers for replacement and repair. Supplemental Decl. of Katie Horton Re: Notice Procedures ("Supp. Horton Decl.") ¶ 28.  This broad relief squarely addresses the defects alleged in the Complaint and provides immediate and tangible benefits to Settlement Class Members.

One of Plaintiffs' primary goals is to obtain relief for consumers while they are still in possession of their computers – this is a Settlement with active relief.  The Court granted preliminary approval and gave the parties an expedited final approval schedule in response to the parties' request to receive a timely decision on the Settlement.  The administrator is implementing the logistics of the repair and replacement program and the parties are working with each other, the administrator and the OEMs to secure and solidify the program so if the Court grants final approval, Class Members can immediately start filing claims.

Over 5 million notices were mailed or emailed, in addition to publication notice.  The Settlement website became active on September 28, 2010 and, already over 540,000 consumers visited the website and over 84,000 registered to be added to the email list for notification of final approval, representing a very positive response to the Settlement.  *Id*. at ¶ 25  This is not surprising as there is no cap on the number of repairs or replacements.

Also not surprising is the very small number of objections and opt outs to the Settlement. With over 5 million notices to potential Class Members, only 71 opt outs were submitted and only 44 objections were filed.  This is an infinitesimal percentage of Class Members, and a strong factor weighing in favor of Settlement approval.  *See, e.g., Browning v. Yahoo! Inc.*, No. C04-01463 HRL, 2007 U.S. Dist. LEXIS 86266, at *37-38 (N.D. Cal. Nov. 16, 2007) (finding "the relatively low percentage of objectors weighs in favor of approval"); *7-Eleven Owners for Fair Franchising v. Southland Corp.*, 102 Cal. Rptr. 2d 777, 782-83 (Ct. App. 2000) (approving settlement where 1.5 percent of class opted out of settlement).  Not only is the total number of objections small, but of the 44 objections, approximately half lack standing because they are not Class Members.  The remaining objections can be broken down into five categories: (1) objection to some element of the remedy; (2) objection seeking individualized consequential damages; (3) objection to the Notice; (4) objection to class certification; and (5) objection to the extent HP wireless claims are released.  As demonstrated below this Settlement exceeds the evaluation standard of fair, reasonable and adequate.  Objections to the motion for fees and expenses are addressed separately in Fee Reply.  Objections to the release and Product ID Number discrepancies will be addressed primarily by NVIDIA in its reply papers.  Objections alleging collusion lack any basis in fact, are also addressed in NVIDIA's reply papers, and were already addressed by Plaintiffs in the opening Declarations of Jeff Westerman and Layn Philips. Dkt. 258, 256-2.  All other objections are addressed in this brief – none weighs against approval of this Settlement.  Plaintiffs submit a chart of objections with corresponding page numbers to this brief.  *See* Ex. A.

By this brief we also notify the Court that Class Counsel was contacted by the Attorneys General for the States of Illinois, Ohio and Tennessee in connection with those officials' duties pursuant to the Class Action Fairness Act ("CAFA") notice NVIDIA provided to the Attorneys General of all 50 States.  Plaintiffs' Counsel spoke with representatives of this group on November 17 and 18 for an extensive review of the terms, scope and relief of the Settlement and the details of the case.  The Assistant Attorney Generals advised that they would contact us if they intended to take any negative action at the final approval hearing.  They also stated that

1    inaction by them should not be represented as indicating approval of the Settlement.  There has

2    not been any further contact to date.

3    **II.     HALF OF THE OBJECTORS LACK STANDING**

4            Only class members have standing to object to a settlement.  Fed. R. Civ. P. 23(e)(5)

5    ("[a]ny class member may object"); s*ee also Tarlecki v. Bebe Stores, Inc*., No. C 05-1777 MHP,

6    2009 U.S. Dist. LEXIS 102531, at *4 n.1 (N.D. Cal. Nov. 3, 2009) ("Since [objector] is not a

7    class member, she has no standing to object to the settlement."); *Bischoff v. DirecTV, Inc*., 180 F.

8    Supp. 2d 1097, 1113 (C.D. Cal. 2002) ("as non-class members, [objectors] lacked standing to

9    object and their individual rights would not be affected by the settlement").   Here, Class

10   Members are defined by the Notice by (1) purchase of a Class Computer, (2) during the date

11   ranges indicated, and (3) experience of one or more "Identified Symptoms."  *See* Ex. A to Pls.'

12   Mot. for Prelim. Approval ¶¶ 1.2, 1.28; Amendment No. 1 to Stipulation and Agreement of

13   Settlement and Release ("Settlement Agreement"); and Notice ¶ 7.  Only persons meeting these

14   criteria have standing to object to the Settlement.  Approximately half, 19 individuals out of the

15   44 objections, did not purchase a Class Computer or experience an Identified Symptom.  *See* Ex.

16   B.  They each object to the Settlement stating their computer model should have been included in

17   the definition of "Class Computers" or that the Identified Symptoms list is under inclusive.

18   While Plaintiffs sympathize, these people are not Class Members and still have claims they can

19   separately pursue.  Their objections should be overruled.

20   **III.    THE OBJECTIONS TO THE REMEDY ARE WITHOUT MERIT**

21           The Settlement provides Class Members with repair or replacement of their notebook

22   computers and cash refunds for out-of-pocket expenditures at no cost to the Class Member.

23   Certain objectors nevertheless advance arguments against this remedy.  Objectors Wentworth

24   and Widdoss express concerns about having to ship their hard drives.  This is not a requirement

25   of the Settlement but is recommended to ensure affective repairs for Dell and Apple computers.

26   HP Class Members will be advised they are not required to send in their hard drives when they

27   receive shipping instructions in response to an approved claim.  Class Counsel will notify these

28   objectors of these facts and ask that they withdraw their objections.  Objector Vanover (after

admitting that he has suffered no injury) objects that the replacement chip "may or may not have the same problems," while Objector Helfand complains that the new chip has no "warranty." The replacement chips were manufactured using different materials than the defective chips, and are not prone to the defect.  In addition, NVIDIA agreed that all parts used "shall be of good and merchantable quality."  Settlement Agreement ¶ 2.4.

Objector Helfand and his lawyer, John Davis, object to the remedy program arguing, "Class Members who had to replace their computers, rather than repair them, are not eligible for compensation."  Of note, Helfand and Davis frequently represent each other in objection to settlements, and sometimes jointly represent others.  *See, e.g., Chavez v. Netflix, Inc.*, 75 Cal. Rptr. 3d 413, 423-24 (Ct. App. 2008) (Helfand represented Davis in objection to a settlement); Plaintiff-Appellee Answering Brief, *Simpson v. Cal. State Teachers' Ret. Sys.*, No. 04-56075 (9th Cir. Oct. 26, 2004) (Davis represented Helfand); *In re Visa Check/MasterMoney Antitrust Litig.*, No. CV-96-52382004, 2004 U.S. Dist. LEXIS 8737 (E.D.N.Y. Apr. 2, 2004) (both represented a third party).  In short, they are professional objectors, and have been chastised for the abuse, rather than protection of, Class interests.  *Id.* (special master's finding that Helfand and Davis's time and travel expenses were excessive).  With respect to their objection here, it is true, Class Members who did not pay for repairs are not eligible for repair reimbursement. However, Class Members who have a covered computer are still entitled to a repair, or as to HP, replacement of that computer, even if it is out of warranty.  Thus, Mr. Helfand's objections are meritless.

Objector Curtis claims the relief "discriminates" against those who previously repaired their notebook computers because: (1) the reimbursements for prior repairs might be "pennies on the dollar;" (2) the "time and labor costs" of those who repaired their own computers are not being reimbursed; and (3) those who had their computers fixed with "rebuilt or used cards" cannot get a new replacement card.  First, Mr. Curtis sets forth no information regarding his computer model or identification number and lacks standing to assert this objection.  In addition, his objection misses the point that Class Members may receive a cash reimbursement for previous out-of-pocket expenses *and* still submit for the applicable repair or replacement.  The

Settlement website is clear on this point. Any Class Member may send in his or her computer for repair or replacement regardless of prior repair efforts.

Objector Taylor lacks standing, as noted above, but claims the parties inappropriately limited class membership based on the Purchase Date rather than on a computer's "manufacture date." Similarly, Objector Thompson claims the Purchase Date ranges indicated in the Notice are too short to capture all alleged Class Members. However, the date ranges were agreed upon after extensive negotiation based on chip and computer system shipping information obtained from documents produced during discovery and information garnered during the mediation process with the help of NVIDIA and the OEMs. The Purchase Date ranges reflect the parties best assessments of the time periods within which Class Computers containing the defective NVIDIA chips were likely sold, and include a significant cushion period at the end, which was bargained for and obtained by Class Counsel. NVIDIA's Reply, Decl. of Justin Lichterman 13. Accordingly, using these Purchase Date ranges to help determine class membership is reasonable, particularly since consumers who experience problems with computers that were purchased outside the date ranges will not be giving a release.

Mr. Taylor also objects to the requirements of the remedy program, saying it is "ridiculous" for Dell owners to provide "individual part numbers" and further objecting to "proof of purchase" documentation. Dell owners do not need to provide individual part numbers but rather a Service Tag Number which is Dell's equivalent of a Serial Number or Product ID Number. The documentation requirements are reasonable and were addressed by the Court at preliminary approval.

Helfand/Davis object to Class Members being required to send in their computers in order to have them repaired or replaced.[1] This is the only way to affect a computer repair and, with respect to the computer replacements, it is a reasonable precaution. The trade-in

---

[1] Similar objections come from Objectors Barbara, Anderson, Copeland, Bradley, N. Johnson and Eckman, as well as the HP Consumer Objectors addressed below. Only the HP Consumer Objectors suggest (without support) that this problem is prevalent, and only a small number of such objections are raised by people actually claiming to have this problem, following a Notice campaign that reached over 5 million consumers.

1   requirement is a "reasonable barrier to entry that minimizes the incentive and opportunity for

2   fraudulent claims."  *Fulford v. Logitech, Inc.,* No. 08-cv-02041 MMC, 2010 U.S. Dist. LEXIS

3   29042, at *18 (N.D. Cal. Mar. 5, 2010).  Further, the computer is the key piece of evidence that

4   one is a Class Member.  That one or two individuals may have the idiosyncratic ability to make

5   such a showing without their computer is not reason to undo a Settlement that reasonably

6   compensates the Class as a whole.  *See Create-A-Card, Inc. v. INTUIT, Inc.*, No. CV-07-6452

7   WHA, 2009 U.S. Dist. LEXIS 93989, at *7 (N.D. Cal. Sept. 22, 2009) ("A settlement is fair,

8   adequate, and reasonable when 'the interests of the class as a whole are better served if the

9   litigation is resolved by the settlement rather than pursued.'") (quoting Manual for Complex

10  Litigation (Fourth) § 30.42 (2004)).

11       Finally, if the six objectors with this problem believed they have valuable claims without

12  possession of their computers, they had the opportunity to opt out of the Settlement when they

13  received the Notice indicating possession was required for relief.  *See Trew v. Volvo Cars of N.*

14  *Am., LLC,* No. Civ. S-05-1379 RRB EFB, 2007 U.S. Dist. LEXIS 55305, at *8-9 (E.D. Cal. July

15  30, 2007) ("The court finds that the settlement provides a reasonable remedy to class members

16  and that the opt-out process provided . . . an adequate means of seeking greater compensation.");

17  *Hanlon*, 150 F.3d at 1027 (finding if any objector thought his or her personal claim was being

18  sacrificed for the greater good, "they had the right to opt out of the class").  Plaintiffs and

19  Defendant are willing to allow these objectors to opt out.

20  **IV.   THE OBJECTIONS SEEKING INDIVIDUALIZED CONSEQUENTIAL**
        **DAMAGES MISAPPREHEND THE NATURE OF A CLASS**
21      **SETTLEMENT**

22       Objectors Helfand, Weidler, Forry, Jedrzejowski, Kontomaris and Vanover complain, in

23  one form or another, that they want different compensation.  These objections ignore the point of

24  settlement and the standard to be applied: fair, reasonable and adequate.  *Hanlon v. Chrysler*

25  *Corp.*, 150 F.3d 1011, 1027 (9th Cir. 1998) (holding "the question we address is not whether the

26  final product could be prettier, smarter or snazzier, but whether it is fair, adequate and free from

27  collusion").  The professional objector. Helfand and his interchangeable lawyer, Davis, claim the

28  Settlement is inadequate because it does not compensate Class Members for "loss of use or other

incidental or consequential damages." Weidler seeks compensation for time his computer was in for repair, Forry seeks compensation for "time and frustration," and Jedrzejowski wants compensation for lost intellectual property, late charges due his bank, and mental anguish. Kontomaris complains the Settlement "should provide for the option" of a full reimbursement of the purchase price of the computer, and Vanover "recommends" the Court "allow [him] to receive a new replacement Apple . . . computer."

These varied, unsubstantiated assertions of consequential damages, legally viable or not, demonstrate the risks in litigating these claims as a class. *See generally Linney v. Cellular Alaska P'ship,* 151 F.3d 1234, 1242 (9th Cir. 1998) (whether a settlement is fair is determined by "a balancing of several factors which may include . . . the risk of maintaining class action status throughout the trial"). The question is not whether the settlement provides class members everything they could hope to recover, but whether the settlement is a fair, reasonable and adequate arm's length *compromise* of a dispute. *See Browning*, 2007 U.S. Dist. LEXIS 86266 at *17 ("[S]ome objectors complain that they should get a full cash refund. This is tantamount to complaining that the settlement should be "better," which is not a valid objection."); *Linney,* 151 F.3d at 1242 ("Appellants offer nothing more than speculation about what damages might have been won had they prevailed at trial. . . . [I]t is the very uncertainty of outcome in litigation and avoidance of wasteful and expensive litigation that induce consensual settlements. The proposed settlement is not to be judged against a hypothetical or speculative measure of what might have been achieved by the negotiators.") (internal quotations omitted); *Hanlon*, 150 F.3d 1011 at 1027 ("[I]t is possible, as many of the objectors' affidavits imply, that the settlement could have been better. But this possibility does not mean the settlement presented was not fair, reasonable or adequate. Settlement is the offspring of compromise.").

## V.   THE OBJECTIONS TO THE NOTICE PLAN ARE UNFOUNDED

The Court approved a directed, targeted Notice Plan with a well-publicized and extensive media blanket, both online and in print. Dkt. 250. The Notice Plan's goal of informing the greatest number of Settlement Class Members practicable was achieved. The Notice Plan included: (1) mailing a Postcard Summary Notice to 3,146,459 Class Members; (2) emailing the

1   Summary Notice to 1,977,135 Class Members; (3) publishing Notice in *USA Today* and through

2   online banner ads at *PCWorld.com*, *MacWorld.com* and *PCMag.com*; (4) creating a settlement

3   website at *www.NVIDIASettlement.com*, which is and will remain active and has processed over

4   600,000 total consumer contacts; (5) establishing an automated toll-free telephone line and live

5   help support system; and (6) providing the Full Notice and eligibility information to Class

6   Members via the Settlement website and telephone system, and mailing it upon request.  Decl. of

7   Katie Horton Re: Notice Procedures ("Horton Decl.") ¶¶ 3, 11-12, 14-17, Dkt. 259.  Under even

8   the most stringent due process notice review, no more is required.

9      Nonetheless, certain objectors complain about the Notice Plan.  Objector Thompson

10   claims the Notice is too "complex" and "sophisticat[ed]" for ordinary consumers, and class

11   benefits are "not clarified sufficiently."  Dkt. 287.  The Notice explains, in plain language, the

12   Settlement covers certain Dell, HP and Apple notebooks with NVIDIA chips experiencing video

13   and wireless defects.  The Notice contains easy-to-follow charts with large text outlining

14   consumers' "legal rights and options," affected computers, symptoms, and the available relief.

15   The Notice also details the lawsuit's basic claims, how to participate or exclude oneself from the

16   Settlement, and where to get more information.

17      The *NVIDIAsettlement.com* website tells the public, via a "frequently asked questions"

18   page, what the lawsuit is about, who is included, the relief available, and important dates.  The

19   entire site is logically and conveniently organized.  Again, easy-to-understand charts are

20   provided, with an explanation of the Settlement's benefits.  If a consumer still has questions or

21   concerns, a toll-free telephone number is available for additional information.

22      Objector McQueen complains the Settlement Agreement does not speak to the "length"

23   of the "claim period," and asks the Court to withhold final approval "until a defined claim period

24   length has been set."  The Settlement materials and claim forms are clear; the claims period runs

25   for 60 days after the Court issues final approval.  This objection is groundless.

26      Serial Objectors Helfand/Davis claim it is "impossible" to determine if "indirect

27   purchasers" are covered by the Settlement, and question whether a "proof of purchase" must

28   have the name of the Class Member seeking relief, and whether an original receipt is required.

---

These points are the hallmark of professional objectors, and say nothing about the fairness of the settlement.  This is an administration issue, not one that goes to the fairness or adequacy of the settlement to the class as a whole.  The Court already required that the Settlement be amended to give more flexibility to the administrator to exercise discretion about what submitted documents constitute acceptable proof of purchase, and the parties did so.  Per the sample claims forms, a receipt is preferred, but not required, and the claim form plainly states: "*If you cannot locate a receipt*, please provide the product identification number found on the back of your computer, along with the approximate date of when the computer was purchased."  The Notice too says consumers may submit "other documentation," date of purchase, and the notebook's produce identification number to receive relief.  If consumers cannot find any documentation or receipt of any type or kind, they may call the Administrator for assistance.

These professional objections are ill founded because the Notice plainly says: "Judge Ware has decided that everyone who fits this description is a Class Member: *All persons and entities resident in the United States of America who purchased a 'Class Computer' in the United States of America*."   The definition is a model of clarity and simplicity. Notably, Helfand's declaration says nothing about actually having the problems about which he complains.  Much like the Notice this Court approved in *Lundell v. Dell, Inc.*, the Notice Plan here provides "the best practicable notice to the members of the Class and satisfie[s] the requirements of due process."  *Id.*, No. CO5-3970 JW/RS, 2006 U.S. Dist. LEXIS 90990, at *2-3 (N.D. Cal. Dec. 4, 2006).  Over and above the robust Notice and administrator discretion, per the Court's order, it will be notified of all denials of claims, providing further protection.  Dkt. 250 at ¶ 16.

## VI.   THE OBJECTIONS TO CLASS CERTIFICATION ARE WRONG AND ADVERSE TO CLASS INTERESTS

Plaintiffs satisfy the requirements of Rule 23, establishing numerosity, commonality, typicality and adequacy, and that common issues predominate and a class action is the superior method of adjudication here.  Fed. R. Civ. P. 23(a)-(b); Dkt. 181 at 9-20; Dkt. 207 at 4-14; Dkt. 256-1 at 20.  All Class Computers are equipped with a defective GPU.  *Cartwright v. Viking*

1   *Indus.*, No. 2:07-CV-02159-FCD-EFB, 2009 U.S. Dist. LEXIS 83286, at *33-36 (E.D. Cal. Sept.

2   11, 2009) (holding allegation of a common inherent defect is exactly the sort of common issue

3   for which class actions are designed); *Hicks v. Kaufman & Broad Home Corp.*, 107 Cal. Rptr. 2d

4   761, 768 (Ct. App. 2001) ("[P]roof of breach of warranty does not require proof the product has

5   malfunctioned but only that it contains an inherent defect."); *see also Chamberlan v. Ford Motor*

6   *Co.*, 369 F. Supp. 2d 1138, 1147 (N.D. Cal. 2005).

7          Objectors Barbara and N. Johnson claim the predominance requirement of Rule 23(b) is

8   not satisfied.  Objector Barbara claims predominance is not satisfied because the laws of all 50

9   states applies to the settled claims.  This Court already determined the claims are governed by

10  California law alone: "California's interest would be more impaired if its law is not applied."

11  Nov. 19, 2009 Order re Mot. to Dismiss 10.  (It is worth noting that Mr. Barbara's counsel,

12  Darrell Palmer, like Mr. Helfand and Mr. Davis, is a professional objector.  *See, e.g., Gemelas v.*

13  *The Dannon Co., Inc.*, No. 1:08 CV 236, 2010 U.S. Dist. LEXIS 99503, at *5 (N.D. Ohio Aug.

14  31, 2010) (referring to Mr. Palmer and his client as "serial objectors")).

15         Objector N. Johnson contends this Court must engage in an individualized factual inquiry

16  on whether each Settlement Class Member's computer actually exhibited an Identified Symptom.

17  This is not so; a common nucleus of operative facts and sworn statements on the claim forms

18  suffices.  *Miletak v. Allstate Ins. Co.*, No. C 06-03778 JW, 2010 U.S. Dist. LEXIS 26913, at *28-

19  29 (N.D. Cal. Mar. 5, 2010) (holding "a common core of salient facts coupled with disparate

20  legal remedies within the class" is sufficient to satisfy predominance) (citation omitted).  Here,

21  there are numerous common facts for class certification including the common defect in all Class

22  Computers.  Contrary to Ms. Johnson's assertion, the court in *Hewlett-Packard Co. v. Superior*

23  *Court* made clear class certification does not require that every computer malfunctioned and

24  expressly rejected the "position that a product malfunction is required in order for the product to

25  be considered defective."  *Id.*, 83 Cal. Rptr. 3d 836, 842 (Ct. App. 2008).  These objectors'

26  attempts to undo the entire Settlement are not in the Class's interest and should be overruled.

27

28

1

2

**VII.   THE SETTLEMENT IS FAIR, REASONABLE AND ADEQUATE TO THE EXTENT HP WIRELESS CLAIMS ARE RELEASED**

3

4

5

6

The objections of the HP Consumer Objectors ("HP Objectors") should be overruled. They argue they have different claims against HP from those asserted here against NVIDIA, and are not adequately compensated for the release of those claims. They also argue Class Counsel somehow misled this Court, and that "insufficient" discovery took place as to HP. Each of these arguments is wrong.

7

8

**A.     The Settlement Is Adequate With Respect To The HP Wireless Claims**

9

10

11

12

13

14

15

16

17

The HP Objectors is a group comprised of the plaintiffs from two separate class actions against Hewlett-Packard, *Nygren* and *Perron*. When this case was filed, only *Nygren* was pending. *Nygren's* then-operative Second Amended complaint alleged HP Computers had a "heat cycling design defect" that interfered with their wireless capabilities. *Nygren* Dkt. 63 ¶ 1. The complaint alleged HP told users the flaw was "affecting AMD based DV 6000, V6000, and DV 9000 notebooks." *Id.* at ¶ 21. No mention was made in the *Nygren* complaint of NVIDIA, or any graphics chip. Based on these allegations, in the Fall of 2009 Class Counsel informally agreed with Mr. Nygren's counsel the cases did not appear related, and therefore each would be litigated separately and not release the other's claims. This Court granted summary judgment for HP in the *Nygren* case in June of 2010.

18

19

20

21

22

23

24

25

26

27

In February of 2010, after this litigation had been underway for over a year, Objector Perron, using the same law firms that filed *Nygren*, filed a complaint against HP alleging "[t]he HP Notebook Computers at issue incorporate an nVidia Northbridge chip, known as a C51" and that on information and belief "***the nVidia C51 is defective and prone to frequent, premature failures, and causes the wireless LAN failures***." *Perron* Dkt. 1; *id.* at ¶¶ 8 -10 (emphasis added). In July of 2010 (having lost at summary judgment on their previous theory), the *Nygren* plaintiffs moved for leave to submit a Third Amended Complaint with the same allegations as those in the *Perron* case. (That motion was denied August 9, 2010). This new theory was substantially different from the previous allegations in *Nygren,* which claimed "heat cycling" was the cause of the wireless issues and did not mention NVIDIA or graphics chips.

28

1    Although counsel for Mr. Perron knew no later than February of 2010 that *Perron*'s

2    factual issues overlapped with this case, counsel did not inform this Court or Class Counsel.

3    Ironically the HP Objectors seek to disparage Class Counsel for failing to relate this case to

4    *Perron*, notwithstanding that *Perron*  was filed *after* this case and there is nothing that could

5    have apprised Class Counsel of the substance of the *Perron* claims.  The *Perron* complaint was

6    not even provided to Class Counsel until *after* the Settlement Agreement was executed, months

7    after that case was filed, and *Perron's* counsel failed to file a notice of related case per local rule

8    3-12.  Since Class Counsel in this case was unaware of the substance of *Perron*, it never reached

9    any agreement with the lawyers in that case about anything to do with *Perron*.

10    Further, the HP Objectors cannot have it both ways.  They cannot argue that the same

11    product defect that was the basis of this litigation from the start is also the cause of their wireless

12    problems, while simultaneously arguing their claims are "distinct" from, and more valuable than,

13    those of the other Settlement Class Members.  Because the HP Objectors belatedly complain of

14    the same problem – a defective NVIDIA chip that causes problems with their computers – and

15    because they are receiving a remedy that will solve that problem their arguments that their claims

16    are "distinct" or inadequately compensated are meritless.

17    The release of the HP Objectors' claims is subject to the same analysis as the other Class

18    Members' claims.  As detailed in Plaintiff's motion for final approval, the relief achieved here is

19    more than adequate compensation.  Dkt. 256-1 at 7-8.  However, the HP Objectors misread

20    certain facts that bear correction.  First, the HP Objectors point to wording in the Class Notice

21    stating not all of the computers listed on the Notice contain NVIDIA chips, then claim certain

22    "class members" will release their claims without knowing if they are entitled to relief.  This is

23    not true.   The Notice and Settlement Agreement make clear that only individuals whose

24    computers contain NVIDIA chips are Class Members, and only they are releasing claims.

25    Settlement Agreement at ¶ 1.24.  The Notice language simply confirms that consumers must

26    have a computer with an NVIDIA chip to be a Class Member.  NVIDIA's counsel that they share

27    this reading of the Agreement.  There is simply no ambiguity to the document.

28

1    The HP Objectors also complain HP is "contributing nothing" to the Settlement. This is

2    untrue and irrelevant. HP provided information for Class Notice, and is helping to supply

3    NVIDIA with replacement computers that will be shipped to qualifying Class Members. Decl.

4    of Lichterman 12. HP is devoting valuable time and resources to the Settlement. Regardless, the

5    question is whether Class Members are receiving fair value for their released claims, not where

6    that value comes from. *See, e.g., Class Plaintiffs v. Seattle*, 955 F.2d 1268, 1293 (9th Cir. 1992)

7    (agreeing with several courts that in evaluating the fairness of a proposed settlement, a court

8    should determine only if the total compensation to the class is fair, adequate and reasonable, and

9    need not speculate as to the appropriate contribution of each defendant).

10        **B.    The Discovery In This Case Was Extensive And Thorough**

11    The HP Objectors complain the HP discovery was insufficient, by misreading the record

12    and suggesting Plaintiffs reviewed a total of 736 pages from all OEMs combined. Magistrate

13    Lloyd's Order on Plaintiffs' Motion to Compel certain HP documents, alone, compelled

14    production of 1,019 HP documents (not pages). And these documents are only a fraction of the

15    over 430,000 pages of documents Plaintiffs reviewed, many of which originated with the OEMs.

16    While most of the documents in this case were produced *by* NVIDIA, many were produced *on*

17    *behalf of* third parties, including HP, the GPU manufacturer Taiwan Semiconductor, Apple and

18    Dell, because NVIDIA has possession of their documents and made arrangements with the

19    OEMs to produce them. This was consistent with Federal Rule of Civil Procedure 45's of goal

20    of minimizing discovery impact on non-parties, and provided Counsel with sufficient

21    information to determine the Settlement is "fair, reasonable and adequate." The evidence

22    demonstrates Class Members suffered injury by purchasing less than what they bargained for,

23    and it is uncontroverted that HP Class Members will now receive *exactly* what they bargained

24    for, a computer with a functioning NVIDIA chip.

25    The HP Objectors contend they have "evidence" that: 1) consumers "reasonably expect"

26    that a computer will last 4 to 5 years; and 2) consumers are entitled to as much as $1,000 each in

27    damages. First, as this Court held, and the Ninth Circuit affirmed in *Long v. Hewlett-Packard*, a

28    consumer's "reasonable expectations" as to a product's useful life are often trumped by the time

---

1   limitations in a manufacturer's warranty. *Long v. Hewlett-Packard Co.,* 316 Fed. Appx. 585,

2   586 (9th Cir. 2009). Second, claiming to have evidence is not the same as putting that evidence

3   in the record. *See generally Maywalt v. Parker & Parsley Petroleum Co.,* 67 F.3d 1072, 1080

4   (2d Cir. 1995) (rejecting similar argument where objectors did not "provide any evidence tending

5   to establish either the merit or the value of [the] claim"). In any event, HP Class Members can

6   receive a new computer, even if they are out of warranty, with a new, additive useful life.

7          **C.     The Class Representatives And Class Counsel Are Adequate**

8          The HP Objectors' arguments that the Class Representatives and Class Counsel are

9   somehow "inadequate" are flawed. The HP Objectors assert their claims are different from the

10  claims of the other Class Members – their arguments regarding adequacy are premised on that

11  idea. As explained above, the HP Objectors' own papers say otherwise. Thus, the problems they

12  complain of are illusory. As detailed in Plaintiffs' motion for class certification, the issue

13  common to all Class Members is the presence of a defective NVIDIA GPU. Dkt. 181 at 3. The

14  only difference between the HP Objectors' claims and those of other Class Members is the

15  identifying symptom they are experiencing.

16         Notably, Class Counsel were contacted by Settlement Class Members who experienced

17  *both* the wireless issue and one or more of the other symptoms listed in the Settlement

18  Agreement, such as failures to boot up, random shut downs, or blank screens. Decl. of Sheila

19  Feerick ¶ 7. The HP Objectors provide no indication of how they would deal with such claims,

20  or how they could obtain relief better than the replacement computers offered here. These

21  complaints and others like them confirm that the real issue is a defective NVIDIA chip, which

22  causes other problems. Representative Robinson had standing and is an adequate representative

23  to release the HP wireless claims, because his HP has a defective NVIDIA chip.

24  **VIII.   THE SETTLEMENT HAS IMPROVED SINCE PRELIMINARY**
25  **APPROVAL AND THE REACTION OF THE CLASS SUPPORTS FINAL**
    **APPROVAL**

26         In addition to the documents filed with the Court, and the responses received by the

27  administrator, Class Counsel was contacted by phone or email by approximately 147 potential

28  Class Members. *Id.* at ¶ 4. When Class Counsel noticed that several of these people had a

covered family of HP models (TX1xxx) but were not included in the Settlement based on their Product ID Numbers, Counsel contacted NVIDIA.  Ultimately, NVIDIA agreed that the list of TX1xxx models set forth in the Settlement Agreement was under-inclusive.  As a result, all TX1xxx are now included in the Settlement.  Similarly, Class Counsel was contacted by individuals whose HP Product ID Number ended in "ABA" but otherwise matched a covered Product ID Number.  Again, Class Counsel sought explanation from NVIDIA, these computers were confirmed as included in the Settlement, and Notice was modified accordingly.  This shows Class Counsel's tenacity in providing relief for as many people as possible.

The remaining emails received by Class Counsel expressing concerns about the Settlement generally fall into two categories: emails from individuals who are disappointed their computer is not covered by the Settlement (who are not releasing any claims), and emails from individuals who have questions regarding the claims process.  Class Counsel already responded to 143 of the 147 phone calls and emails, and is working on the remaining four.  Lead Counsel's class member services department is expending considerable time and effort and will continue to do so until each person receives a response.  *Id.* at ¶¶ 4, 8.  Other Class Members contacted Class Counsel only to praise the Settlement.  Examples include the following:

- I want to congratulate you on your excellent work.  I had almost given up and was resigned to being without a laptop.  What documentation will I need?  I want to be ready and prepared to file the claim as soon as filing starts. . .
- This just made my day.  Thank you soooo much!!!!
- Wonderful news!  Thanks for informing.  I really appreciate it!
- I believe this will result in more justice to all the affected owners of this model of computer.

## IX.   CONCLUSION

The Settlement provides significant relief to Class Members and squarely addresses the defect alleged, without cost to consumers.  The proposed Settlement warrants final approval.

DATED:  December 6, 2010                    MILBERG LLP
                                            JEFF S. WESTERMAN
                                            NICOLE M. DUCKETT


                                            _____
                                                */s/ Jeff S. Westerman*
                                            JEFF S. WESTERMAN

One California Plaza
300 S. Grand Avenue, Suite 3900
Los Angeles, CA 90071
Telephone: (213) 617-1200
Facsimile: (213) 617-1975
E-mail: jwesterman@milberg.com
 skim@milberg.com
 nduckett@milberg.com

MILBERG LLP
PETER SAFIRSTEIN
JENNIFER S. CZEISLER
ROLAND RIGGS
One Pennsylvania Plaza, 49th Floor
New York, NY 10119
Telephone: (212) 594-5300
Facsimile: (212) 868-1229
E-mail: psafirstein@milberg.com
 jczeisler@milberg.com
 rriggs@milberg.com

*Counsel for Plaintiff Todd Feinstein and
Interim Lead Class Counsel*

SHALOV STONE BONNER & ROCCO LLP
RALPH M. STONE
THOMAS G. CIARLONE, JR.
485 Seventh Avenue
Suite 1000
New York, New York 10018
Telephone: (212) 239-4340
Facsimile: (212) 239-4310
E-mail: rstone@lawssb.com
 tciarlone@lawssb.com

*Counsel for Plaintiff Lance Waidzunas and
Plaintiffs' Co-Counsel*

HORWITZ HORWITZ & PARADIS
PAUL O. PARADIS
MICHAEL A. SCHWARTZ
GINA M. TUFARO
405 Lexington Avenue, 61st Floor
New York, NY 10174
Telephone: (212) 986-4500
Facsimile: (212) 986-4501
E-mail: pparadis@hhplawny.com
 mschwartz@hhplawny.com
 gtufaro@hhplawny.com

*Counsel for Plaintiff Nathan DeBockler and
Plaintiffs' Co-Counsel*

DOYLE LOWTHER LLP
WILLIAM J. DOYLE II

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOHN A. LOWTHER IV
9466 Black Mountain Road, Suite 210
San Diego, CA 92126
Telephone: (619) 573-1700
Facsimile: (619) 573-1701
E-mail: bill@doylelowther.com
 john@doylelowther.com

*Counsel for Plaintiff John Russo and
Plaintiffs' Co-Counsel*

# EXHIBIT A

| No. | Name of Objector(s) | Filed | Date | Dkt. No. | Brand/Model # | Product ID # | Opt Out | Lawyer | Plans to Appear | Brief Cite FA - Final Approval Reply FR - Fee Reply |
|-----|---------------------|-------|------|----------|---------------|--------------|---------|--------|-----------------|------------------|
| 1 | HP Consumers | x | 8/27/2010 | 240 | HP Pavilion dv6110us; HP Pavilion dv6140us | RG254UA#ABA; RG274UA#ABA | | Michael F. Ram Ram & Olson LLP 415.433.4949 | n/a | FA 7,11-14 |
| 2 | Calvin Chen | | 10/1/2010 | | HP Pavilion dv6000 | CNF6271D03 | x | | | |

| No. | Name of Objector(s) | Filed | Date | Dkt. No. | Brand/Model # | Product ID # | Opt Out | Lawyer | Plans to Appear | Brief Cite FA - Final Approval Reply FR - Fee Reply |
|---|---|---|---|---|---|---|---|---|---|---|
| 3 | Channa Weeratunge | | 10/1/2010 | | | FP386D1 | x | | | |
| 4 | Dorothy Winters | | 10/1/2010 | | | | x | | | |
| 5 | Andrew E. Graber | | 10/3/2010 | | Dell E1705 | CVW9FC1 | x | | | |
| 6 | Anthony Tolbert | | 10/3/2010 | | | C2TLXD1 | x | | | |
| 7 | Leonard Blessing | | 10/3/2010 | | Dell Inspiron 1420 | 1QDXTF1 | x | | | |
| 8 | Norma Doenecke | | 10/3/2010 | | HP Pavilion dv6000 SN CNF63843CY | RG 254UA#ABA | x | | | |
| 9 | Tom Roll | | 10/3/2010 | | MacBook Pro MA895LL/A W8748B8ZX91 | | x | | | |
| 10 | Vicki Johnson | not filed | 10/4/2010 | | HP Pavilion tx1000z | RX695AV | | | | |
| 11 | Ellen Phinney | | 10/5/2010 | | | | x | | | |
| 12 | Kenneth Roosa | | 10/5/2010 | | Dell XPS M1330 | 748PGG1 | x | | | |
| 13 | Sabrina Morresi-Quairoli on behalf of Lucia Morresi | | 10/5/2010 | | Dell XPS M1330 | 2M174F1 | x | | | |
| 14 | Thomas Loyd | | 10/5/2010 | | Dell Inspiron 1720 | 4HMWGF1 | x | | | |
| 15 | R. Simmons | | 10/6/2010 | | | | x | | | |
| 16 | Mary Beth Anglin | | 10/7/2010 | | | | x | | | |
| 17 | Todd Anderson | x | 10/8/2010 | 251 | HP Pavilion 6233se | RP158UA | | | | FA 6,7 |
| 18 | Paul Leibowitz | | 10/11/2010 | | Dell Inspiron 9400 | 87SX9C1 | x | | | |
| 19 | Robert A. Lloyd | x | 10/12/2010 | 252 | Dell Latitude D630 Laptop GQQVMG1 | | | | | |
| 20 | Microsoft Brien Jacobsen | | 10/13/2010 | | Dell | | x | | | |

| No. | Name of Objector(s) | Filed | Date | Dkt. No. | Brand/Model # | Product ID # | Opt Out | Lawyer | Plans to Appear | Brief Cite FA - Final Approval Reply FR - Fee Reply |
|---|---|---|---|---|---|---|---|---|---|---|
| 21 | Hristo Stoyanov | x | 10/14/2010 | 253 | HP Pavilion tx1000z | GD617AV | | | | |
| 22 | Neel Joshi | | 10/15/2010 | | | | | | | |
| 23 | Nikhil D. Sharma | x | 10/15/2010 | 254 | HP Pavilion tx1000z | CJT6CB1 GD617AV | x | | | |
| 24 | Richard Eckman | x | 10/15/2010 | 255 | HP Pavilion dv2220US | | | | | FA 6,7 |
| 25 | Steven Gruchawka | | 10/16/2010 | | Dell XPS M1330 | 225W4GI | x | | | |
| 26 | Louise Slack | | 10/17/2010 | | | GA4546A#ABA | x | | | |

53637\1v1

| No. | Name of Objector(s) | Filed | Date | Dkt. No. | Brand/Model # | Product ID # | Opt Out | Lawyer | Plans to Appear | Brief Cite FA - Final Approval Reply FR - Fee Reply |
|---|---|---|---|---|---|---|---|---|---|---|
| 27 | Douglas Forry | x | 10/18/2010 | 261 | Dell Latitude D820 | JV96NB1 | | | FA 5,6 | |
| 28 | Jeffrey Widdoss | x | 10/18/2010 | 262 | Dell | GY290G1 | | | FA 3 | |
| 29 | Mitchell P. Portnoy | x | 10/18/2010 | | Dell XPS M1530 | 363TJF1 | x | | | |
| 30 | Mark E. Duncan | x | 10/19/2010 | 264 | dv2715nr | KC453U/A#ABA | | | | |
| 31 | Lynda Beaumont | | 10/20/2010 | | Dell | | | | | |
| 32 | Patrick Yusko | x | 10/21/2010 | 265 | HP Pavilion dv2700t | 6DZKL91 | x | | | |
| 33 | Amelia D. Williams | | 10/22/2010 | | Dell Latitude D620 | DF2D6D1 | x | | | |
| 34 | Bernice Rivera | | 10/22/2010 | | Apple | w874505GXA9 | x | | | |
| 35 | Christian P. Randon | not filed | 10/22/2010 | | Apple MacBook Pro | W872635PXAG | | | | |
| 36 | Linda Swenson | | 10/22/2010 | | Dell Inspiron 9400 | | x | | | |
| 37 | Gracie Ledingham | | 10/23/2010 | | MacBook Pro | W8822ABGYJX | x | | | |
| 38 | James E. Sharsky | | 10/23/2010 | | Dell Inspiron 1720 PP22X | BL2SZF1 | x | | | |

53637\v1

Page 4 of 31

| No. | Name of Objector(s) | Filed | Date | Dkt. No. | Brand/Model # | Product ID # | Opt Out | Lawyer | Plans to Appear | Brief Cite FA - Final Approval FR - Fee Reply |
|---|---|---|---|---|---|---|---|---|---|---|
| 39 | John Ledingham | | 10/23/2010 | | MacBook Pro | W88244QAYJX | x | | | |
| 40 | W. Dombroski | | 10/24/2010 | | | 15M6LF1 24M6LF1 | x | | | |
| 41 | Claude P. McGirt III | | 10/25/2010 | | MacBook Pro | W88230SZ1SG | x | | | |
| 42 | Kari S. Diehl | x | 10/25/2010 | 272/271 | HP Pavilion DV92xx/ DV93xx | RP116UA#ABA | | | | |
| 43 | Kenneth Claggett | x | 10/25/2010 | 269 | HP dv9000 | RP250A#ABA | | | | |

| No. | Name of Objector(s) | Filed | Date | Dkt. No. | Brand/Model # | Product ID # | Opt Out | Lawyer | Plans to Appear | Brief Cite FA - Final Approval Reply FR - Fee Reply |
|---|---|---|---|---|---|---|---|---|---|---|
| 44 | Matt Weidler | x | 10/25/2010 | 268 | Dell XPS M1730 226375117 | 11F.JZF1 | | | | FA 5,6 |
| 45 | Michael W. Cook | | 10/25/2010 | | | | x | | | |
| 46 | Sharon Kleyweg | | 10/25/2010 | | HP Pavilion dv6000 | CNI64832GM RG272UA#ABA | x | | | |
| 47 | Sheila Holland | | 10/25/2010 | | Dell Inspiron E1705 | H2VVQC1 | x | | | |
| 48 | Shresea Copeland | x | 10/25/2010 | 270 | HP Pavilion dv6000 | GA450UA#ABA | | | | FA 6,7 |

| No. | Name of Objector(s) | Filed | Date | Dkt. No. | Brand/Model # | Product ID # | Opt Out | Lawyer | Plans to Appear | Brief Cite FA - Final Approval Reply FR - Fee Reply |
|---|---|---|---|---|---|---|---|---|---|---|
| 49 | David W. Taylor | x | 10/28/2010 | 275 | HP Pavilion dv6000 | GA450UA#ABA | | | | FA 4.5 |
| 50 | Joe Brown for Hillside Church | | 10/28/2010 | | | | x | | | |
| 51 | Michelle Taylor | | 10/28/2010 | | | GA35UA#ABA | x | | | |
| 52 | Philip S. Hensley | | 10/28/2010 | | MacBook Pro 2.2 | W8738TPCXAH | x | | | |
| 53 | Ryan S. Hensley | | 10/28/2010 | | MacBook Pro 2.2 | W87301UFX91 | x | | | |
| 54 | Stephen Hensley | | 10/28/2010 | | MacBook Pro 2.2 | | x | | | |
| 55 | Brooke Hirst | x | 10/29/2010 | 277 | Dell XPS 1210 | 8KS6BB1 | x | | | |

| No. | Name of Objector(s) | Filed | Date | Dkt. No. | Brand/Model # | Product ID # | Opt Out | Lawyer | Plans to Appear | Brief Cite FA - Final Approval Reply FR - Fee Reply |
|---|---|---|---|---|---|---|---|---|---|---|
| 56 | Holly Strong & Mario Velasquez | x | | | | | | | | |
| 57 | Kathleen Sikes | | 10/29/2010 | 276 | HP Pavilion TX2000 | KN966UA#ABA; KX53Iav | | | | |
| 58 | Kevin J. Groetken | x | 10/29/2010 | 278 | HP Pavilion dv6000 HP Pavilion dv6000z | CNF637IZ9S RG279UA#ABA RX950AV | x | | | |

| No. | Name of Objector(s) | Filed Date | Dkt. No. | Brand/Model # | Product ID # | Opt Out | Lawyer | Plans to Appear | Brief Cite FA - Final Approval Reply FR - Fee Reply |
|---|---|---|---|---|---|---|---|---|---|
| 59 | Robroy R. Fawcett | not filed | 10/29/2010 | HP DV6603US | | | | | |
| 60 | Brian Bonkosky | 10/30/2010 | | Apple MacBook Pro | W87471BPX91 | x | | | |
| 61 | Mark McNally | 10/30/2010 | | HP | RV326UA#ABA 2CE718027Y | x | | | |
| 62 | Paul L. Peebles | 10/30/2010 | | HP | RV326UA#ABA 2CE7192J0B | | | | |
| 63 | Shellie J. Saunters | 10/30/2010 | | Apple MacBook Pro Model #A1226 | | x | | | |
| 64 | Ying W. Gilbert | 10/31/2010 | | HP Compaq Presario F500 | GF596UA | x | | | |

| No. | Name of Objector(s) | Filed | Date | Dkt. No. | Brand/Model # | Product ID # | Opt Out | Lawyer | Plans to Appear | Brief Cite FA - Final Approval Reply FR - Fee Reply |
|-----|---------------------|-------|------|----------|---------------|--------------|---------|--------|-----------------|------|
| 65 | David W. Taylor | x | 11/1/2010 | 282 | HP Pavilion dv6000; Dell Latitude D830 | GA450UA; F3FKVG1 | | | | |

| No. | Name of Objector(s) | Filed | Date | Dkt. No. | Brand/Model # | Product ID # | Opt Out | Lawyer | Plans to Appear | Brief Cite FA - Final Approval Reply FR - Fee Reply |
|-----|---------------------|-------|------|----------|---------------|--------------|---------|--------|-----------------|-----------------------------------------------------|
| 66 | Ivan L. Bradley | x | 11/1/2010 | 279 | HP Pavilion dv9208nr | RP114UA#ABA | | | | FA 6,7 |
| 67 | Jacob L. Lemmons | | 11/1/2010 | | HP Pavilion tx1230 | CNF7477HH8 GS865UA#ABA | x | | | |

| No. | Name of Objector(s) | Filed | Date | Dkt. No. | Brand/Model # | Product ID # | Opt Out | Lawyer | Plans to Appear | Brief Cite FA - Final Approval Reply FR - Fee Reply |
|-----|---------------------|-------|------|----------|---------------|--------------|---------|--------|-----------------|------------------------------------------------------|
| 68 | Josh Soper | x | 11/1/2010 | 281 | Apple MacBook Pro | W88286TEYJX | | | | |
| 69 | Roderick S. Wentworth | not filed | 11/1/2010 | | Compaq Presario V6210 | RP203UA#ABA | | | FA 3 | |
| 70 | Roman Sook | x | 11/1/2010 | 280 | HP dv9000 | RP247UA#ABA | | | | |
| 71 | Carlos Garay | | 11/2/2010 | | HP dv2315nr | RV324UABA | x | | | |

| No. | Name of Objector(s) | Filed Date | Dkt. No. | Brand/Model # | Product ID # | Opt Out | Lawyer | Plans to Appear | Brief Cite FA - Final Approval Reply FR - Fee Reply |
|---|---|---|---|---|---|---|---|---|---|
| 72 | Chase A. Thompson | x | 11/2/2010 | 287 | Dell Inspiron 9400 | E1705 | | Charles M. Thompson 205.995.0068 | x | FA 5,8 FR 1,8,13 |

| No. | Name of Objector(s) | Filed | Date | Dkt. No. | Brand/Model # | Product ID # | Opt Out | Lawyer | Plans to Appear | Brief Cite FA - Final Approval Reply FR - Fee Reply |
|---|---|---|---|---|---|---|---|---|---|---|
| 73 | Daniel L. Vanover | x | 11/2/2010 | 284 | Apple Macbook Pro 15" | | | | | FA 3.5,6 |

| No. | Name of Objector(s) | Filed | Date | Dkt. No. | Brand/Model # | Product ID # | Opt Out | Lawyer | Plans to Appear | Brief Cite FA - Final Approval Reply FR - Fee Reply |
|---|---|---|---|---|---|---|---|---|---|---|
| 74 | Dr. Konstantinos Kontomaris | x | 11/2/2010 | 286 | HP Pavilion dv9420 | GA354UA | | | | FA 5,6 |
| 75 | Lawrence E. Bates | x | 11/2/2010 | 285 | HP Pavilion dv2000t | RM669AV | | | | |
| 76 | Michael N. Glaab | not filed | 11/2/2010 | | HP dv9700 | KLO86AV | | | | |
| 77 | Ted Pickenbrock | | 11/2/2010 | | Dell Inspiron 9400 | J8LTY91 | x | | | |

| No. | Name of Objector(s) | Filed Date | Dkt. No. | Brand/Model # | Product ID # | Opt Out | Lawyer | Plans to Appear | Brief Cite FA - Final Approval Reply FR - Fee Reply |
|-----|---------------------|------------|----------|---------------|--------------|---------|--------|-----------------|------|
| 78 | Tyrel M. McQueen | not filed | 11/2/2010 | Apple | W8737BL3X91 | | | FA 8 | |
| 79 | Christine Harvey | 11/3/2010 | | Dell Inspiron E1705 | FNQXBB1 | x | | | |
| 80 | Cindy McFadden | 11/3/2010 | | HP Pavilion dv9205 | RP115UA#ABA | x | | | |
| 81 | Dan Doughterty on behalf of Treasure Valley Bible Church | 11/3/2010 | | HP Pavilion dv6449 | CNF 7302CZ7<br>CNF 7302CLR<br>CNF 7302CZM<br>CNF 7302D3G | x | | | |
| 82 | Frank Monterisi | 11/3/2010 | | Apple MacBook Pro | W872321XXAH | x | | | |

| No. | Name of Objector(s) | Filed Date | Dkt. No. | Brand/Model # | Product ID # | Opt Out | Lawyer | Plans to Appear | Brief Cite FA - Final Approval Reply FR - Fee Reply |
|---|---|---|---|---|---|---|---|---|---|
| 83 | Jacek Jedrzejowski | | 11/3/2010 | HP Pavilion dv9225 | RP122UA | x | | | FA 5,6 |
| 84 | John Christensen | | 11/3/2010 | Apple MacBook Pro | W87340YUX91 | | | | |

| No. | Name of Objector(s) | Filed | Date | Dkt. No. | Brand/Model # | Product ID # | Opt Out | Lawyer | Plans to Appear | Brief Cite FA - Final Approval Reply FR - Fee Reply |
|---|---|---|---|---|---|---|---|---|---|---|
| 85 | Matthew J. Jeffs | not filed | 11/3/2010 | | | | | | | |
| 86 | Robert R. Howell | | 11/3/2010 | | Dell XPS M1530 | JY4NTG1 | x | | | |
| 87 | Cornelius F. Ivory | | 11/4/2010 | | Apple MacBook Pro | W873133WXAG | x | | | |
| 88 | Debora Goldstein | x | 11/4/2010 | 291 | Dell XPS M1330 | 465Y1F1 | x | | | |

| No. | Name of Objector(s) | Filed | Date | Dkt. No. | Brand/Model # | Product ID # | Opt Out | Lawyer | Plans to Appear | Brief Cite FA - Final Approval Reply FR - Fee Reply |
|-----|---------------------|-------|------|----------|---------------|--------------|---------|--------|-----------------|-----|
| 89 | James A. Curtis | x | 11/4/2010 | 289 | | | | | | FA 4 |

5363711v1

Page 19 of 31

| No. | Name of Objector(s) | Filed | Date | Dkt. No. | Brand/Model # | Product ID # | Opt Out | Lawyer | Plans to Appear | Brief Cite FA - Final Approval Reply FR - Fee Reply |
|---|---|---|---|---|---|---|---|---|---|---|
| 90 | John G. Sletten | x | 11/4/2010 | 290 | HP Pavilion dv9000 | GD574AV | | | | |
| 91 | Marianne Buddie | x | 11/4/2010 | 288 | HP dv9500 | | | | | |
| 92 | Robert A. Blythe | x | 11/4/2010 | 292 | HP Pavilion tx1327cl | GS868UA#ABA | | | | |
| 93 | Angel DiGruccio | | 11/5/2010 | | MacBook | W87490STX91 | x | | | |
| 94 | Arturo Lammoglia | | 11/5/2010 | | Dell XPS M1530 | 78FF7G1 | x | | | |

| No. | Name of Objector(s) | Filed | Date | Dkt. No. | Brand/Model # | Product ID # | Opt Out | Lawyer | Plans to Appear | Brief Cite FA - Final Approval Reply FR - Fee Reply |
|-----|---------------------|-------|------|----------|---------------|--------------|---------|--------|-----------------|------|
| 95 | Frank Barbara | x | 11/5/2010 | 296 | Apple Imac Book Pro 17" | W882049HYJX | | Darrell Palmer 858.792.5600 | | FA 6,7,10 FR 1,2,3,10,11 |

| No. | Name of Objector(s) | Filed | Date | Dkt. No. | Brand/Model # | Product ID # | Opt Out | Lawyer | Plans to Appear | Brief Cite FA - Final Approval Reply FR - Fee Reply |
|-----|---------------------|-------|------|----------|---------------|--------------|---------|--------|-----------------|------------------------------------------------------|
| | | | | | | | | | | |

| No. | Name of Objector(s) | Filed | Date | Dkt. No. | Brand/Model # | Product ID # | Opt Out | Lawyer | Plans to Appear | Brief Cite FA - Final Approval Reply FR - Fee Reply |
|-----|---------------------|-------|------|----------|---------------|--------------|---------|--------|-----------------|-----------------------------------------------------|
| 96 | HP Consumers | x | 11/5/2010 | 295/294 | HP Pavilion dv6110us | RG254UA#ABA | | Michael F. Ram Ram & Olson LLP 415.433.4949 | | |

| No. | Name of Objector(s) | Filed | Date | Dkt. No. | Brand/Model # | Product ID # | Opt Out | Lawyer | Plans to Appear | Brief Cite FA - Final Approval Reply FR - Fee Reply |
|---|---|---|---|---|---|---|---|---|---|---|
| 97 | John H. Langer | | 11/5/2010 | | HP Pavilion dv6449 | CNF6294244 GA456UA#ABA 8YRR4N1; 2Y6WYYH2; 8J9M1H1; 7YRR4N1 | x | | | |
| 98 | Mary Roya & Dean Roya | x | 11/5/2010 | 297 | Dell (4 computers) | | | John P. Dillman 713.844.3436 | | FR 1.8 |

| No. | Name of Objector(s) | Filed | Date | Dkt. No. | Brand/Model # | Product ID # | Opt Out | Lawyer | Plans to Appear | Brief Cite<br>FA - Final Approval Reply<br>FR - Fee Reply |
|-----|---------------------|-------|------|----------|---------------|--------------|---------|--------|-----------------|------------|
| 99 | Nikki Johnson | x | 11/5/2010 | 293 | HP Pavilion dv6140us | RG274UA#ABA | | | x | FA 6,7,10<br>FR 1,2,4,8,9 |

| No. | Name of Objector(s) | Filed | Date | Dkt. No. | Brand/Model # | Product ID # | Opt Out | Lawyer | Plans to Appear | Brief Cite FA - Final Approval Reply FR - Fee Reply |
|---|---|---|---|---|---|---|---|---|---|---|
| 100 | R. Abboo | | 11/5/2010 | | | | x | | | |

| No. | Name of Objector(s) | Filed | Date | Dkt. No. | Brand/Model # | Product ID # | Opt Out | Lawyer | Plans to Appear | Brief Cite FA - Final Approval Reply FR - Fee Reply |
|---|---|---|---|---|---|---|---|---|---|---|
| 101 | Steven Helfand | x | 11/5/2010 | 298/299 | Dell E1705 | UF804 | | John W. Davis 619.400.4870 | x | FA 3,4,5,6,9 FR 1,3,4,8,10,12,13,14 |

| No. | Name of Objector(s) | Filed | Date | Dkt. No. | Brand/Model # | Product ID # | Opt Out | Lawyer | Plans to Appear | Brief Cite FA - Final Approval Reply FR - Fee Reply |
|-----|---------------------|-------|------|----------|---------------|--------------|---------|--------|-----------------|------------------------------------------------------|
|     |                     |       |      |          |               |              |         |        |                 |                                                      |

| No. | Name of Objector(s) | Filed | Date | Dkt. No. | Brand/Model # | Product ID # | Opt Out | Lawyer | Plans to Appear | Brief Cite FA - Final Approval Reply FR - Fee Reply |
|-----|---------------------|-------|------|----------|---------------|--------------|---------|--------|-----------------|------|
|     |                     |       |      |          |               |              |         |        |                 |      |

| No. | Name of Objector(s) | Filed Date | Dkt. No. | Brand/Model # | Product ID # | Opt Out | Lawyer | Plans to Appear | Brief Cite FA - Final Approval Reply FR - Fee Reply |
|---|---|---|---|---|---|---|---|---|---|
| 102 | Timothy J. Kuhn | 11/5/2010 | Dell | BXSWRG1 | | | | | |
| 103 | David J. Stapleton | not dated | A1260 | W88092RGYJZ | x | | | | |
| 104 | Jack Maize | not dated | Apple MacBook Pro | W8933 1UC8YA | x | | | | |
| 105 | Kevin Armbruster | not dated | Dell XPS M1330 | 6JP8CF1 | x | | | | |
| 106 | Melanie Rambo | not dated | Dell Inspiron E1705 | J1QSNC1 | x | | | | |

| No. | Name of Objector(s) | Filed Date | Dkt. No. | Brand/Model # | Product ID # | Opt Out | Lawyer | Plans to Appear | Brief Cite FA - Final Approval Reply FR - Fee Reply |
|---|---|---|---|---|---|---|---|---|---|
| 107 | Stephen W. Ballard | not dated | | Dell | 4LNQLJ1 | x | | | |
| 108 | Jeffrey M. Gartrelle | not dated | | Dell Inspiron | GTKM8C1 | x | | | |
| 109 | Mark Bowers | not dated | | | | x | | | |
| 110 | Vada Ngo | not dated | | Dell XPS M1330 | 9V4BTF1 | x | | | |
| 111 | Ruth Landis | 11/17/2010 | | Compaq Presario V6000 | EX993AV | | | | |

1

**EXHIBIT B**

2

    Lawrence E. Bates (HP Pavilion dv2000t, P/N: RM669AV), Robert A. Blythe (HP

3

Pavilion tx1327cl, P/N: GS868UA#ABA), Marianne Buddie (HP Pavilion dv9500, P/N:

4

RL653AV), Kenneth Claggett (HP Pavilion dv9000, P/N: RP250A#ABA), Karl S. Diehl (HP

5

Pavilion dv9000, P/N: RP116UA#ABA), Mark E. Duncan (HP Pavilion dv2715nr, P/N:

6

KC435UA#ABA), Michael Glaab (HP dv9700), Kevin Groetken (HP Pavilion dv6000z, P/N:

7

RX950AV), Debora Goldstein (Dell XPS M1330), Brooke Hirst (Dell XPS 1210, P/N XG597 –

8

has not experienced an Identified Symptom), Matthew Jeffs (no model indicated), Nikhil D.

9

Sharma (TX1000z, P/N: GD617AV), John Sletten (HP Pavilion dv9000, P/N: GD574AV),

10

Roman Sook (HP dv9000, P/N: RP247UA#ABA), Hristo Stoyanov (HP Pavilion tx1000z, P/N:

11

GD617AV), David Taylor (HP Pavilion dv6000, P/N: GA450UA#ABA), Patrick Yusko (HP

12

Pavilion dv2700t, P/N: KQ654AV), Mario Velasquez and Holly Strong (joint objection) (HP

13

Pavilion tx2000, P/N: KX531AV), James A. Curtis (no model indicated).

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28