*IT IS SO ORDERED*
*Judge James Ware*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| THE NVIDIA GPU LITIGATION | ) | Case No. C 08-4312 JW |
| | ) | |
| | ) | <u>CLASS ACTION</u> |
| _____ | ) | |
| This Document Relates To: | ) | [PROPOSED] FINAL JUDGMENT |
| | ) | |
| | ) | DATE:    December 20, 2010 |
| ALL ACTIONS. | ) | TIME:    9:00 a.m. |
| | ) | CTRM:    8 |
| | ) | JUDGE:   Hon. James Ware |
| | ) | |
| _____ | ) | |

On the 20th day of December, 2010, a hearing having been held before this Court to determine: (1) whether the proposed settlement of the above-caption action (the "Litigation") on the terms and conditions provided for in the Stipulation and Agreement of Settlement and Release dated August 12, 2010 and amended on August 16, 2010 (Doc. No. 238-1) and further amended September 24, 2010 (Doc. No. 258) and December 6, 2010 (Doc. No. 307) (the "Settlement Agreement") is fair, reasonable, and adequate to the Settlement Class and should be approved by the Court; (2) whether a Final Judgment as provided in Section 10 of the Settlement Agreement should be entered; (3) whether and in what amount to award attorneys' fees and expenses to Plaintiffs' Counsel; and (4) whether and in what amounts to award time and expense reimbursements for certain of the named Plaintiffs.

The Court, having considered all matters submitted to it at the hearing and otherwise, and good cause appearing, the Court enters this Final Judgment.

**IT IS HEREBY ORDERED, ADJUDGED, and DECREED that:**

1. This Final Judgment incorporates by reference the definitions in the Settlement Agreement, and all capitalized terms used herein shall have the same meanings as set forth in the Settlement Agreement.

2. This Court has jurisdiction over the subject matter of the Litigation, including all matters necessary to effectuate the Settlement, and over Plaintiffs and NVIDIA (collectively, the "Parties").

3. The Parties complied in all material respects with the notice plan set forth in Sections 6.1 through 6.4 of the Settlement Agreement (the "Notice Plan"). The Settlement Administrator filed with the Court proof of compliance with the Notice Plan. Defendant's Counsel filed with the Court proof of compliance with the Class Action Fairness Act of 2005. Notice of the proposed Settlement of the Litigation as a class action and the terms and conditions of the Settlement was given to all members of the Settlement Class who could be identified with reasonable effort. The Court finds that notice pursuant to the Notice Plan met the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Class Action Fairness

1  Act of 2005, 28 U.S.C. § 1715, and due process, and was the best notice practicable under the
2  circumstances, and constituted due and sufficient notice to all persons entitled thereto.

3     4.   The prerequisites for a class action under Federal Rules of Civil Procedure 23
4  (a) and (b)(3) are satisfied in that:  (a) the Settlement Class members are so numerous as to
5  make joinder impracticable; (b) common questions of law and fact exist as to all Settlement
6  Class members; (c) the claims of the Plaintiffs are typical of the claims of the Settlement Class
7  they seek to represent; (d) the interests of the Settlement Class will be, and have been, fairly
8  and adequately represented by the Plaintiffs and their counsel of record in the Litigation; (e)
9  such common questions predominate over any questions solely affecting only individual
10 Settlement Class members; and (f) a class action is superior to other available methods for the
11 fair and efficient adjudication of the Litigation.

12    5.   Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby
13 finally certifies Todd Feinstein, Nathan DeBockler, and John Russo as Settlement Class
14 Representatives and Milberg LLP as Class Counsel.

15    6.   Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby
16 finally certifies this Litigation as a class action on behalf of:

> [A]ll persons and entities resident in the United States of America who purchased a Class Computer in the United States of America.  Excluded from the Settlement Class are (1) employees of NVIDIA, including its current or former directors, officers and counsel; (2) any entity that has a controlling interest in NVIDIA; (3) NVIDIA's affiliates and subsidiaries; and (4) the judge to whom this case is assigned and any member of the judge's immediate family.  Also excluded from the Settlement Class are the persons and/or entities who requested exclusion from the Settlement Class as listed on Exhibit 1 annexed hereto.

22    7.   All objections to the Settlement, to the extent not previously withdrawn, are
23 overruled.

24    8.   The terms of the Settlement Agreement and Settlement are approved as fair,
25 reasonable and adequate as to the Parties and the Settlement Class, and the Court hereby finally
26 approves the Settlement Agreement and Settlement in all respects, and orders the Parties to
27 perform its terms to the extent the Parties have not already done so.

28

9. The Third Amended Consolidated Complaint, which the Court finds was filed on a good faith basis in accordance with Rule 11 of the Federal Rules of Civil Procedure, is hereby dismissed with prejudice, and the Parties are to bear their own costs, except as provided in the Settlement Agreement.

10. Upon the entry of this Final Judgment, the Releasing Persons have completely discharged, settled, dismissed with prejudice any Released Claim, whether known or unknown, against each of every Released Person and the assertion, prosecution, or continuation by Settlement Class Members of any Released Claim is hereby permanently barred and enjoined. Nothing herein shall bar any action or claim to enforce the terms of the Settlement Agreement as approved by the Court in this Final Judgment.

11. Upon the entry of this Final Judgment, each of the Released Persons have fully, finally, and forever released, relinquished and discharged each and all of the Settlement Class Members and the Class Counsel and Plaintiffs' Counsel from all claims (including unknown claims) relating to or arising out of or connected with the institution, prosecution, assertion, settlement or resolution of the Litigation and/or the Released Claims. Nothing herein shall bar any action or claim to enforce the terms of the Settlement Agreement as approved by the Court in this Final Judgment.

12. Neither this Final Judgment, the Settlement Agreement, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, or any of the documents or statements referred to therein shall be:

(a) offered or received against the Released Persons as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any of the Released Persons with respect to the truth of any fact alleged by any of the Plaintiffs or the validity of any claim that has been or could have been asserted in the Litigation or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Litigation or in any litigation, or of any liability, negligence, fault, or wrongdoing of the Released Persons;

        (b)    offered or received against the Released Persons as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any Released Persons;

        (c)    offered or received against the Released Persons as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the Released Persons, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Settlement Agreement; provided, however, that the Released Persons may refer to it to effectuate the liability protection granted them hereunder;

        (d)    construed against the Released Persons as an admission or concession that the consideration to be given hereunder represents a recovery which could be or would have been recovered after trial; or

        (e)    construed as or received in evidence as an admission, concession or presumption against Plaintiffs or any of the Settlement Class members that any of their claims are without merit, or that any defenses asserted by the Released Persons have any merit, or that damages recoverable under the Complaint would not have exceeded the amount set forth in the Settlement Agreement or Settlement.

    13.    Notwithstanding Paragraph 12, the Parties and Released Persons may file the Settlement Agreement and/or this Final Judgment, and file or reference acts performed or documents executed pursuant to or in furtherance of the Settlement Agreement and/or the Final Judgment: (a) in any action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, full faith and credit, release, standing, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim; (b) in furtherance of the Settlement contemplated in the Settlement Agreement; and (c) in any action to enforce the Settlement.

14. The Court finds that all Parties and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

15. Plaintiffs' Counsel are hereby awarded the sum of $13,000,000.00 in attorneys fees and expenses, which sum the Court finds to be fair and reasonable. The attorneys' fees and expenses shall be paid to Class Counsel by NVIDIA in accordance with the terms of the Settlement Agreement.

16. The Court hereby approves the requested time and expense reimbursement awards to the following named Plaintiffs, for their time and efforts spent conferring with and assisting Plaintiffs' Counsel to help further the Litigation, as follows:

   (a) for Todd Feinstein in the amount of $7,800.00;

   (b) for Nathan DeBockler in the amount of $4,987.50;

   (c) for Steven Nakash in the amount of $7,000.00;

   (d) for Lance Waidzunas in the amount of $7,830.00; and

   (e) for John Russo in the amount of $5,330.00.

17. In making this award of attorneys' fees and reimbursement of expenses to be paid by NVIDIA, the Court has considered and found that:

   (a) after an agreement was reached among the Parties as to all principal terms and conditions of this Settlement Agreement, the Parties entered into arm's-length discussions regarding attorneys' fees for Class Counsel, including extensive discussions through and with the assistance of a third-party mediator, Hon. Layn Phillips (Ret.);

   (b) the settlement created a benefit with a substantial value to the Settlement Class and numerous Settlement Class Members who submit acceptable Proofs of Claim will benefit from the Settlement created by Plaintiffs' Counsel;

   (c) Over 5,000,000 copies of the Class Notice were disseminated to putative Settlement Class Members indicating that Class Counsel were moving for attorneys' fees and expenses in the amount of $13,000,000 and for time and expense reimbursements for certain of the named Plaintiffs, not to exceed $50,000 in the aggregate, in connection with their roles in

1 overseeing the litigation, responding to discovery requests, and traveling to depositions, among
2 other things. Just 50 objections were timely filed against the terms of the proposed Settlement or
3 the fees and expenses requested by Class Counsel contained in the Class Notice, of which only
4 27 were filed by members of the Settlement Class;

    (d) Plaintiffs' Counsel conducted the litigation and achieved the Settlement with skill, perseverance and diligent advocacy;

    (e) The Litigation involves complex factual and legal issues and was actively prosecuted over two years and, in the absence of a settlement, would involve further lengthy proceedings with uncertain resolution of the complex factual and legal issues;

    (f) Had Plaintiffs' Counsel not achieved the Settlement there would remain a significant risk that the Settlement Class may have recovered less or nothing from the Defendant;

    (g) Plaintiffs' Counsel have devoted over 20,300 hours, with a lodestar value of over $10,000,000.00 to achieve the Settlement; and

  18. The amount of attorneys' fees and expenses awarded is fair and reasonable and consistent with awards in similar cases.

  19. Exclusive jurisdiction is hereby retained over the Parties and the Settlement Class for all matters relating to this Litigation, including the administration, interpretation, effectuation or enforcement of the Settlement Agreement and this Final Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the Settlement proceeds to the members of the Settlement Class.

  20. Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any provisions of the Settlement Agreement.

21. There is no just reason for delay in the entry of this Final Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54 (b) of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED**

The Clerk shall close this file and close all related cases.

Dated:  December 20, 2010

_____
JAMES WARE
United States District Judge