FILED

SEP 04 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: THE NVIDIA GPU LITIGATION. | No. 11-15186 |
| | D.C. No. 5:08-CV-04312-JW |
| STEVEN NAKASH; et al., | |
| Plaintiffs - Appellees, | MEMORANDUM[*] |
| v. | |
| NVIDIA CORPORATION, | |
| Defendant - Appellee, | |
| v. | |
| FRANK BARBARA, | |
| Objector - Appellant. | |
| In re: THE NVIDIA GPU LITIGATION. | No. 11-15190 |
| | D.C. No. 5:08-CV-04312-JW |
| STEVEN NAKASH; et al., | |
| Plaintiffs - Appellees, | |
| v. | |

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

STEVEN F. HELFAND,

        Objector - Appellant,

  v.

NVIDIA CORPORATION; et al.,

        Defendants - Appellees,

  v.

APPLE INC.,

        Third-party-defendant - Appellee.

---

In re: THE NVIDIA GPU LITIGATION.

STEVEN NAKASH; et al.,

        Plaintiffs - Appellees,

  v.

CHASE A. THOMPSON,

        Objector - Appellant,

  v.

NVIDIA CORPORATION; et al.,

        Defendants - Appellees,

No. 11-15191

D.C. No. 5:08-CV-04312-JW

| | |
|---|---|
| v.<br><br>APPLE INC.,<br><br>            Third-party-defendant - Appellee. | |
| In re: THE NVIDIA GPU LITIGATION.<br><br>STEVEN NAKASH; et al.,<br><br>            Plaintiffs - Appellees,<br><br>    v.<br><br>NIKKI JOHNSON,<br><br>            Objector - Appellant,<br><br>    v.<br><br>NVIDIA CORPORATION; et al.,<br><br>            Defendants - Appellees,<br><br>    v.<br><br>APPLE INC.,<br><br>            Third-party-defendant - Appellee. | No. 11-15192<br><br>D.C. No. 5:08-CV-04312-JW |

Appeals from the United States District Court

3

for the Northern District of California
James Ware, District Judge, Presiding

Argued and Submitted August 13, 2013
San Francisco, California

Before: GRABER, BEA, and HURWITZ, Circuit Judges.

This is a nationwide class action involving claims by purchasers of computers containing allegedly defective graphics processing units designed and sold by Defendant NVIDIA Corporation. The district court approved a settlement and awarded attorney fees. Nine objectors timely appeal. We affirm.

1. The district court did not abuse its discretion, Radcliffe v. Experian Info. Solutions Inc., 715 F.3d 1157, 1162 (9th Cir. 2013), in approving the settlement. Claimants whose computers exhibit problems can receive replacement computers or motherboards or be reimbursed for the costs of repairing their computers. Accordingly, the settlement provides "fundamentally fair, adequate and reasonable" relief. Torrisi v. Tucson Electric Power Co., 8 F.3d 1370, 1375 (9th Cir. 1993) (internal quotation marks omitted).

(a) Some objectors argue that the district court abused its discretion in approving a settlement that provides no remedy to class members who discarded their defective computers or who bought replacements. But such members could opt out to preserve their claims. Additionally, class members who discarded

computers could pursue relief through other litigation under Amendment 3 to the settlement. The fact that the other litigation was ultimately unsuccessful does not show that the district court abused its discretion here. Finally, we note that the record shows only 5 objectors who asserted that they had abandoned their computers, after individual notice was given to about 5 million consumers; in the absence of any evidence that there is a substantial group affected, the settlement remains reasonable.

(b) One objector argues that the settlement was unfair because consumers must be able to prove purchase of one of the affected computers. This is a reasonable requirement to prevent fraud, and it recognizes the weakness of the claim of any purported class member who lacks _any_ documentation of purchase. Similarly, the requirement that class members send in a computer for replacement or repair is a reasonable method of preventing fraud.

(c) Some objectors assert that the settlement was a product of collusion between Plaintiffs and Defendant. The record fails to bear out this claim. Class members received substantial benefits under the settlement. Class certification was litigated vigorously, and extensive discovery occurred before a settlement agreement was reached. Moreover, mediation services were required to achieve the settlement. See, e.g., Jones v. GN Netcom, Inc. (In re Bluetooth Headset Prods.

Liab. Litig.), 654 F.3d 935, 948 (9th Cir. 2011) (holding that the use of a "neutral mediator" is "a factor weighing in favor of a finding of non-collusiveness").

2.  The district court did not abuse its discretion, Conn. Ret. Plans & Trust Funds v. Amgen Inc., 660 F.3d 1170, 1174–75 (9th Cir. 2011), in certifying the class.

(a)  One objector asserts that the class definition is too indefinite because it will require a "mini-trial" to determine whether claimants fall within the class. But the settlement procedure requires only the submission of a simple claim form along with documentation of eligibility for relief, to be reviewed by the settlement administrator. The class definition is detailed and clear and does not require mini-trials.

(b)  One objector argues that differences in states' consumer class-action laws preclude the named plaintiffs from meeting the predominance and adequate representation requirements of Federal Rule of Civil Procedure 23(a) and (b). We note, though, that almost all claims arise under California law, even for class members who reside in other states. Moreover, Rule 23 does not require that a class share identical legal claims where, as here, the common question of fact applicable to all class members—whether the computer chip was defective and, if so, whether it caused the problems that some buyers experienced—is the core of

the case.  Thus, the named plaintiffs' claims fairly encompass the class claims, Wal-Mart Stores, Inc. v. Dukes, 131 S. Ct. 2541, 2550 (2011), and the proposed class is "sufficiently cohesive," Wang v. Chinese Daily News, Inc., 709 F.3d 829, 835 (9th Cir. 2013) (internal quotation marks omitted).

    3.  The class notice was adequate.  See Torrisi, 8 F.3d at 1374 (holding that we review adequacy de novo).  A class settlement must provide the best notice practicable, including individual notice where reasonable.  Fed. R. Civ. P. 23(c)(2)(B).  "Notice is satisfactory if it generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard."  Churchill Vill., L.L.C. v. Gen. Electric, 361 F.3d 566, 575 (9th Cir. 2004) (internal quotation marks omitted).

    (a)  Some objectors argue that the notice was inadequate because the settlement's website summary failed to clarify whether class members who received their computers as gifts qualified for relief.  This claim was waived because it was not presented to the district court.  O'Guinn v. Lovelock Corr. Ctr., 502 F.3d 1056, 1063 n.3 (9th Cir. 2007).  Even if the claim was not waived, though, the website linked to not just a summary, but also the entire court-approved notice.  Moreover, as noted, individual notice was sent to about 5 million

consumers, and full notice was published in USA Today and various other print media.

    (b)  One objector argues that Amendment 2 changed the definition of the class without notice to owners of Dell computers.  Amendment 2 did not change the class definition or include any persons or computers not encompassed by the notice.  Thus we see no risk that the amendment caused any un-notified class members to release claims.

    (c)  Some objectors argue that the notice failed to explain sufficiently which HP computers would entitle class members to the replacement remedy.  But they fail to identify any specific deficiency in the notice.

    4.  The district court did not abuse its discretion, In re Bluetooth Headset, 654 F.3d at 940, in approving a negotiated award of $13 million in attorney fees.  Although the award is large, it is proportional to the time spent by counsel under the lodestar method that the district court used; counsel provided an accounting of more than $10 million worth of time (well over 20,000 hours).  The court permissibly took into account such factors as the vigor and length of litigation, the complexity of issues, the risk that Plaintiffs would have recovered less or nothing through further litigation, the significant benefits to class members, and the mediator's opinion that the amount was fair and reasonable.

5.  We have reviewed the remaining arguments carefully, and we find no error.

**AFFIRMED.**